UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPECTRUM SCIENTIFICS, LLC, et al.,<br>Plaintiffs,<br>v.<br>CELESTRON ACQUISITION, LLC, et al.,<br>Defendants. | Case No. 5:20-cv-03642-EJD<br>**ORDER DENYING MOTION TO TRANSFER**<br>Re: Dkt. No. 14 |

On June 26, 2020, Defendants Celestron Acquisition, LLC ("Celestron"), SW Technology Corp. ("SW"), Corey Lee, David Anderson, and Joseph Lupica (together, the "Moving Defendants") filed a Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) to the Central District of California (Dkt. No. 14, "Motion to Transfer"), as well as a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 13, the "Motion to Dismiss"). Plaintiffs Spectrum Scientifics LLC ("Spectrum") and Radio City, Inc. ("Radio City") oppose the Motion to Transfer (Dkt. No. 27, "Opposition"). The Motion to Dismiss was terminated as moot following Plaintiffs' filing of an amended complaint.

The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, Plaintiffs' motion is **DENIED.**

**I. Background**

Plaintiffs Spectrum and Radio City are consumer telescope distributors. Defendants are a group of allegedly related telescope manufacturers and distributors, including the Moving Defendants as well as Defendants Synta Canada Int'l Enterprises, Ltd., Sky-Watcher USA, Sky-Watcher Canada, Olivon Manufacturing Co. Ltd., Olivon USA, LLC, Sylvia Shen, Jean Shen, and

Case No.: 5:20-cv-03642-EJD
ORDER DENYING MOTION TO TRANSFER
1

1  Laurence Huen.  Plaintiffs allege that Defendant Celestron and its parent company in China,
2  Synta, conspired with their competitor Ningbo Sunny Electronic Co., Ltd. to "fix prices, divide the
3  market, retaliate against competitors, mislead U.S. authorities, illegally acquire assets and
4  dominate the U.S. market in violation of Sections 1 and 2 of the Sherman Act, Section 7."  Opp. at
5  2.  Plaintiffs, who seek to represent a nation-wide class of direct purchasers, allege that this
6  conspiracy involved overcharging telescope distributors like them for the last decade.  First
7  Amended Complaint ("FAC"), Dkt. No. 30, ¶ 2.

8   Plaintiffs brought this action after a jury found Defendants' alleged co-conspirator Ningbo
9  Sunny liable on similar, if not identical, claims brought by telescope retailer Optronic
10 Technologies, Inc. ("Orion").  *See Optronic Technologies, Inc. v. Ningbo Sunny, et al.,* Case No.
11 16-cv-6370-EJD, Dkt. No. 501 (the "Orion Action").  Post-judgment proceedings in the Orion
12 Action are still pending before this Court.  Although the allegations and claims in the two actions
13 are overlapping, none of the parties to this action are parties in the Orion Action.

14 The Moving Defendants filed this Motion to Transfer arguing that none of the named
15 parties are located in this District, and "the vast majority of the Moving Defendants and witnesses
16 identified in the complaint" reside in the Central District of California.  There is no dispute that
17 Celestron and Sky-Watcher USA are headquartered within the Central District in Southern
18 California.  FAC ¶¶ 22, 30.  Plaintiffs oppose the Motion to Transfer.  Dkt. No. 24.  The non-
19 moving Defendants did not take a position.

20 Plaintiffs' allegations in this case are also substantially identical to those asserted in the
21 related action *Hightower, et al. v. Celestron Acquisition, LLC, et al.*, No. 20-cv-3639, which is
22 pending before this Court, except that Mr. Hightower is a consumer and seeks to represent a class
23 of indirect purchasers.  Following the filing of that action, five other indirect purchasers filed suit.
24 All indirect purchaser actions have now been consolidated.  On August 17, 2020, the Court
25 ordered that the consolidated indirect purchaser actions be coordinated with the direct purchaser
26 action.  Dkt. No. 42.  Defendants in *Hightower* brought a similar motion to transfer venue, which
27 this Court denied.

28 Case No.:  5:20-cv-03642-EJD
ORDER DENYING MOTION TO TRANSFER

2

## II. Legal Standard

A court may transfer an action to another district where the action might have been brought for the convenience of the parties, the convenience of the witnesses, and in the interest of justice. 28 U.S.C. § 1404(a). In determining whether to transfer an action pursuant to section 1404(a), a court considers the following factors: (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consideration of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *Stovall v. Align Tech., Inc.*, No. 5:18-CV-07540-EJD, 2019 WL 3945104, at *2 (N.D. Cal. Aug. 21, 2019). "The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer." *Alul v. American Honda Motor Company, Inc.*, No. 16-04384 JST, 2016 WL 9116934 (N.D. Cal. Dec. 7, 2016) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)). A transfer is not appropriate if the result is merely to shift the inconvenience from one party to another. *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964).

