1   CHRISTOPHER FROST (SBN 200336)
    cfrost@eisnerlaw.com
2   AMBER HENRY (SBN 247624)
    ahenry@eisnerlaw.com
3   ASHLEE N. LIN (SBN 275267)
    alin@eisnerlaw.com
4   AMY ROSE COLE (SBN 322185)
    rcole@eisnerlaw.com
5   EISNER, LLP
    9601 Wilshire Blvd., 7th Floor
6   Beverly Hills, California 90210
    Telephone:  (310) 855-3200
7   Facsimile:  (310) 855-3201

8   Attorneys for Defendants Celestron Acquisition,
    LLC; SW Technology Corp;  Corey Lee; Dave
9   Anderson; and Joseph Lupica

10

                  UNITED STATES DISTRICT COURT
11
        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
12

13  | IN RE: TELESCOPES ANTITRUST | Case No. 5:20-cv-03639-EJD (consolidated) |
    | LITIGATION | Case No. 5:20-cv-03642-EJD (coordinated) |
14  | | |
15  | | *The Hon. Edward J. Davila* |
16  | | **NOTICE OF MOTION AND MOTION OF** |
    | THIS DOCUMENT RELATES TO: | **CELESTRON ACQUISITION, LLC, SW** |
17  | | **TECHNOLOGY CORPORATION,** |
    | SPECTRUM SCIENTIFICS LLC, et al. | **COREY LEE, DAVE ANDERSON, AND** |
18  | | **JOSEPH LUPICA TO STRIKE** |
    | Plaintiffs, | **ALLEGATIONS OF THE SECOND** |
19  | | **AMENDED COMPLAINT** |
    | vs. | |
20  | | Date:       February 18, 2021 |
    | CELESTRON ACQUISITION, LLC, et al., | Time:      9:00 a.m. |
21  | | Crtrm.:     4 (5th Floor) |
    | Defendants. | |
22  | | Trial Date:              none set |

23

24

25

26

27

28

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 18, 2021, at 9:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Edward J. Davila of the United States District Court for the Northern District of California, in Courtroom 4 on the 5th floor of the above-captioned court located at 280 South 1st Street, San Jose, California 95113, Defendants Celestron Acquisition, LLC, SW Technology Corporation, Corey Lee, Dave Anderson, and Joseph Lupica will and hereby do move this Court to strike the following allegations of the Second Amended Complaint:

- Paragraph 122: class period beginning in 2005
- From Paragraph 2: "A jury has already found that Celestron and its parent company in China, Synta,[] conspired with their competitor Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny") to fix prices, divide the market, retaliate against competitors, mislead U.S. authorities, illegally acquire assets an dominate the U.S. market so that they could rip off American purchasers."
- From Paragraph 5: "where a jury awarded over $52,000 in damages against Defendants' co-conspirators."
- All of Paragraph 90: "On November 26, 2019, a jury found that this acquisition, which was orchestrated and aided and abetted by Defendants, their co-conspirators and their agents, violated the antitrust laws."

This Motion is made upon the following grounds. Concerning the allegations alleging a class period extending back to January 1, 2005, these allegations are immaterial, impertinent, and—at best—time-barred. First, Plaintiffs allege no anticompetitive or otherwise actionable conduct prior to 2013. Second, the sole event that Plaintiffs do allege occurred in 2005—the acquisition of Celestron—was highly publicized. Thus, to the extent Plaintiffs allege that transaction itself is somehow actionable, the statute of limitations on any "misconduct" in connection with that transaction would have expired in 2009. As for the allegations concerning *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.,* No. 5:16-cv-06370-EJD-VKD (N.D. Cal.) (the "*Orion* Action"), these allegations are immaterial, impertinent, and prejudicial. Defendants

1   were not parties to that action, so those findings cannot be used or considered against them.

2   *Parklane Hosiery Co. v. Shore,* 439 U.S. 322 (1979).

