1

2

3

4               UNITED STATES DISTRICT COURT

5               NORTHERN DISTRICT OF CALIFORNIA

6                    SAN JOSE DIVISION

7

8    SPECTRUM SCIENTIFICS, LLC, et al.,          Case No.  20-cv-03642-EJD   (VKD)

        Plaintiffs,
9
                                                 **ORDER RE NOVEMBER 17, 2020
10       v.                                       DISCOVERY DISPUTES**

11   CELESTRON ACQUISITION, LLC, et al.,          Re: Dkt. Nos. 66, 67, 68, 69, 70, 71, 72, 73

        Defendants.
12

13

14        The parties ask the Court to resolve eight different discovery disputes.  Dkt. Nos. 66-72.

15   The Court held a hearing on all disputes on December 8, 2020.  Dkt. Nos. 79, 82.

16        For the reasons explained at the hearing, and as further explained below, the Court denies

17   in part and grants in part plaintiffs' request for relief and orders the parties to confer further as

18   directed below.

19   **I.     BACKGROUND**

20        Plaintiffs are telescope distributors who purchase telescopes directly from defendant

21   Celestron Acquisition LLC ("Celestron").  Dkt. No. 54 ¶ 2.  On behalf of a putative class,

22   plaintiffs claim that Celestron conspired with others to fix prices, divide the telescope market, and

23   engage in other anti-competitive activities.  *Id.*  Celestron has moved to dismiss plaintiffs' claims.

24   Dkt. No. 64.

25        On August 24, 2020, plaintiffs served document requests on Celestron.  *E.g.*, Dkt. No. 66

26   at 2.[1]  Although Celestron's responses were due on September 28, 2020, it did not respond by that

27   _____

28   [1] Some the assertions and arguments on which the parties rely are the same across each of the
     eight discovery dispute letters submitted to the Court.  For convenience, the Court cites only to

United States District Court
Northern District of California

1   date. *Id.*  Celestron says it interpreted plaintiffs' demand for production within 60 days as

2   permitting written responses to the requests also to be served within 60 days, rather than within 30

3   days as specified in Rule 34(b)(2)(A), and because it believed Judge Davila had directed the

4   parties to coordinate discovery in this case with discovery in a related case.  *Id.* at 7.  Once alerted

5   to plaintiffs' contrary view of the deadline, Celestron served written responses to plaintiffs'

6   document requests on October 1, 2020 and served supplemental responses on October 22, 2020.

7   *Id.* at 2.

8   **II.     DISCUSSION**

9            The Court understands that Celestron has agreed to produce documents responsive to many

10  of plaintiffs' requests but objects on various grounds to other requests.  For purposes of this

11  proceeding, the parties raise disputes concerning the following document requests:

12          • RFPs Nos. 10-12

13          • RFPs Nos. 16 and 17

14          • RFP No. 86

15          • RFP No. 92

16          • RFPs Nos. 6, 9, 52 and 66

17          • RFPs Nos. 63, 64, 77 and 78

18          • RFPs Nos. 88 and 89

19          • RFP No. 46

20  Before considering the specifics of each set of disputed requests, the Court first considers

21  plaintiffs' argument that Celestron has waived its objections to all of these requests and

22  Celestron's argument that its failure to timely object should be excused.

23          **A.     Celestron's Untimely Responses**

24           Plaintiffs argue that Celestron waived its objections by failing to timely respond to the

25  disputed document requests.  Dkt. No. 66 at 4.  Celestron does not argue its objections were

26  untimely but says that its few days' delay in serving written responses did not prejudice plaintiffs

27

28  _____

Dkt. No. 66 with respect to these common assertions and arguments.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   and should be excused for good cause. *Id.* at 7.

2          Unlike Rule 33 for responding to interrogatories, Rule 34 does not expressly provide that

3   untimely objections are waived unless excused by the Court for good cause. *Compare* Fed. R.

4   Civ. P. 33(b)(4) *with* Fed. R. Civ. P. 34(b)(2)(C).  While plaintiffs are correct that as a general

5   matter, a failure to timely object to document requests constitutes a waiver of any objection, *see*

6   *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992),[2] federal

7   district courts have discretion to grant relief from a waiver where there is good cause to do so.

8   *Karr v. Napolitano*, Case No. C 11–02207 LB, 2012 WL 1965855 (N.D. Cal. May 31, 2012)

9   (collecting cases).  In considering whether to excuse Celestron's waiver, the Court considers

10  several factors, including: the length of Celestron's delay, the reason given for the delay, any

11  prejudice to plaintiffs, and the nature of the discovery requested.

12         Celestron relies on objections that were not served until October 22, 2020—24 days after

13  the due date for objections.  This is more than a few days late, and Celestron does not have a good

14  explanation for its delay.  Experienced litigation counsel should understand that the date requested

15  or agreed to for production of responsive documents is not the same as the date on which written

16  responses are due to be served under Rule 34.  In addition, the Court has reviewed the transcript of

17  the parties' most recent proceeding before Judge Davila in the related case. *See* Case No. 20-

18  3639, Dkt. No. 93.  Nothing in that transcript reflects that Judge Davila directed coordination of

19  specific discovery requests or responses between this and the related case, as Celestron suggests.

