UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPECTRUM SCIENTIFICS, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CELESTRON ACQUISITION, LLC, et al., <br><br> Defendants. | Case No. 20-cv-03642-EJD   (VKD) <br><br> **ORDER RE JANUARY 16, 2021 DISCOVERY DISPUTES** <br><br> Re: Dkt. Nos. 93, 94 |

The parties ask the Court to resolve two disputes concerning some defendants' discovery of plaintiffs. Dkt. Nos. 93, 94. The Court held a hearing on these matters on January 26, 2021. Dkt. No. 99.

For the reasons explained at the hearing, and as further explained below, the Court denies in part and grants in part defendants' request for relief and orders further proceedings as directed below.

I.   **BACKGROUND**

Plaintiffs are telescope distributors who purchase telescopes directly from defendant Celestron Acquisition LLC ("Celestron"). Dkt. No. 54 ¶ 2. On behalf of a putative class, plaintiffs claim that Celestron conspired with others to fix prices, divide the telescope market, and engage in other anti-competitive activities. *Id.* Celestron has moved to dismiss plaintiffs' claims. Dkt. No. 64.

On October 22, 2020, defendants Celestron, Dave Anderson, Corey Lee, Joseph Lupica and SW Technology Corp. each served a set of mostly identical interrogatories on each named plaintiff. *E.g.*, Dkt. No. 93-1. Plaintiffs have objected to seven of these interrogatories. Dkt. No.

1  93 at 2.  At about the same time, defendant Celestron served a set of 201 document requests on

2  each named plaintiff.  *E.g.*, Dkt. No. 94-1.  As relevant to this dispute, plaintiffs objected to two

3  document requests.  Dkt. No. 94 at 3.

## II. DISCUSSION

### A. Dkt. No. 93 – Defendants' Interrogatories

Defendants move to compel plaintiffs' responses to the following interrogatories:

<u>Interrogatory No. 2</u>:  For the year identified in response to Interrogatory No. 1, identify all anticompetitive behavior in which [defendant] engaged within that year.

<u>Interrogatory No. 3</u>:  Identify all anticompetitive behavior in which you allege [defendant] engaged.

<u>Interrogatory No. 4</u>:  State all facts supporting your response to Interrogatory No. 3.

<u>Interrogatory No. 5</u>:  Identify the date you learned of all of the facts provided in your response to Interrogatory No. 4.

<u>Interrogatory No. 6</u>:  Identify the source from which you learned of all the facts providing in your response to Interrogatory No. 4.

<u>Interrogatory No. 7</u>:  Identify all persons with knowledge of any facts relating to your response to Interrogatory Nos. 3 and 4.

<u>Interrogatory No. 8</u>:  Identify all documents supporting your responses to Interrogatory Nos. 3 and 4.

As the Court explained at the hearing, these interrogatories effectively ask plaintiffs to provide a detailed narrative of their case, their supporting witnesses, and their documents. Whether construed as "contention interrogatories" or not, the Court finds that the use of these interrogatories at this stage of the case is unlikely to materially contribute to efficient development of evidence in the case.  However, a more specific and tailored set of interrogatories may well be appropriate at this time.

Plaintiffs allege in the Second Amended Complaint that defendants' anticompetitive behavior began in 2005 but was concealed and not discovered until 2019, thus tolling the statute of limitations.  *See* Dkt. No. 54 ¶¶ 5, 131.  At the hearing, defendants' counsel proposed a set of the limited interrogatories concerning the date and circumstances of plaintiffs' knowledge of defendants' alleged anticompetitive behavior and plaintiffs' allegations of fraudulent concealment.

This proposal appears reasonable. The Court suggests that defendants withdraw the disputed interrogatories and serve the proposed interrogatories in their place.

Accordingly, the Court denies defendants' motion to compel plaintiffs' responses to the above interrogatories at this time.

### B. Dkt. No. 94 – Celestron's Document Requests

Defendant Celestron moves to compel plaintiffs' responses to the following document requests, which it revised as part of this dispute:

> Request No. 5 (rev.): Documents identifying the acts or omissions by defendants that you allege in the Second Amended Complaint were anticompetitive.

> Request No. 6 (rev.): Documents currently within your possession, custody, or control that support the claim of anticompetitive behavior that you allege in this action.

As explained at the hearing, the Court construes revised Request No. 6 as essentially coextensive with the document disclosure obligations of Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Celestron indicates that it concurs in that construction. Applying that construction, the Court orders plaintiffs to produce non-privileged responsive documents within the scope of revised Request No. 6.

Revised Request No. 5 appears to be largely duplicative of both Request No. 6 and the many other requests for documents that Celestron has served regarding specific allegations of anticompetitive behavior. This duplicative, catch-all request is unnecessary, and the Court declines to separately require plaintiffs to produce documents responsive to it.

**IT IS SO ORDERED.**

Dated: January 26, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge