UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPECTRUM SCIENTIFICS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CELESTRON ACQUISITION, LLC, et al.,<br><br>Defendants. | Case No. 20-cv-03642-EJD (VKD)<br><br>**ORDER RE JANUARY 27, 2021 DISCOVERY DISPUTE LETTER**<br><br>Re: Dkt. No. 103 |

Defendant Celestron Acquisition LLC ("Celestron") and non-party Optronic Technologies, Inc. ("Orion") submitted a discovery dispute letter brief regarding Celestron's subpoena to Orion. Dkt. No. 103. The Court heard oral argument on the dispute on February 9, 2021. Dkt. No. 111. At the Court's request, counsel for plaintiffs Spectrum Scientifics, LLC and Radio City, Inc. also attended the hearing. Dkt. No. 110.

For the reasons explained at the hearing, and as further explained below, the Court denies Orion's motion to quash as to the undisputed portions of Requests for Production Nos. 1 and 2, and as to Request for Production No. 3 to the extent it requests trial exhibits from the *Orion* action, and orders further proceedings concerning the remainder of the dispute.

**I.    BACKGROUND**

In this action, plaintiffs are telescope distributors who purchase telescopes directly from defendant Celestron Acquisition LLC ("Celestron"). Dkt. No. 54 ¶ 2. On behalf of a putative class, plaintiffs claim that Celestron conspired with others to fix prices, divide the telescope market, and engage in other anti-competitive activities. *Id.*

On November 13, 2020, Celestron served a document subpoena on non-party Orion. Dkt.

No. 103 at ECF p. 8. The subpoena includes 25 requests, many of which concern matters relating to a prior litigation Orion brought against Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny"), Sunny Optics, Inc., and Meade Instruments Corp. (collectively, "the *Orion* defendants"). *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.*, No. 5:16-cv-06370-EJD (N.D. Cal. Nov. 1, 2016) ("the *Orion* action"). In the *Orion* action, a jury found that the *Orion* defendants conspired together to fix price or credit terms for telescopes and accessories, to not compete with one another or divide customers between them, and to monopolize the telescope market. *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.*, No. 5:16-cv-06370-EJD, Dkt. No. 501 (N.D. Cal. Nov. 26, 2019). Orion and Ningbo Sunny have filed cross-appeals from the jury's verdict, which remain pending. *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.*, Nos. 20-15837, 20-15940 (9th Cir.). BraunHagey & Borden LLP ("BraunHagey") represented Orion in the *Orion* action and continues to represent Orion in the pending cross-appeals. BraunHagey does not represent Orion in this action, but it does represent plaintiffs Spectrum Scientifics, LLC and Radio City, Inc.

In the discovery matter before the Court, Orion objects that Celestron's subpoena is overbroad and violates Federal Rule of Civil Procedure 45(d)(3)(A), which imposes an affirmative duty on parties to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Dkt. No. 103 at 2–4. Orion has agreed to produce documents and records that were actually produced or exchanged by parties or third parties in the *Orion* action, so long as Celestron advances a retainer in the amount of $75,000 to cover the as-yet-unknown costs of such a production. *Id.* at 3, 4 and n.2. Orion explained at the hearing that it objects to the production of documents responsive to any other request. *See id.* at 2. Celestron says it is willing to narrow the scope of its document requests but argues that it should not have to pay $75,000 to secure Orion's compliance with the subpoena. *Id.* at 5, 7.

## II. DISCUSSION

Orion and Celestron have not exerted themselves sufficiently to resolve their disputes concerning the subpoena. On the one hand, most of Celestron's document requests are too broad. As the Court has noted in a prior discovery dispute to which Celestron was a party (*see, e.g.*, Dkt. No. 84 at 5), the formulation "all documents relating to . . ."—which Celestron uses repeatedly in

the subpoena to Orion—invites dispute and is generally disfavored precisely because the boundaries of such a request are difficult to identify. *See, e.g.*, *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649–50 (10th Cir. 2008) (discussing requests phrased as "all documents" or "all emails" as overbroad, potentially burdensome and costly, and potentially non-compliant with Rule 34(b)(1)(A)'s requirement to state requests with "reasonable particularity"); Manual for Complex Litigation, Fourth, § 11.443 (2004) ("In overseeing document production, the court should . . . prevent indiscriminate, overly broad, or unduly burdensome demands–in general, forbid sweeping requests, such as those for 'all documents relating or referring to' an issue, party or claim . . . ."). On the other hand, if Celestron has offered to narrow its document requests, the Court expects Orion to engage with Celestron in good faith to see if an agreement can be reached regarding the scope of the requests, instead of simply asking the Court to quash the subpoena as written.

