[Counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| IN RE: TELESCOPES ANTITRUST LITIGATION | Case No. 5:20-cv-03639-EJD (consolidated)<br>Case No. 5:20-cv-03642-EJD (coordinated)<br><br>*The Hon. Edward J. Davila*<br><br>**STIPULATION REGARDING DISCOVERY** |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>All actions | Trial Date:              none set |

WHEREAS, it is consistent with the Federal Rules of Civil Procedure and in the interests of justice to adopt procedures to organize discovery and minimize burdens in the above-captioned actions ("Actions");

WHEREAS, Direct Purchaser Plaintiffs ("DPPs"), Indirect Purchaser Plaintiffs ("IPPs") (collectively, "Plaintiffs"), and Defendants have engaged in multiple conferences pursuant to Federal Rule of Civil Procedure ("Rule") 26(f); and

WHEREAS the parties have reached agreements regarding discovery, as set forth below;

THE PARTIES HEREBY STIPULATE AS FOLLOWS:

**A.     Document Production and Rule 30(b)(6) Depositions re Jurisdictional Discovery.**

1.     Synta Canada shall complete any agreed production of documents responsive to the Plaintiffs' requests for production no later than March 26, 2021, or ten days prior to the deposition of Synta Canada; if the Plaintiffs and Synta Canada have a dispute in this respect, the Plaintiffs will have the option of postponing the deposition until the Court resolves it and the documents ordered to be produced (if any) are produced; and

2.     Synta Canada shall appear remotely for a Rule 30(b)(6) deposition to be taken by the Plaintiffs concerning the topics noticed, starting at 9 a.m. Pacific Time on April 5, 2021 and April 6, 2021.  The deposition shall be limited to the jurisdictional issues raised in Synta Canada's motion to dismiss for lack of personal jurisdiction and supporting declaration.

**B.     Translations**

1.     The agreements set forth in this section shall apply to the jurisdictional depositions of Jean Shen and Synta Canada and do not apply to any other depositions taken in these actions.

2.     The noticing party shall be responsible for the cost of a translator.  The defending party may hire a check translator at its own expense.

3.     The Parties shall use reasonable efforts at the deposition to resolve any objection to any interpretation or translation in English for the record, and such efforts need not be translated into Chinese.  If the check interpreter disagrees with any portion of an interpretation, the check interpreter's requested correction shall be stated simply for the record. The role of any such check

interpreter shall be limited to disputes concerning the interpretation of deposition questions and testimony by the interpreter of record only.  When a check interpreter proposes a correction, the interpreter of record need not respond, but may respond briefly to put on record his or her agreement or disagreement with the proposed correction.

4.     Document translations shall bear the same Confidential or Highly Confidential designation as the original if such designation is in place as of the time that the translation is prepared.  A translation should also share the same Bates and deposition exhibit numbers as the underlying document and should be followed with the letter "A" or another designation identifying it as a translated version of the document.  Because languages occupy different amounts of space to say the same thing, it may be impractical for the translation to be paginated in the same way as the original.  Parties should ensure the Bates numbers are located in the same location within the text as would be found in the underlying document (*e.g.*, the Bates number may physically fall in the middle of a page, rather than at the bottom).  Unless otherwise agreed, document translations shall use the same Bates number as the original, followed by .01, .02, etc. for any additional pages required for the translated text.  A translation may not contain independent notes that are not within the text of the original document (*e.g.*, notes from the translator or counsel).  Emphasis in the translation (*e.g.*, bold, italics, underlined) must appear in the same form as in the original document.  However, translator notations such as "original text is in English," "original text is handwritten," or "untranslatable symbol" may be included in brackets.

5.     Objections to certified translations shall be preserved for resolution at a later date.

**C.     Depositions Taken by Remote Means**

1.     The agreements set forth in this section shall apply to the jurisdictional depositions of Jean Shen and Synta Canada and do not apply to any other depositions taken in these actions.

2.     If the witness has anyone in the room while testifying, the witness will identify for the record anyone who is present. No individual, including any attending attorneys, any witnesses, and any other person, shall communicate with the witness via outside means, including, but not limited to, handwritten note, electronic message, text message, or voice call, while the witness is giving deposition testimony on the record, regardless of whether or not a question is then pending

1 before the witness. Similarly, no witness shall communicate with any other person while testifying,
2 including by the above-mentioned means. This provision does not prohibit the witness from
3 communicating with counsel before the deposition, during breaks, or after the deposition, when the
4 witness is not providing testimony on the record, or regarding questions of privilege, in accordance
5 with and to the extent permitted by the Federal Rules.

6      3.     Apart from the technology needed to participate in the remote deposition, as set
7 forth above, the witness shall not use any technology, including, but not limited to, a computer,
8 personal tablet, smartphone or smartphone extension (such as a smart-watch), during the time he or
9 she is giving deposition testimony on the record. This provision does not prohibit the witness from
10 using such technology – or any other means – to communicate with his or her counsel before the
11 deposition, during breaks, or after the deposition, when the witness is not providing testimony on
12 the record, or regarding questions of privilege, in accordance with and to the extent permitted by
13 the Federal Rules.

14      4.     The designated deposition service provider shall provide access to the remote
15 deposition to the witness and all attorneys participating in the deposition, including, as requested,
16 counsel of record, in-house counsel, and corporate representatives ("Participants"). The link to
17 access the deposition cannot be forwarded to anyone other than individuals who are employed by
18 the Participants for purposes of assisting with the deposition. Except during breaks or consultation
19 with counsel, the witness, the witness's defending counsel, and the noticing party's counsel shall be
20 visible by live video to all other participants while the deposition is in session. However, only the
21 witness will be recorded. All other participants or observers need not be visible by live video, but
22 shall be announced upon joining the deposition.

23      5.     Time will be counted on the record in the same manner as it would be counted for
24 an in-person deposition, as long as the witness, the witness's counsel defending the deposition, the
25 noticing party's counsel taking the deposition, the videographer, and the court reporter are "on the
26 record" and connected through the video-conferencing platform, and notwithstanding any
27 intermittent connectivity issues that other participants may experience during the deposition. If any
28 participant experiences connectivity issues, they shall notify the other participants to the extent

1 feasible (e.g., through the audio conference line set up for the deposition or by email), and that will
2 be noted on the record.

3       6.      Deposition breaks shall not be recorded and all videoconference and telephone lines
4 shall be muted during deposition breaks.

5       7.      The Parties agree that any or a combination of the following methods for
6 administering exhibits may be employed during a remote deposition: mailing of physical copies,
7 screen share, e-mail, or fileshare system.

### D.  Departing Employee Lists

Plaintiffs may establish "employee/officer lists" of no more than a total of 25 custodians/witnesses for all the Celestron/Synta Defendants.[1] For each such identified custodian/witness, Defendants shall timely inform Plaintiffs in writing if they become aware that such person intends to leave, or does leave, his or her employment, to the extent reasonably possible. On Plaintiffs' request, Defendants shall make that person available for deposition either before or after his or her departure, to the extent reasonably possible. Plaintiffs may make changes to their employee/officer lists on a quarterly basis.

Defendants may establish "employee/officer lists" of no more than a total of 25 custodians/witnesses for all the DPP Plaintiffs. For each such identified custodian/witness, DPPs shall timely inform Defendants in writing if they become aware that such person intends to leave, or does leave, his or her employment, to the extent reasonably possible. On Defendants' request, DPPs shall make that person available for deposition either before or after his or her departure, to the extent reasonably possible. Defendants may make changes to their employee/officer lists on a quarterly basis.

---

[1] The Celestron/Synta Defendants refers to Defendants Celestron Acquisition, LLC, Suzhou Synta Optical Technology Co., Ltd., Nantong Schmidt Opto-Electrical Technology Co., Ltd., Synta Technology Corp., SW Technology Corp., Synta Canada International Enterprises Ltd., Olivon Manufacturing Group, Ltd., Olivon USA, and Pacific Telescope Corp.

**E. Email Service**

The parties agree that all documents may be served by e-mail and have exchanged applicable e-mail addresses. Rule 6(d), which would allow parties to have three additional days to act after being served by email, shall not apply.

**F. Modification of Limits**

1. Any of the provisions and limits set forth in sections A through F above may be modified by agreement of the parties affected or by the Court for good cause shown.

2. To the extent that any party contends that the time limit provided in Rule 30(d)(1), namely that an individual fact deposition is limited to one day of seven hours, or the time provided for deposition as modified by this stipulation is insufficient to adequately complete a particular deposition, counsel for the party and counsel for the witness shall, prior to any relief being sought from the Court, meet and confer to attempt to reach agreement.

3. This stipulation does not limit any party's right to object to or seek a protective order with respect to any deposition.

Dated: March 24, 2021

Respectfully Submitted,
*/s/ Adam J. Zapala*
Adam J. Zapala (SBN 245748)
Elizabeth T. Castillo (SBN 280502)
Tamarah P. Prevost (SBN 313422)
Reid W. Gaa (SBN 330141)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
tprevost@cpmlegal.com
rgaa@cpmlegal.com

EISNER, LLP

5

Case No. 5:20-cv-03639-EJD
Case No. 5:20-cv-03642-EJD
STIPULATION REGARDING DISCOVERY

|     |                                                                 |
| --- | --------------------------------------------------------------- |
| 1   | */s/ Kalpana Srinivasan*                                        |
|     | Kalpana Srinivasan (Bar No. 237460)                             |
| 2   | Marc M. Seltzer (Bar No. 54534)                                 |
| 3   | Steven Sklaver (Bar No.237612)                                  |
|     | Michael Gervais (Bar No. 330731)                                |
| 4   | **SUSMAN GODFREY L.L.P.**                                       |
|     | 1900 Avenue of the Stars, Ste. 1400                             |

/s/ Kalpana Srinivasan
Kalpana Srinivasan (Bar No. 237460)
Marc M. Seltzer (Bar No. 54534)
Steven Sklaver (Bar No.237612)
Michael Gervais (Bar No. 330731)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Phone: 310-789-3100
ksrinivasan@susmangodfrey.com
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

/s/ *Lin Y. Chan*
Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
Lin Y. Chan (SBN 255027)
lchan@lchb.com
Reilly T. Stoler (SBN 310761)
rstoler@lchb.com
Jon B. Fougner (SBN 314097)
jfougner@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs*

*/s/ Ronald J. Fisher*
J. Noah Hagey
Matthew Borden
Ronald J. Fisher
Gunnar Martz
Athul K. Acharya
**BRAUNHAGEY & BORDEN LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel: (415) 599-0210
Fax: (415) 276-1808
hagey@braunhagey.com
borden@braunhagey.com
fisher@braunhagey.com
martz@braunhagey.com
acharya@braunhagey.com

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

1
2
3
4
5
6
7
8
9
10

                */s/ Christopher Frost*
Christopher Frost (SBN 200336)
cfrost@eisnerlaw.com
Amber Henry (SBN 247624)
ahenry@eisnerlaw.com
Ashlee N. Lin (SBN 275267)
alin@eisnerlaw.com
Rosie Cole (SBN 322185)
rcole@eisnerlaw.com
**EISNER, LLP**
9601 Wilshire Blvd., 7th Floor
Beverly Hills, California 90210
Telephone: (310) 855-3200
Facsimile: (310) 855-3201

*Attorneys for Defendants Celestron Acquisition, LLC, SW Technology Corp., Corey Lee, David Anderson, and Joseph Lupica*

11
12
13

**ATTORNEY ATTESTATION**

    I, Lin Chan, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel have concurred in this filing.

14

                */s/ Lin Y. Chan*
Lin Y. Chan

15
16
17
18
19
20
21
22
23
24
25
26
27
28

EISNER, LLP