April 30, 2021

**VIA ECF**

Hon. Virginia K. DeMarchi
United States District Court for the Northern District of California
San Jose Courthouse - Courtroom 2 - 5th Floor
280 South 1st Street
San Jose, CA 95113

> RE:    **Joint Discovery Letter Brief re Discovery Plan**
> *In re Telescopes Antitrust Litig.*, **Nos. 5:20-cv-03639-EJD (VKD),
> 5:20-cv-03642-EJD (VKD) (N.D. Cal.)**

Your Honor:

Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs") (collectively, "Plaintiffs") and Defendants Celestron Acquisition, LLC, David Shen, Sylvia Shen, Jack Chen, Jean Shen, Suzhou Synta Optical Technology Co., Ltd., Nantong Schmidt Opto-Electrical Technology Co. Ltd., Synta Technology Corp., SW Technology Corporation, Synta Canada International Enterprises Ltd., Olivon Manufacturing Group Ltd., Joe Lupica, Corey Lee, Dave Anderson, Laurence Huen, Olivon USA, and Pacific Telescope Corp. (collectively, "Defendants") respectfully submit the proposed discovery plan with one disputed subsection for resolution by Your Honor.

### 1.    Statement of Dispute

The parties have agreed to almost all provisions of the proposed discovery plan. The only remaining dispute involves Section H, which concerns the location of Rule 30(b)(6) depositions. The attached proposed discovery plan provides two alternative versions of this section for the Court's consideration and the text of the disputed section is provided below for easy comparison.

775914.1

Hon. Virginia K. DeMarchi
April 30, 2021

| Party | Proposed Language |
|---|---|
| Plaintiffs | Subject to re-taxing any costs and expenses, depositions of a corporation pursuant to Federal Rule of Civil Procedure 30(b)(6) will presumptively take place in the Northern District of California. The parties should consider whether the United States, including but not limited to the Northern District of California, is the most efficient and inexpensive location for the deposition of non-30(b)(6) foreign resident witnesses. |
| Defendants | No less than 21 days before a deposition, the parties will meet and confer regarding the location of the deposition, and whether such deposition will take place remotely or in person. |

### 2.    **Plaintiffs' Position**

Depositions should presumptively take place in this District to promote efficiency. Rather than three to five attorneys traveling overseas for a deposition, Plaintiffs propose that one witness, absent unusual circumstances, travel to the United States for a deposition.  Holding depositions in this District is most efficient because all counsel are located in California, and Plaintiffs' counsel are based in this District.[1]  Taking depositions overseas easily increases the cost of depositions five-fold when considering travel costs, the cost of shipping exhibits, which, given the number of counsel and exhibits involved, could cost the price of an additional airfare, and other fees.  Due to the efficiency gains from holding depositions of foreign witnesses here, doing so has been the rule in similar multi-party antitrust cases, such as the *Lithium Ion Batteries*, *LCDs*, *Cathode Ray Tube*, and *Optical Disk Drives* cases.[2]

Further, depositions in foreign countries entail a variety of logistical and legal hurdles that would make taking depositions at the foreign defendants' principal places of business nearly impossible.  China, where defendants Nantong Schmidt Opto-Electrical Technology Co. Ltd. and Ningbo Sunny Electronic Co. Ltd. are located, *prohibits* the taking of depositions in China for

---

[1] *See Lifetouch Nat'l Sch. Studios Inc. v. Moss-Williams*, No. C10-05297 RMW (HRL), 2011 U.S. Dist. LEXIS 119604, at *4 (N.D. Cal. Oct. 17, 2011) (Even when only two attorneys would have had to travel, the location of counsel supported having the witness instead come to the forum.).

[2] Order re Dep. Protocol at 4, *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-2420-YGR (N.D. Cal. Dec. 3, 2014), ECF No. 593; Order re Dep. Protocol at 6, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-1827-SI (N.D. Cal. Feb. 17, 2010), ECF No. 1546; Order re Disc. & Case Mgmt. Protocol at 8, *In re Cathode Ray Tube* (*CRT) Antitrust Litig.*, No. 3:07-cv-05944-SC (N.D. Cal. Apr. 3, 2012), ECF No. 1128; Order re Location Deps. at 1, *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-md-2143-RS (N.D. Cal. Oct. 24, 2012), ECF No. 707.

*Footnote continued on next page*

775914.1

Hon. Virginia K. DeMarchi
April 30, 2021

use in foreign courts.[3]  These restrictions also extend to remote and telephonic depositions conducted in China.[4]  Moreover, Plaintiffs may have a limited ability to depose witnesses overseas where they may not be able to compel testimony or seek judicial intervention.

As a matter of equity, it is fair to depose Defendants, who chose to conduct business in the United States and availed themselves of U.S. law, in this country.  "Part of the cost of doing business in the United States is the responsibility to respond to the orderly demands of litigation, one of which is responding to an appropriate notice of deposition."[5]

Thus, "corporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum where the action is pending, for the convenience of all parties and in the general interests of judicial economy." *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 629 (C.D. Cal. 2005) (brackets removed) (collecting cases).  The cases on which Defendants rely—*Music Group* and *Fausto*—underscore the fact that the presumptive location of corporate depositions may be overcome when considering factors such as the location of counsel, the deponent's frequent business travel, and the likelihood of significant discovery disputes arising which would require resolution by the forum court.  *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-3078-JSC, 2015 WL 13423886, at *1-2 (N.D. Cal. Aug. 11, 2015) (granting motion requiring witness to travel from the Philippines to California for deposition); *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 431 (N.D. Cal. 2008) (granting motion to require defendants to travel from Brazil to Georgia for depositions).  Similarly, here, the equities support presumptively holding Rule 30(b)(6) depositions in this District because (1) it will be more efficient and cost-effective for one deponent to travel to this country rather than for three to five attorneys to travel abroad to take a deposition; (2) depositions—both in-person and remote—are illegal in China, where two of the defendant entities are based; and (3) given the number of discovery disputes that have already occurred in this case, there is a likelihood that discovery disputes may arise during depositions that may require resolution by this Court.

---

[3] *See* U.S. Dep't of State, *China Judicial Assistance Information*, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (last visited Apr. 27, 2021).

[4] *Id.*

[5] *New Medium Techs. LLC v. Barco N.V.*, 242 F.R.D. 460, 468-69 (N.D. Ill. 2007) (ordering Japanese witnesses to be deposed in Chicago); *accord Dean Foods Co. v. Eastman Chem. Co.*, Nos. C 00-4379 WHO, C 00-4402 WHO (JL) Related, 2001 U.S. Dist. LEXIS 25447, at *21 (N.D. Cal. Aug. 13, 2001) ("Chisso is a [Japanese] corporation and it is not unreasonable to expect its managing agents to appear for deposition in a country where the company does business and where the deponents have traveled on business in the past."); *In re Honda Am. Motor Co., Inc. Dealership Rels. Litig.*, 168 F.R.D. 535, 539 (D. Md. 1996) (setting Baltimore location for depositions of Japanese nationals who "have conducted extensive business in the United States for a number of years, availing themselves of the laws and protections afforded American citizens").

775914.1

Hon. Virginia K. DeMarchi
April 30, 2021

Defendants' proposal to defer addressing this issue to 21 days before a notice deposition threatens to needlessly burden the Court and parties with briefing every time Plaintiffs notice a deposition. Securing visas, making travel arrangements, and finding space in another country for these multi-party depositions will cause further delay if Plaintiffs are required to accomplish all of these administrative tasks within 21 days of a scheduled deposition. The Court has ordered the parties to coordinate and plan ahead. As noted above, decisions about the presumptive location of depositions are commonly made at the outset of coordinated antitrust cases. Plaintiffs' proposal sets for the framework for determining the location of Rule 30(b)(6) depositions that maximize efficiency and comply with U.S. and foreign laws.

Finally, Plaintiffs' proposal offers the following compromises to minimize the burden on Defendants: (1) the proposal limits pre-selection of the location of the deposition to this District to Federal Rule of Civil Procedure 30(b)(6) witnesses, and provides for other witnesses only that the parties shall "consider whether the United States" is the most efficient and inexpensive location for such depositions; (2) the proposal provides for re-taxing costs for the reasonable travel expenses associated with the witnesses' travel to this District; and (3) the proposal is only a "presumption" and can be overcome by the unique circumstances of individual deponents. Plaintiffs note that such unique circumstances include travel and health-related restrictions due to COVID-19, but given the November 1, 2021 substantial-completion deadline for document productions, we expect that travel restrictions will have eased by the time the parties schedule depositions.

### 3.    Defendants' Position

 Plaintiffs' proposal:  Subject to re-taxing any costs and expenses, depositions of a corporation pursuant to Federal Rule of Civil Procedure 30(b)(6) will presumptively take place in the Northern District of California. The parties should consider whether the United States, including but not limited to the Northern District of California, is the most efficient and inexpensive location for the deposition of non-30(b)(6) foreign resident witnesses.

Defendants' proposal:  No less than 21 days before a deposition, the parties will meet and confer regarding the location of the deposition, and whether such deposition will take place remotely or in person.

Plaintiffs insist that the parties prematurely agree that all 30(b)(6) deposition in this take will presumptively take place in-person in the Northern District of California. Defendants propose that the parties meet and confer regarding the location of a deposition, and whether a deposition will take place remotely or in person. To be clear, Defendants are not refusing to ever produce witnesses in this District. Defendants simply believe it is more prudent to decide the location of a deposition on a case-by-case basis as the depositions are noticed.

Deferral of these issues is especially reasonably given the ever-changing safety issues and travel restrictions associated with the COVID-19 pandemic. As the parties are well aware, international travel at this time is severely limited and in-person depositions with multiple parties, each with multiple attorneys, is not practicable. Consistent with this Court's directive in a prior

775914.1

Hon. Virginia K. DeMarchi
April 30, 2021

Order (*see* Case No. 20-cv-03642-EJD, ECF No. 163), the parties have agreed to a procedure for conducting depositions via videoconference to account for current COVID19-related constraints. If and when such restraints relent, the parties can discuss that during their meet and confer for the particular deposition at issue when the time comes.

Plaintiffs' proposal is particularly problematic given that there is a "general presumption that the deposition of a corporate party should be taken at its principal place of business. . . ." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-3078-JSC, 2015 WL 13423886, at *1 (N.D. Cal. Aug. 11, 2015); *see also Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008) ("corporate designees [] are normally deposed at the corporation's principal place of business"). Plaintiffs have made no showing here that the general presumption should be altered in favor of the Northern District of California (which is simply more convenient for Plaintiffs' counsel). This is especially true here where no Defendant and no defense counsel are located within Northern District of California and Plaintiffs, not Defendants, chose this venue for this litigation. Moreover, there are so many unknown factors at this point, ***including who the actual 30(b)(6) witnesses will be*** (as no topics have even been served at this point) and where they reside. Plaintiffs suggest that China's restrictions on the taking of depositions favors Plaintiffs' proposal. But such restrictions actually highlight the need to evaluate the location of depositions on a case-by-case basis as Defendants have proposed. First, as Plaintiffs acknowledge, only two entity defendants are located in China. Thus, any restrictions imposed by China will not impact the many other entity defendants, demonstrating the overbreadth of Plaintiffs' request to have ***all*** 30(b)(6) witnesses deposed in this District. Additionally, Defendants' proposal allows the parties to ***consider*** the impact of any foreign laws on a specific deposition, instead of preemptively attempting to evade them without understanding the consequences of doing so.

The Court need not, and should not, address deposition locations now. Deferring consideration of this issue will not in any way inhibit the development of this case or the parties' discovery plan. Therefore, Defendants propose that the parties meet and confer no less than 21 days before any given deposition regarding the location of the deposition, and whether the deposition will take place remotely or in person.

### 4.   Request for Hearing

The parties are available to appear before the Court to address any questions or concerns.

### 5.   Discovery Cutoff

No discovery cut-off dates have been set.

### 6.   Meet-and-Confer Attestation

The undersigned attests that she conferred telephonically with Ashlee Lin, counsel for Defendants, on April 26 and 27, 2021 about this dispute.

775914.1

Hon. Virginia K. DeMarchi
April 30, 2021

Respectfully submitted,

DATED:  April 30, 2021

*/s/ Lin Y. Chan*
Lin Y. Chan (SBN 255027)
lchan@lchb.com
Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
Reilly T. Stoler (SBN 310761)
rstoler@lchb.com
Jon Fougner (SBN 314097)
jfougner@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008


*/s/ Adam J. Zapala*
Adam J. Zapala
Elizabeth T. Castillo
Tamarah P. Prevost
Reid W. Gaa
**COTCHETT PITRE & McCARTHY,
LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
tprevost@cpmlegal.com
rgaa@cpmlegal.com


*/s/ Kalpana Srinivasan*
Kalpana Srinivasan (Bar No. 237460)
Marc M. Seltzer (Bar No. 54534)
Steven Sklaver (Bar No.237612)
Michael Gervais (Bar No. 330731)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Phone: 310-789-3100
ksrinivasan@susmangodfrey.com
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

*Interim Co-Lead Counsel for Indirect
Purchaser Plaintiffs*

6                                                      775914.1

Hon. Virginia K. DeMarchi
April 30, 2021

*/s/ Ronald J. Fisher*

J. Noah Hagey
Matthew Borden
Ronald Fisher
Gunnar Martz
Athul K. Acharya
**BRAUNHAGEY & BORDEN LLP**
351 California Street, 10th Floor
San Francisco, CA  94104
Telephone:  (4105) 599-0210
Facsimile:  (415) 276-1808

*Interim Counsel for Direct Purchaser
Plaintiffs*

*/s/ Christopher Frost*

Christopher Frost (SBN 200336)
cfrost@eisnerlaw.com
Amber Henry (SBN 247624)
ahenry@eisnerlaw.com
Ashlee N. Lin (SBN 275267)
alin@eisnerlaw.com
Rosie Cole (SBN 322185)
rcole@eisnerlaw.com
**EISNER, LLP**
9601 Wilshire Blvd., 7th Floor
Beverly Hills, California 90210
Telephone: (310) 855-3200
Facsimile: (310) 855-3201

*Attorneys for Celestron Acquisition, LLC,
David Shen, Sylvia Shen, Jack Chen, Jean
Shen, Suzhou Synta Optical Technology Co.,
Ltd., Nantong Schmidt Opto-Electrical
Technology Co. Ltd., Synta Technology Corp.,
SW Technology Corporation, Synta Canada
International Enterprises Ltd., Olivon
Manufacturing Group Ltd., Joe Lupica, Corey
Lee, Dave Anderson, Laurence Huen, Olivon
USA, and Pacific Telescope Corp.*

7

775914.1

Hon. Virginia K. DeMarchi
April 30, 2021

## ATTESTATION

I, Ronald J. Fisher, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel have concurred in this filing.

*/s/ Ronald J. Fisher*
Ronald J. Fisher

5