**[Counsel Listed on Signature Page]**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| **IN RE TELESCOPES ANTITRUST LITIGATION** | Case No. 5:20-cv-03639-EJD (VKD)<br>Case No. 5:20-cv-03642-EJD (VKD) |
| **THIS DOCUMENT RELATES TO:**<br><br>**All Actions** | [~~PROPOSED~~] **STIPULATED ORDER REGARDING DISCOVERY PLAN**<br><br>Judge: Hon. Edward J. Davila |

WHEREAS, it is consistent with the Federal Rules of Civil Procedure and in the interests of justice to adopt procedures to organize discovery and minimize burdens in the above-captioned actions ("Actions");

WHEREAS, Direct Purchaser Plaintiffs (collectively, "DPPs"), Indirect Purchaser Plaintiffs (collectively, "IPPs") (collectively, "Plaintiffs"), and Defendants Synta Technology Corp. of Taiwan, Suzhou Synta Optical Technology Co., Ltd., Nantong Schmidt Opto-Electrical Technology Co. Ltd., Synta Canada International Enterprises Ltd., Pacific Telescope Corp., Olivon Manufacturing Co. Ltd., SW Technology Corp., Celestron Acquisition, LLC, Olivon USA LLC, Dar Tson "David" Shen, Joseph Lupica, David Anderson, Sylvia Shen, Jack Shen, Corey Lee, Laurence Huen, (collectively, "Defendants") have engaged in multiple conferences pursuant to Federal Rule of Civil Procedure ("Rule") 26(f) since October 7, 2020;

WHEREAS the parties have reached agreement on modifications of certain discovery limits, as set forth below; and

WHEREAS, the Court resolved at Dkt. No. 172 the disputed provision of the discovery plan, concerning the location of depositions;

THE PARTIES HEREBY STIPULATE AS FOLLOWS:

**A.     Discovery Schedule**

1.     The deadline for the parties to reach agreement regarding custodians and search terms shall be June 7, 2021.  If the parties are unable to reach agreement with regards to any search term or custodian, the parties shall submit a letter brief to the court to be filed no later than June 14, 2021. Plaintiffs reserve the right to seek to add custodians and search terms, as appropriate, and Defendants reserve the right to object, as appropriate.

2.     Within 7 days of the agreement described in Section A.1 or the Court's ruling regarding the letter brief described in Section A.1, whichever is later, the parties will agree to a rolling production schedule for the documents responsive to negotiated search terms and submit that schedule to the Court. The parties will work in good faith to set a production schedule that will be completed before the substantial completion deadline described below.

3. The deadline for the parties to substantially complete document production is November 1, 2021. The parties will produce documents on a rolling basis.

**B.    Coordination of Written Discovery**

1. Any party that serves or has served a written discovery request under Rule 31, 33, 34, or 36 on another party in any of the above-captioned cases shall provide a copy of the request to the attorneys in each of the above-captioned cases.

2. Any party that responds or has responded to a written discovery request in any of the above-captioned cases shall serve its response and produce any responsive materials to the attorneys in each of the above-captioned cases.

3. A party (the "Issuing Party") that, after the issuance of this Order, serves a subpoena for the production of documents or other materials on a person or entity not a party ("Non-Party") to any of the above-captioned cases shall (a) provide notice of the subpoena or other request to all attorneys in each of the above-captioned cases pursuant to Federal Rule of Civil Procedure 45 or other applicable law; (b) provide a copy of this Order and the protective order in effect in the above-captioned cases to the Non-Party; (c) notify the Non-Party that, pursuant to this Order, materials produced in response to such subpoena or other request will be produced in the above-captioned cases; and (d) request that the Non-Party simultaneously produce materials to the attorneys in each of the above-captioned cases. If, notwithstanding such request, the Non-Party does not produce the materials to the attorneys in each of the above-captioned cases, the Issuing Party shall, if permitted by law, provide a copy of all materials produced pursuant to the subpoena or other request to the attorneys in each of the above-captioned cases within five (5) calendar days after receipt of the materials from the Non-Party.

4. All written responses to discovery requests materials provided in response to discovery requests in any of the above-captioned cases shall be treated as having been obtained through discovery in their respective cases. This provision is not intended to in any way limit the discovery that is permitted by this order or otherwise under the Federal Rules of Civil Procedure.

**C.     Interrogatories Pursuant to Rule 33(a)**

1.     Except as otherwise stipulated below, interrogatories shall be governed by the Federal Rules.  Counsel for IPPs and DPPs shall attempt to determine in good faith ways to avoid duplicative discovery.  Likewise, Defendants shall consult in good faith in an effort to propound joint written discovery requests, but to the extent separate written discovery is served, Defendants shall not duplicate interrogatories.  Duplication is a proper objection to written discovery requests.  This paragraph in no way prejudices or diminishes any party's right to serve their own written discovery requests regarding issues that are not common to any other parties.

2.     IPPs collectively may serve up to 50 interrogatories on Defendants named in the operative IPP complaint. DPPs collectively may serve up to 50 interrogatories on Defendants named in the operative DPP complaint. DPPs and IPPs will coordinate efforts to avoid serving duplicative interrogatories.

3.     Defendants collectively may serve up to 50 interrogatories on IPPs. Defendants collectively may also serve up to 50 interrogatories on DPPs.[1]

4.     For the purposes of tracking how many interrogatories each party has served, a single interrogatory that is served on a single party (i.e., Celestron) will count as one interrogatory. A single interrogatory that is served on two or more parties (i.e., Celestron and SW Technology) will also count as one interrogatory.

**D.     Individual Depositions Pursuant to Rule 30(b)(1)**

1.     Plaintiffs collectively may depose up to 60 of the Defendants' percipient witnesses. For purposes of this stipulation, Defendants' percipient witnesses shall include Defendants' current employees and officers as well as former employees whom Defendants assist in making available for deposition.

2.     Defendants collectively may depose each of the IPP class representatives named in the operative IPP complaint. As of the date of this proposed order, there are 49 IPP class representatives. Depositions of IPP class representatives shall be limited to 5 hours.

---

[1] Defendants and DPPs are in the process of meeting and conferring regarding a dispute as to the number of interrogatories Defendants have served on DPPs to date.  Defendants reserve all rights to object to this limit on interrogatories based upon the outcome of that dispute.

3. Defendants collectively may also depose up to 10 of the DPPs' percipient witnesses per DPP class representative.

4. That a natural person has been employed or is currently employed by multiple parties does not entitle adverse parties to take multiple depositions of that person. If Defendants are aware of any individual noticed for deposition who has been employed by more than one Defendant, and Plaintiffs have not expressed their knowledge of this fact, Defendants shall make this fact known within a reasonable time period after receipt of a deposition notice for such individual.

5. A deposition conducted in English shall be limited to seven hours. A deposition for which an interpreter is used shall be limited to 14 hours. Notwithstanding the foregoing, Plaintiffs collectively may select up to 12 of the Defendants' percipient witnesses whose depositions shall be limited to 11 hours in English and 22 hours if an interpreter is used. Defendants collectively may select up to 10 of the DPPs' percipient witnesses whose depositions shall be limited to 11 hours. DPPs reserve the right to object to the number and length of depositions of DPPs' percipient witnesses on grounds of proportionality, which objection shall be resolved by the parties in accordance with Paragraph 4 of Judge DeMarchi's Standing Order for Civil Cases.

6. These limits do not include Rule 30(b)(6) depositions of Defendants, depositions of third parties, depositions of experts, or depositions of records custodians regarding authentication and admissibility of documents.

**E.  Depositions Pursuant to Rule 30(b)(6)**

1. IPPs collectively may notice up to 20 deposition topics per Defendant. DPPs collectively may notice up to 20 deposition topics per Defendant. DPPs and IPPs will coordinate efforts to avoid duplicative topics. For the purposes of tracking how many topics each party has served, a single topic that is served on a single party (i.e., Celestron) will count as one topic. A single topic that is served on two or more parties (i.e., Celestron and SW Technology) will also count as one topic.

2. The limit in Section E(1) does not apply to Rule 30(b)(6) depositions regarding transactional data, *i.e.*, information that is produced in or from a database or spreadsheet. The parties shall meet and confer to resolve questions regarding transactional data, and consistent with the Guidelines for the Discovery of Electronically Stored Information operative in this District shall involve individuals knowledgeable about the parties' electronic systems as appropriate, prior to taking a deposition or engaging in motion practice.

3. Depositions on non-transactional data topics will be limited to a total of 14 hours per Defendant, regardless of the number of 30(b)(6) witnesses. Depositions on transactional data topics will be limited to a total of seven hours per Defendant, regardless of the number of 30(b)(6) witnesses. These time limits will be extended for depositions in which an interpreter is used by the same ratio as for percipient witness depositions (*i.e.*, 14 hours for every 7 hours, or by two times).

4. In the event that any percipient witness who has received a deposition notice is likely to be designated as a Rule 30(b)(6) representative, or in the event that any Rule 30(b)(6) designee is likely to be deposed as a percipient witness, the parties will use reasonable efforts to coordinate so as to avoid multiple depositions of the same witness. To the extent reasonably possible, Defendants will notify Plaintiffs at least 45 days in advance of a noticed deposition that the witness should be deposed in both his or her individual and representative capacities. The 30(b)(1) portion of the deposition will be subject to the time limits set forth in Section D.5. The 30(b)(6) portion of the deposition will be subject to the time limits set forth in Section E.3.

5. Except as otherwise set forth herein, these limits do not include Rule 30(b)(1) depositions of Defendants, depositions of third parties, depositions of experts, or depositions of records custodians regarding authentication of documents.

**F. Coordination of Depositions**

1. Pursuant to Fed. R. Civ. P. 30(a)(2)(A), leave is granted to all parties to conduct in excess of ten (10) depositions per side, but only to the extent set forth in Sections D and E herein.

2. A party issuing a deposition notice or subpoena or seeking a request for international judicial assistance in obtaining testimony (the "Subpoenaing Party") shall provide

notice to all attorneys in each of the above-captioned cases pursuant to the Federal Rules of Civil Procedure, but in no event less than five (5) days. Other parties shall be entitled to join the Subpoenaing Party's notice, subpoena, or request by notice to all attorneys in each of the above-captioned cases. The other parties also will be entitled to add topics to any 30(b)(6) or similar subpoena or notice by issuing their own Rule 30(b)(6) notice or subpoena. The parties shall make reasonable, good-faith efforts to coordinate the scheduling of the deposition with each other and with any Non-Party witness, provided, however, that no party may unreasonably delay a deposition.

3. For all Rule 30(b)(1) depositions, prior to issuing a notice for a date certain, the noticing party shall notify all attorneys in each of the above-captioned cases of its intent to depose a particular witness, and request available dates for the witness from counsel for the party whose witness's deposition is sought. Within seven (7) business days of receiving the request, the party to whom such a request is made shall provide three (3) proposed deposition dates. The noticing party shall use its best efforts to schedule the deposition on a proposed deposition date mutually agreeable to all parties. The production of any documents associated with a party witness shall be produced at least twenty (20) business days in advance of the date of the deposition, so long as the deposition takes place on November 29, 2021 or later. For the avoidance of doubt, this provision does not modify the document production schedule set forth in Section A.

4. The parties shall retain rights to formally object (by motion for protective order or otherwise) to the taking of a particular deposition or to the timing or scope of such deposition.

5. Counsel in any of the above-captioned cases shall be entitled to attend depositions noticed in each of the above-captioned cases. Non-noticing counsel may ask questions and raise objections at depositions to the extent allowed under the Federal Rules of Civil Procedure. Any party may avail itself of any objection made by any other party properly in attendance at a deposition without the need to be in attendance or express its joinder in the objection.

**G.     Translations**

1. The noticing party shall be responsible for the cost of a translator. The defending party may hire a check translator at its own expense.

2. The Parties shall use reasonable efforts at the deposition to resolve any objection to any interpretation or translation in English for the record, and such efforts need not be translated into Chinese. If the check interpreter disagrees with any portion of an interpretation, the check interpreter's requested correction shall be stated simply for the record. The role of any such check interpreter shall be limited to disputes concerning the interpretation of deposition questions and testimony by the interpreter of record only. When a check interpreter proposes a correction, the interpreter of record need not respond, but may respond briefly to put on record his or her agreement or disagreement with the proposed correction.

3. Document translations shall bear the same Confidential or Highly Confidential designation as the original if such designation is in place as of the time that the translation is prepared. A translation should also share the same Bates and deposition exhibit numbers as the underlying document and should be followed with the letter "A" or another designation identifying it as a translated version of the document. Because languages occupy different amounts of space to say the same thing, it may be impractical for the translation to be paginated in the same way as the original. Parties should ensure the Bates numbers are located in the same location within the text as would be found in the underlying document (*e.g.*, the Bates number may physically fall in the middle of a page, rather than at the bottom). Unless otherwise agreed, document translations shall use the same Bates number as the original, followed by .01, .02, etc. for any additional pages required for the translated text. A translation may not contain independent notes that are not within the text of the original document (*e.g.*, notes from the translator or counsel). The translation of any text originally in a color other than black shall be rendered in the same color. Emphasis in the translation (*e.g.*, bold, italics, underlined) must appear in the same form as in the original document. However, translator notations such as "original text is in English," "original text is handwritten," or "untranslatable symbol" may be included in brackets. These formatting requirements do not apply to certified translations from *Optronic Technologies, Inc. v. Ningbo Sunny Electronic Co., Ltd.*, No. 5:16-cv-06370-EJD (VKD), that were produced in the instant case before April 27, 2021.

4. Objections to certified translations shall be preserved for resolution at a later date.

**H.     Location of Depositions**

1. With respect to party deponents, Rule 30(b)(6) depositions should presumptively take place in the Northern District of California. This remains only a presumption, however, subject to rebuttal and modification based on the particular circumstances presented. The noticing or deposing party or parties shall be responsible for payment of reasonable travel and lodging expenses for any Rule 30(b)(6) designees who must travel to the Northern District of California for purposes of the deposition.

2. With respect to Rule 30(b)(6) depositions of non-parties who are not presently before the Court and who may not be within the Court's jurisdiction, the Court does not believe it is appropriate to declare in advance a presumptive location for such depositions.

3. With respect to depositions of parties and witnesses who are not Rule 30(b)(6) designees, the parties should confer regarding the most convenient and cost-effective means and location for conducting the depositions, including having the deponents travel to the United States, and in particular to the Northern District of California (where plaintiffs' counsel are located) or the Central District of California (where defendants' counsel are located), or conducting the depositions by remote means.

4. The Federal Rules of Civil Procedure and this Court's orders will apply to the conduct of any deposition occurring in a foreign location or being taken via remote means. To the extent that the laws of the foreign location prohibit the application of the Federal Rules of Civil Procedure and this Court's order or substantially interfere with the ability to take a deposition in that location, the parties shall meet and confer, and hold the deposition in an alternate location which allows for their application.

**I.     Depositions Taken by Remote Means**

1. Where necessary and efficient, depositions may be conducted using teleconference and/or video conference technology, without a court reporter and videographer being physically present with the witness, consistent with existing government and Court orders relating to COVID-19 and consistent with best practices recommended by the U.S. Centers for Disease Control and Prevention to prevent the spread of COVID-19. The parties agree that the court

reporter may swear in the witness remotely and no objection shall be made based on this separation.

2. If the witness has anyone in the room while testifying, the witness will identify for the record who is present at the beginning of the deposition. If an additional person enters the room while the witness is testifying, the witness will promptly identify that person. If an additional person has entered the room during a break and remains in the room when testimony recommences, the witness will identify that person as soon as testimony recommences. No individual, including any attending attorneys, shall communicate with the witness via outside means, including, but not limited to, handwritten note, electronic message, text message, or voice call, while the witness is giving deposition testimony on the record, regardless of whether or not a question is then pending before the witness. This provision does not prohibit the witness from communicating with counsel before the deposition, during breaks, or after the deposition, when the witness is not providing testimony on the record, in accordance with and to the extent permitted by the Federal Rules.

3. The witness and all Participants (defined below) in a remote deposition will make reasonable efforts to ensure they have access to the following technology:

    a. A reliable Internet connection capable of supporting video feeds;

    b. Computer or personal tablet with a camera; and

    c. Telephone and/or audio capabilities through computer or tablet.

Counsel for each witness shall consult with the witness prior to the deposition to make reasonable efforts to ensure the witness has the required technology to participate in the deposition and review documents introduced as exhibits in the deposition. If not, counsel for the witness shall supply it prior to the deposition.

4. Apart from the technology needed to participate in the remote deposition, as set forth above, the witness shall not use any technology, including, but not limited to, a computer, personal tablet, smartphone or smartphone extension (such as a smartwatch), during the time he or she is giving deposition testimony on the record. This provision does not prohibit the witness from using such technology – or any other means – to communicate with his or her counsel

before the deposition, during breaks, or after the deposition, when the witness is not providing testimony on the record, in accordance with and to the extent permitted by the Federal Rules.

5. The designated deposition service provider shall provide access to the remote deposition to the witness and all attorneys participating in the deposition, including, as requested, counsel of record, in-house counsel, and corporate representatives ("Participants"). The link to access the deposition cannot be forwarded to anyone other than individuals who are employed by the Participants for purposes of assisting with the deposition. Except during breaks or consultation with counsel, the witness, the witness's counsel, the noticing party's counsel, and any other person in the same room as the witness shall be visible by live video to all other participants while the deposition is in session. All other participants or observers need not be visible by live video, but shall be announced upon joining the deposition.

6. Time will be counted on the record in the same manner as it would be counted for an in-person deposition, as long as the witness, the witness's counsel defending the deposition, the noticing party's counsel taking the deposition, the videographer, and the court reporter are "on the record" and connected through the video-conferencing platform, and notwithstanding any intermittent connectivity issues that other participants may experience during the deposition. If any participant experiences connectivity issues, they shall notify the other participants to the extent feasible (e.g., through the audio conference line set up for the deposition or by email), and that will be noted on the record.

7. Deposition breaks shall not be recorded and all videoconference and telephone lines shall be muted during deposition breaks. The witness shall affirm prior to the start and at the conclusion of each break that no one is communicating with the witness about his or her testimony while on the record.

8. The Parties agree that any or a combination of the following methods for administering exhibits may be employed during a remote deposition:

    a. Counsel noticing the deposition may choose to mail physical copies of documents that may be used during the deposition to the witness, the other Parties' counsel, and the court reporter. In that event, noticing counsel shall so inform the other Parties' counsel and

the court reporter prior to mailing the documents, and shall provide tracking information for the package. Such documents shall be delivered by 12:00 p.m. CT the business day before the deposition. The witness, the other Parties' counsel, and the court reporter shall confirm receipt of the package by electronic mail to counsel noticing the deposition. If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition.

    b. Counsel noticing the deposition may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the witness, the other Parties' counsel, and the court reporter. The .zip file shall be delivered by 12:00 p.m. CT the business day before the deposition. The witness, the other Parties' counsel, and the court reporter shall confirm receipt of the .zip file by electronic mail to counsel noticing the deposition. The .zip file may be password-protected, in which case counsel taking the deposition shall supply the password via electronic email prior to the commencement of the deposition. Every recipient of a .zip file shall not view the contents of the .zip file until the deposition begins and when directed to do so by the counsel taking the deposition. If sending documents by electronic mail, counsel will be mindful of file size limitations, which presumptively should be 20 MB or less.

    c. Counsel may introduce exhibits electronically during the deposition, by using an exhibit/document-sharing technology, or by using the screensharing technology within the videoconferencing platform. If screen-sharing is used, counsel must also provide access to the exhibit to the witness and all individuals on the record and give the witness the opportunity to review any exhibits presented electronically in full.

    d. Notwithstanding the foregoing, Counsel for all Parties may agree on an alternative method for sharing and/or introducing exhibits in advance of the deposition.

    e. These same procedures shall apply to any documents any other counsel intends to use for examining the witness.

f.      For expert depositions, Counsel noticing the deposition shall not be required to provide to the other Parties the witness's expert report or the opposing expert's report to which the witness is responding.

    9.      Counsel for each party witness shall provide a copy of the applicable stipulations to the witness and review with the witness prior to the deposition so that the witness comply with terms.

**J.     Modification of Limits**

    1.      Any of the provisions and limits set forth in sections A through I above may be modified by agreement of the parties affected or by the Court for good cause shown.

    2.      To the extent that any party contends that the time limit provided in Rule 30(d)(1), namely that an individual fact deposition is limited to one day of seven hours, or the time provided for deposition as modified by this stipulation is insufficient to adequately complete a particular deposition, counsel for the party and counsel for the witness shall, prior to any relief being sought from the Court, meet and confer to attempt to reach agreement.

    3.      This stipulation does not limit any party's right to object to or seek a protective order with respect to any deposition.

Dated: May 10, 2021                    Respectfully Submitted,


                                       */s/ Adam J. Zapala*
                                       Adam J. Zapala (SBN 245748)
                                       Elizabeth T. Castillo (SBN 280502)
                                       Tamarah P. Prevost (SBN 313422)
                                       Reid W. Gaa (SBN 330141)
                                       **COTCHETT, PITRE & McCARTHY, LLP**
                                       840 Malcolm Road
                                       Burlingame, CA 94010
                                       Telephone: (650) 697-6000
                                       Facsimile: (650) 697-0577
                                       azapala@cpmlegal.com
                                       ecastillo@cpmlegal.com
                                       tprevost@cpmlegal.com
                                       rgaa@cpmlegal.com

|  | */s/ Kalpana Srinivasan* |
|---|---|
| 1 | Kalpana Srinivasan (Bar No. 237460) |
| 2 | Marc M. Seltzer (Bar No. 54534) |
|   | Steven Sklaver (Bar No.237612) |
| 3 | Michael Gervais (Bar No. 330731) |
|   | **SUSMAN GODFREY L.L.P.** |
| 4 | 1900 Avenue of the Stars, Ste. 1400 |
|   | Los Angeles, CA 90067 |
| 5 | Phone: 310-789-3100 |
|   | ksrinivasan@susmangodfrey.com |
| 6 | mseltzer@susmangodfrey.com |
|   | ssklaver@susmangodfrey.com |
| 7 | mgervais@susmangodfrey.com |

/s/ *Lin Y. Chan*
Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
Lin Y. Chan (SBN 255027)
lchan@lchb.com
Reilly T. Stoler (SBN 310761)
rstoler@lchb.com
Jon B. Fougner (SBN 314097)
jfougner@lchb.com
**LIEFF CABRASER HEIMANN &
 BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs*


*/s/ Ronald J. Fisher*
J. Noah Hagey
Matthew Borden
Ronald J. Fisher
Gunnar Martz
Athul K. Acharya

**BRAUNHAGEY & BORDEN LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel: (415) 599-0210
Fax: (415) 276-1808
hagey@braunhagey.com
borden@braunhagey.com
fisher@braunhagey.com
martz@braunhagey.com
acharya@braunhagey.com

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

- 13 - [PROPOSED] STIPULATED ORDER REGARDING DISCOVERY PLAN; CASE NOS. 5:20-CV-03639-EJD; 5:20-CV-03642-EJD

| | |
|---|---|
| | */s/ Christopher Frost*<br>Christopher Frost (SBN 200336)<br>cfrost@eisnerlaw.com<br>Amber Henry (SBN 247624)<br>ahenry@eisnerlaw.com<br>Ashlee N. Lin (SBN 275267)<br>alin@eisnerlaw.com<br>Rosie Cole (SBN 322185)<br>rcole@eisnerlaw.com<br><br>**EISNER, LLP**<br>9601 Wilshire Blvd., 7th Floor<br>Beverly Hills, California 90210<br>Telephone: (310) 855-3200<br>Facsimile: (310) 855-3201<br><br>*Attorneys for Defendants Celestron Acquisition, LLC; David Shen; Suzhou Synta Optical Technology Co., Ltd.; Nantong Schmidt Opto-Electrical Technology Co. Ltd.; Synta Technology Corp.; SW Technology Corporation; Synta Canada International Enterprises Ltd.; Olivon Manufacturing Group Ltd. (named as Olivon Manufacturing Co. Ltd.); Olivon USA; Joe Lupica; Dave Anderson; and Pacific Telescope Corp.* |

**ATTORNEY ATTESTATION**

I, Lin Y. Chan, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel have concurred in this filing.

*/s/ Lin Y. Chan*
Lin Y. Chan

**[PROPOSED] ORDER**

Pursuant to the [Proposed] Stipulated Order Regarding Discovery Plan, **IT IS SO ORDERED**.

Dated: May 11, 2021   By: *Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

2154701.24