CHRISTOPHER FROST (SBN 200336)
cfrost@eisnerlaw.com
AMBER HENRY (SBN 247624)
ahenry@eisnerlaw.com
ASHLEE N. LIN (SBN 275267)
alin@eisnerlaw.com
AMY ROSE COLE (SBN 322185)
rcole@eisnerlaw.com
EISNER, LLP
9601 Wilshire Blvd., 7th Floor
Beverly Hills, California 90210
Telephone:  (310) 855-3200
Facsimile:  (310) 855-3201

Attorneys for Defendants
Celestron Acquisition, LLC; David Shen; Sylvia
Shen; Jack Chen; Jean Shen; Suzhou Synta Optical
Technology Co., Ltd.; Nantong Schmidt Opto-Electrical
Technology Co. Ltd.; Synta Technology Corp.;
SW Technology Corporation; Synta Canada International
Enterprises Ltd.; Olivon Manufacturing Group Ltd.
(incorrectly named as Olivon Manufacturing Co. Ltd.);
Joe Lupica; Corey Lee; Dave Anderson; Laurence Huen;
Olivon USA; and Pacific Telescope Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: TELESCOPES ANTITRUST LITIGATION | Case No. 5:20-cv-03639-EJD (consolidated)<br>Case No. 5:20-cv-03642-EJD<br><br>*The Hon. Edward J. Davila*<br><br>**REPLY IN SUPPORT OF MOTION OF DEFENDANTS JEAN SHEN AND SYNTA CANADA TO DISMISS CLASS ACTION COMPLAINT** |
| THIS DOCUMENT RELATES TO:<br><br>SPECTRUM SCIENTIFICS LLC, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>CELESTRON ACQUISITION, LLC, et al.,<br><br>Defendants. | Date:      June 17, 2021<br>Time:      9:00 a.m.<br>Crtrm.:    4 (5th Floor)<br><br>Trial Date:            none set |

## I.      INTRODUCTION

Emboldened by the jury verdict in the Orion Action, Plaintiffs treat this case as if liability is a foregone conclusion.  Plaintiffs even allege that "[a] jury has already found that Celestron and its parent company in China, Synta, conspired with their competitor Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny") to fix prices, divide the market, retaliate against competitors, mislead U.S. authorities, illegally acquire assets and dominate the U.S. market so that they could rip off American purchasers."  (SAC ¶ 2.)  Setting aside the obvious due process implications of this allegation, Plaintiffs are content to ignore the fact that this litigation is fundamentally different than the Orion Action, and raises substantively different (and legally infirm) issues.

Plaintiffs have wholesale named every individual and entity even remotely associated with "Synta," despite the fact that they can identify no participation in any alleged conspiracy by many of them, including Moving Defendants Jean Shen and Synta Canada.  Instead, Plaintiffs' Opposition acknowledges that they are merely relying upon the parties' familial relationship and their legal conclusion that such defendants "participated" in a conspiracy.  This Court should not countenance Plaintiffs' overly-aggressive "guilt by association" approach, but should dismiss those defendants for whom Plaintiffs cannot viably allege any involvement in the claimed conspiracy.

## II.     MOVING DEFENDANTS HAVE WITHDRAWN THEIR REQUEST FOR DISMISSAL FOR LACK OF PERSONAL JURISDICTION

In their Motion, Moving Defendants' moved to dismiss on several grounds, including lack of personal jurisdiction.  On March 22, 2021, Jean Shen filed a Notice of Partial Withdrawal of the Motion only to the extent it is based on grounds of lack of general and specific personal jurisdiction set forth in Section V of the Motion.  (ECF No. 140.)  On March 25, 2021, Synta Canada also filed a Notice of Partial Withdrawal of the Motion only to the extent it is based on grounds of lack of general and specific personal jurisdiction set forth in Section V of the Motion.  (ECF No. 143.)  Although Moving Defendants ultimately withdrew their arguments related to a lack of personal jurisdiction after consideration of many factors and in consultation with counsel, nowhere did Moving Defendants concede they had no basis to file the Motion.  Plaintiffs' repeated

arguments to the contrary are therefore inappropriate, misleading to this Court, and should be disregarded.  (*See* Opp. at 1, 7, and 9.)

### III.    PLAINTIFFS FAIL TO STATE ANY CLAIMS AGAINST MOVING DEFENDANTS

As explained in the Motion, Plaintiffs have not alleged any specific misconduct by Moving Defendants Jean Shen or Synta Canada.  Indeed, when called upon to identify in their Opposition the specific allegations against these defendants, the ***entirety*** of such allegations is limited to two bullet points with Plaintiffs' bald allegations that these specific defendants "participated in the conspiracy" or are somehow related to and/or controlled by the other defendants.  (Opp. at 9–10.)  In fact, the entirety of the allegations against Synta Canada—as described by Plaintiffs themselves—is that "<u>Synta Canada</u> is a 20% owner of Suzhou Synta that is controlled by David Shen and his family members."  (Opp. at 10.)  This is plainly insufficient to satisfy the requisite pleading standards.  *See*, *e.g.*, *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008) (requiring that allegations answer the who, what, when and where of each purported conspirator's involvement); *In re TFT-LCD Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) (A "complaint must allege that each individual defendant joined the conspiracy and played some role in it.").

In an apparent effort to distract from the deficient allegations against Jean Shen and Synta Canada, Plaintiffs make arguments about their allegations regarding every other defendant in the case.  As an initial matter, allegations against ***other*** defendants cannot salvage Plaintiff's claims against Synta Canada and Jean Shen.  Regardless, Plaintiffs' allegations against these other defendants fail as well.  Indeed, Plaintiffs have simply tried to allege claims against every single entity and individual who has anything to do with any company remotely related to the "Synta" entities.  To justify suing every single person or entity related to Synta, Plaintiffs editorialize the law, the allegations in the SAC, and even defendants' intentions for seeking to dismiss these defendants—but ultimately fall short of providing a legitimate argument for maintaining their claims.  According to Plaintiffs, "[t]he SAC alleges that each Defendant . . . 'joined the conspiracy and played some role in it.'"  (Opp. at 10–11.)   That is not a factual allegation; it is a conclusion

that the Court may disregard.  Indeed, the few allegations in the SAC that specifically discuss these defendants describe nothing more than completely ***lawful conduct***, and thus do not support the type of antitrust claims alleged.  (*See* SAC ¶¶ 23–24.)

While the Opposition claims that it has made allegations against the Defendants for unlawful conduct, these conclusory and "formulaic allegations" which "lump[] all Defendants [such as Synta Canada, Olivon Canada, Olivon USA, Celestron, and Synta Technology Corp.] together are insufficient to state a claim."  These Defendants' Motion to Dismiss (ECF No. 96) set forth the overwhelming body of authorities rejecting this form of pleading, which Plaintiffs exclusively rely on to state their claims against these defendants.  Plaintiffs cannot distinguish these controlling authorities in the Opposition, and instead seek to unilaterally declare that "adequately pleading a conspiracy claim against a particular corporate defendant does not require "detailed 'defendant by defendant' allegations."  (Opp. at 10.)

Plaintiffs confusingly cite *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) to argue otherwise, despite the fact that *Flat Panel* actually dismissed plaintiffs' claims based on the same pleading deficiencies that Defendants identify here.  *Compare id.* (granting motion to dismiss because complaint did not specifically charge separate defendants with wrongful conduct and "general allegations as to all defendants, to 'Japanese defendants,' or to a single corporate entity such as 'Hitachi'" is insufficient to put specific defendants on notice of the claims against them); *with* SAC ¶ 36.  Therefore, like in *Flat Panel*, the SAC fails to allege sufficient to support the claims asserted against Suzhou Synta, Nantong Schmidt, Olivon USA, Pacific Telescope, Olivon Manufacturing, Sylvia Shen or Jack Shen.

Likewise, *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2014 WL 309192 (N.D. Cal. Jan. 21, 2014) (cited in other portions of the Opposition) betrays Plaintiffs.  In that case, the Court rejected the very same over-pleading that Plaintiffs attempt here and, in granting a motion to dismiss as to certain related entities, held:

> ***Plaintiffs' theory fails because it conflates agency with conspiracy. Nothing in either complaint suggests that the defendant subsidiaries consciously agreed to participate in, or could be charged with knowledge of, an alleged price-fixing conspiracy*** conceived and undertaken in Korea and Japan. While Plaintiffs are not required to identify exactly how, when, and through whom each Defendant joined

the conspiracy, ***Plaintiffs are required to allege "that each individual defendant joined the conspiracy and played some role in it because, at the heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to join it."***

2014 WL 309192, at *13 (emphases added).  So, too, here, Plaintiffs cannot allege any wrongdoing against Jean Shen and Synta Canada, so the Motion must be granted as to these defendants.

## IV.     MOVING DEFENDANTS' MOTION IS NOT IMPROPER

Plaintiffs' argument that Moving Defendants' Motion is somehow improper because it joins in certain arguments made by other Defendants is unavailing.  As an initial matter, a party is not prohibited from joining in arguments made by other parties.  *See, e.g., United States v. Sogbein*, No. CR 12-00054-1 JSW, 2014 WL 12691533, at *6 (N.D. Cal. May 27, 2014), *aff'd sub nom. United States v. Adebimpe*, 649 F. App'x 449 (9th Cir. 2016) ("In his motion for a new trial, Mr. Sogbein states that he joins in arguments raised by Ms. Adebimpe and Mr. Abad in their motions.  Because this issue also could pertain to Mr. Sogbein, the Court will consider Mr. Sogbein to have joined in this argument."); *Kiprilov v. Nat'l Bd. of Med. Examiners*, No. EDCV160952JGBSPX, 2016 WL 6900723, at *8 (C.D. Cal. Aug. 25, 2016) (allowing one defendant to join in arguments made in motion to dismiss by other defendant, and granting motion to dismiss).

Moreover, Plaintiffs' suggestion that Moving Defendants' are trying to "sandbag" Plaintiffs is transparently disingenuous.  (Opp. at 13.)  Moving Defendants' made clear in their Motion that they were joining in three specific arguments: (i) Plaintiffs claims are barred by the applicable statute of limitations; (ii) Plaintiffs have not properly alleged Sherman and Clayton Act claims; and (iii) the Court should decline jurisdiction over the state law claims.  (Mot. at 15.) Despite Plaintiffs' feigned ignorance, it is self-evident as to how these arguments apply to the Moving Defendants.  Specifically, if the Court finds Plaintiffs' claims are untimely or not properly alleged, the claims will necessarily be dismissed as to all Defendants.  And if the Court declines to exercises jurisdiction over any claims, that will also necessarily be with respect to all Defendants.

This is true whether or not the Court formally considers Moving Defendants as having joined in the arguments.

## VI.   CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that the Court grant their Motion to Dismiss the Second Amended Complaint without leave to amend.

DATED:  June 1, 2021                                   Respectfully submitted,

                                                      EISNER, LLP


By:   */s/ Christopher Frost*
      CHRISTOPHER FROST
      Attorneys for Defendants Celestron Acquisition,
      LLC; David Shen; Suzhou Synta Optical
      Technology Co., Ltd.; Nantong Schmidt Opto-
      Electrical Technology Co. Ltd.; Synta Technology
      Corp.; SW Technology Corporation; Synta Canada
      International Enterprises Ltd.;  Olivon
      Manufacturing Group Ltd. (incorrectly
      named as Olivon Manufacturing Co. Ltd.);
      Joe Lupica; Dave Anderson; and Pacific Telescope
      Corp.