1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                                SAN JOSE DIVISION

7

8      IN RE TELESCOPES ANTITRUST          **ORDER RE DISCOVERY DISPUTES**
       LITIGATION                          **RE RULE 30(B)(6) DEPOSITIONS OF**
9                                          **SYNTA TECH AND SUZHOU SYNTA**

10                                         Case No. 20-cv-03639-EJD (VKD)
                                           Re: Dkt. Nos. 198, 199, 200
11

12                                         Case No. 20-cv-03642-EJD (VKD)
                                           Re: Dkt. Nos. 189, 190, 191
13

14

15

16          Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs")

17   (collectively "Plaintiffs"), and Defendants in these related cases ask the Court to resolve several

18   disputes concerning Plaintiffs' noticed Rule 30(b)(6) depositions of defendants Synta Tech and

19   Suzhou Synta ("Synta defendants").  The Court finds these disputes suitable for resolution without

20   oral argument.  Civil. L.R. 7-1(b).

21   **I.       BACKGROUND**[1]

22          In 2016, the Synta defendants decided to cease operations and to dispose of their corporate

23   records.  Dkt. No. 198 at 7; Dkt. No. 199 at 5.  It is not clear whether the records were removed

24   from the Synta defendants by a third party and still exist, or whether they were destroyed.  *See*

25   Dkt. No. 198 at 1; Dkt. No. 199-1 at 2-3.  However, it appears to be undisputed that the records

26   are no longer in the Synta defendants' possession, custody or control.

27          Plaintiffs seek discovery of the circumstances of the records' destruction or removal,

28   ────────────────────
     [1] For convenience, all citations are to Case No. 20-3639.

United States District Court
Northern District of California

including the Synta defendants' reasons and motivations for disposing of the records and the location of a third party, Joyce Huang, who participated in the removal or destruction of the records.  Dkt. Nos. 199-2 and 199-3 (deposition notices).  Defendants are willing to provide some deposition testimony regarding these matters but object to the scope of Plaintiffs' inquiry.  *See, e.g.*, Dkt. No. 198 at 8; Dkt. No. 199 at 6; Dkt. No. 200 at 4-5.  The parties also disagree about the scheduling these depositions.

## II.    DISCUSSION

The parties' disputes concern:  (1) Topics 1-3 and 11 of the notices (document preservation and destruction); (2) Topic 14 of the notices (counsel's knowledge); (3) Topic 15 of the notices (Joyce Huang); and (4) the timing, location, and means of taking the depositions.

### A.    Topics 1-3 and 11:  Scope of inquiry re document preservation/destruction

Plaintiffs wish to question the Synta defendants regarding litigation they contemplated at the time they disposed of their corporate records, their document preservation policies and practices prior to the *Orion* litigation, their decision to destroy documents, and their awareness and understanding of the *Orion* litigation and any other potential litigation.  Dkt. No. 198 at 3 (Topics 1-3 and 11).  Defendants object to questioning concerning their document preservation policies and practices for any period before they received Plaintiffs' demand letter.  *Id.* at 6.  They say that they settled their dispute with Orion in 2016, four years before receiving notice of the claims in this litigation, and after the *Orion* dispute was fully resolved they wound down their businesses and disposed of their corporate documents.  *Id.* at 7.  Defendants argue that as they had no obligation to continue to preserve documents, Plaintiffs should not be permitted to question them about that subject matter.  *Id.*  Defendants do not object to questioning about the status of the *Orion* settlement and whether the Synta defendants anticipated further litigation at the time the documents were discarded.  *Id.* at 8.

The obligation to preserve documents arises when litigation is reasonably foreseeable.  *See In re Napster, Inc. Copyright Litig*., 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006).  As soon as a potential claim is identified, a litigant has a duty to preserve evidence which it knows or reasonably should know is relevant to the action.  *Nat'l Ass'n of Radiation Survivors v.*

2

United States District Court
Northern District of California

*Turnage,* 115 F.R.D. 543, 556–57 (N.D. Cal. 1987). "[T]he duty to preserve arises not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation." *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 328 F.R.D. 543, 549 (N.D. Cal. 2018) (quoting *Compass Bank v. Morris Cerullo World Evangelism*, 104 F.Supp.3d 1040, 1051 (S.D. Cal. 2015)). Determining when litigation is "reasonably foreseeable" requires a fact-specific assessment. *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011). Depending on the circumstances, information relating to one litigation can put a party on notice that others are imminent. *See, e.g.*, *In re Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, No. 312MD02385DRHSCW, 2013 WL 6486921, at *1, *6-*7 (S.D. Ill. Dec. 9, 2013), *order rescinded on other grounds sub nom. In re Pet. of Boehringer Ingelheim Pharm., Inc., and Boehringer Ingelheim Intl. GmbH, in Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, 745 F.3d 216 (7th Cir. 2014) (defendants had duty to institute company-wide litigation hold upon learning that nationwide product liability litigation, involving hundreds of cases, was imminent); *Phillip M. Adams & Assocs., LLC v. Winbond Elecs. Corp.*, No. 1:05-CV-64 TS, 2010 WL 3767318, at *1, *3 (D. Utah Sept. 16, 2010) (multiple circumstances, including another party's high-profile settlement and specific correspondence, put defendant and an entire industry on notice of imminent similar litigation). However, a general apprehension of litigation regarding a particular subject matter does not create a duty to preserve all documentation related to that subject matter. *Oracle*, 328 F.R.D. at 549. "[E]ven when a claim is anticipated, the full scope of preservation may not be reasonably foreseeable." *Id.* at 550.

       Plaintiffs do not dispute Defendants' description of the timing of Plaintiffs' demand letter to the Synta defendants. They also do not identify any circumstances that they believe should have put the Synta defendants on notice of the reasonable prospect of further litigation following the Synta defendants' settlement of the *Orion* litigation and before the Synta defendants disposed of their corporate records. Rather, Plaintiffs rely solely on defendants' counsel's remarks during a recent discovery conference, which they interpret as an admission that the Synta defendants anticipated future litigation based on the same facts underlying the *Orion* litigation and that the Synta defendants deliberately destroyed documents or permitted Joyce Huang to facilitate their

removal or destruction.

The Court has reviewed the transcript of the parties' discovery conference and is not persuaded that Defendants' counsel's remarks have the meaning and significance that Plaintiffs attribute to them.  Absent some evidence that would support a finding that the Synta defendants should have anticipated future litigation and should have known that the corporate records they destroyed would be relevant to such litigation, there is no justification for the breadth of the inquiry encompassed by Topics 1-3 and 11.  Specifically, as to these topics, Plaintiffs may not inquire about the Synta defendants' preservation policies and practices prior to the *Orion* litigation or their understanding of the *Orion* litigation and other litigation that "could have arisen" from the facts underlying the *Orion* litigation.  Plaintiffs may inquire about (i) the Synta defendants' decision to destroy or discard their corporate records, including the reasons for that decision; (ii) the status of the *Orion* settlement at the time the documents were destroyed or discarded; and (iii) whether the Synta defendants anticipated further litigation as to which those documents would be relevant at the time the documents were destroyed or discarded.

### B.      Topic 14:  Counsel's knowledge of document destruction

Plaintiffs seek deposition testimony regarding "the specific circumstances by which [the Synta defendants'] current and former counsel [were] first informed of the Synta defendants' document destruction."  Dkt. No. 199 at 3.  Defendants object to any questioning about the content of privileged communications between counsel and their clients.  Defendants do not object to questioning about the date on which counsel was informed that the documents had been discarded, the parties to the communication in which the information was provided, and how long the communication lasted.  *Id.* at 6.

The Court agrees with Defendants that Plaintiffs have not shown any basis for inquiring about the "circumstances" by which counsel were informed that the Synta defendants had destroyed or discarded their documents, apart from the date of the communication, the parties to it, and the duration of the communication.  In particular, Plaintiffs may not inquire about the contents of communications between the Synta defendants and their counsel.

United States District Court
Northern District of California

**C.    Topic 15:  Whereabouts of Joyce Huang**

Plaintiffs seek deposition testimony regarding "the whereabouts of Joyce Huang following the destruction of [the Synta defendants'] documents through the present."  Dkt. No. 200 at 1. Plaintiffs hope to obtain information that will allow them to discover whether and where Ms. Huang may have stored or transferred the Synta defendants' corporate records so that the documents may be recovered.  *Id.* at 2-3.  Defendants do not object to questioning about Ms. Huang's whereabouts at the time the documents were discarded and her present whereabouts, but they object to having to provide information about her whereabouts during the intervening five years.  *Id.* at 4-5.

Defendants do not dispute that Ms. Huang may have taken documents from the Synta defendants that are potentially relevant to the related cases.  In addition, they do not dispute that Plaintiffs have an interest in identifying Ms. Huang's present whereabouts as well as the potential location of the Synta defendants' documents, if the documents still exist.  In these circumstances, the Court agrees that Plaintiffs may inquire of the Synta defendants regarding information in their possession, custody or control that will permit Plaintiffs to locate Ms. Huang and/or the documents, including specifically Ms. Huang's known contact information (residential addresses, email addresses, telephone numbers) and the names of her employers from the date the documents were discarded to the present.  The Synta defendants need not provide any information about where Ms. Huang may have traveled, vacationed or visited.  In addition, they need not search for and gather information that is not already in their possession, custody or control.

**D.    Timing, location, and means of taking depositions**

The parties continue to disagree about when, where, and how to take depositions in this case, including the depositions of the Synta defendants.  When the Court issued its May 4, 2021 order (Dkt. No. 172) specifying the Northern District of California as the default location for in-person depositions, the Court expected that public health conditions would continue to improve and that a return to normal litigation would be possible.  In addition, the Court hoped that that the cost-shifting provisions included in the May 5, 2021 order would curtail unreasonable requests for in-person depositions.  For a brief period, public health conditions did improve.  Now they are

worse.

The Court will not revisit its prior order.  If Plaintiffs insist on taking in-person depositions of the Synta defendants, they may do so, but not before public health conditions and travel restrictions permit.  However, the Court will not be sympathetic to any party's complaints of delay in obtaining deposition testimony if that party forgoes the opportunity to take a deposition by remote means.  Likewise, the Court will not be sympathetic to a party's failure to timely produce a witness for deposition when there are no public health conditions, travel restrictions, or other circumstances that would make such a deposition unsafe or unduly burdensome.

In the meantime, the Court will not micromanage the scheduling of depositions for the parties.

## III.   CONCLUSION

For the reasons explained above, the Court will permit Plaintiffs to take the Rule 30(b)(6) depositions of the Synta defendants on noticed Topics 1-3, 11, 14, and 15, as limited above.  The Court denies Plaintiffs' request for an order regarding the scheduling of these depositions.

**IT IS SO ORDERED.**

Dated: September 13, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

6