UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 20-cv-03642-EJD (VKD)<br><br>**ORDER RE MARCH 29, 2022 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 226 |

Direct Purchaser Plaintiffs ("DPPs") and Defendants ask the Court to resolve their dispute concerning the sufficiency of defendants Synta Technology Corp. and Suzhou Synta Optical Technology Co. Ltd.'s ("Synta defendants") response to DPPs' Interrogatory No. 1. The Court finds this dispute suitable for resolution without oral argument. Civil. L.R. 7-1(b).

As explained below, the Court will not require the Synta defendants to respond to the disputed interrogatory.

**I.   BACKGROUND**

At issue is DPPs' Interrogatory No. 1 to the Synta defendants, which asks:

> Describe in detail and in narrative form every communication between You (or Your counsel) and Joyce Huang since June 1, 2020, including but not limited to, the date, the substance of the communication, and the method of communication.

Dkt. No. 226 at 1. DPPs say that the information requested is relevant to their investigation of Ms. Huang's destruction of the Synta defendants' business records and the Synta defendants' knowledge of her activities. *Id.* at 3. The Synta defendants object that this interrogatory effectively requires defense counsel to summarize for DPPs' benefit defense counsel's interviews

1   with a third-party witness, and that such materials are "privileged". *Id.* at 5-6.  In addition, the
2   Synta defendants object that the interrogatory is overbroad and seeks information that is not
3   relevant to any claim or defense and/or is duplicative of DPPs' deposition discovery.  *Id.* at 7.

## II.   LEGAL STANDARD

A party may obtain discovery of any non-privileged matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The attorney-client privilege protects from discovery communications concerning legal advice sought from an attorney in his or her capacity as a professional legal advisor, where the communication is made in confidence, is intended to be maintained in confidence by the client, and is not disclosed to a third party. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).  The privilege extends to a client's confidential disclosures to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citations and quotations omitted).  "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id*.

The work product doctrine, codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation or for trial. Fed. R. Civ. P. 26(b)(3); *Sanmina*, 968 F.3d at 1119 (citation omitted).  "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 237–38 (1975).  The doctrine protects both "material prepared by agents for the attorney as well as those prepared by the attorney himself," *id.* at 238–39, and its primary purpose is to "prevent exploitation of a party's efforts in preparing for litigation," *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989).  Typically, work product protection extends to interview notes, memoranda, summaries, and analyses, as well

1  as to verbatim witness statements.  *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *Hatamanian*

2  *v. Advanced Micro Devices, Inc.*, No. 14-cv-00226-YGR(JSC), 2016 WL 2606830 at *3 (N.D.

3  Cal. May 6, 2016).

4      Work product may be discoverable if the materials meet the requirements of Rule

5  26(b)(1)—*i.e.,* they are relevant and proportional to the needs of the case—and if the party seeking

6  production shows a "substantial need for the materials to prepare its case and cannot, without

7  undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A).

8  Upon such a showing, a court must nevertheless "protect against disclosure of the mental

9  impressions, conclusions, opinions, or legal theories of a party's attorney or other representative

10  concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

## III.  DISCUSSION

12      This discovery dispute requires resolution of three issues.  First, the Court considers

13  whether Interrogatory No. 1 seeks information relevant to a claim or defense.  Second, the Court

14  considers whether the information requested is protected from disclosure by the attorney-client

15  privilege or the attorney work product doctrine.  And if it is, finally, the Court considers whether

16  the privilege or protection has been waived or if, in the case of work product protection, DPPs

17  have shown a substantial need for the disputed work product under Rule 26(b)(3).

### A.  Relevance

19      Based on the parties' prior brief regarding Topics 14 and 15 in the Rule 30(b)(6) notice

20  served on the Synta defendants, the Court understands that DPPs believe the Synta defendants

21  deliberately destroyed documents concerning collusion between Ningbo Sunny and its horizontal

22  competitors when they knew those documents would be relevant to this litigation.  *See* Dkt. Nos.

23  190, 191.  DPPs say that Interrogatory No. 1 seeks information that is "relevant to [their]

24  investigation of Ms. Huang's destruction of Defendant[s]' documents—namely, what Defendants

25  knew about the destruction and when they knew it." Dkt. No. 226 at 3.

26      The Court has already concluded that DPPs may obtain deposition testimony from the

27  Synta defendants regarding when they learned of the destruction of documents by Ms. Huang and

28  the information they have about her location and contact information, as that information is

relevant to DPPs' claims in the case. *See* Dkt. No. 192 at 4-5. But Interrogatory No. 1 is not limited to these matters, or even to "what Defendants knew about the destruction and when they knew it." Rather, the disputed interrogatory asks the Synta defendants to catalog the details of each of their and their counsel's communications with Ms. Huang since June 1, 2020, regardless of the subject matter of the communication. In other words, the interrogatory does not merely request relevant facts, as DPPs claim, but asks for a description of all communications, which may or may not contain relevant facts.

Because the Court is not persuaded that Interrogatory No. 1 represents a reasonable effort to obtain discovery of relevant facts, the Court does not reach the question of burden or proportionality.

### B.     Attorney-Client Privilege or Work Product Protection

The Synta defendants argue that "there are no substantive communications between Defendants and Ms. Huang," and therefore Interrogatory No. 1 effectively requires defense counsel to disclose the details of counsel's interviews of Ms. Huang conducted in preparation for pending litigation and in order to provide Defendants legal advice. Dkt. No. 226 at 5-6. DPPs argue that because Interrogatory No. 1 seeks only facts, and because facts are not protected from disclosure by the attorney-client privilege or the work product doctrine, the disputed interrogatory implicates no privilege or work product concerns. *Id.* at 4.

The Court has already considered and rejected DPPs' argument that Interrogatory No. 1 calls only for the disclosure of relevant facts. However, the Court is not persuaded by the Synta defendants' suggestion that because defense counsel interviewed Ms. Huang in order to obtain information on which he could rely to advise his clients, the details of his communications with Ms. Huang are protected by the attorney-client privilege. That privilege encompasses confidential communications between client and attorney for the purpose of seeking and providing legal advice. The disputed interrogatory does not seek discovery of counsel's communications with his client. As there is no suggestion that Ms. Huang is within the scope of the attorney-client relationship, defense counsel's communications with her are not privileged. Accordingly, the attorney-client privilege does not apply.

1  Turning to the work product doctrine, as a general matter, a party is not permitted to obtain discovery of an adverse party's counsel regarding his or her work in preparation of the adversary's case. *See Hickman*, 329 U.S. at 510-11 ("In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests."). The discovery DPPs seek clearly implicates the protections afforded attorney work product because it would require defense counsel to detail the contents of his communications with and interviews of a witness. *Id.* at 511. While DPPs are correct that they are free to discover any relevant facts about Ms. Huang's conduct from her or from the Synta defendants, they may not as a matter of course require defense counsel to provide a detailed catalog of the dates, contents, and methods for all of his communications with Ms. Huang.

For these reasons, the Court concludes that Interrogatory No. 1 encompasses information that is protected from disclosure by the attorney work product doctrine.

## C. Waiver or Substantial Need

The work product protection may be waived. A voluntary disclosure of work product waives the protection where such disclosure is made to an adversary in litigation or where the disclosure is made in a manner that substantially increases the opportunities for potential adversaries to obtain the work product. *Sanmina*, 968 F.3d at 1121 (citing 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2024 (3d ed. 2020)). DPPs assert in passing (in a footnote) that the Synta defendants have voluntarily waived some work product protection through disclosure. *See* Dkt. No. 226 at 4 n.1. This argument is insufficiently developed to support a waiver of the scope DPPs advocate.

Because the work product doctrine provides only qualified protection, disclosure also may be required if DPPs can show substantial need for the protected materials. Rule 26(b)(3)(A)(ii)

5

requires a party to demonstrate that it "has substantial need for the materials to prepare its case and cannot, *without undue hardship*, obtain their substantial equivalent by other means." DPPs' argument regarding substantial need is very cursory. They say only that Ms. Huang is "an unfriendly third-party witness outside of the subpoena power of the Court." Dkt. No. 226 at 4 and n.2. Given that DPPs have already been afforded an opportunity to learn through deposition facts known to the Synta defendants regarding Ms. Huang's destruction of documents, *see* Dkt. No. 192, they do not explain why this discovery is insufficient, and they say nothing about their own efforts to interview Ms. Huang or to use other means, including international discovery tools, to obtain the information they require from her. DPPs' showing of substantial need does not meet the requirements of Rule 26(b)(3).

For these reasons, the Court concludes that DPPs have not shown waiver or substantial need for information protected by the work product doctrine.

### IV. CONCLUSION

For the reasons explained above, the Court denies DPPs' request for an order requiring the Synta defendants to respond to DPPs' Interrogatory No. 1.

**IT IS SO ORDERED.**

Dated: May 26, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge