UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 20-cv-03642-EJD (VKD)<br><br>**ORDER DENYING DPPS' MOTION TO ENFORCE DISCOVERY ORDER**<br><br>Re: Dkt. No. 238 |

Plaintiff Radio City, Inc. on behalf of Direct Purchaser Plaintiffs ("DPPs") moves to enforce the Court's order setting deadlines for Defendants' substantial completion of document production (Dkt. No. 212),[1] and for an order requiring Defendants to show cause why they should not be sanctioned for violating that order. Dkt. No. 238 (redacted); Dkt. No. 239-29 (unredacted). The Court held a hearing on the motion on August 16, 2022. Dkt. No. 252.

The Court denies DPPs' request for relief and for an order to show cause, and orders further proceedings, as set forth below.

I. **BACKGROUND**

After resolving several discovery disputes, including a dispute concerning Defendants' proposed use of technology assisted review ("TAR") in the production of electronically stored information ("ESI") (Dkt. No. 201), on October 27, 2021, the Court entered an order setting several deadlines, including the following:

> 9. By no later than January 13, 2022, Defendants will

---

[1] DPPs move against all defendants except for Ningbo Sunny, which has not appeared in the action. *See* Dkt. No. 238 at 3 n.1.

>substantially complete their production of all responsive non-privileged documents that identify one or more of the following individuals in the "AllCustodian" metadata field: David Shen, Sylvia Shen, Jack Shen and/or Jean Shen ("January 3 Production").
>
>10. By no later than January 13, 2022, Defendants will produce a privilege log identifying all responsive documents that have been withheld or redacted from the January 3 Production in accordance with Section V of the ESI Order.
>
>11. By no later than February 15, 2022, Defendants will substantially complete their production of all remaining responsive non-privileged documents ("February 15 Production").
>
>12. By no later than February 25, 2022, Defendants will produce a privilege log identifying all responsive documents that have been withheld or redacted from the February 15 Production in accordance with Section V of the ESI Order.

Dkt. No. 212 at 2.

In early March 2022,[2] Defendants produced 51,500 documents to DPPs and the Indirect Purchaser Plaintiffs ("IPPs") (collectively, "Plaintiffs"). Dkt. No. 238 at 5, 7. On March 15, 2022, IPPs filed a motion seeking leave to file an amended complaint, relying in part on several of the documents included in Defendants' recent production. *Id.* The next day, on March 16, 2022, Defendants emailed Plaintiffs explaining that the 51,500 documents had been produced in error:

>In the process of producing documents, a folder of sensitive and privileged documents that had been segregated for secondary review was inadvertently produced due to a vendor error. In addition to privilege, these documents contain, among other things, personal medical information, including communications with and about doctors.
>
>Pursuant to the clawback agreement in this case, we request (and require) that you delete all versions and copies of the documents identified in the attached spreadsheet. We will reproduce all relevant, responsive, nonprivileged documents from this set once we have been able to properly review them—a process that is occurring expeditiously.
>
>Your prompt confirmation of compliance with the foregoing request is appreciated.

---

[2] It is not clear from the parties' papers when Defendants inadvertently produced the 51,500 documents, but that production appears to have been made around March 10, 2022. *See* Dkt. No. 245 at 5 ("... on March 16, 2022, approximately six days after the inadvertent disclosure ...").

2

1   Dkt. No. 238-4.  The spreadsheet attached to the email listed, among other things, documents IPPs

2   had cited and relied upon in support of the motion for leave to file an amended complaint.  Dkt.

3   No. 238 at 7.  After IPPs objected to Defendants' demand that they destroy obviously responsive

4   documents on which IPPs had already relied, Defendants agreed that Plaintiffs need not destroy

5   those documents, but asked that the remaining documents be segregated until Defendants could

6   complete their review of those documents.  Dkt. Nos. 238-8, 238-10.  IPPs agreed to this request.

7   *See* Dkt. No. 238 at 15-16; Dkt. No. 245 at 11.

8         Meanwhile, DPPs pointed out to Defendants that the 51,500 documents included many

9   additional documents that were obviously not privileged and that no rule or order permitted

10  Defendants to clawback non-privileged materials from production.  Dkt. No. 238-7.  DPPs advised

11  that they would "quarantine" the 51,500 documents but asked Defendants to substantiate any

12  claim of privilege as to any document by March 30, 2022.  *See id.*  When Defendants did not

13  comply with this request, DPPs advised that they would ask their own discovery vendor to screen

14  the 51,500 documents for privilege using the names of Defendants' attorneys then known to DPPs,

15  after which DPPs would resume review of the remaining documents.  Dkt. No. 238-12.

16  Defendants objected to DPPs using "self-help" and demanded that DPPs "immediately stop

17  reviewing those documents pending our further review."  Dkt. No. 238-13.

18        The parties conferred regarding the 51,500 documents during the month of April 2022.

19  Dkt. No. 238 at 11; Dkt. No. 247 at 4.  On April 26, 2022, Defendants provided a spreadsheet

20  identifying some documents as privileged and 4,270 as non-responsive.  *Id.*  On May 2, 2022,

21  Defendants re-produced all of the 51,500 documents to Plaintiffs except for 4,270 documents

22  withheld as "non-responsive" and 65 withheld as "potentially privileged."  *Id.*

23        The parties conferred again on July 5, 2022.  Dkt. No. 245-1 ¶ 12.  Defendants offered to

24  produce a final log of the documents being withheld and invited Plaintiffs' counsel to identify any

25  documents about which they had questions so that the documents could be shared and discussed in

26  an effort to "resolve any doubts on the issue of relevance, privilege and privacy."  *Id.*  DPPs filed

27  the present motion later that same day.

28        On July 19, 2022, shortly before filing their opposition to DPPs' motion, Defendants made

United States District Court
Northern District of California

1   an additional production of documents.  Dkt. No. 245 at 3; Dkt. No. 247 at 3.  Defendants

2   represent that they have now re-produced 49,000 of the 51,500 documents and are presently

3   withholding approximately 1800 as non-responsive and as containing personal or sensitive

4   information, and 190 as privileged.  Dkt. No. 247 at 3.

5        DPPs ask the Court to order Defendants to (1) certify that they have now substantially

6   completed their document production and are not withholding any other potentially responsive

7   documents pending further review for undisclosed purposes; (2) disclose to DPPs the criteria

8   Defendants used to identify the collection of 51,500 documents as sensitive or potentially

9   privileged and how they made their determinations that some of these documents are non-

10  responsive; and (3) show cause why they should not be sanctioned for violating the Court's

11  scheduling order setting deadlines for the substantial completion of document production and the

12  production of privilege logs.  *See* Dkt. No. 238 at 2; Dkt. No. 247 at 9.  Defendants ask the Court

13  to deny DPPs' motion, and to order DPPs' counsel to return or destroy all non-responsive and

14  privileged documents that were inadvertently produced.  Dkt. No. 247 at 18.

## II.     DISCUSSION

16       DPPs argue that Defendants violated the Court's scheduling order by failing to produce

17  51,500 documents that should have been produced by January 3, 2022, or at the latest by February

18  15, 2022, and that they compounded this violation by subsequently demanding the destruction or

19  sequestration of highly relevant documents within that production.  Dkt. No. 238 at 15.  They also

20  argue that it is inappropriate for Defendants to engage in a secondary review of documents that hit

21  on a court-ordered search term.  *Id.* at 15-16.  DPPs seek relief pursuant to Rule 37(b)(2)(A) of the

22  Federal Rules of Civil Procedure, which provides that "[i]f a party . . . fails to obey an order to

23  provide . . . discovery . . . the court . . . may issue further just orders," including several listed

24  sanctions.  *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).[3]

25       Defendants do not dispute that they did not produce the 51,500 documents until March

26  2022, after the January 3 and February 15 deadlines.  They also do not dispute that this set of

---

[3] DPPs also cite Rule 37(c)(1), but when pressed during the hearing, they were unable to articulate how they are entitled to relief pursuant to that Rule.

4

documents contained many highly relevant documents. Defendants argue that the 51,500 documents represent a small fraction of the more than 3.8 million documents they have already produced in this case. They do not explain why the 51,500 documents were produced initially after the deadline set for compliance, but they appear to argue that DPPs have suffered no prejudice, given the steps Defendants have taken to review and re-produce all non-privileged responsive documents as of July 19, 2022. *See* Dkt. No. 245 at 3, 11. At the hearing, Defendants' counsel confirmed that Defendants are not withholding any other collection of potentially responsive documents pending further review for undisclosed purposes. Dkt. No. 252.

DPPs principal concern is not so much that Defendants failed to produce many highly relevant documents until after the substantial completion deadline, but that Defendants *intended* to delay that late production *even further* so that they could conduct a supplementary review of these documents, without informing Plaintiffs of what they were doing and how they were doing it, and then tried to prevent Plaintiffs from reviewing the documents that were inadvertently produced. Defendants' inadvertent production of these documents and subsequent efforts to get them back has now given rise to suspicion about the Defendants' compliance with their discovery obligations.

While the Court does not condone Defendants' late production of documents, Defendants have already taken steps to remedy their non-compliance. As the Court understands, Defendants have now produced all the documents DPPs identified as highly relevant in their motion papers. In addition, Defendants have provided a log of all documents withheld as privileged or non-responsive and have offered to provide Plaintiffs more information about any non-responsive document upon request. At the hearing, the Court asked DPPs' counsel whether DPPs had identified from among the 51,500 documents any non-privileged responsive documents that Defendants had not yet re-produced. DPPs indicated they did not know of any, although they had not completed their review of Defendants' current log. Dkt. No. 252. In these circumstances, DPPs have not shown prejudice from Defendants' delayed production that might be remedied by measures other than or different from those Defendants have already undertaken.

DPPs additionally demand that Defendants disclose the criteria they used to identify the

51,500 documents for supplementary review. DPPs suggest in their briefing that a Court order requires Defendants to produce all documents that hit on a court-ordered search term and prohibits Defendants from using any criteria or methods to cull documents from review without first disclosing those criteria or methods to Plaintiffs in advance. *See* Dkt. No. 238 at 1; Dkt. No. 247 at 3; *see also* Dkt. No. 122 (ESI Order, Secs. IV.A.i and IV.B). DPPs are mistaken. The Court has never ordered that a party must not review ESI for responsiveness after applying search terms; rather, the Court has suggested that a party may choose to expedite its production by relying only on search terms and a privilege screen. *See* Dkt. No. 201; Dkt. No. 213 at 24-25. Moreover, Defendants explained at the hearing that they applied additional search terms, not to cull documents from production, but to identify within their collection of potentially responsive documents those that required a manual review, so as to avoid inadvertently producing non-responsive documents that included privileged material or private and sensitive information that was not responsive to any of Plaintiffs' document requests. *See* Dkt. No. 252; *see also* Dkt. No. 245-1 ¶¶ 4-5. No order prohibits such review.

Accordingly, the Court concludes that DPPs have already obtained substantially all the relief they sought by motion and that sanctions are not warranted. However, in order to ensure complete resolution of this dispute, the Court orders as follows with respect to the 51,500 documents at issue:

1. DPPs must not review, and must sequester or destroy, any document Defendants have identified as privileged or non-responsive.

2. If DPPs believe that any of the approximately 190 documents withheld by Defendants as privileged are, in fact, not privileged and should be produced, DPPs must notify Defendants of each such document no later than **September 7, 2022**. The parties must confer in an effort to resolve their dispute about production of these documents, and they may ask the Court to decide any unresolved disputes using the Court's expedited discovery dispute resolution procedures.[4]

---

[4] *See* Standing Orders for Civil Cases at 2-4, available at https://cand.uscourts.gov/wp-content/uploads/judges/demarchi-vkd/VKD-Standing-Order-for-Civil-Cases-April-2022.pdf

3. If DPPs believe that any of the approximately 1800 documents withheld by Defendants as non-responsive are, in fact, responsive to a document request and relevant to a claim or defense and should be produced, DPPs must notify Defendants of each such document no later than **September 21, 2022** and must identify the request(s) for production to which it is responsive.  The parties must confer in an effort to resolve their dispute about production of these documents, and they may ask the Court to decide any unresolved disputes using the Court's expedited discovery dispute resolution procedures.

4. DPPs must destroy any withheld document whose withholding they do not challenge no later than **September 28, 2022** and must promptly inform Defendants in writing that they have done so.

5. If they wish, DPPs and Defendants may modify the deadlines set in paragraphs 2-4 by mutual agreement without seeking the Court's approval.

**IT IS SO ORDERED.**

Dated: August 22, 2022



VIRGINIA K. DEMARCHI
United States Magistrate Judge