UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE TELESCOPES ANTITRUST LITIGATION

Case No. 20-cv-03642-EJD (VKD)

**ORDER RE SEALING**

Re: Dkt. Nos. 239, 246, 248, 249

Plaintiff Radio City, Inc. on behalf of Direct Purchaser Plaintiffs ("DPPs") moves to enforce the Court's order setting deadlines for Defendants' substantial completion of document production and for an order requiring Defendants to show cause why they should not be sanctioned for violating that order. Dkt. No. 238 (redacted); Dkt. No. 239-29 (unredacted). The Court held a hearing on the motion on August 16, 2022. Dkt. No. 252. The papers filed by the parties related to this motion were accompanied by administrative motions to consider whether material contained therein should be sealed because "the Motion and supporting material include, describe, characterize, or quote documents Defendants have designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order." Dkt. No. 239 at 2.

I.  **LEGAL STANDARD**

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only

1  "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d

2  1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct.

3  38 (2016). A litigant seeking to seal documents or information in connection with such a motion

4  must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.

5  *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

## II.     DISCUSSION

The underlying dispute does not address the merits of the parties' claims or defenses, and the Court therefore applies the "good cause" standard of Rule 26(c) in considering whether material should be sealed in each of the filings below.

### A.     DPPs' Motion (Dkt. No. 238)

DPPs conditionally filed several exhibits accompanying their motion under seal. Dkt. Nos. 239-1 through 239-29. DPPs generally oppose sealing any of these exhibits or selective sealing of any of Defendants' materials because they "disagree that the documents that Defendants have designated as Confidential or Highly Confidential contain trade secrets that would warrant sealing." *Id.* at 4. DPPs, however, do not oppose sealing "bank account numbers." *Id.*

Defendants, the designating party, argue that material related to their private financial records, trade secrets, and protected corporate information should be sealed. Dkt. No. 249. They state that Exhibits 2, 7, 11, 12, 14, 26, and 27 each contain "financial information of parties and unrelated third parties." *Id.* at 3. Since DPPs generally do not oppose the sealing of bank account numbers, the Court orders that Exhibits 2, 7, 11, 12, 14, 26, and 27 remain sealed because they contain private financial records.

With respect to their trade secrets and protected corporate information, Defendants argue that Exhibits 1, 3-5, 8, 16-17, 20, and 21 should be sealed because they contain "trade secrets as well as discussions regarding investment structure, profits and tax benefits." *Id.* at 5. They further explain that the exhibits address product development, market and business strategies, strategic plans, third party customer information, and investment strategies. *Id.* at 5-6. These explanations meet the "good cause" standard of Rule 26(c), and thus the Court orders that Exhibits 1, 3-5, 8, 16-17, 20, and 21 remain sealed.

Defendants do not oppose the unsealing of Exhibits 9-10, 13, 15, 18-19, and 22-25. *Id.* at 5. Accordingly, the Court orders that Exhibits 9-10, 13, 15, 18-19, 22-25 shall be unsealed.

Finally, Defendants fail to address whether Exhibit 6 or DPPs' Motion (Dkt. No. 238) should be sealed. In contrast to the exhibits sealed above, Defendants seek only limited redactions of Exhibit 6 and DPPs' Motion. *See* Dkt. No. 249 at 1-2 (noting sealing sought for only "highlighted portions"). It appears to the Court that these limited redactions generally quote from exhibits the Court has ordered sealed. The Court thus orders the highlighted portions of Exhibit 6 (*see* Dkt. No. 239-7) and DPPs' Motion (*see* Dkt. No. 239-29) sealed.[1]

### B. Defendants' Opposition (Dkt. No. 245)

On July 19, 2022, Defendants filed their opposition to DPPs' Motion. Dkt. No. 245. In connection with this brief, they filed an administrative motion to file under seal several supporting exhibits. Dkt. No. 246. Defendants argue that the information sought to be sealed relates to "private medical issues, child-rearing, and sensitive financial information that is of no relevance to the issues presented in this matter." *Id.* at 3. DPPs did not file any opposition to this motion to seal. Accordingly, the Court agrees with Defendants and orders that Exhibits 1-5 to Dkt. No. 245 remain sealed.

### C. DPPs' Reply (Dkt. No. 247)

On July 26, 2022, DPPs filed their reply brief. Dkt. No. 247. In connection with this brief, they filed an administrative motion to consider whether another party's material should be sealed "because the Reply and supporting material include, describe, characterize, or quote documents Defendants have designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order." Dkt. No. 248. DPPs "disagree that the documents that Defendants have designated as Confidential or Highly Confidential contain trade secrets that would warrant sealing." *Id.* at 4. Defendants, the designating party, did not file a motion supporting the sealing of these documents in accordance with Civil L.R. 79-5(c).

Typically, if a party fails to provide any support as to why their material should be sealed,

---

[1] These documents are available on the public docket, with the ordered redactions, at Dkt. Nos. 238-12 (Exhibit 6), and 238 (DPPs' Motion).

the Court will unseal that material. In this case, however, the Court observes that the supporting exhibits (Dkt. Nos. 248-3 through through 10) contains only limited, selective redactions of personal email addresses and document access URLs and passwords for inadvertently produced privileged information. The reply brief itself appears to contain limited, selected redactions of information taken from exhibits sealed by the Court as discussed above. Under these circumstances, the Court orders that Exhibits 2-9 to Dkt. No. 248 shall remain sealed. The highlighted portions of the reply brief, Dkt. No. 248-2, shall also remain sealed.[2]

### III.     CONCLUSION

1. DPPs' Motion and Reply and Exhibit 6, with the ordered redactions, shall remain as-is on the public docket at Dkt. Nos. 238, 238-12, and 247.

2. The clerk shall unseal the following documents:

| Document | Docket Number |
|---|---|
| Exhibit 9 | Dkt. No. 239-10 |
| Exhibit 10 | Dkt. No. 239-11 |
| Exhibit 13 | Dkt. No. 239-14 |
| Exhibit 15 | Dkt. No. 239-16 |
| Exhibit 18 | Dkt. No. 239-19 |
| Exhibit 19 | Dkt. No. 239-20 |
| Exhibit 22 | Dkt. No. 239-23 |
| Exhibit 23 | Dkt. No. 239-24 |
| Exhibit 24 | Dkt. No. 239-25 |
| Exhibit 25 | Dkt. No. 239-26 |

**IT IS SO ORDERED.**

Dated: August 31, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] This document is available on the public docket, with the ordered redactions, at Dkt. No. 247.