UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | **ORDER RE OCTOBER 10, 2022 DISCOVERY DISPUTE RE DEFENDANTS' PRODUCTION OF TRANSACTIONAL DATA**<br>Case No. 20-cv-03639-EJD (VKD)<br>Re: Dkt. No. 277<br><br>Case No. 20-cv-03642-EJD (VKD)<br>Re: Dkt. No. 260 |

Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs") (collectively "Plaintiffs") and Defendants ask the Court to resolve their dispute concerning Defendants' production of transactional data. Dkt. No. 277.[1] The Court held a hearing on the matter on November 8, 2022. Dkt. No. 292.

For the reasons explained more fully at the hearing, the Court orders as follows:

1. Defendants must produce the Celestron transactional data, for the relevant period, without filters by **November 30, 2022**.

2. Defendants shall provide the following information informally, but in writing, to Plaintiffs solely for the purpose of facilitating the production of transactional data by **November 30, 2022**. For each defendant who has appeared in the case:

   a. the name of any database programs or applications used to manage or store sales data in the ordinary course of business; and

   b. whether Defendants believe that the transactional data available for production or

---

[1] For convenience, the Court refers only to the docket in Case No. 20-3639.

produced to date includes or does not include each of the 19 categories of information described in Plaintiffs' RFP 96;

    c. the formats in which data may feasibly be exported from any database or system in Defendants' possession, custody, or control that contains sales data.

3. Defendants shall provide to Plaintiffs' counsel a representative sample of the "physical bound records" for Suzhou Synta that Defendants say are stored in a warehouse in China so that Plaintiffs may determine whether the records contain responsive information (Defendants contend they do not) and, if so, the burden involved in producing such responsive information. Defendants shall provide the sample no later than **November 30, 2022**. If Plaintiffs wish to obtain copies of some or all of these records, they shall so advise Defendants by **December 16, 2022**, and Plaintiffs shall at that time make a proposal for a cost-effective means for production. The proposal should take into account the responsiveness and importance of the information, the relative burdens on Plaintiffs and Defendants of producing the materials, and whether the burdens of production are proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). If the parties cannot agree on production of these materials and allocation of the burden of production, and if one side or the other decides to proceed with production of the materials Plaintiffs demand, the Court will entertain a motion for cost-shifting or other relief if any party believes such relief is warranted.

4. If Plaintiffs wish to obtain additional information about Defendants' transactional data, they may serve a notice for a Rule 30(b)(6) deposition on Defendants. Defendants shall make a witness or witnesses available for such deposition within 30 days of the notice, unless the parties agree otherwise.

**IT IS SO ORDERED.**

Dated: November 9, 2022

_Virginia K. DeMarchi_
VIRGINIA K. DEMARCHI
United States Magistrate Judge