UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE TELESCOPES ANTITRUST LITIGATION

Case No. 20-cv-03642-EJD   (VKD)

**ORDER RE JANUARY 6, 2023 DISCOVERY DISPUTE**

Re: Dkt. No. 294

       Defendants and Direct Purchaser Plaintiffs ("DPPs") ask the Court to resolve their dispute concerning DPPs response to Defendants' Request for Production No. 170. The Court finds this dispute suitable for resolution without oral argument. Civil. L.R. 7-1(b).

       RFP No. 170 asks DPPs to produce "All documents sufficient to identify all of your customers since January 1, 2010."[1] Dkt. No. 294 at 2. DPPs objected to this RFP on several grounds and stated at the time of their written response that they "will not search for or produce documents in response to this request." *Id.* DPPs appear to have withdrawn their objections, and now say that they have produced "all relevant, responsive, non-privileged hardcopy transactional documents in plaintiff Radio City's possession" (without regard to search terms), and that "all non-privileged ESI that hit upon the search terms agreed by the parties has been produced." *Id.* at 5. In addition, DPPs say that "there are no additional responsive documents that do not hit upon the search terms of which Radio City is aware," and that there are no other sources of likely

---

[1] The words "documents" and "your" appear to be defined terms, but the definitions have not been provided to the Court. The parties seem to agree that RFP No. 170 is directed to all DPPs and not just Radio City.

responsive documents that have not already been searched as described. Defendants complain that DPPs have not been forthcoming about the sources of responsive documents and their search for responsive documents, and that DPPs document production to date is not sufficient to identify all of DPPs customers. *Id.* at 2-4.

For the avoidance of doubt, the Court orders DPPs to produce documents sufficient to identify all customers since January 1, 2010, and overrules DPPs' written objections to this request. It is not a sufficient response to this RFP No. 170 for DPPs to disclose purchasing documents or transaction-related documents that do not identify customers. If responsive information is known to exist in the form of ESI, such as a database that may be queried or a spreadsheet maintained on a computer, DPPs must produce that information, regardless of whether it has been captured by agreed search terms. In the circumstances DPPs describe (i.e. small business, enterprise software system destroyed by fire), the Court expects counsel for DPPs to ask their clients or client representatives to assist in locating responsive sources of information. If DPPs ultimately determine that hardcopy sales reports and sales invoices reflecting transactions with customers are the only surviving records that are responsive to RFP No. 170, then DPPs will have satisfied their obligations with respect to this request by producing those documents.

**IT IS SO ORDERED.**

Dated: January 13, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge