J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
    borden@braunhagey.com
Ellen V. Leonida, Esq. (SBN: 184194)
    leonida@braunhagey.com
Ronald J. Fisher, Esq. (SBN: 298660)
    fisher@braunhagey.com
Ellis E. Herington, Esq. (SBN: 343085)
    herington@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR REPRESENTATIVE
PLAINTIFF RADIO CITY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 5:20-cv-03639-EJD |
| This Document Relates to: | Case No. 5:20-cv-03642-EJD |
| SPECTRUM SCIENTIFICS LLC, RADIO CITY, INC., and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CELESTRON ACQUISITION, LLC, SUZHOU SYNTA OPTICAL TECHNOLOGY CO., LTD., SYNTA CANADA INT'L ENTERPRISES LTD., SW TECHNOLOGY CORP., OLIVON MANUFACTURING CO. LTD., OLIVON USA, LLC, NANTONG SCHMIDT OPTO-ELECTRICAL TECHNOLOGY CO. LTD., NINGBO SUNNY ELECTRONIC CO., LTD., PACIFIC TELESCOPE CORP., COREY LEE, DAVID SHEN, SYLVIA SHEN, JACK CHEN, JEAN SHEN, JOSEPH LUPICA, DAVE ANDERSON, LAURENCE HUEN, and DOES 1-50,<br><br>    Defendants. | **DIRECT PURCHASER PLAINTIFFS' REPLY TO DEFENDANTS' "STATUS UPDATE" [DKT. 360], WHICH THE COURT IS TREATING AS AN ADMINISTRATIVE REQUEST TO TAKE DPPS' MOTION TO COMPEL COMPLIANCE WITH THE COURT'S ORDERS OFF CALENDAR**<br><br>**Judge:** Hon. Virginia K. DeMarchi<br><br>**Compl. Filed:** June 1, 2020<br>**Third Am. Compl. Filed:** August 31, 2021<br>**Trial Date:** None Set |

Direct Purchaser Plaintiffs ("DPPs") respectfully submit this Reply to Defendants' "Status Update" (Dkt. 360), which this Court is treating as an administrative request by Defendants under Local Rule 7-11 to take DPPs' motion to compel Defendants to comply with this Court's Orders off calendar. Of course, Defendants have no right to take DPPs' motion off calendar and made no effort to meet and confer before filing their "Status Update"—a requirement for all administrative motions under Local Rule 7-11(a), and also a requirement that this Court has repeatedly urged Defendants to follow, and which they have continually ignored.

Defendants' Status Update is inaccurate in at least two respects. First, Defendants claim that they are in compliance with the Court's Orders to produce their transactional data. (Status Update at 2.) Defendants do not disclose that they have not produced any transactional data (or anything else) since DPPs' motion to compel was fully briefed and submitted. (Declaration of Ronald J. Fisher ("Fisher Decl.") ¶ 2.) Thus, none of the issues in the pending motion has changed in the least.

Second, Defendants claim that Judge Davila gave them additional time to produce the transactional data. (Status Update at 2.) This is also untrue. Leaving aside that Defendants have represented, albeit inaccurately, to this Court that they already have produced their transactional data (Dkt. 330 at 5 (claiming that "Defendants are in full compliance with their discovery obligations")), which is the whole subject of the motion they seek to take off calendar, Judge Davila said nothing about obviating DPPs' motion to compel, or Defendants' transactional data. Rather, he set a date for Defendants to complete their long-overdue production of Chinese-language documents. The relevant colloquy is set forth below:

> THE COURT: What I'd like to do -- I don't want to talk about the merits of that yet, but what i thought would be efficient is if we set a date, a date that is a date, a firm date that all of the -- that discovery related to those asian 30(b)(6) and other witnesses would be produced so we have no more arguments about that. I know you spent a lot of time with Judge DeMarchi talking about search terms and translation of search terms and all of that.
>
> And can we just finish that and get started, please? Are we there? And I'm going to ask you to respond to that, and if you could do that without doing this pointing finger thing, that would be helpful to me. I just need to know when can we get it done?

> MR. FROST: Your Honor, this is Chris Frost. I think with the few outstanding issues, and there are only a few, we can have everything produced in the next 30 days.

(Fisher Decl., Ex. 1 at 15.)

As seen above, Judge Davila did not say anything about Defendants' violation of the Court's Orders to produce transactional data, giving Defendants relief from this Court's Order to produce unfiltered transaction data, taking DPPs' motion off calendar, or ruling on DPPs' motion to compel instead of this Court. No reasonable attorney could responsibly conclude otherwise.

For the foregoing reasons, Defendants' purported Status Update should be denied.

Dated: March 24, 2023

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:   /s/ Matthew Borden
     Matthew Borden

Attorneys for Direct Purchaser Plaintiffs