UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE TELESCOPES ANTITRUST LITIGATION

Case No. 20-cv-03642-EJD (VKD)

**ORDER DENYING DEFENDANTS' MOTION TO COMPEL DISCOVERY OF DPPS WITHOUT PREJUDICE; DIRECTING DPPS TO FILE SUPPLEMENTAL DECLARATION**

Re: Dkt. No. 359

Defendants move to compel Direct Purchaser Plaintiffs' ("DPPs") responses to discovery requests seeking information about whether DPPs or their counsel accessed a collection of 51,500 documents defendants mistakenly produced after defendants advised DPPs that the documents had been produced in error. Dkt. No. 359; Dkt. No. 375 at 3. DPPs refuse to provide the requested discovery. *See* Dkt. No. 375. The Court held a hearing on the motion April 25, 2023. Dkt. No. 399.

For the reasons explained below, the Court denies the motion to compel without prejudice, and orders DPPs to file a supplemental declaration or declarations addressing the matters set forth at the end of this order.

## I. BACKGROUND

The circumstances leading up to this dispute are described in detail in the Court's August 22, 2022 order. Dkt. No. 255 at 2-4. Defendants have served document requests and interrogatories seeking to ascertain which documents among the 51,500 documents defendants produced in error in March 2022 were accessed by DPPs or their counsel after defendants notified DPPs on March 16, 2022 that the documents were produced by mistake and requested their

1  destruction. Dkt. No. 359 at 10-12; *see* Dkt. No. 255 at 2. Defendants claim that approximately
2  190 of these documents are privileged. However, their discovery requests are not limited to
3  whether DPPs accessed or reviewed the approximately 190 privileged documents.
4      DPPs object to defendants' discovery requests on several grounds. First, they argue that
5  defendants have not shown that their disclosure of privileged documents was inadvertent. Dkt.
6  No. 375 at 10-12. Second, they argue that defendants have waived whatever privilege claims they
7  might have had by failing to timely assert those claims. *Id.* at 12-17. Third, they argue that
8  defendants have not shown a substantial justification for obtaining discovery from DPPs' counsel.
9  *Id.* at 17-24.

## II. DISCUSSION

    As explained in the Court's August 22, 2022 order, the 51,500 documents defendants mistakenly produced in March 2022 included many highly relevant documents. These documents should have been produced by February 15, 2022 or promptly thereafter. Dkt. No. 255 at 2, 4-5. Moreover, defendants' March 16, 2022 "clawback" request was not limited to privileged documents; it included a request to destroy many non-privileged, non-responsive documents containing personal and sensitive information. *See* Dkt. 245-1 ¶¶ 4-5; Dkt. No. 252 at 14:23-15:4, 16:14-25. Defendants' March 16, 2022 clawback request did not include any of the information required to support a privilege claim for any particular clawed back document. Dkt. No. 238-4; *see* Fed. R. Civ. P. 26(b)(5)(B).

    The record before the Court on this dispute and the dispute addressed in the Court's August 22, 2022 order supports defendants' contention that the 51,500 documents, including any privileged documents within that collection, were produced in error as the result of a mistake by defendants' vendor. *See* Dkt. 245-1 ¶ 6; Dkt. No. 359-1 ¶ 2. Defendants took steps to remedy this mistake as soon as they discovered it. *See* Dkt. No. 255 at 2-3; Dkt. No. 359-1 ¶ 2. The Court is satisfied that defendants' disclosure of privileged documents within the collection of 51,500 documents produced on March 6, 2022 was inadvertent and that they took reasonable steps to recover and protect the confidentiality of these materials once they discovered the mistaken disclosure. *See United States v. de la Jara*, 973 F.2d 746, 750 (9th Cir. 1992) (discussing

standard).

DPPs responded to defendants' March 16, 2022 clawback request by questioning the basis for the request and demanding a privilege log by March 30, 2022, as reflected in the following email from DPPs' counsel, Mr. Fisher:

> We understand defendants' position that they have inadvertently produced over 50,000 documents. DPPs have quarantined them pursuant to your request. However, from your email below, it appears that Defendants are trying to "claw back" non-privileged materials, which, of course, they cannot do under the Protective Order (or Rule 26).
>
> From your email, it also appears that Defendants are not producing all the documents that hit on the keywords that the Court ordered. If that is so, please let us know.
>
> To the extent that Defendants wish to claw back any documents on a legitimate basis, please provide a log for listing each document over which defendants claim privilege that provides (i) the Bates number (ii) whether Defendants are claiming attorney-client privilege or work product protection, (iii) the sender and recipient, (iv) the subject matter, and (v) facts sufficient for us to evaluate whether the claim of privilege has any merit, by no later than 3/30/22. We note that the Court ordered time for Defendants to complete privilege review has passed. (ECF 211.)  Please also explain how it came to be that an entire folder of 50,000+ allegedly privileged documents was produced, and all the steps that Defendants took to protect against it.
>
> We reserve all rights.

Dkt. No. 359-3. Defendants did not provide a privilege log by March 30, 2022. The next day, DPPs advised that they would "resume our review of the quarantined materials," after applying their own privilege screen using the lawyer email domains extracted from defendants' earlier privilege log. Dkt. No. 359-5 at 2. The record does not reflect whether DPPs did resume their review of defendants' documents, and if so, which documents they reviewed.

Given the state of the record, several matters remain unclear. First, it is not clear whether DPPs dispute defendants' privilege claims with respect to any of the approximately 190 documents in question. In its August 22, 2022 order, the Court ordered, in part, as follows:

1. DPPs must not review, and must sequester or destroy, any

> document Defendants have identified as privileged or non-responsive.
>
> 2. *If DPPs believe that any of the approximately 190 documents withheld by Defendants as privileged are, in fact, not privileged and should be produced, DPPs must notify Defendants of each such document no later than **September 7, 2022***. . . .

Dkt. No. 255 at 6 (emphasis added). During the hearing on defendants' motion to compel, neither defendants nor DPPs could state with certainty whether DPPs had notified defendants by September 7, 2022 of any disputed privilege claims. After the hearing, defendants separately advised the Court that DPPs (and IPPs) *presently* challenge at least 31 of the 190 privileged documents. *See* Dkt. No. 403 at 2-3. Neither party says whether there are any disputes about the remainder of the documents.

Second, it also is not clear whether DPPs or their counsel have reviewed any of the approximately 190 documents that defendants claim are privileged. DPPs rely on the declarations of their counsel Mr. Borden and Mr. Fisher, both of whom state that they have not reviewed "any privileged documents" produced by defendants in this action. Dkt. No. 375-1 ¶ 2; Dkt. No. 375-2 ¶ 29. However, when pressed at the hearing regarding these statements, Mr. Borden could not say whether he or Mr. Fisher or any member of DPPs' legal team had ever reviewed any of the approximately 190 documents for which defendants assert a privilege claim—whether the privilege claim was disputed or not. Rather, he asserted that he was not aware of having reviewed any privileged documents.

The Court is not persuaded that comprehensive discovery of DPPs' or DPPs' counsel's actions following defendants' March 16, 2022 clawback request is appropriate until certain threshold questions are addressed. *See ATS Prod., Inc v. Champion Fiberglass, Inc.*, No. 13-CV-02403-SI (DMR), 2015 WL 3561611, at *4 (N.D. Cal. June 8, 2015) (describing three-factor test for obtaining deposition discovery of opposing counsel, as described in *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). Specifically, if DPPs and their legal team did not review any of defendants' approximately 190 documents after receiving defendants' March 16, 2022 clawback request, then the Court sees no need for any of the discovery defendants seek. If DPPs and their legal team did review some or all of the approximately 190 documents subject to a

privilege claim, then it may be necessary for the Court to first evaluate any disputed privilege claim on the merits before addressing defendants' requests for discovery.

Accordingly, the Court orders DPPs to provide a supplemental declaration or declarations addressing the following questions:

1. Did any member of DPPs' legal team (attorneys or paralegals) review[1] any of the approximately 190 documents as to which defendants have asserted a privilege claim after DPPs received defendants' March 16, 2022 clawback request?
2. If so, which attorney(s) or paralegal(s) reviewed each such document?
3. For each such document that was reviewed, do DPPs dispute the defendants' privilege claim as to that document?
4. If so, did DPPs notify defendants of its challenge to defendants' privilege claim by September 7, 2022?

In preparing a declaration or declarations that address these matters, the Court expects DPPs to consult all reasonably available sources of information, including records maintained by DPPs' e-discovery vendors.

DPPs must file the declaration(s) by **May 12, 2023**.

**IT IS SO ORDERED.**

Dated: May 2, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] The term "review" here means "read in whole or in part."