1
2
3
4

<div align="center">

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

</div>

5
6
7
8

IN RE TELESCOPES ANTITRUST
LITIGATION.

Case No. 20-cv-03642-EJD   (VKD)

9
10

**ORDER RE DPPS' MOTION FOR
SANCTIONS FOR DEFENDANTS'
FAILURE TO COMPLY WITH
DISCOVERY ORDER**

11

Re: Dkt. No. 318

12
13

14        Direct Purchaser Plaintiffs ("DPPs") contend that defendants should be sanctioned for

15   failure to comply with this Court's discovery orders with respect to production of defendants'

16   transactional data.  Dkt. No. 318.  The Court held a hearing on this motion on April 4, 2023.  Dkt.

17   Nos. 378, 395.

18        The Court has already issued a series of orders regarding DPPs' request for an order

19   compelling defendants to produce transactional data.  *See* Dkt. Nos. 386, 416.  This order

20   addresses DPPs' motion for sanctions.  For the reasons explained below, the Court concludes that

21   defendants did not fully comply with the Court's discovery orders regarding the production of

22   transactional data, and that monetary sanctions are appropriate.

23   **I.        BACKGROUND**

24        On October 27, 2021 the Court issued an order adopting the parties' stipulated document

25   production schedule, which provided, in relevant part, that "by no later than December 1, 2021, all

26   Defendants will complete their production of transactional data."  Dkt. No. 212 ¶ 7.  Defendants

27   say that "more than four months" prior to that order they "produced all of Celestron's transactional

28   data available and responsive to Plaintiffs' outstanding discovery requests."  Dkt. No. 330 at 8-9.

<div style="writing-mode: vertical-lr">United States District Court
Northern District of California</div>

1    However, they acknowledge that they produced "three more volumes" of transactional data on

2    November 15, 2021 and December 1, 2021.  *Id.* at 9.

3        DPPs contend that defendants' production as of December 1, 2021 was incomplete.  Dkt.

4    No. 318 at 2.  In early March 2022, DPPs and Indirect Purchaser Plaintiffs ("IPPs") in related

5    Case No. 20-3639 asked defendants to identify, by Bates number, the production documents

6    responsive to plaintiffs' request for transactional data.  *Id.* at 2; Dkt. No. 330-1 ¶ 12.  Defendants

7    provided Bates ranges in response to this request two months later, on May 2, 2022.  Dkt. No. 318

8    at 2; Dkt. No. 330-1 ¶ 13.

9        Thereafter, IPPs (copying DPPs) raised questions about these Bates ranges in an email to

10   defendants dated May 19, 2022.  Dkt. 318-5 ¶ 6, Ex. 5.  It is unclear from the record whether

11   defendants ever responded to these inquiries.  *See generally* Dkt. No. 318-5; Dkt. No. 330-1.

12   However, the parties agree that on July 18, 2022, DPPs sent defendants a long letter identifying

13   discrepancies in and raising questions about defendants' production of transactional data.  Dkt.

14   No. 318-5 ¶ 7, Ex. 6; Dkt. No. 330-1 ¶ 15, Ex. 4.  To accommodate defendants' counsel's

15   commitments in another matter, the parties agreed to confer about the issues DPPs raised on

16   August 10, 2022.  *See* Dkt. No. 318-5, Ex. 7.  Although DPPs had asked as early as July 22, 2022

17   that defendants have "an individual knowledgeable about Defendants' electronic systems on the

18   call," *id.* at 9, defendants advised on August 9, 2022, the day before the scheduled conference, that

19   they could not have a knowledgeable client representative available until August 15, 2022, and so

20   they canceled the August 10, 2022 meeting.  *Id.*, Ex. 8.  After DPPs and IPPs confirmed their

21   availability for a conference on August 15, 2022, defendants again asked to postpone the meeting.

22   *Id.*, Ex. 9.  Counsel for the parties conferred on three occasions in late August 2022.  Defendants

23   never brought a knowledgeable client representative to any of these conferences.  *See* Dkt. No.

24   318 at 4; Dkt. No. 330-1 ¶¶ 18-28, Ex. 6.

25       On October 10, 2022, the parties filed a joint discovery dispute letter with the Court.  Dkt.

26   No. 260.  In that submission, DPPs complained that defendants had not completed their production

27   of transactional data, as previously ordered.  *Id.* at 1, 5-8.  Defendants asserted that they had fully

28   complied with the Court's December 1, 2021 order, with the exception of paper documents

United States District Court
Northern District of California

2

United States District Court
Northern District of California

relating to transactions involving defendant Suzhou Synta, which were located in a warehouse in China. *Id.* at 9, 11. The Court held a hearing on the matter on November 8, 2022. Dkt. Nos. 275, 291. During that hearing defendants again represented to the Court that their production of transactional data was complete, with the exception of documents in a warehouse in China. Dkt. No. 291 at 3:5-14. In addition, defendants represented that they were prepared to produce their transactional data in an "unfiltered" form that would exceed the scope of information responsive to plaintiffs' document requests. Dkt. No. 260 at 9-10; Dkt. No. 291 at 3:5-20, 8:19-9:6.

Following the hearing, on November 9, 2022, the Court ordered, in relevant part, as follows:

> 1. Defendants must produce the Celestron transactional data, for the relevant period, without filters by **November 30, 2022**.
>
> 2. Defendants shall provide the following information informally, but in writing, to Plaintiffs solely for the purpose of facilitating the production of transactional data by **November 30, 2022**. For each defendant who has appeared in the case:
>     a. the name of any database programs or applications used to manage or store sales data in the ordinary course of business; and
>     b. whether Defendants believe that the transactional data available for production or produced to date includes or does not include each of the 19 categories of information described in Plaintiffs' RFP 96;
>     c. the formats in which data may feasibly be exported from any database or system in Defendants' possession, custody, or control that contains sales data.
>
>     . . .
>
> 4. If Plaintiffs wish to obtain additional information about Defendants' transactional data, they may serve a notice for a Rule 30(b)(6) deposition on Defendants. Defendants shall make a witness or witnesses available for such deposition within 30 days of the notice, unless the parties agree otherwise.

Dkt. No. 277 at 1-2.

DPPs filed a motion to compel and for sanctions on February 8, 2023. Dkt. No. 318. In their motion, DPPs claim that defendants did not complete their production of transactional data and did not provide the information called for in item 2 of the Court's order by November 30,

2022.  *Id.* at 5-8.  Among the omissions, DPPs say that defendants produced transactional data only for corporate retailers during the period 2016-2020, and produced no data for direct-to-consumer sales.  *Id.* at 6.

Defendants seem acknowledge they did not fully comply with the Court's November 9, 2022 order.  Dkt. No. 330 at 10-11.  While they claim to have produced "[e]very single sales transaction with Celestron's domestic customers" on November 30, 2022,[1] they say that they did not become aware of "nuances or missing data that was allegedly not within the transactional data produced" until they reviewed DPPs' motion for sanctions.  *Id.* at 11.  It is undisputed that defendants made a further production of transactional data to DPPs on January 19, 2023 and February 22, 2023, after DPPs filed their motion.  *See* Dkt. No. 345 at 1.

During the April 4, 2023 hearing on DPPs' motion, DPPs argued that the "biggest issue" with  defendants' production of transactional data was that it still did not include any information about "purchases that were made by direct purchasers from the Celestron website."  Dkt. No. 395 at 4:11-25.  When pressed on this point by the Court, defendants insisted that all such data had been produced.  *Id.* at 43:23-44:14.  However, when the Court asked defendants how the website transactions could be identified from the transactional data defendants had produced, defendants' counsel could not answer that question and stated, ultimately, that they would need to consult with their client.  *Id.* at 44:19-48:8.

Following the hearing on April 4, 2023, the Court ordered plaintiffs and defendants to confer, with the assistance of knowledgeable technical/data experts, regarding the production of defendants' transactional data.  Dkt. No. 386.  The parties filed a joint status report on May 15, 2023 reporting on the results of their conference.  Dkt. No. 408.  That report reflects that defendants agreed to produce additional transactional data by May 26, 2023, and to supplement their production by June 2, 2023, if necessary.  *Id.* at 4-5.  In addition, DPPs separately reported that the defendants' have not produced complete information about direct sales of telescopes through their website.  *Id.* at 6-7.  Defendants dispute DPPs' description of the relevant sources of

---

[1] Defendants' opposition refers to "November 30, 2021," but the Court assumes this is a typo and defendants mean to refer to "November 30, 2022."

1    information, but they do not appear to dispute that transactional data reflecting Celestron's website

2    sales to consumers is incomplete in some respects.  *Id.* at 6-7 ("Defendants are currently looking

3    into whether that data can currently be accessed.  If it is accessible, Defendants will product the

4    Atlas E-Commerce data.").

5    ## II.    LEGAL STANDARD

6            If a party fails to obey a discovery order, a court may order sanctions including, among

7    other things, prohibiting the disobedient party from supporting or opposing certain claims or

8    defenses, or from introducing certain matters in evidence.  Fed. R. Civ. P. 37(b)(2)(A)(ii).  In

9    addition, "the court must order the disobedient party, the attorney advising that party, or both to

10   pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

11   substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P.

12   37(b)(2)(C).

13           With respect to an award of attorneys' fees, Rule 37(b)(2) requires a causal connection

14   between a litigant's misconduct and the fees incurred by the opposing party.  *Goodyear Tire &*

15   *Rubber Co. v. Haeger*, 581 U.S. 101, 108 n.5 (2017).  That kind of causal connection is

16   "appropriately framed as a but-for test": the complaining party may recover only the portion of

17   fees that he would not have paid but for the misconduct.  *Id.* at 109 (citation omitted).  However,

18   this but-for causation standard allows the court to "exercise discretion and judgment" in assessing

19   litigation expenses.  *Id.*  "Trial courts undertaking [this] task need not, and indeed should not,

20   become green-eyeshade accountants."  *Id.* at 110 (citation and internal quotation marks omitted);

21   *see also In re Personalweb Technologies, LLC Patent Litig.*, 18-md-02834-BLF, 5:18-cv-00767-

22   BLF, 18-cv-05619-BLF, 2021 WL 796356, at *5 (N.D. Cal. Mar. 2, 2021) ("In examining the

23   reasonableness of fees and in applying the 'but for' standard, the mechanics of determination

24   'does not require a tedious, line-by-line investigation of the hours . . . expended'") (citation

25   omitted).

26   ## III.   DISCUSSION

27           DPPs argue that defendants have failed to comply with the Court's discovery orders dated

28   October 27, 2021 and November 9, 2022, both of which set deadlines for defendants to complete

their production of transactional data.  Dkt. No. 318 at 1.  In addition, DPPs say that defendants have falsely represented to plaintiffs and to the Court on multiple occasions that their production was complete.  *Id.*  Defendants insist that their production of transactional data has long been complete and their multiple productions after court-ordered deadlines were made simply to appease DPPs' demand for unresponsive data and data in different formats.  Dkt. No. 330 at 8-17.

Having considered the parties' respective submissions[2] and the arguments of counsel at the April 4, 2023 hearing, the Court concludes that defendants did not fully comply with the Court's prior discovery orders, and that they have been careless in their representations to the Court about the available sources of transactional data and the completeness of their productions.  While defendants are correct that during the course of discovery, DPPs have demanded information beyond the scope of reasonable discovery and have taken a less than cooperative approach to the collection and production of ESI, DPPs' behavior did not prevent and does not excuse defendants' own failure to comply with this Court's orders.

Defendants did not identify and timely produce all of the transactional data responsive to DPPs' document requests, including, in particular, Request for Production No. 96.  The substantial delay in production cannot be attributed solely to DPPs' failure to confer sufficiently with defendants.  The Court appreciates that defendants' data sources are complicated and that accessing the information may be difficult for some data sources.  However, the undisputed records reflect that defendants repeatedly postponed conferences with plaintiffs about defendants' sources of transactional data and did not bring anyone with knowledge of those data sources with them to the conferences, even after committing to do so, and did not diligently investigate DPPs' complaints about missing information.  As a result, the parties have spent many months complaining about each other's conduct without engaging in meaningful dialogue about what data exists and how it can be produced.

The Court has since issued an order mandating conferences between the parties that include each party's technical/data expert and requiring the parties to report on the progress of

---

[2] Defendants object to the reply declaration of Christopher Groves.  *See* Dkt. No. 353.  The Court does not consider this declaration because it is mostly improper opinion.

United States District Court
Northern District of California

those discussions.  The discussions appear to have resulted in additional productions of documents and information by defendants.  Dkt. No. 408 at 2-3.  That is a good result.  This is the kind of engagement the Court expects the parties to have to resolve these disputes.  However, it appears from the parties' joint report that defendants' production of transactional data is not yet complete. *Id.* at 5-7.

DPPs should not have had to file a motion to compel in order to obtain meaningful information about defendants' sources of transactional data or the production of responsive transactional data in usable form.  As noted above, there is no justification or excuse for defendants' failure to comply fully with the Court's November 9, 2022 discovery order.  For this reason, the Court concludes that DPPs are entitled to recover their reasonable attorneys' fees and expenses associated with the filing of the motion and supporting materials, the preparation of the reply (with the exception of Mr. Groves's reply declaration), and preparation for and participation in the April 4, 2023 hearing on the motion.  However, the Court cannot determine from Mr. Borden's declaration in support of DPPs' motion which fees and expenses are attributable to these activities or whether the number of hours claimed are reasonable.[3]  *See* Dkt. No. 318-5 ¶¶ 15-34.

DPPs bear the burden of producing evidence that their attorneys' fees and expenses are reasonable.  *See R.G. Abrams Ins. v. Law Offices of C.R. Abrams*, 342 F.R.D. 461, 523 (C.D. Cal. 2022).  The parties are invited to stipulate to an amount of reasonable fees and expenses and to advise the Court if they do so.  Absent a stipulation, DPPs must submit an application for fees and costs incurred with respect to matters the Court finds compensable, as indicated above, by **June 21, 2023**.  The application must include information sufficient for the Court to determine that the fees and costs claimed are reasonable.  *See Vieste, LLC v. Hill Redwood Development*, No. C-09-04024 JSW (DMR), 2011 WL 588145 at *4 (N.D. Cal. Feb. 10, 2011) (describing requirements for assessing reasonable attorneys' fees and costs).  Defendants' response must be filed no later than **June 30, 2023**.  Unless otherwise ordered, the matter will then be deemed submitted on the

---

[3] DPPs have not established that evidentiary sanctions are warranted or that defendants should be prevented from opposing DPPs' motion for class certification.

papers.

**IV.**     **CONCLUSION**

The Court grants, in part, DPPs' motion for an order awarding sanctions in the form of reasonable attorneys' fees and expenses incurred with respect to matters the Court finds compensable above.

**IT IS SO ORDERED.**

Dated: June 12, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge