UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE TELESCOPES ANTITRUST LITIGATION

Case No.20-cv-03642-EJD (VKD)

**ORDER RE SEALING**

Re: Dkt. No. 423

In connection with a motion to compel and for sanctions regarding a discovery dispute (Dkt. No. 424), on June 28, 2023 Direct Purchaser Plaintiffs ("DPPs") filed an administrative motion to consider whether portions of their brief and its exhibits should be filed under seal. Dkt. No. 423. These portions consisted of materials designated by Defendants as "Confidential" or "Highly Confidential" under the protective order in this case. *Id.* at 2.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). A party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id.* at 1098-99; *Kamakana*, 447 F.3d at 1179-80.

1    DPPs' motion to compel and for sanctions does not address the merits of the parties' claims or defenses, so the Court therefore applies the "good cause" standard of Rule 26(c). However, under Local Rule 79-5(f) a designating party "must file a statement and/or declaration" that describes "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5. Defendants have not filed a statement or declaration in response to DPPs' administrative motion to date.

The Court has reminded the parties of the requirements regarding sealing on numerous occasions. *See* Dkt. Nos. 256, 299, 316, 417. Accordingly, because Defendants have failed to provide any support for why the material they designated under the protective order should be sealed, the Court orders that DPPs may file unsealed versions of the material at issue in Dkt. No. 423 on the public docket no earlier than **July 14, 2023**.

This order terminates Dkt. No. 423.

IT IS SO ORDERED.

Dated: July 10, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge