UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No.20-cv-03642-EJD (VKD)<br><br>**ORDER RE SEALING**<br>Re: Dkt. Nos. 434, 454 |

In connection with a discovery letter brief regarding the deposition testimony of Amir Cannon, (Dkt. No. 435), on July 17, 2023 Direct Purchaser Plaintiffs ("DPPs") filed an administrative motion to consider whether portions of their letter and excerpts of Mr. Cannon's deposition filed as exhibits should be filed under seal. Dkt. No. 434. The materials in question have been designated by defendants as "Confidential" or "Highly Confidential" under the protective order in this case. *Id.* at 2.

Defendants did not respond to this motion. However, on July 31, 2023, after the Court directed them to file additional excerpts of Mr. Cannon's deposition, defendants filed an administrative motion to seal certain portions of those excerpts. Dkt. No. 454.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809

F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). A party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id*. at 1098-99; *Kamakana*, 447 F.3d at 1179-80. The discovery letter brief does not address the merits of the parties' claims or defenses, so the Court therefore applies the "good cause" standard of Rule 26(c).

Under Civil Local Rule 79-5(f) a designating party "must file a statement and/or declaration" that describes "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5. The Court has reminded the parties of the requirements regarding sealing on numerous occasions throughout this litigation. *See* Dkt. Nos. 256, 299, 316, 417, 431.

For purposes of the pending administrative motions, the Court treats defendants' July 31 administrative motion to seal (Dkt. No. 454) on its merits and as defendants' response to DPPs' July 17 administrative motion (Dkt. No. 434). Defendants ask to seal only the portions of the Cannon deposition identified in their July 31 submission. *See* Dkt. No. 454 at 2. They argue that this testimony contains "non-public proprietary and confidential information concerning Defendants' sales and marketing strategies," "purchasing and pricing information," and "product decisions and competitive assessments of the current and future market conditions." *Id.* at 4. They assert that disclosure of this information could cause them competitive harm. *Id.* Other courts in this District have sealed information in similar circumstances. *See Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021) (collecting cases). Defendants ask to seal only a limited amount of Mr. Cannon's testimony, comprising a handful of words and a single paragraph in a thirty-eight-page document. *See* Dkt. No. 455-1. The Court finds that good cause exists to seal the portions of Mr. Cannon's deposition identified and redacted in Dkt. No. 455-1.

Accordingly, the Court orders that DPPs may file unsealed versions of materials attached to Dkt. No. 434 on the public docket no earlier than **August 7, 2023**. Defendants need not make any changes to their filings at Dkt. Nos. 454 and 455.

This order terminates Dkt. Nos. 434 & 454.

IT IS SO ORDERED.

Dated: August 1, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

3