UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 20-cv-03642-EJD  (VKD)<br><br>**ORDER DENYING DPPS' REQUEST FOR FURTHER DEPOSITION OF AMIR CANNON**<br><br>Re: Dkt. Nos. 435, 448 |

Direct Purchase Plaintiffs ("DPPs") ask the Court to order defendants to produce Amir Cannon, Celestron's Vice President of Operations, for further deposition to answer questions he was instructed not to answer during his June 21, 2023 deposition. Dkt. No. 435. DPPs also ask permission to file a separate motion for sanctions against defendants and their counsel. *Id.* Defendants object to producing Mr. Cannon for further deposition, on the grounds that DPPs' questioning reflects an effort to obtain information relevant solely to post-judgment issues in the *Orion* litigation, Case No. 16-6370 (N.D. Cal.). Dkt. No. 448. Defendants contend that counsel instructed Mr. Cannon not to answer questions that he believed were precluded by Judge Davila's July 17, 2021 order in the *Orion* litigation. *Id.* at 1-2. The Court held a hearing on this dispute on August 1, 2023. Dkt. No. 461.

For the reasons stated on the record during the hearing and below, the Court denies DPPs' request for a further deposition of Mr. Cannon. DPPs are correct that counsel may not instruct a witness to refuse to answer a deposition question on the ground that the question concerns subject matter that is not relevant to the litigation. However, that is not a fair characterization of defense counsel's instruction. Counsel instructed Mr. Cannon not to answer two questions for the purpose

of enforcing a limitation counsel believed had been imposed by court order in the *Orion* litigation. *See* Dkt. No. 448 at 2; Dkt. No. 455-2.[1]  An instruction not to answer is permitted in these circumstances. *See* Fed. R. Civ. P. 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered, or to present a motion under Rule 30(d)(3).").

The Court agrees with DPPs that Celestron's telescope suppliers is a relevant topic for examination in this case, even if it was also a relevant topic for post-judgment discovery in the *Orion* litigation. However, the Court is not persuaded that DPPs were prevented from exploring that topic in Mr. Cannon's June 21, 2023 deposition by counsel's instructions not to answer. Mr. Cannon testified repeatedly and at some length regarding Celestron's efforts to identify manufacturers and suppliers for telescopes after the judgment against its prior supplier, Ningbo Sunny, in the *Orion* litigation. *See, e.g.,* Dkt. No. 454-2 (Cannon dep. 215:19-24; 216:7-12; 217:20-218:17; 223:19-24; 272:25-275:8). For example, Mr. Cannon was asked: "Isn't it true that Celestron always understood, like as of January 2020, even when it was switching over to buying telescopes from Viewway instead of Ningbo Sunny, that Ningbo Sunny was always going to be the supplier of those telescopes, and that Celestron was just creating this intermediary to prevent Orion from collecting on the judgment?" *Id.* at 217:20-218:1. Mr. Cannon answered that question, including the statement: "So I can't agree with what you're saying. Because it's just not true." *Id.* at 218:16-17. He was also asked: "What factories are currently making products, telescopes and telescope accessories, that Celestron is purchasing?" *Id.* at 223:19-21. Mr. Cannon also answered this question. *Id.* at 223:22-24. Finally, Mr. Cannon was asked a series of questions about his efforts to find a source for telescopes other than Ningbo Sunny after the judgment in the *Orion* litigation and about his communications with Viewway, a company that had previously supplied Celestron with telescopes from Ningbo Sunny. He answered these questions, too. *Id.* 272:25-275:8.

In these circumstances, the Court will not require Mr. Cannon to testify further in

---

[1] Dkt. No. 455-2 is an excerpt of Dkt. No. 776 in the *Orion* litigation. No. 16-6370 (N.D. Cal.).

deposition to answer questions about whether his prior deposition testimony in the *Orion* litigation was "truthful," *see id.* at 221:15-223:17, or to answer questions about whether, once judgment was entered in the *Orion* litigation, Celestron decided to continue buying telescopes from Ningbo Sunny using Viewway as an intermediary, *see id.* at 275:9-20. For obvious reasons, the Court also will not entertain a motion to sanction defense counsel for instructing Mr. Cannon not to answer these questions.

**IT IS SO ORDERED.**

Dated: August 1, 2023

_____
VIRGINIA K. DEMARCHI
United States Magistrate Judge