UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No.20-cv-03642-EJD  (VKD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DPPS' APPLICATION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 422 |

On June 12, 2023, the Court issued an order finding that defendants did not fully comply with the Court's discovery orders regarding the production of transactional data, and concluding that monetary sanctions are appropriate. Dkt. No. 418. DPPs ask for an award of sanctions in the amount of $167,489. Dkt. No. 422. Defendants object that this amount is unreasonable and inconsistent with the Court's June 12, 2023 order. Dkt. No. 428. The Court finds this matter suitable for decision without oral argument. Civil L.R. 7-1(b).

For the reasons explained below, the Court awards DPPs attorneys' fees and expert fees in the amount of $71,652.50, pursuant to Rule 37(b)(2)(C).

## I.  BACKGROUND

In its prior order, the Court concluded that defendants failed to timely complete production of their transactional data, as required by the Court's prior discovery orders, and that they had been "careless in their representations to the Court about the available sources of transactional data and the completeness of their productions." Dkt. No. 418 at 6. Observing that "DPPs should not have had to file a motion to compel in order to obtain meaningful information about defendants' sources of transactional data or the production of responsive transactional data in usable form," the

1  Court found that "DPPs are entitled to recover their reasonable attorneys' fees and expenses
2  associated with the filing of the motion and supporting materials, the preparation of the reply (with
3  the exception of [expert Christopher] Groves's reply declaration), and preparation for and
4  participation in the April 4, 2023 hearing on the motion," under Rule 37(b)(2)(C). *Id.* at 7; *see id.*
5  at 5.

6       At the Court's direction, DPPs filed an application for an award of attorneys' fees and
7  expert fees for time spent preparing DPPs' motion to compel, opposing defendants' request to
8  have the motion taken off calendar, preparing DPPs' reply in support of the motion to compel, and
9  preparing for and participating in the hearing on DPPs' motion. Dkt. No. 422 at 3-5; *see also* Dkt.
10  Nos. 422-2, 422-3. In their application, DPPs also ask for an award of fees for time "associated
11  with meet and confer efforts" over the course of nine months preceding the filing of their motion
12  to compel. Dkt. No. 422 at 6; *see also* Dkt. Nos. 422-4, 422-5. DPPs do not seek fees for time
13  their expert spent preparing his reply declaration or for time associated with conferences of
14  counsel after the April 4, 2023 motion hearing. Dkt. No. 422 at 6.

15       Defendants do not object to the rates DPPs use to calculate the attorneys' fees at issue, nor
16  do they object that the time spent for any particular task was unreasonable or excessive. However,
17  defendants strongly object to DPPs' request for attorneys' fees associated with "meet and confer
18  efforts" as outside the scope of the Court's June 12, 2023 order and not reasonably compensable in
19  any event. Dkt. No. 428 at 3-5. In addition, defendants contend that DPPs' counsels' time entries
20  are "impermissibly vague" and include block billing, making them difficult to evaluate. *Id.* at 6-7.
21  As a remedy, defendants suggest a "minimum 20% reduction" of DPPs' claimed hours for work
22  performed in connection with briefing and argument on the motion to compel. *Id.* at 7.

23  **II.    LEGAL STANDARD**

24       For fees awarded pursuant to Rule 37(b)(2)(C), there must be a causal connection between
25  a litigant's misconduct and the fees incurred by the opposing party. *Goodyear Tire & Rubber Co.*
26  *v. Haeger*, 581 U.S. 101, 108 n.5 (2017). That kind of causal connection is "appropriately framed
27  as a but-for test"—the complaining party may recover only the portion of fees that it would not
28  have paid but for the misconduct. *Id.* at 109. When assessing fees, district courts may "exercise

discretion and judgment" and "take into account [their] overall sense of a suit." *Id.* at 109-10 (cleaned up). Because "the essential goal in shifting fees is to do rough justice," courts "need not, and indeed should not, become green-eyeshade accountants." *Id.* at 110 (cleaned up); *see also In re Personalweb Technologies, LLC Patent Litig.*, 18-md-02834-BLF, 5:18-cv-00767-BLF, 18-cv-05619-BLF, 2021 WL 796356, at *5 (N.D. Cal. Mar. 2, 2021) ("In examining the reasonableness of fees and in applying the 'but for' standard, the mechanics of determination does not require a tedious, line-by-line investigation of the hours . . . expended.") (cleaned up).

In evaluating DPPs' request for an award of attorneys' fees, the Court uses the lodestar method. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under this method, "the number of hours reasonably expended" is multiplied by "a reasonable hourly rate" to yield a lodestar figure. *Id.* In determining reasonable hourly rates, the Court must consider the prevailing rates in the community for similar work performed by attorneys of comparable skill, experience and reputation during the relevant time period. *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 980-81 (9th Cir. 2008). In determining a reasonable number of hours, the Court must consider whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative, or excessive. *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986).

**III.    DISCUSSION**

   **A.    Scope of Attorneys' Fee Award**

The Court agrees with defendants that DPPs are not entitled to recover fees for time spent engaged in "meet and confer efforts" with defendants before DPPs filed their motion to compel. Those efforts are an ordinary part of discovery, and parties are required by the Federal Rules of Civil Procedure, as well as this District's local rules, to engage in such efforts before burdening the Court with a discovery dispute. Fed. R. Civ. P 37(a)(1); Civil L.R. 37-1(a). While DPPs fault defendants for the unproductive nature of these efforts, *see* Dkt. No. 422 at 5-6, the Court did not (and does not) conclude that the parties' "meet and confer efforts" failed because defendants did not participate in them in good faith. *See, e.g.*, Dkt. No. 418 at 6 (commenting on both sides' conduct). As the Court previously ordered, DPPs are entitled to recover attorneys' fees for time

3

spent on briefing and argument associated with their motion to compel.

### B. Reasonable Attorneys' Fees

Having carefully reviewed the time records submitted by DPPs and the supporting declaration of counsel,[1] the Court finds that the claimed rates are consistent with the prevailing rates in this District for similar legal services. The Court also finds that the number of hours claimed by DPPs for this work is reasonable, and the time spent does not appear to be unnecessary, duplicative, or excessive.

#### 1. Hourly rate

DPPs seek fees for work performed by six attorneys, with hourly rates ranging from $1,050/hour for Matthew Borden, a senior partner, to $550/hour for Gayne Kalustian-Carrier, a junior associate. Dkt. No 422-1 ¶¶ 6-11. DPPs also seek fees for performed by two paralegals at a rate of $225/hour. *Id.* ¶ 12.

Defendants do not dispute that DPPs' counsel's hourly rates are reasonable. *See* Dkt. No. 428. And the record before the Court indicates that rates between $1,050/hour and $550/hour are in line with what other courts in this District have approved for "private plaintiffs' attorneys litigating complex civil cases in the San Francisco Bay Area." *Franchek v. Workrite Ergonomics, LLC*, No. 16-CV-02789-JSW (DMR), 2022 WL 3137928, at *4 (N.D. Cal. May 9, 2022) (collecting cases finding rates between $250/hour to $1,075/hour reasonable); *see also In re Glumetza Antitrust Litig.*, No. C 19-05822 WHA, 2022 WL 327707, at *8-9 (N.D. Cal. Feb. 3, 2022) (finding rates between $275/hour and $1,105/hour reasonable); *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2023 WL 2090981, at *17 (N.D. Cal. Feb. 17, 2023) (finding rates between $275/hour and $1,050/hour reasonable). Likewise, the $225/hour rate for paralegals is also in line with what other courts in this District have found reasonable. *See In re Glumetza Antitrust Litig.*, 2022 WL 327707, at *8 (finding rates between $150/hour and $350/hour reasonable for paralegals).

---

[1] The Court overrules defendants' objections to the declaration, as they principally concern objections to counsel's characterization of evidence and not the evidence itself. *See* Dkt. No. 428-1.

4

1   Accordingly, the Court finds that DPPs' claimed hourly rates are reasonable.

### 2. Number of hours expended

In support of their application, DPPs rely on a declaration of counsel attaching invoices for work performed on DPPs' behalf. Dkt. Nos. 422-1; 422-2 - 422-5. The invoices describe the tasks performed by date and by timekeeper, and specify the time spent on each task at the applicable hourly rate for that timekeeper. *Id.* DPPs claim a total of 117.5 hours for briefing and argument associated with their motion to compel, as follows:

| Task | Hours | Billed Amount |
|---|---|---|
| Motion to Compel | 69.4 | $37,778.00 |
| Opposition to Administrative Motion to Take Motion to Compel of the Calendar | 4.3 | $2,826.00 |
| Reply in Support of Motion to Compel | 29.8 | $19,990.00 |
| Hearing on Motion to Compel | 14.0 | $14,075.00 |
| Total: | 117.5 | $74,669.00 |

Dkt. No. 422 at 4-5, Tables 1-4.

A fee application must "identif[y] the general subject matter of [] time expenditures" to be sufficient. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting *Hensley*, 461 U.S. at 437 n.12). Billing records are inadequate when the court is "unable to discern how the time spent is attributable to the case at hand." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, MDL No. 7640, 2020 WL 5371404, at *7 (N.D. Cal. Sept. 8, 2020). A fee application under Rule 37(b)(2)(C) may include fees for work performed by paralegals. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 580-81 (2008); *id* at 582 (it is "self-evident . . . that the term 'attorney's fee' had historically included fees for paralegal services") (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989)).

Defendants argue that DPPs' billing records are inadequate to support a fee award because they include "vague" time entries and "block billing." The Court disagrees. When read in context, the time entries are reasonably specific. *See O'Bannon v. Nat'l Collegiate Athletic Ass'n*, No. C 09-3329 CW, 2016 WL 1255454, at *6 (N.D. Cal. Mar. 31, 2016) (rejecting vagueness challenge because, "considered in the context of the billing records as a whole, or the case record,

1   [the billing entries] contain[ed] sufficient information to assess their reasonableness."); *Adams v.*
2   *Compton Unified Sch. Dist.*, No. CV 14-04753 BRO (PJWx), 2015 WL 12748005, at *9 (C.D.
3   Cal. July 16, 2015) (rejecting vagueness challenge because basis for time entries was "clear from
4   the[ir] context"). Furthermore, while multiple tasks are listed in some of the entries, these entries
5   typically group only related tasks together. *See Wit v. United Behav. Health*, 578 F. Supp. 3d
6   1060, 1085 (N.D. Cal. 2022) (noting the difference between block billing and "describ[ing]
7   multiple steps of the same task"). Defendants specifically challenge only five entries in the
8   invoices on which DPPs rely, though they claim this selection is "not exhaustive." Dkt. No. 428 at
9   7. Those five entries do not support their charge that it is "impossible" to evaluate the
10  reasonableness of the hours claimed by DPPs. Some of the examples defendants cite are
11  excerpted portions of multi-part entries, which defendants have taken out of context. *See Id.* at 6.
12  When considered in context, the five entries reasonably describe the work performed. The Court
13  finds that DPPs have provided adequate documentation regarding the time expended on their
14  behalf.
15  Defendants do not challenge the hours claimed by DPPs on any other ground and point to
16  no other examples of purportedly improper billing. *See Moreno v. City of Sacramento*, 534 F.3d
17  1106, 1116 (9th Cir. 2008) ("If opposing counsel cannot come up with specific reasons for
18  reducing the fee request that the district court finds persuasive, it should normally grant the award
19  in full."). In particular, defendants offer no persuasive justification for the proposed 20% percent
20  reduction for improper billing practices. *See* Dkt. No. 428 at 7.
21  Nevertheless, the Court has conducted its own review of DPPs' counsel's time records.
22  *See Carson v. Billings Police Dep't*, 470 F.3d 889, 893 (9th Cir. 2006) ("The district court may not
23  'uncritically' accept the number of hours claimed by the prevailing party, even if actually spent on
24  the litigation, but must, in order to award fees based on them, find "that the time actually spent
25  was reasonably necessary."). While DPPs appear to have exercised billing judgment in reducing
26  the number of hours for which they seek a fee award, the total hours that DPPs claim for briefing
27  and argument on the motion (i.e. 117.5) exceeds what the Court ordinarily expects for a contested
28

United States District Court
Northern District of California

motion to compel discovery and for sanctions.[2] *See, e.g.*, *Netlist Inc. v. Samsung Elecs. Co.*, 341 F.R.D. 650, 678 (C.D. Cal. 2022) (approximately 90 hours, after reductions, for briefing and arguing failure to admit motion in contract dispute involving multinational corporation); *MILOedu, Inc. v. James*, No. 21-CV-09261 JST (RMI), 2022 WL 3648565, at *1–2 (N.D. Cal. Aug. 24, 2022) (65.6 hours for uncovering discovery misconduct and preparing Rule 11 sanctions motion); *Davis v. Elec. Arts Inc.*, No. 10-CV-03328-RS (DMR), 2018 WL 1609289, at *7 (N.D. Cal. Apr. 3, 2018) (awarding $25,000 on request for sanctions of $45,000 for preparation of multiple discovery letter briefs, motion for sanctions, and hearing in class action litigation); *Horowitz v. Yishun Chen*, No. CV 17-00432-AG (DFMx), 2018 WL 6498660, at *2 (C.D. Cal. Dec. 7, 2018) (54.6 hours for briefing and arguing a motion to retake deposition); *Hernandez v. Sessions*, No. EDCV 16-0620-JGB (KKx), 2018 WL 276687, at *3 (C.D. Cal. Jan. 3, 2018) (approximately 44.6 hours, after reductions, to prepare motion to compel discovery in complex civil rights class action). *But see Proofpoint, Inc. v. Vade Secure, Inc.*, No. 19-cv-04238-MMC (RMI), 2020 WL 7398791, at *4 (N.D. Cal. Dec. 17, 2020) (124.2 hours, after reductions, to prepare and argue multiple motions to enforce discovery orders regarding production of source code). Perhaps recognizing that their fee application is based on a claimed number of hours that exceeds expectations, DPPs suggest that the Court exclude the hours claimed for work performed by paralegals, as follows:

| Task | Hours (Attorney only) | Billed Amount |
|---|---:|---:|
| Motion to Compel | 45.2 | $32,735.00 |
| Opposition to Administrative Motion to Take Motion to Compel of the Calendar | 2.3 | $2,415.00 |
| Reply in Support of Motion to Compel | 19.8 | $18,040.00 |
| Hearing on Motion to Compel | 14.0 | $14,075.00 |
| Total: | 81.3 | $67,265.00 |

---

[2] The Court appreciates that some of the hours DPPs claim were incurred for an additional brief opposing defendants' request to take the hearing on the motion to compel off calendar. Dkt. No. 422 at 4.

Dkt. No. 422 at 4-5, Tables 1-4.

The Court adopts DPPs' suggestion, and concludes that DPPs may recover fees for 81.3 hours reasonably expended by the attorneys who performed work on their behalf. These hours fairly reflect the "difficulty and skill level of the work performed" by DPPs' counsel. *See Moreno*, 534 F.3d at 1115. Defendants offer no evidence to the contrary. *See id.* at 1116.

### 3. Lodestar adjustments

Once the lodestar has been calculated, it may be adjusted upward or downward to account for any relevant factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) that are not subsumed in the initial calculation of the lodestar.[3] *Chalmers*, 796 F.2d at 1212. "The Supreme Court has noted, however, that the *Kerr* factors are largely subsumed within the initial calculation of reasonable hours expended at a reasonable hourly rate, rather than the subsequent determination of whether to adjust the fee upward or downward." *Id*. (citing *Hensley*, 461 U.S. at 434 n.9).

Neither party requests a lodestar adjustment. While defendants do argue for a 20% reduction of the number of hours claimed as a remedy for DPPs' purported block billing, *see* Dkt. No. 428 at 7-8, the Court has already concluded that DPPs' counsel did not engage in any improper billing that would warrant such a reduction. Moreover, the Court has already adopted DPPs' suggestion to limit the hours claimed to those worked by attorneys, omitting hours worked by paralegals.

The Court discerns no other reasons to adjust the lodestar calculation described above.

---

[3] The twelve *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70.

### C. Expert Fees

Rule 37(b)(2)(C) provides for the reimbursement of "reasonable expenses" incurred as a result of the sanctioned party's misconduct. Fed. R. Civ. P. 37(b)(2)(C). As with attorneys' fees, the rule requires a causal connection between the misconduct and the expenses incurred. *See Goodyear Tire & Rubber Co.*, 581 U.S. at 107.

DPPs request reimbursement of $4,387.50 for expert fees incurred by Christopher Groves in preparing a declaration in support of DPPs' motion to compel. Dkt. No. 422-1 ¶¶ 25-27. This number reflects 8.125 hours of work performed by Mr. Groves at the rate of $540/hour. *See* Dkt. No. 422-1 ¶¶ 25-26, Ex. 5. Defendants do not object to the requested expert fees. *See* Dkt. No. 428.

Mr. Groves provided a declaration in support of DPPs' motion to compel identifying deficiencies in the defendants' productions of transactional data. Dkt. No. 422-1 ¶ 26; Dkt. No. 318-1. The declaration was intended to show discrepancies between the data produced by the defendants and defendants' claims about the completeness of their production, and so, shares the same causal link to the defendants' misconduct as the motion itself. *See* Dkt. No. 318-1. DPPs' fee application includes only a cursory discussion of Mr. Groves' qualifications as an expert, but his CV was filed as an exhibit to the declaration submitted in support of DPPs' motion to compel. Dkt. No. 422-1 ¶ 25; Dkt. No. 318-2. The CV, and Mr. Groves' declaration, reflect that he has over twenty-five years of experience in litigation consulting, including "database programming and analysis." Dkt. No. 318-1 ¶ 2; Dkt. No. 318-2. Given the nature of the parties' dispute, DPPs reliance on an expert declaration to support their motion to compel was not unreasonable.

As defendants do not contest the reasonableness of Mr. Groves' billing rate or the number of hours claimed for his work, the Court concludes that DPPs may recover expert fees in the amount of $4,387.50 as part of the sanctions award.

### IV. CONCLUSION

DPPs' application for attorneys' fees and expert fees is granted in part and denied in part as follows: Defendants must pay DPPs a total of $71,652.50, comprising an award of $67,265.00 in attorneys' fees, and $4,387.50 in expert fees. Payment must be made no later than 30 days from

9

the date of this order unless the parties stipulate to a different date.

**IT IS SO ORDERED**.

Dated: August 2, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge