UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RADIO CITY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CELESTRON ACQUISITION, LLC, et al.,<br><br>Defendants. | Case No.  5:20-cv-03642-EJD<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: ECF No. 474 |

Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), Defendants move for relief from Magistrate Judge DeMarchi's August 2, 2023 Order Granting in Part and Denying in Part DPPs' Application for Attorneys' Fees and Costs ("Fee Order") at ECF No. 467. *See* ECF No. 474. Defendants argue that the fees awarded are excessive and not supported by evidence. For the reasons discussed herein, Defendants' motion is DENIED.

A magistrate judge's non-dispositive pretrial order may be reversed if it "is clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "The standard for review of magistrate judge's non-dispositive ruling under Federal Rule of Civil Procedure 72(a) is highly deferential." *Magana-Munoz v. W. Coast Berry Farms, LLC*, No. 5:20-CV-02087-EJD, 2022 WL 6584545, at *2 (N.D. Cal. Sept. 29, 2022). "The reviewing court may not simply substitute its judgment for that of the deciding court," it must review the order for clear error. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "There is clear error only when the court is 'left with the definite and firm conviction that a mistake has been committed.'" *Zepeda v. Paypal, Inc.*, 2014 WL 4354386, at *3 (N.D. Cal. Sept. 2, 2014) (quoting

1  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

2      This motion arises from Judge DeMarchi's Fee Order granting in part Plaintiff's request to
3  compel discovery and for sanctions ("Motion") against Defendants pursuant to Fed. R. Civ. P.
4  37(b)(2)(C) as a result of Defendants' delayed and/or incomplete production of transactional data.
5  *See* ECF No. 318.  On August 2, Judge DeMarchi awarded $71,652.50 total in fees: $67,265.00 in
6  attorneys' fees and $4,387.50 in expert fees.  *See* Fee Order at 9.  Defendants object to Judge
7  DeMarchi's ruling as both clearly erroneous and contrary to law because: (i) expert fees for Mr.
8  Groves were improperly awarded; and (ii) attorneys' fees were awarded for duplicative work and
9  vague billing entries.  ECF No. 474 at 5–7.  Defendants seek to stay enforcement of the Fee Order
10 pending a decision on this motion and a $32,110.00 reduction of the award "to reflect an amount
11 that is supported by the evidence, and that are fair and reasonable under the circumstances." *Id.* at
12 8.  In reviewing the parties' moving papers, the Magistrate Judge's Order, and the record, the
13 Court finds that Defendants are not entitled to the relief they seek.

14     ***First***, Defendants argue that the Fee Order improperly relies on the expert opinion of
15 Christopher Groves.  Mot. at 5.  Groves submitted two declarations in support of Plaintiff's
16 Motion—Plaintiff sought fees as to only Groves' first declaration in which he identifies
17 deficiencies in Defendants' production of transactional data.  ECF Nos. 422-1 ¶¶ 26–27.
18 According to Defendants, the issue with relying on either declaration is that Plaintiff failed to
19 timely produce Groves for a deposition by Mach 23, 2023 pursuant to Judge DeMarchi's March
20 22, 2023 Order.  ECF No. 366.  Plaintiff's failure to comply with the expert deposition deadline
21 prevented Defendants from cross-examining Groves.  Mot. at 5.

22     As an initial matter, Defendants did not object to the inclusion of the requested expert fees
23 in their opposition.  Fee Order at 9; *see generally* ECF No. 428.  Because Defendants failed to
24 raise this argument before Judge DeMarchi it is waived.  Fed. R. Civ. P. 72(a) ("A party may not
25 assign as error a defect in the order not timely objected to."); *see Brook as Tr. of David N. II Tr. v.*
26 *McCormley*, 837 F. App'x 433, 438 (9th Cir. 2020) (finding that the district court properly

27 Case No.: 5:20-cv-03642-EJD
28 ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE

2

exercised its discretion in declining to address arguments that the moving party "failed to raise []
before the magistrate judge.").

Even so, in reviewing the hearing transcript, the record is clear that this issue was properly raised and considered by Judge DeMarchi.[1] *See* Ex. 1 ("4/4/2023 Hr'g Tr."), ECF No. 474-2 65:9–66:8; 69:4–12; 70:8–14.[2] Judge DeMarchi reviewed both of Groves' declarations and concluded that the Court would rely only on the Groves declaration submitted in support of Plaintiff's motion (the "First Declaration," ECF No. 318-1) and would *not* rely on the Groves declaration submitted in support of Plaintiff's reply (the "Second Declaration," ECF No. 345-1). 4/4/2023 Hr'g Tr. 66:2–3. Judge DeMarchi stated that she would not rely on the Second Declaration in part because it "was not very helpful" and based on concerns raised by Defendants. 4/4/2023 Hr'g Tr. 65:13–14; 66:2–3. While Judge DeMarchi expressed concern that Groves was not made available for deposition, she concluded that the Court could properly rely on his First Declaration because it consisted entirely of "factual observations about the state of the data that could have been available" and therefore no discovery was necessary. 4/4/2023 Hr'g Tr. 65: 14–21; 66:4–6. The parties were afforded the opportunity to respond to these initial thoughts at both the hearing and in supplementary briefing on the appropriate sanctions and apportionment. 4/4/2023 Hr'g Tr. 66:6–8; 71:23–25; 72:7–12; 78:12–16.

As discussed at the hearing, Judge DeMarchi's Order awarded fees solely based on Groves' First Declaration. Fee Order at 9. The Order found that the First Declaration shared the "same causal link to the defendants' misconduct as the motion itself" and that Groves' billing rate and the number of hours claimed for his work were reasonable. *Id.* Defendants did not object to the requested expert fees. *Id.* Defendants now contend that inclusion of these fees were clearly

---

[1] For clarification, the hearing occurred in April 2023 after Plaintiffs had moved for sanctions (i.e., attorneys' fees) but before the supplementary briefing to determine the amount of fees, which was filed in June 2023. *See* ECF Nos. 422, 428.

[2] The Court notes that the transcript filed at Exhibit 1 is incorrectly dated "March 4, 2023." Defendants' motion and the docket entry show that this hearing was held on April 4, 2023. *See* ECF No. 378.

Case No.: 5:20-cv-03642-EJD
ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE

3

erroneous and/or contrary to law. The Court disagrees. In reviewing the hearing and the Fee Order, this Court finds that Judge DeMarchi did not err in reaching her decision, nor have Defendants shown that it is contrary to law.

***Second***, Defendants argue that the Fee Order improperly awards fees for duplicative work and vague billing entries. Mot. at 5. According to Defendants, Plaintiff's time entries include "administrative tasks" such as time spent reviewing, conferencing, preparing, and/or researching and "vague descriptions" and were not supported by adequate evidence showing their reasonableness. *Id.* at 5–6. Accordingly, Defendants seek a 50% reduction of the fee award—from $71,652.50 to $39,542.50.[3]

As an initial matter, Defendants' argument that Plaintiff's request for request for 117 billed hours is "exorbitant" and "a figure that starkly surpasses the bounds of reasonability in prudence" is irrelevant and improperly raised before the Undersigned given the fact that Judge DeMarchi did not award fees for 117 hours. *Id.* at 6. The Fee Order found that:

> While DDPs appear to have exercised billing judgment in reducing the number of hours for which they seek a fee award, the total hours that DPPs claim for briefing and argument on the motion (i.e. 117) exceeds what the Court ordinarily expects for a contested motion to compel discovery and for sanctions.

Fee Order at 6–7. Judge DeMarchi therefore excluded work performed by paralegals and concluded that Plaintiff may recover fees for 81.3 hours reasonably expended. *Id.* at 8.

Turning to Defendants argument that Plaintiff's entries were vague or duplicative, the Fee Order found that "the time spent does not appear to be unnecessary, duplicative, or excessive." *Id.* at 4. Judge DeMarchi specifically considered five billing entries challenged by Defendants as vague or duplicative. *Id.* at 5–6. She found that these entries were adequately documented and reasonably described the work performed when viewed in context. *Id.* at 6. Defendants fail to identify any specific invoice that is unreasonably vague or unsupported by documentation such that they could not be properly evaluated, and this Court finds no error in Judge DeMarchi's

---

[3] Defendants request that the Court reduces the fee award by $32,110.00. Mot. at 8.

findings with respect to these five entries.[4] Indeed, Judge DeMarchi found that the time entries were "reasonably specific" in context and the Undersigned agrees. Mot. at 5.

In consideration of the foregoing, the Court finds that Judge DeMarchi's August 2, 2023 Order is not clearly erroneous nor contrary to law. Accordingly, the Court DENIES Defendants' request for a reduction of the fee award and DENIES Defendants' request to stay enforcement of the Fee Order as moot. Defendants shall pay $71,652.50 as sanctions to Plaintiff in accordance with the Fee Order within 30 days.

**IT IS SO ORDERED.**

Dated: August 22, 2023

EDWARD J. DAVILA
United States District Judge

---

[4] Defendants noted that these examples were "not exhaustive," but Judge DeMarchi did not find that any other entries were improperly billed for any of the reasons raised by Defendants, and neither does the Undersigned on review. *See* Fee Order at 6.

Case No.: 5:20-cv-03642-EJD
ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
5