UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE TELESCOPES ANTITRUST LITIGATION

Case No. 20-cv-03642-EJD (VKD)

**ORDER RE OCTOBER 4, 2023 DISCOVERY DISPUTE RE DEFENDANTS' PRIVILEGE LOG**

Re: Dkt. No. 516

Direct Purchaser Plaintiffs ("DPPs") and defendants ask the Court to resolve their dispute concerning defendants' recent privilege logs. Dkt. No. 516. The Court held a hearing on the matter on October 10, 2023. Dkt. No. 521.

DPPs principally focus on privilege log with 9,821 entries that defendants served on July 7, 2023 which defendants contend contains a significant number of non-responsive documents.[1] Dkt. No. 516 at 2. Defendants explain that this log has been superseded by privilege log with 651 entries that defendants served on August 17, 2023. *Id.* at 5-6. Defendants say that the August 17 log includes only responsive documents as to which defendants assert a claim of privilege or work product. *Id.*

For the reasons explained at the hearing, at this time the Court will not require defendants to share with DPPs how they distinguished responsive from non-responsive documents during defendants' review of documents hit by agreed search terms. However, given the difficulties

---

[1] The parties apparently disagree about the extent to which the July 7 privilege log encompasses non-responsive documents. *See* Dkt. No. 516 at 2-3. The details of that dispute are not addressed in the discovery dispute submission.

created by defendants' improper service of large privilege log that included both responsive and non-responsive documents, the Court directs the following further proceedings:

1. Defendants shall promptly provide DPPs a list of the documents that originally appeared on the July 7 privilege log but were subsequently excluded from the August 17 privilege log so that DPPs can discern which documents defendants now contend are non-responsive.

2. If DPPs reasonably believe that specific documents excluded from the August 17 privilege log are in fact <u>responsive and not privileged</u>, they shall identify those documents to defendants so that defendants can review and reconsider their position.

3. If disagreements remain, the parties shall confer, but only to the extent they disagree about whether a document is both responsive and not privileged. If a log entry reflects that a document is clearly non-responsive <u>or</u> clearly privileged, the parties should not waste resources debating such entries.

4. If, after conferring, the parties have disputes that require resolution by the Court, they may submit those disputes according to the following procedures:

    a. DPPs may select up to 10 documents (from the August 17 log and/or from those subsequently excluded from the August 17 log) for consideration;

    b. Defendants must submit copies of the selected documents to the Court for in camera review and must provide English translations for any non-English text that appears in the documents;

    c. The parties must brief[2] their disputes as to the selected documents in chart form on a document-by-document basis. To the extent they disagree about whether a particular document is responsive (in addition to whether it is privileged), DPPs must identify the document request(s) to which the document is responsive in their portion of the chart, and must reproduce or attach the text of the document request(s).

5. In their briefing, the parties shall advise the Court of the extent of the remaining

---

[2] The Court prefers to receive a joint submission that follows the word limits set out in the Court's standing order. However, if the parties believe they cannot adequately brief their disputes in that format, they may submit the matter as a regularly noticed motion with DPPs as the moving party.

disputes, if any, regarding defendants' July 7/August 17 privilege log—e.g., the number of entries that are disputed beyond the up to 10 selected documents.  Depending on the extent of the remaining disputes, the Court may require the parties to use (and pay for) the services of a special master to resolve them.

**IT IS SO ORDERED.**

Dated: October 10, 2023

_____
VIRGINIA K. DEMARCHI
United States Magistrate Judge