December 11, 2023

**VIA ECF**

Hon. Virginia K. DeMarchi
United States District Court, Northern District of California
San Jose Courthouse
Courtroom 2, 5th Floor
280 South 1st Street
San Jose, CA 95113

**RE: Joint Letter Brief re: Motion to Compel Defendants to Provide Deposition Dates for Previously Scheduled Witnesses; *In re Telescopes Antitrust Litig.*, Nos. 5:20-cv-03642-EJD (VKD) (N.D. Cal.), 5:20-cv-03639-EJD (VKD)**

Your Honor:

Direct Purchaser Plaintiffs ("DPPs") and Defendants Synta Technology Corp. ("Synta Taiwan"), Suzhou Synta Optical Technology Co., Ltd. ("Suzhou Synta"), Celestron Acquisition, LLC ("Celestron"), David Shen, Sylvia Shen, Jack Chen, Jean Shen, Nantong Schmidt Opto-Electrical Technology Co. Ltd., SW Technology Corporation ("SW"), Synta Canada International Enterprises Ltd., Olivon Manufacturing Group Ltd., Joe Lupica, Corey Lee, Dave Anderson, Laurence Huen, Olivon USA, and Pacific Telescope Corp. (collectively, "Defendants") respectfully submit this joint discovery letter brief.

**STATEMENT OF DISPUTE**

**DPPs' Statement:** Defendants unilaterally canceled multiple depositions of their own witnesses and have refused to provide new dates for more than two months despite multiple letters, emails and zoom meet and confers. The Court has ordered that Defendants cannot cancel any depositions without compelling justification. Defendants have provided none. At the same time, DPPs have promptly produced all their witnesses for Defendants to depose. The Court should order Defendants to provide dates for Sylvia Shen, Jack Chen, and Dave Anderson in December, dates for Joe Lupica in January, and subsequent dates for the remaining eight other deponents afterwards, as discussed below.

**Defendants' Statement:** Defendants have diligently endeavored to reschedule depositions, initially set by mutual agreement for September and October, which DPPs unilaterally cancelled, notwithstanding numerous negotiations and Court conferences. DPPs' refusal to disclose their unavailability has significantly impeded the rescheduling process. Additionally, unforeseen medical emergencies and the year-end holiday season has further complicated scheduling efforts. It's noteworthy that no formal scheduling order exists, and two DPPs have yet to fulfill document production obligations. Despite Defendants offering up several dates for two witnesses recently, DPPs simply refused to respond. Defendants will continue to provide dates as they become available. In short, DPPs' motion lacks substantive foundation.

**DPPS' POSITION**

The Court previously ordered that the parties follow a Court-approved deposition schedule they had jointly submitted unless both parties agreed to any changes in the schedule. (*See* Orders, ECF 491, 498; Parties' Prior Submissions, ECF 485, 494.) DPPs have worked diligently to complete depositions as initially scheduled. Defendants, however, have simply taken deposition dates off calendar with little or no reason and refused to provide new dates for now over two months. They have unilaterally cancelled the deposition of Dave Anderson five times already. They have not provided a date for his rescheduled deposition. Most recently, they unilaterally cancelled the depositions of Sylvia Shen and Jack Chen. On the dates they were supposedly unavailable to be deposed, Ms. Shen and Mr. Chen attended the deposition of Laurence Huen. As a result, Defendants will have taken each of the DPPs' class representative depositions by January 12, 2024, while simultaneously delaying the depositions of 14 of their own witnesses despite the Court's Order. Defendants' conduct is prejudicing DPPs.

DPPs' efforts to schedule these depositions have proceeded as follows:

1. On October 3, Defendants informed DPPs that they would provide new deposition dates for the following witnesses to avoid double-tracking depositions: (1) Michael Sun, (2) Lance Lucero, (3) Joseph Lupica, (4) Claudia Pearson and (5) Min Ma. On October 9, DPPs stated that they were amenable to Defendants' request to reschedule these five depositions, and DPPs further requested new deposition dates for the depositions of (6) Rick Ayres 30(b)(6), (7) Paul Roth 30(b)(6), (8) Amir Cannon 30(b)(6), and (9) Alan Hale 30(b)(6). Defendants have not provided new dates for any of these witnesses' depositions.[1]

2. On October 12, Defendants canceled the deposition of Dave Anderson, citing medical reasons. This came after Defendants unilaterally cancelled Mr. Anderson's depositions on January 18, March 6, May 11, and June 11, 2023. Defendants have not provided any new dates for Mr. Anderson's deposition.

3. On October 13, Defendants claimed that they were "struggling to make the late October/early Nov depos for Sylvia Shen, Jean Shen, Laurence Huen, and Jack Chen, due to witness conflicts that we did not anticipate." On October 18, Defendants told DPPs that Sylvia Shen's deposition "will not be able to go forward as scheduled because she will be accompanying Jack [Chen] to Taiwan

[1] Defendants fault DPPs for canceling certain of the depositions subject to this motion, but that argument misses the point. DPPs did not object initially to Defendants' October 3 request to reschedule certain depositions, particularly because DPPs' counsel were concluding a trial and in depositions in another matter. DPPs initially believed it would be possible to work with Defendants in good faith to reschedule certain October and November depositions—including depositions DPPs asked to reschedule—to accommodate all parties' availability. But it is now December 8—more than two months after both parties initially sought to reschedule the first of these depositions—and Defendants have not rescheduled any depositions. Instead, they have sought to use deposition scheduling as an opportunity to frustrate DPPs' discovery efforts and reset the deposition schedule on their terms, all while pressing on with their own discovery.

for medical testing, which may require surgery and result in both Jack and Sylvia being in Taiwan for 4-6 weeks." Although Laurence Huen's deposition finally took place on November 9-10, Defendants have continued to refuse to provide new deposition dates for (or an update on the status of) Sylvia Shen, Jack Chen and Jean Shen. They continue not to do so below. At the same time Ms. Shen and Mr. Chen attended Laurence Huen's deposition virtually. Defendants' failure to provide any dates for these key witnesses' depositions is all the more objectionable given that the Court previously ordered that their depositions were to take place in the Northern District of California on specified dates. (ECF 393, 491.)

4. Finally, On November 16, Defendants further stated that they were unilaterally cancelling the 30(b)(6) deposition of Corey Lee for unspecified reasons. Defendants have not provided any new dates for Mr. Lee.

DPPs have followed up with Defendants multiple times to reschedule these depositions via emails dated October 9, October 16, November 16, and November 20. DPPs also raised deposition scheduling on the parties' meet-and-confer calls on October 12, October 20, November 2, and November 21.

On November 20, DPPs asked Defendants to provide dates "for depositions for Ms. Shen, Mr. Chen and Mr. Anderson to occur before the end of the year," and requested dates for Mr. Lupica's deposition in January with the Rule 30(b)(6) depositions to begin two weeks after that, followed by the remaining depositions. On November 20, Defendants stated that they would provide new dates for these witnesses "by early to mid next week[.]" This delay has already prejudiced DPPs. Defendants never responded. DPPS then sent Defendants their half of this joint letter brief on November 28 and asked Defendants either to provide deposition dates or respond. Defendants did not do either. Finally, on December 4, 2023, Defendants offered dates during the holidays for two of the Rule 30(b)(6) witnesses (Messrs. Roth and Hale) that DPPs are going to depose after taking the depositions of fact witnesses Sylvia Shen, Jack Chen, Dave Anderson, Joe Lupica and the remaining witnesses. Defendants again refused to offer any dates for Ms. Shen and Messrs. Chen, Anderson and Lupica, or any of the other eight witnesses for whom they had been promising to provide dates for over two months.

DPPs requested the depositions in this order for a reason. Judge Davila set a deadline of May 20, 2024 for DPPs' class certification motion. DPPs require Defendants' Rule 30(b)(6) testimony well in advance of that deadline to provide information to their experts. And Defendants require fact deposition testimony from several witnesses prior to Rule 30(b)(6) deposition testimony. This ordering will also promote efficiency, as DPPs may choose not to take the depositions of certain witnesses depending on the testimony of the initial witnesses they have requested.

Defendants offer no real justification below for continuing to withhold deposition dates beyond the assertion that scheduling depositions is difficult and that they "intend to propose dates for the outstanding depositions within a realistic and manageable timeframe." That might have been a reasonable response in October, but not two months later. Additionally, Defendants'

late-breaking request that DPPs provide their own availability for depositions is a red herring. DPPs have informed Defendants several times that the most logical way to proceed is for Defendants to provide their own witnesses' availability, after which DPPs will confirm dates. Moreover, DPPs' request that Defendants provide three dates for each witness obviates Defendants' request. As should be evident in this letter brief, DPPs stand ready to take the depositions of these witnesses in the timeframes set forth above and will make themselves available.

While Defendants have refused to produce their witnesses, they have continued to take broad-based discovery of DPPs. By January 12, Defendants will have deposed each of the three DPPs while simultaneously withholding Defendants' own key witnesses from deposition. Rather than prepare and produce their own witnesses for deposition in compliance with the Court's order regarding party witness depositions, Defendants have focused their energy on engaging in overly-broad discovery of third parties.

DPPs object to the self-help measures Defendants have employed to reset the deposition schedule in this action and request that the Court (1) order Defendants to provide three new dates in December for the depositions of Sylvia Shen, Jack Chen, and Dave Anderson, (2) provide three new dates in January for Mr. Lupica's deposition, (3) provide three new dates in February for each of the remaining 10 witnesses listed above within three days of the Court's order on this motion, (4) reiterate its prior Orders that no deposition of a party witness may be cancelled unilaterally by counsel for that party, and (5) order that Defendants must provide new proposed dates for any deposition both parties agree to reschedule within three days of the parties' agreement to reschedule the deposition.

## DEFENDANTS' POSITION

DPPs' overall characterization of this purported dispute not only distorts the facts as memorialized in prior status reports and hearings before this Court, but also overlooks Defendants' diligent efforts made to navigate the scheduling challenges they have faced, especially when the DPPs have unilaterally canceled 10 depositions on their own accord. Moreover, asserting an equivalence between the testimonies of three DPP witnesses and the exhaustive, hundreds of hours of deposition already given by dozens of Defendants' witnesses, along with the impending depositions of fourteen more, is not merely untenable but starkly disproportionate and fundamentally flawed.

DPPs' portrayal of the deposition scheduling process is a stark misrepresentation. Contrary to their claims, Defendants have consistently informed the DPPs of the scheduling difficulties encountered. Despite these efforts, DPPs have sought Court intervention on matters that this Court has expressly advised against micromanaging.

### DPPs' Unilateral Cancellations of Depositions

DPPs have unilaterally cancelled numerous depositions, creating significant scheduling challenges for the Defendants. These cancellations, detailed below, demonstrate a pattern of inconsistency in DPPs' approach:

- Laurence Huen - October 6, 9, and 10[2] - Cancelled by DPPs on August 23, 2023
- Jack Chen - October 12, 13, and 16[3] - Cancelled by DPPs on August 23, 2023
- Syliva Shen - October 19, 20, and 23[4] - Cancelled by DPPs on August 23, 2023
- Rick Ayres 30(b)(6) November 1-2[5] - Cancelled by the DPPs on October 9, 2023[6]
- Paul Roth 30(b)(6) – November 3[7] – Cancelled by the DPPs on October 9, 2023
- Amir Cannon 30(b)(6) – November 3[8] – Cancelled by DPPs on October 9, 2023
- Alan Hale 30(b)6(6) – November 9[9] – Cancelled by DPPs on October 9, 2023
- Anne Barton – November 30 - Cancelled by the DPPs on November 20, 2023
- Victor Aniceto – December 1 - Cancelled by DPPs on November 20, 2023
- Ben Hauk – December 5-6[10] – Cancelled by DPPs on November 20, 2023

The above depositions were cancelled unilaterally by the DPPs without conferring with Defendants beforehand.

In response to DPPs' unilateral cancellation of four previously-scheduled depositions on October 9, 2023, Defendants responded on October 13, 2023 with the following:

> As it turns out, we too are struggling with some scheduling conflicts, including a trial in early Nov that was supposed to move and didn't. We are also struggling to make the late October/early Nov depos for Sylvia Shen, Jean Shen, Laurence Huen, and Jack Chen, due to witness conflicts that we did not anticipate. So we need to provide you new dates for these four witnesses. In light of that, would you prefer to keep the Ayres, Cannon, and Roth depos on those same dates on calendar, or for us to provide new dates for all these witnesses? Either way, what dates are you available in December, January, and February, so that we can make rescheduling as efficient as possible?

In response, DPPs responded on October 16 with: "The Court has ordered that Defendants cannot unilaterally cancel depositions like this."

---

[2] ECF 475

[3] ECF 475

[4] ECF 475

[5] ECF 485

[6] In response to DPPs' claim that DPP's requested to reschedule these four depositions, Defendants deny such a claim, and cite to DPPs own email, which specifically stated:

> "[s]everal attorneys from DPPs' side are starting a trial this week. In light of the trial schedule and impacted calendars of DPPs' other attorneys, we ask that Defendants also provide new dates for the following depositions: Rick Ayres 30b6 (currently scheduled for 11/1 and 11/2), Paul Roth 30b6 (currently scheduled for 11/3), Amir Cannon 30b6 (currently scheduled for 11/3), and Alan 30b6 (currently scheduled for 11/9)."

[7] ECF 485

[8] ECF 485

[9] ECF 485

[10] ECF 485

Notwithstanding the fact that Defendants have sat for hundreds of hours of deposition testimony, Defendants on October 17 offered the following:

> [I]n light of the concerns regarding travel, the witnesses' current scheduling conflicts (including childcare obligations), as well as counsel's availability, we are willing to offer the following as our final good faith proposal:

1. We will offer Sylvia Shen and Laurence Huen for remote depositions on their currently scheduled dates (Sylvia on November 6-8 and Laurence on November 9-10); and
2. We can offer Jean Shen and Jack Chen for remote depositions on December 19-22.

This suggestion was quickly shot down.

It should be noted that DPPs agreed to the rescheduling of the depositions of Jean Shen in exchange for a two-week discovery response extension, and also agreed to the rescheduling of the depositions of Michael Sun, Lance Lucero, Joe Lupica, Claudia Pearson and Min Ma at DPPs' request to avoid "double tracking" per DPPs' own request.

The DPPs' portrayal of the deposition scheduling process is a distortion of the actual events. While it is true that Defendants have agreed to reschedule certain depositions, the DPPs' narrative overlooks the factors that necessitated the need for rescheduling, including the settlement of the IPP litigation, which fundamentally changed the landscape of everything, including the locations of the depositions and the overall schedule.

**Good Faith Efforts To Reschedule Depositions**

Defendants have faced significant logical challenges in coordinating the schedules of numerous witnesses, many of whom had faced unforeseen medical issues. Defendants' efforts to reschedule have been in good faith, and have attempted to accommodate all parties involved. In response to Defendants' attempts to reschedule and address scheduling conflicts, the DPPs have consistently been uncooperative. Their refusal to provide available dates and insistence on rigid scheduling disregard the practical and unforeseen challenges in coordinating numerous witness schedules.

For example, Defendants provided December 19 for the Rule 30(b)(6) deposition of Alan Hale and either December 20 and 21 for the Rule 30(b)6) deposition of Paul Roth. However, DPPs have refused to *even* respond to the proposed deposition dates. Rather, they demanded Defendants submit their insert into their letter brief by the end of the day on December 6, or unilaterally file it with the Court.

DPPs further fail to acknowledge the legitimate reasons for the cancellations. For instance, the repeated rescheduling of Dave Anderson's deposition has been due to medical reasons, including surgery, a factor beyond Defendants' control. Similar unforeseen circumstances

influenced the cancellations of Syliva Shen and Jack Chen's depositions, which Defendants relayed to DPPs on several meet-and-confer conferences.

As to DPPs' claim regarding Ms. Shen and Mr. Chen attending another deposition virtually while being unavailable is misleading. Virtual attendance has certain flexibility that is not available for Ms. Shen and Mr. Chen whose depositions have been requested to be taken in person. Ms. Shen and Mr. Chen, however, have been in Taiwan for certain ongoing personal and family medical procedures, and DPPs have not expressed any sort of willingness to travel to Taiwan (and Defendants are not insisting on such an accommodation). Moreover, virtual attendance of a deposition does not equate to the ability for either Mr. Chen or Ms. Shen to fully participate in a deposition, especially when medical issues are at play.

In response to DPPs' complaints regarding third-party subpoenas, Defendants' approach to discovery has been comprehensive and is not limited to third parties. Defendants continue to await two of the three DPP document productions and other written discovery.

DPPs' equating the deposition of DPPs' three witnesses to the extensive deposition process undergone by numerous Defendants' witnesses, many of whom have already completed their testimonies, is an untenable and unreasonable comparison. DPPs' insistence on pushing through with Defendants' depositions, while failing to acknowledge the complexities and genuine challenges faced, shows a one-sided approach to this process that is supposed to be collaborative and cooperative. Despite the challenges, Defendants remain committed to rescheduling the depositions, and will continue to provide dates as they become available.

The rigid schedule proposed by the DPPs is nonsensical and fails to take into account the dynamic nature of the witnesses, counsel, and other unforeseen factors. Defendants intend to propose dates for the outstanding depositions within a realistic and manageable timeframe. Defendants request that DPPs provide any dates of unavailability in order for Defendants to work around their schedule.

## REQUEST FOR HEARING

**DPPs' Position**: DPPs do not believe a hearing is necessary unless requested by the Court.

**Defendants' Position**: Defendants do not believe a hearing is necessary unless requested by the Court.

## DISCOVERY CUT-OFF DATES

No discovery cut-off dates have been set in this case.

**MEET AND CONFER ATTESTATION**

I attest that the parties complied with the Court's requirement to meet and confer. Garrett Biedermann, counsel for DPPs, conferred with Shauna Izadi, counsel for Defendants, but the parties were unable to reach agreement.

Dated: December 11, 2023

*/s/ Matthew Borden*

Matthew Borden
BraunHagey & Borden LLP

*Counsel for Direct Purchaser Plaintiffs*

Dated: December 11, 2023

*/s/ Christopher Frost*

Christopher Frost
Frost LLP (frostllp.com)

*Counsel for Defendants*

**FILING ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Matthew Borden, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 11, 2023

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: /s/ *Matthew Borden*
Matthew Borden

*Counsel for Direct Purchaser Plaintiffs*