UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 20-cv-03642-EJD   (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE DEFENDANTS' PRIVILEGE CLAIMS DURING COREY LEE AND ALAN HALE DEPOSITIONS**<br><br>Re: Dkt. No. 514 |

Direct Purchaser Plaintiffs ("DPPs") challenge defense counsel's instructions not to answer certain questions posed to defendant Celestron's CEO, Corey Lee, and Celestron's former chairman, Alan Hale, during the witnesses' recent depositions. Dkt. No. 514 at 1. Defendants maintain that DPPs' questions sought privileged or work product information.[1]  *Id.*   The Court finds this matter suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

**1.   Questions to Mr. Lee**

The Court has reviewed the excerpts of the Lee deposition transcript submitted with the joint discovery dispute letter. Defense counsel instructed Mr. Lee not to answer three questions:

1. Whether Mr. Lee "discuss[ed] this case with Mr. Shen" when they spoke a week or two before Mr. Lee's deposition. Lee dep., 8/14/23, 64:5-23.

2. Whether "Celestron is not claiming that by executing the settlement agreement with Orion, that [Celestron] withdrew from any kind of conspiracy." Lee dep., 8/14/23,

---

[1] Defendants also argued that DPPs failed to confer before filing the joint discovery dispute letter. Dkt. No. 514 at 1.  The Court ordered the parties to confer and submit a report on the status of their dispute. Dkt. No. 515.  The parties reported they made no progress towards resolution of their dispute after conferring. Dkt. No. 524.

107:16-19.

  3. Whether "Celestron has not done anything affirmative to withdraw from any conspiracy with any of the other defendants in this case." Lee dep., 8/14/23, 109:5-8.

None of the questions posed by DPPs' counsel to Mr. Lee necessarily requires the disclosure of privileged or work product information, and so defense counsel should not have instructed the witness not to answer. With respect to all three questions, defense counsel may have feared that Mr. Lee would volunteer privileged or work product information in the course of answering, but that fear does not justify an instruction not to answer. A simple reminder that the witness should avoid answering in a manner that discloses communications with or advice of counsel usually suffices. Further, with respect to the first question, whether Mr. Lee and Mr. Shen "discussed the case" does not call for the disclosure of privileged or work product information, regardless of whether Mr. Lee and Mr. Shen are co-defendants, as it does not require the witness to reveal any privileged communications or disclose any of counsel's work product. Whether follow-up questions might implicate privilege or work product protections is not before the Court. With respect to the second and third questions, defense counsel appears to have been concerned that Mr. Lee might be misled into adopting the suggested premise of these questions—i.e., that there existed a conspiracy to be withdrawn from—but here, the proper course is to object to the form of the question so that DPPs' counsel might have an opportunity to rephrase to avoid the have-you-stopped-beating-your-dog implication of answering the question.[2]

  **2.** **Questions to Mr. Hale**

The Court has reviewed the excerpts of the Hale deposition transcript submitted with the joint discovery dispute letter. It is not entirely clear where the dispute between the parties lies. DPPs' counsel asked Mr. Hale: "You don't recall discussing the fact that one of your competitors had asserted antitrust claims against Celestron?" Hale dep., 8/18/23, 434:14-16. The question does not specify who the other party to the discussion might be. Defense counsel objected to the

---

[2] DPPs' counsel's remarks during the colloquy surrounding defense counsel's instructions not to answer indicate that the questions might be rephrased to make them easier to answer. *See, e.g.*, Lee dep., 8/14/23, 108:16-19.

2

1  question and instructed Mr. Hale that he "can exclude from that answer any communications you
2  had with counsel." Hale dep., 8/18/23, 434:17-435:8.

3      DPPs apparently wish to know whether and when Mr. Hale learned of Orion's antitrust
4  claims against Celestron. Defendants take the position that *if* Mr. Hale learned of the antitrust
5  claims from counsel, answering the question would necessarily disclose the "substance" of a
6  communication with defense counsel. The attorney-client privilege extends to a client's
7  confidential disclosures to an attorney in order to obtain legal advice, as well as an attorney's
8  advice in response to such disclosures. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009)
9  (citations and quotations omitted). However, it protects communications, not facts. *Upjohn Co. v.*
10 *United States*, 449 U.S. 383, 395 (1981). Similarly, the attorney work product doctrine protects
11 from discovery materials that are prepared by or for a party or its representative in anticipation of
12 litigation. Fed. R. Civ. P. 26(b)(3). *Hickman v. Taylor*, 329 U.S. 495, 508-10 (1947); *Upjohn*, 449
13 U.S. at 390-91. But it also does not protect facts from disclosure unless disclosure of those facts
14 would inherently reveal an attorney's strategies or mental impressions. *See, e.g.*, *O'Toole v. City*
15 *of Antioch*, No. 11 CV 01502 PJH MEJ, 2015 WL 1848134, at *3 (N.D. Cal. Apr. 14, 2015);
16 *Hamilton v. RadioShack Corp.*, No. C 11-00888 LB, 2012 WL 2327191, at *4-5 (N.D. Cal. June
17 18, 2012).

18     The question DPPs' counsel posed to Mr. Hale does not necessarily require the disclosure
19 of privileged or work product information, and so defense counsel should not have instructed the
20 witness to answer the question in any manner other than truthfully. While it is not entirely clear
21 what defense counsel meant by advising Mr. Hale to "exclude from [his] answer any
22 communications [he] had with counsel," if Mr. Hale learned of Orion's antitrust claims against
23 Celestron from a communication with counsel—a question he was *not* expressly asked—the mere
24 fact of his learning that information from such a source is not necessarily privileged or work
25 product information. While the underlying communication with counsel (email, phone call, text
26 message, etc.) may well be protected from disclosure and could not be inquired into, Mr. Hale may
27 not refuse to answer a factual question about when he learned of Orion's antitrust claims against
28

*United States District Court*
*Northern District of California*

Celestron.[3]

### 3. Disputed documents

During the deposition of Mr. Lee, defense counsel objected to DPPs' counsel's examination of Mr. Lee about an April 20, 2020 email addressed to him, on the ground that the email was privileged and had been inadvertently produced. *See* Lee dep., 8/14/23, 132:21-133:22. During the deposition of Mr. Hale, defense counsel objected to DPPs' counsel's examination of Mr. Hale about a February 24, 2016 email sent by him, also on the ground that the email was privileged and had been inadvertently produced. *See* Hale dep., 8/18/23, 505:14-507:3.

To the extent the parties disagree about whether these documents are protected by the attorney-client privilege or the work product doctrine and were inadvertently produced, the Court cannot tell whether the documents are within the scope of the Court's prior order directing the parties regarding how to handle disputes about items on defendants' privilege logs. *See* Dkt. No. 523. If the disputed documents are within the scope of the prior order, the Court expects the parties to proceed in accordance with that order. If the disputed documents are not within the scope of the prior order, the parties must confer further regarding their dispute and, if they continue to disagree, must submit a separate discovery dispute letter seeking resolution.

\*\*\*

DPPs may take further deposition testimony of Mr. Lee and Mr. Hale, if they choose, to obtain answers to the questions the witnesses were instructed not to answer, or rephrased versions of the questions, consistent with the Court's order above. The further depositions shall be conducted via Zoom by **January 31, 2024**, unless the parties agree otherwise. However, if DPPs ultimately decide that they do not really need answers to these questions, DPPs shall promptly advise defendants.

---

[3] As a general matter, counsel should avoid asking fact questions framed in the context of discussions the witness may have had with counsel, particularly where the information can be obtained by rephrasing the question in a manner that does not require the witness and/or counsel to navigate the sometimes difficult line between disclosing the high level subject matter of a privileged communication (as in a privilege log) and disclosing the substance of the privileged communication itself.

**IT IS SO ORDERED.**

Dated: December 18, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge