UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 20-cv-03642-EJD (VKD)<br><br>**ORDER RE DECEMBER 11, 2023 DISCOVERY DISPUTE RE DEPOSITION SCHEDULING**<br><br>Re: Dkt. No. 543 |

Although a schedule for the depositions of party witnesses was set and ordered by the Court in August and September 2023 (*see* Dkt. Nos. 491, 498), the parties have cast aside substantial parts of that schedule. Now each accuses the other of unilaterally cancelling depositions and then failing to cooperate in rescheduling them. *See* Dkt. No. 543 at 1.

The Court understands that the following depositions of defendants' witnesses need to be rescheduled:

1. Sylvia Shen
2. Jack Chen
3. Dave Anderson
4. Joseph Lupica
5. Jean Shen
6. Min Ma
7. Michael Sun
8. Lance Lucero
9. Claudia Pearson
10. Rick Ayres (Rule 30(b)(6))
11. Paul Roth (Rule 30(b)(6))
12. Amir Cannon (Rule 30(b)(6))
13. Alan Hale (Rule 30(b)(6))
14. Corey Lee (Rule 30(b)(6))

//

//

The parties shall schedule and complete these depositions as follows:

1. No party may cancel party depositions that have already been scheduled as of the date of this order, absent a written stipulation or order of the Court, including the previously scheduled depositions of DPPs' witnesses.

2. In view of the deadline for DPPs to file a motion for class certification (*see* Dkt. No. 537), **all of the above-referenced depositions must be completed by March 15, 2024**.

3. Defendants must identify at least **three alternative dates** on which **each witness** is available for deposition. Defendants shall avoid identifying dates that would require double-tracking of depositions. In the case of a witness who, by prior agreement of the parties, will sit for multiple days of deposition, defendants must provide at least **three alternative sets of dates** on which the witness is available for deposition, with each set having the agreed number of deposition days. **Defendants must avoid proposing dates that fall disproportionately in late February or early March 2024**.

4. If a witness is unable to travel a substantial distance for an in-person deposition due to age, medical condition or disability, the witness may be deposed in person at a suitable physical location near where the witness presently resides *or* by Zoom (or other video conferencing technology), *at the deposing party's election*. If there is a *genuine* dispute about a witness's inability to travel, counsel for the witness must provide documentation (such as a note from the witness's treating physician) to opposing counsel supporting the claimed inability to travel upon request *without delay*.

5. Defendants must provide to DPPs proposed dates for the depositions of each witness listed above, and must advise of the witness's inability to travel, if any, **no later than December 29, 2023**.

6. DPPs shall advise defendants of the dates they have selected to take each witness's deposition no later than **January 3, 2024.**[1]

---

[1] DPPs may not insist on any particular order of depositions. Rather, the order of depositions shall be guided by witness availability and efficiency. The Court is not persuaded that the fact that DPPs' class certification motion is due to be filed by May 20, 2024 supports DPPs' request that the depositions proceed in a particular order. The prior court order setting the deposition schedule

7. The parties shall confer regarding any disputes that remain no later than **January 5, 2024**.

8. The parties shall file a joint report advising the Court of their agreed schedule for the foregoing depositions and of any remaining scheduling issues that require the Court's resolution by **January 9, 2024**.

**IT IS SO ORDERED.**

Dated: December 20, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

did not require individual witness depositions before Rule 30(b)(6) depositions. *See* Dkt. No. 491; Dkt. No. 485 at 5.

3