## III. Discussion

Because the parties do not dispute that this action might have been brought in the Central District, or that it was properly brought in the Northern District, the Court focuses on whether the balance of convenience and the interest of justice clearly weigh in favor of transfer.

The Moving Defendants first argue that the Central District would be more convenient for the parties and the witnesses because the majority of the Moving Defendants are located there, whereas none of them, and none of the non-moving Defendants, are located in this District. Specifically, the Moving Defendants argue that the convenience for the witnesses, including Celestron employees, weighs in favor of transfer. Plaintiffs argue that other vital witnesses, including Orion employees, are located in this District. Thus, although some of Defendants' employees, who may be called as witnesses, are located in the Central District, the convenience for witnesses overall does not clearly weigh in favor of transfer.

Case No.: 5:20-cv-03642-EJD
ORDER DENYING MOTION TO TRANSFER
3

1        The Moving Defendants further argue the majority of documents, including all Celestron
2   records, are located in the Central District and, therefore, the ease of access to evidence weighs in
3   favor of transfer.  Plaintiffs point out that the vast majority of evidence is likely to be produced
4   through electronic discovery.  Moreover, depending on health regulations related to the COVID-
5   19 pandemic, depositions may take place virtually as well.  Courts in this District have noted that
6   "[i]n the age of electronically stored information, the ease of access to evidence is neutral because
7   much of the evidence in this case will be electronic documents, which are relatively easy to obtain
8   in any district."  *Prescott v. Bayer HealthCare LLC*, No. 5:20-CV-00102 NC, 2020 WL 3505717,
9   at *5 (N.D. Cal. June 29, 2020) (quoting *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1042
10  (N.D. Cal. 2020)).  Thus, the Court does not find that access to evidence favors transfer.

11       The Moving Defendants next argue that the interests of justice require this Court to
12  transfer the action in light of this Court having presided over the Orion Action.  They argue that
13  "[p]utting these cases in the same court, . . . is a transparent effort to prejudice Moving
14  Defendants by trying to bind them to the findings in the Orion Lawsuit, even though they were not
15  parties in that action."  Mot. at 8.  Plaintiffs argue that, on the contrary, this Court is "especially
16  well-suited to adjudicate the claims because this Court presided over the Orion litigation and is
17  already familiar with many of the facts and legal issues."  Opp. at 7.  Although the stars aligned to
18  place these actions before this Court following the Orion action, the Court already held that the
19  Orion Action is not related to the present dispute.  *See* Orion Action, Dkt. No. 700.  Thus, the
20  Court finds that its familiarity with the issues is not relevant to the transfer analysis, but neither
21  does it weigh in favor of transfer.  This Court is capable of considering each action on its
22  individual merits.  To the extent that Plaintiffs intend to invoke rulings from the Orion Action,
23  relevant doctrines of preclusion will operate to ensure that Defendant is not improperly bound to
24  any prior ruling.

25       Finally, the Moving Defendants argue that Plaintiffs' choice of forum should not given
26  much weight because they purport to represent a nationwide class.  *Lou v. Belzberg*, 834 F.2d 730,
27  739 (9th Cir. 1987) (where "an individual . . . represents a class, the named plaintiff's choice of

forum is given less weight."). Plaintiffs bring this action on behalf of "all similarly situated consumers who purchased a telescope manufactured or sold by Defendants." Given the geographically unlimited proposed class, the Court agrees that Plaintiffs' individual residences are not particularly relevant to the transfer analysis. Nevertheless, even if Plaintiffs' choice of forum is immaterial, the Moving Defendants have not otherwise met their burden of showing that the balance of convenience weighs in favor of transfer.

The Moving Defendants have, at best, demonstrated that the Central District would be an equally convenient forum for all parties, given that many Defendants reside there and that the Plaintiffs' proposed class does not have significant ties to the Northern District. But "Section 1404(a) exists to permit transfers to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Adobe Sys. Inc. v. Childers*, No. 5:10-cv-03571-JF/HRL, 2011 WL 566812, at *9 (N.D. Cal. Feb. 14, 2011). Moreover, litigating this case in a different district than the consolidated indirect purchaser action would eliminate any efficiency gained by coordinating the two suits, create the possibility of inconsistent rulings, and unnecessarily burden the Court and the parties.

Thus, the Moving Defendants have not met their burden to show that transfer is appropriate in this case.

## IV. Conclusion

For the reasons stated above, the Moving Defendants' Motion to Transfer is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 11, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-03642-EJD
ORDER DENYING MOTION TO TRANSFER
5