3       This Motion is based on this Notice of Motion, the attached Memorandum of Points and

4   Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which

5   the Court may take judicial notice, and any argument or evidence that may be presented to or

6   considered by the Court prior to its ruling.

7

8   DATED:  November 16, 2020                    Respectfully submitted,

9                                                EISNER, LLP

10

11                                   By:   */s/ Christopher Frost*

12                                         CHRISTOPHER FROST
                                           Attorneys for Defendants Celestron Acquisition,
13                                         LLC; SW Technology Corp; Corey Lee, Dave
                                           Anderson; and Joseph Lupica
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

2

3  MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

4  I.      INTRODUCTION...................................................................................................................1

5  II.     SPECIFIC PROVISIONS REQUESTED TO BE STRICKEN ...........................................1

6  III.    LEGAL STANDARD .............................................................................................................2

7  IV.     THE COURT SHOULD STRIKE ALLEGATIONS OF A CLASS PERIOD
        INCLUDING 2005 TO 2012 .................................................................................................2

8
        A.      Plaintiffs Allege No Actionable Misconduct, Let Alone Injury, For the
9               Time Period of 2005 to 2012.....................................................................................3

10       B.      The Statute of Limitations Already Expired on the Alleged 2005 Conduct .............4

11 V.     PLAINTIFFS' ALLEGATIONS REGARDING THE *ORION* ACTION AND
        VERDICT SHOULD BE STRICKEN....................................................................................6

12 VI.    CONCLUSION .......................................................................................................................7

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Drenchkahn v. Costco Wholesale Corp.*,

5      No. 2:08-cv-014080-FMC-JWJX, 2008 WL 11336775 (N.D. Cal. May 15, 2008) ................................................................................................................2

6

*Fantasy, Inc. v. Fogerty*,

7      984 F.2d 1524 (9th Cir. 1993) .............................................................................2

8

*Garrison v. Oracle Corp.*,

9      159 F. Supp. 3d 1044 (N.D. Cal. 2016) ..............................................................4

10

*Kamm v. Cal. City Dev. Co.*,
     509 F.2d 205 (9th Cir. 1975) ...............................................................................2

11

*LeDuc v. Kentucky Central Life Ins. Co.*,

12      814 F. Supp. 820 (N.D. Cal. 1992) ...............................................................2, 6

13

*Parklane Hosiery v. Shore*,

14      439 U.S. 322 (1979) .............................................................................................6

15

*Ramirez v. Baxter Credit Union*,
     No., No. 16-CV-03765-SI, 2017 WL 1064991 (N.D. Cal. Mar. 21, 2017) ...........................2, 5

16

*Sanders v. Apple Inc.*,

17      672 F. Supp. 2d 978 (N.D. Cal. 2009) ...............................................................2

18

*Sidney-Vinstein v. A.H. Robbins Co.*,

19      697 F.2d 880 (9th Cir. 1983) ...............................................................................2

20

**Federal Statutes**

21

Cartwright Act ...............................................................................................................5

22

Clayton Act § 7 ..............................................................................................................5

23

Federal Rule of Civil Procedure 12(f) ..........................................................................2

24

**State Statutes**

25

Cal. Bus. & Prof. Code §§ 16700, 17200.....................................................................5

26

27

28

1  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  **I.    INTRODUCTION**

3      Concurrently with this Motion to Strike, Defendants have filed a Motion to Dismiss the

4  Second Amended Complaint (the "SAC") in this action.  Defendants request the Court consider

5  that Motion first.  To the extent the Court does not grant that Motion in its entirety (without leave

6  to amend), Defendants request the Court grant this Motion and strike portions of the SAC that

7  include (i) allegations asserting the class period from 2005 to 2012, and (ii) allegations concerning

8  the jury verdict in the *Orion* Action.

9      Concerning the former, Plaintiffs have not alleged, and cannot allege, that ***any*** misconduct

10  occurred during that time period, let alone allege any misconduct that justifies extending the class

11  back 15 years.  With regard to the *Orion* Action, the verdict or findings from that litigation are

12  irrelevant and inadmissible against Defendants, as none were parties to that litigation.  The only

13  reason to include these allegations is to unfairly prejudice Defendants, and confuse the record.

14  **II.    SPECIFIC PROVISIONS REQUESTED TO BE STRICKEN**

15      Defendants request this Court strike the following provisions:

16  - Paragraph 122: class period beginning in 2005

17  - From Paragraph 2: "A jury has already found that Celestron and its parent company in

18     China, Synta,[] conspired with their competitor Ningbo Sunny Electronic Co., Ltd.

19     ("Ningbo Sunny") to fix prices, divide the market, retaliate against competitors,

20     mislead U.S. authorities, illegally acquire assets an dominate the U.S. market so that

21     they could rip off American purchasers."

22  - From Paragraph 5: "where a jury awarded over $52,000 in damages against

23     Defendants' co-conspirators."

24  - All of Paragraph 90:  "On November 26, 2019, a jury found that this acquisition, which

25     was orchestrated and aided and abetted by Defendants, their co-conspirators and their

26     agents, violated the antitrust laws."

27

28

III.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) allows a court to strike any portion of a complaint that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f).  Allegations are immaterial or impertinent if they have no bearing on the controversy or are not relevant to the issues involved in the action and could not be admitted as evidence.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).  A motion to strike may be granted where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992) (citation omitted).  Motions to strike are meant "to avoid the expenditure of time and money that may arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robbins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (citations omitted).

IV.    **THE COURT SHOULD STRIKE ALLEGATIONS OF A CLASS PERIOD INCLUDING 2005 TO 2012**

Allegations concerning an unsupportable class period are appropriate subjects of a motion to strike.  *See, e.g.*, *Ramirez v. Baxter Credit Union*, No. 16-CV-03765-SI, 2017 WL 1064991, at *8 (N.D. Cal. Mar. 21, 2017) (granting motion to strike allegations which implied a class period beyond the applicable statute of limitations); *Drenchkahn v. Costco Wholesale Corp.*, No. 2:08-cv-014080-FMC-JWJX, 2008 WL 11336775, at *5 (C.D. Cal. May 15, 2008) (same).  Further, class allegations may be stricken before discovery is completed.   "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery."  *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (citation omitted).  *See also Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) ("The propriety of a class action cannot be determined in some cases without discovery" and "[w]here the necessary factual issues may be resolved without discovery, it is not required.").

This Court should strike the allegations of a class period extending back to January 1, 2005 for two reasons.  First, Plaintiffs allege no anticompetitive or otherwise actionable conduct prior to

2013.  Second, the sole event that Plaintiffs do allege occurred in 2005—the acquisition of Celestron—was a highly publicized transaction.  Plaintiffs do not allege further misconduct, or any fraudulent concealment, until 2013, so even if the acquisition itself was somehow wrongful, the statute on that "misconduct" would have expired in 2009.  Plaintiffs should not be allowed to prejudice Defendants by requiring they produce information and respond to claims going back to 2005, on a class period that is not actionable.

> ### A.   Plaintiffs Allege No Actionable Misconduct, Let Alone Injury, For the Time Period of 2005 to 2012

Despite alleging a putative class period dating back to January 1, *2005*, Plaintiffs allege *no* anticompetitive or otherwise wrongful conduct that occurred prior to Ningbo Sunny's acquisition of Meade in *2013*.  The only pre-2013 conduct whatsoever that Plaintiffs reference is the 2005 acquisition of Celestron: "SW Technology acquired Celestron as a wholly owned subsidiary in 2005." (SAC ¶ 25.)  But Plaintiffs allege no facts that even suggest that this acquisition in and of itself was wrongful.  At most, Plaintiffs make only one conclusory assertion that even suggests wrongful conduct in the pre-2013 time period: (1) "In 2005, Synta acquired Celestron.  Through Defendants' and their co-conspirators' efforts, Celestron became the dominant U.S. telescope distributor."  (SAC ¶ 60.)   However, Plaintiffs make no allegations whatsoever in support of this vague conclusion.  They allege no specific agreements, or conduct, or any other conspiratorial conduct pre-dating the 2013 Meade acquisition.  Every factual allegation (including every exhibit attached to the SAC) concerns purported misconduct in or after 2013.

Indeed, Plaintiffs' own admissions confirm that the 2005 acquisition was not actionable, and that they have no basis for any actionable claims prior to 2013.  For instance, Plaintiffs concede that Defendants did not have sufficient market control to cause antitrust harm until after the Meade acquisition:

> . . . Ningbo Sunny acquired Meade with Celestron's and Synta's help…Together, *Celestron and Meade* account for the vast majority of consumer telescopes sold in the United States.

(SAC ¶ 60 (emphasis added).)

Synta and Ningbo Sunny conspired and leveraged their market power in the Manufacturing Market to control the Distribution Market. As a result, Celestron rose to prominence over other distributors. **When Ningbo Sunny, aided by Celestron and Synta, acquired Meade**, they took an independent supplier/distributor/ competitor out of the market. **Meade has not seriously competed with Celestron since the Ningbo Sunny acquisition** and has not used its manufacturing capabilities to diversify the supply of telescopes.

(*Id.* ¶ 62 (emphases added).)

No new manufacturers of any significance have entered the market in at least the last 10 years. **With Ningbo Sunny's acquisition of Meade, which also had manufacturing capabilities, the number of sources of supply essentially diminished to two: Synta and Ningbo Sunny**.

(*Id.* ¶ 68 (emphasis added).)

Moreover, Plaintiffs concede at Paragraph 96 that it was "after the acquisition" of Meade in 2013 that "Synta, Celestron, Ningbo Sunny, and Meade colluded not to compete with one another."  Plaintiffs also concede that high barriers to entry did not exist in 2005:  "No new manufacturers of any significance have entered the market in at least the last 10 years." (*Id.* ¶ 68.) Because Plaintiffs have failed to allege any actionable conduct prior to 2013 as a matter of law, the Court should strike any allegations concerning a class period from 2005 to 2012.

## B.  The Statute of Limitations Already Expired on the Alleged 2005 Conduct

Even if Plaintiffs had alleged actionable conduct prior to 2013, the statute of limitations on that alleged conduct would have expired.  As explained above, Plaintiffs allege that the class period should run from 2005, but only allege one act from 2005-2012: the acquisition of Celestron.  In other words, Plaintiffs allege that the Celestron acquisition occurred in 2005, but do not allege any further conduct whatsoever until the 2013 acquisition of Meade.  Plaintiffs likewise do not allege that any fraudulent concealment, which would purportedly toll any statute of limitations, occurred before 2013.  Indeed, the fraudulent concealment allegations all relate to the 2013 Meade acquisition.  (*See* SAC ¶¶ 131 *et seq.*)

Accepting for purposes of this Motion that the pleadings are accurate—that antitrust misconduct and injury occurred in 2005 but no purported concealment occurred until 2013—the statute of limitations expired in 2009, four years after the acquisition of Celestron.  *Garrison v.*

*Oracle Corp.*, 159 F. Supp. 3d 1044, 1062–63 (N.D. Cal. 2016) (violations of Sherman Action §§ 1, 2; Clayton Act § 7; the Cartwright Act; and Cal. Bus. & Prof. Code §§ 16700, 17200 are all subject to a four-year statute of limitations).

Plaintiffs know they cannot allege any concealment in 2005 because the purported antitrust activity from that time period—the Celestron acquisition—was notoriously public.  Plaintiffs even admit as much:

> SW Technology acquired Celestron as a wholly owned subsidiary in 2005. Celestron issued a press release about the acquisition in which it stated that SW Technology is 'an affiliate of Synta Technology Corporation" referred by name to Chairman Shen.

(SAC ¶ 25.)  Independent, judicially-noticeable records confirm the same: that the acquisition was contemporaneously discussed in the press, and even identified in disclosures to the SEC.  (*See* Request for Judicial Notice, Exs. 3–5, 6 at p. 14/99.)  Plaintiffs cannot claim that representations in FTC and SEC filings were sufficient to constitute affirmative representations to Plaintiffs in 2013 for purposes of fraudulent concealment (SAC ¶¶ 131 *et seq.*), but not sufficient to put them on notice of the alleged conduct in 2005.

Because any claims arising out of this 15 year-old transaction are unquestionably barred by the applicable statute of limitations, this Motion is appropriately granted, and the class period of 2005-2012 stricken.  *See, e.g.*, *Ramirez*, 2017 WL 1064991, at *8 (granting motion to strike because "proposed class period dating back to August 15, 2010 for a cause of action with a one-year limitations period is facially invalid, absent any allegations which would extend the one-year period by discovery, equitable tolling or otherwise").

Refusing to strike the allegations will substantially prejudice Defendants.  Defendants will be required to collect and produce thousands (if not tens or hundreds of thousands) of records concerning sales and customers (among other topics) relating to eight years of transactions that are not relevant to the salient time period that is truly at issue in this litigation.  This will require hundreds of thousands of dollars of time and countless hours of precious resources for no discernible reason or benefit.  (Plaintiffs have collectively already served more than 200 Requests for Production demanding, among other records, every communication, every customer, and every

1   sale and purchase since 2005.)    Under the circumstances, striking the 2005-2012 is not only

2   appropriate, but critical and urgent.

3   **V.        PLAINTIFFS' ALLEGATIONS REGARDING THE *ORION* ACTION AND**

4   **VERDICT SHOULD BE STRICKEN**

5           In the SAC, Plaintiffs gratuitously and improperly reference the *Orion* Action and its

6   verdict as alleged proof of Defendants' misconduct.    Indeed, Plaintiffs inappropriately allege that

7   Celestron **has already been found liable**:

8           A jury has **already found that Celestron and its parent company in
            China, Synta, conspired** with their competitor Ningbo Sunny

9           Electronic Co., Ltd. ("Ningbo Sunny") to fix prices, divide the
            market, retaliate against competitors, mislead U.S. authorities,

10          illegally acquire assets an dominate the U.S. market so that they
            could rip off American purchasers.

11
    (SAC ¶ 2 (footnote omitted).)

12
            On November 26, 2019, a jury found that this acquisition, which

13          was orchestrated and aided and abetted by Defendants, their co-
            conspirators and their agents, violated the antitrust laws."

14
    (*Id.* ¶ 90.)    As Plaintiffs know, however, any findings in the *Orion* Action **are not binding on**

15  **Defendants**.[1]    *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 327–28 (1979) (it is a violation of

16  due process for a judgment to be binding on a litigant who was not a party and therefore had no

17  chance to be heard).    Because these findings are not binding on Defendants, they are impertinent

18  and immaterial and serve only to prejudice to Defendants.[2]    They should therefore be stricken.

19

20

21  [1] Indeed, this is something that the Court already recognized at the September 3, 2020 proceedings

22  in this case.  (Hr'g Tr. at 14:2–9, Sept. 3, 2020, ECF No. 8.)

23

24  [2] Industry trades have already picked up on these allegations and reported on them, underscoring

25  the prejudicial nature of them.  *Celestron, Synta, Ningbo Sunny Consumer Telescope Antirust*

26  *Class Action*, Class Actions Reporter, available at:  https://classactionsreporter.com/celestron-

27  synta-ningbo-sunny-consumer-telescope-antitrust-class-action/ (last accessed Nov. 9, 2020).

28

*See, e.g., LeDuc* , 814 F. Supp. at 830 (Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.").

**VI.     CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Strike Allegations of the Second Amended Complaint.

DATED:  November 16, 2020                    Respectfully submitted,

EISNER, LLP


By:   */s/ Christopher Frost*
CHRISTOPHER FROST
Attorneys for Defendants Celestron Acquisition,
LLC; SW Technology Corp; Corey Lee, Dave
Anderson; and Joseph Lupica