20  Even crediting Celestron's explanation that it misunderstood when its responses were expected,

21  the objections it first served on October 1, 2020 apparently were not the objections on which it

22  now attempts to rely.  Celestron does not explain the additional period of delay between October 1

23  and October 22.

24         On the other hand, the delay did not prejudice plaintiffs.  Discovery commenced in mid-

25  2020, and Judge Davila has not yet set a case management schedule.  Celestron's 24-day delay

26

27  [2] Where such a waiver implicates attorney-client privilege or work product protections, however,
    the Court must conduct a "holistic reasonableness analysis," taking into account several factors,
28  before finding a waiver. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*,
    408 F.3d 1142, 1149 (9th Cir. 2005).

United States District Court
Northern District of California

1    does not impede plaintiffs' ability to develop their case, and plaintiffs have not relied to their

2    detriment on Celestron's failure to timely object.  Moreover, many of plaintiffs' document

3    requests are not reasonably limited to documents that are relevant to a claim or defense or

4    proportional to the needs of the case, and a finding that plaintiffs had waived all objections to such

5    requests would permit plaintiffs to improperly expand the scope of discovery.

6          Accordingly, on balance, the Court concludes that there is good cause to excuse

7    Celestron's delay and that the interests of justice are best served if the Court considers each of the

8    parties' discrete discovery disputes on the merits.

9          **B.      RFPs Nos. 10-12: Celestron's "Executive Committee"**

10         In RFP No. 10, plaintiffs ask for documents "sufficient to identify the individuals

11   comprising Celestron's executive committee."  RFPs Nos. 11 and 12 asks for all materials

12   prepared for meetings of the executive committee since 2005 and all correspondence relating to

13   such meetings.

14         For the reasons explained on the record at the hearing, the Court denies plaintiffs' motion

15   to compel production of these documents on two grounds.  First, the record reflects that while

16   Celestron appears to have people performing "executive"-type functions, it is not clear whether

17   that group is the "executive committee," the "executive management group," or the "executive

18   team," or whether these labels refer to the same of different entities.  RFP No. 10 is therefore

19   ambiguous.  The Court orders the parties to confer further regarding an appropriate means to

20   identify the "executive" function for which plaintiffs seek discovery and the Celestron personnel

21   who perform that function.  Second, assuming the parties reach agreement as to the scope of RFP

22   No. 10, the scope of RFP Nos. 11 and 12 is not reasonably limited to documents relevant to a

23   claim or defense.  The Court orders the parties to confer further regarding subject matter

24   limitations that may be used to define the scope of production of documents responsive to RFPs

25   Nos. 11 and 12.

26         **C.      RFPs Nos. 16 and 17: Proposed Celestron/Meade Merger in 1990s and 2002**

27         In RFPs Nos. 16 and 17, plaintiffs ask for "all documents and communications relating to"

28   the proposed merger of Celestron and Meade in the 1990s and in 2002.

4

United States District Court
Northern District of California

1    As a general matter, the formulation "all documents relating to . . ." invites dispute and is

2    generally disfavored precisely because the boundaries of the request are difficult to identify.  *See,*

3    *e.g.*, *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649–50 (10th Cir. 2008) (discussing requests

4    phrased as "all documents" or "all emails" as overbroad, potentially burdensome and costly, and

5    potentially non-compliant with Rule 34(b)(1)(A)'s requirement to state requests with "reasonable

6    particularity"); Manual for Complex Litigation, Fourth, § 11.443 (2004) ("In overseeing document

7    production, the court should . . . prevent indiscriminate, overly broad, or unduly burdensome

8    demands–in general, forbid sweeping requests, such as those for 'all documents relating or

9    referring to' an issue, party or claim . . . ."). However, as the Court explained at the hearing,

10   plaintiffs reasonably seek production of documents reflecting Celestron's and its executives'

11   attitudes about and responses to the FTC's actions to block the merger, and not merely the fact

12   that the FTC took steps to block the merger.  It is possible that there are documents that fall within

13   the scope of these requests that are unrelated to any claim or defense, but as Celestron could not

14   identify any categories of documents it felt would be both responsive and irrelevant, the Court is

15   persuaded that the scope of these requests is sufficiently limited to relevant subject matter at this

16   time.  Accordingly, for the reasons stated on the record at the hearing, the Court grants plaintiffs'

17   motion to compel.

18       **D.      RFP No. 86: Celestron Corporate Structure**

19       In RFP No. 86, plaintiffs seek "[a]ll documents and communications relating to

20   [Celestron's] corporate and ownership structure since 2005."

21       For the reasons stated at the hearing, the Courts finds that the request as drafted is

22   unreasonably broad.  However, the Court agrees with plaintiffs that discovery of Celestron's

23   corporate structure and direct and indirect ownership is relevant to the claims asserted in the case.

24   Accordingly, the Court orders Celestron to produce documents sufficient to show Celestron's

25   corporate structure and direct and indirect ownership over time since 2005.

26       **E.      RFP No. 92: Celestron's Non-U.S. Customers**

27       In RFP No. 92, plaintiffs ask for "[d]ocuments sufficient to disclose all of your customers

28   outside of the United States since 2005."

1    Given that this case is limited to claims on behalf of a putative class of domestic

2    purchasers, plaintiffs' discovery submission offers no justification for the requested discovery,

3    apart from a conclusory assertion that such customers are "important witnesses" and that "foreign-

4    price fixing is relevant evidence." *See* Dkt. No. 69 at 3.  At the hearing, plaintiffs offered

5    additional information regarding the basis for this document request.  Dkt. No. 82 at 33:5–37:16.

6    Celestron disputes the relevance of this discovery, and at the hearing, offered additional objections

7    not addressed in the discovery submission.  *Id.* at 38:8–40:2, 41:9-18.

8    The Court does not believe it has an adequate legal and factual record to resolve the

9    parties' dispute concerning RFP No. 92, and denies plaintiffs' request for relief without prejudice

10   on that basis.  Unless the parties resolve the dispute by agreement, the Court invites plaintiffs to

11   file a noticed motion to compel pursuant to Civil L.R. 7-2 on this matter so that the parties may

12   make a more complete presentation to the Court.

13   **F.      RFPs Nos. 6, 9, 52 and 66: Communications Regarding Orion/Orion Action**

14   In RFPs Nos. 6, 9, 52 and 66, plaintiffs ask Celestron to produce all documents and

15   communications since 2005 with Synta, Ningbo Sunny, certain of their key personnel, or their

16   respective counsel regarding Orion and Orion's prior action against Ningbo Sunny.

17   For the reasons explained on the record at the hearing, the Court denies plaintiffs' motion

18   to compel production of these documents because the requests as drafted are not reasonably

19   limited to documents relevant to a claim or defense.  The Court orders the parties to confer further

20   regarding subject matter limitations that may be used to define the scope of production of

21   documents responsive to these RFPs.  To the extent Celestron objects on grounds of privilege or

22   other protection, such objections must be preserved in the manner specified in Rule 34(b)(2) and

23   Rule 26(b)(5)(A).

24   **G.      RFPs Nos. 63, 64, 77 and 78: Communications Regarding Finances**

25    In RFPs Nos. 63, 64, 77 and 78, plaintiffs ask Celestron to produce "all communications"

26   with Synta and Ningbo Sunny regarding Celestron's, Synta's, and Ningbo Sunny's "finances"

27   since 2005.

28   Although the parties' discovery submission cited some examples of "finances," the term is

United States District Court
Northern District of California

1    not defined and its scope is unclear.  For the reasons explained on the record at the hearing, the

2    Court denies plaintiffs' motion to compel production of these documents because the requests as

3    drafted are not reasonably limited to documents relevant to a claim or defense.  The Court orders

4    the parties to confer further regarding the term "finances" and a more specific description of the

5    documents responsive to these RFPs.

6              **H.**     **RFPs Nos. 88 and 89: Board/Executive Committee Meeting Minutes**

7           In RFPs Nos. 88 and 89, plaintiffs ask Celestron to produce "[a]ll minutes, recordings,

8    summaries, or reports of meetings, whether formal or informal," of members of Celestron's (i)

9    "executive committee," (ii) board of directors, (iii) each committee or subgroup of the board, and

10   (iv) each committee, group or subgroup of management employees, since 2005.

11          In these requests, the term "executive committee" is ambiguous (as noted above) as is the

12   reference to "management employees."  For the reasons explained on the record at the hearing, the

13   Court denies plaintiffs' motion to compel production of these documents because the requests as

14   drafted are not reasonably limited to documents relevant to a claim or defense.  The Court orders

15   the parties to confer further regarding the ambiguous terms used in these requests and subject

16   matter limitations that may be used to define the scope of production of responsive documents.

17             **I.**     **RFP No. 46: Management Consultant Reports**

18          In RFP No. 46, plaintiffs ask for "[a]ll reports of work product prepared by consultants for

19   Celestron since. 2005."  Plaintiffs clarify that "consultants" is limited to "management

20   consultants," such as McKinsey, Bain & Co., and Boston Consulting Group.

21          In their discovery submission, plaintiffs explain that Celestron's business strategies and its

22   consultants' contemporaneous assessments of the market are relevant to questions of liability and

23   damages.  The Court agrees that responsive documents concerning these matters are likely

24   relevant, but RFP No. 46 is not limited to such documents.  For the reasons explained on the

25   record at the hearing, the Court denies plaintiffs' motion to compel production of documents

26   response to RFP No. 46 because the request as drafted is not reasonably limited to documents

27   relevant to a claim or defense.  The Court orders the parties to confer further regarding subject

28   matter limitations that may be used to define the scope of production of responsive documents.

United States District Court
Northern District of California

7

**III.     CONCLUSION**

      The Court denies in part and grants in part plaintiffs' requests for relief.  The parties must confer further regarding the matters addressed in this order, and if disputes remain, they may raise those matters with the Court using the expedited procedure set out in the Court's Standing Order (except as noted above).

      **IT IS SO ORDERED.**

Dated: December 15, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

8