As noted above, Orion agrees to produce the following documents within the scope of Requests for Production Nos. 1 and 2: documents and records that were actually produced or exchanged by parties or third parties in the *Orion* action. *See* Dkt. No. 103 at 3. The Court is skeptical that such production will be unduly burdensome given that the documents are likely maintained by Orion's other counsel (and plaintiffs' counsel in this action), BraunHagey, in an organized form that is readily accessible, given that the *Orion* action concluded less than two years ago and is currently the subject of an appeal. However, as Orion has not made any inquiries concerning any actual burden or expense that such production might entail, the Court denies without prejudice Orion's demand for a $75,000 retainer for the production of these documents. In addition, the Court orders as follows:

1. Orion and BraunHagey shall confer and identify the most efficient and cost-effective means to produce the fact and expert discovery documents described above.
2. Orion and BraunHagey must confer with Celestron regarding a proposal for production of these materials and about the anticipated expenses of such production.
3. Orion and Celestron shall submit a joint report by **February 16, 2021** advising the Court of their agreed resolution of this portion of Celestron's subpoena or, in the absence of agreement, their respective proposals for resolution. Any respective

proposals are limited to 750 words.

With respect to Request for Production No. 3, which asks Orion to produce "all documents offered, marked, or introduced at the trial conducted" in the *Orion* action, the Court is disappointed by the approach Orion and BraunHagey have taken to this request. Plaintiffs' counsel (also BraunHagey) acknowledged at the hearing that plaintiffs will rely on trial documents from the *Orion* action in this action. However, plaintiffs have not produced the *Orion* trial documents to Celestron, even though BraunHagey has possession and custody of them, because the documents are publicly available at the San Jose courthouse where the *Orion* trial took place in 2019. BraunHagey suggests that Celestron's counsel should visit the Clerk's Office in the San Jose courthouse and ask Clerk's Office employees to make copies of the trial documents.

The San Jose Clerk's Office is currently operating with reduced staffing and limited public access due to the ongoing COVID-19 global pandemic.[1] The Court is astonished that BraunHagey believes it would be appropriate in these circumstances to burden Clerk's Office employees with the task of manually photocopying nearly 200[2] trial exhibits when BraunHagey likely could easily provide these materials to Celestron. Orion's and BraunHagey's approach to discovery on this point is wholly inconsistent with the parties' obligations to conduct proceedings so as "to secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1; *see also* Northern District Guidelines for Professional Conduct, *available at* https://www.cand.uscourts.gov/forms/guidelines-for-professional-conduct/, at Section 9 ("A lawyer should conduct discovery in a manner designed to ensure the timely, efficient, cost effective and just resolution of a dispute."). Accordingly, the Court orders as follows:

1. BraunHagey must investigate whether the trial exhibits encompassed by Request for Production No. 3 are maintained in its offices.

---

[1] *See, e.g.*, General Order 72-6, *available* at https://www.cand.uscourts.gov/wp-content/uploads/general-orders/GO_72-6_In_Re_COVID_Public_Health_Emergency_9-16-2020.pdf; Safety Protocols for Northern District of California Courthouses (Updated October 1, 2020), *available at* https://www.cand.uscourts.gov/notices/safety-protocols-for-northern-district-of-california-courthouses-effective-june-1-2020/.

[2] *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.*, No. 5:16-cv-06370-EJD, Dkt. No. 495-1 (N.D. Cal. Nov. 21, 2019).

2. If the trial exhibits are maintained in BraunHagey's offices, the Court orders that they be promptly produced to Celestron, unless Orion and BraunHagey can show good cause why they should not be.

3. Orion and Celestron shall submit a joint report by **February 16, 2021** advising the Court of their agreed resolution of this portion of Celestron's subpoena or, in the absence of agreement, their respective proposals for resolution. Any respective proposals are limited to 750 words.

As for the remainder of Celestron's document requests, the Court has shared its preliminary and informal assessment of those document requests. The Court will not entertain a further discovery dispute as to those remaining document requests until Orion and Celestron have made further serious, good-faith efforts to resolve the dispute without the Court's assistance.

## III.   CONCLUSION

The Court denies Orion's motion to quash as to the undisputed portions of Requests for Production Nos. 1 and 2, and as to trial exhibits from the *Orion* action for Request for Production No. 3. Orion, Celestron, and BraunHagey shall confer as directed above, and Orion and Celestron shall jointly report to the Court as directed by **February 16, 2021.**

**IT IS SO ORDERED.**

Dated: February 10, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge