J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
Ellen V. Leonida, Esq. (SBN: 184194)
  leonida@braunhagey.com
Ronald J. Fisher, Esq. (SBN: 298660)
  fisher@braunhagey.com
Andrew Levine, Esq. (SBN: 278246)
  levine@braunhagey.com
Ellis E. Herington, Esq. (SBN: 343085)
  herington@braunhagey.com
Yekaterina Kushnir, Esq. (SBN: 350843)
  kushnir@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

Garrett Biedermann, Esq. (*pro hac vice*)
  biedermann@braunhagey.com
Eric Schlabs, Esq. (*pro hac vice*)
  schlabs@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W. 22nd St., 12th Floor
New York, NY 10011
Telephone:  (646) 829-9403
Fax:  (646) 403-4089

ATTORNEYS FOR DIRECT PURCHASER PLAINTIFFS

Christopher L. Frost (SBN 200336)
John Maatta (SBN 83683)
Joshua S. Stambaugh (SBN 233834)
FROST LLP
10960 Wilshire Boulevard, Suite 1260
Los Angeles, California 90024
Telephone: (424) 254-0441
chris@frostllp.com
john@frostllp.com
josh@frostllp.com

SHAUNA A. IZADI (admitted *pro hac vice*)
sizadi@izadilegal.com
IZADI LEGAL GROUP, PLLC
13155 Noel Rd, Suite 900
Dallas, Texas 75240

ATTORNEYS FOR DEFENDANTS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 5:20-cv-03639-EJD |
| This Document Relates to: | Case No. 5:20-cv-03642-EJD |
| AURORA ASTRO PRODUCTS LLC, PIONEER CYCLING & FITNESS, LLP, JASON STEELE, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CELESTRON ACQUISITION, LLC, SUZHOU SYNTA OPTICAL TECHNOLOGY CO., LTD., SYNTA CANADA INT'L ENTERPRISES LTD., SW TECHNOLOGY CORP., OLIVON | **JOINT REPORT RE: DEPOSITION SCHEDULING PURSUANT TO DECEMBER 20, 2023 ORDER [DKT. 548]** |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | MANUFACTURING CO. LTD., OLIVON USA, LLC, NANTONG SCHMIDT OPTO-ELECTRICAL TECHNOLOGY CO. LTD., NINGBO SUNNY ELECTRONIC CO., LTD., PACIFIC TELESCOPE CORP., COREY LEE, DAVID SHEN, SYLVIA SHEN, JACK CHEN, JEAN SHEN, JOSEPH LUPICA, DAVE ANDERSON, LAURENCE HUEN, and DOES 1-50,<br><br>                  Defendants. |

The undersigned parties respectfully submit this joint report in accordance with the Court's December 20, 2023 Order, which requires the parties to "advis[e] the Court of their agreed schedule for the foregoing depositions and of any remaining scheduling issues that require the Court's resolution by **January 9, 2024**." (Dkt. 548 (emphasis in original)).

**DIRECT PURCHASER PLAINTIFFS' DEPOSITION SCHEDULE**

The following schedule reflects the parties' agreement for the 14 depositions subject to the Court's December 20, 2023 Order, and the 30(b)(6) deposition of Pioneer Cycle.

| Witness | Deposition Date(s) |
|---|---|
| Rick Ayres 30(b)(6) | January 3, 2024 |
| Claudia Pearson | January 9, 2024 |
| Pioneer Cycle 30(b)(6) | January 12, 2024 |
| Amir Cannon 30(b)(6) | January 22, 2024 |
| Lance Lucero | January 26, 2024 |
| Alan Hale 30(b)(6)[1] | January 29, 2024 |
| Paul Roth 30(b)(6) | January 29, 2024 |
| Jean Shen | February 8, 9, 2024 |
| Corey Lee 30(b)(6) | February 12, 2024 |
| Dave Anderson | February 19, 20, 2024 |
| Joseph Lupica | February 26, 27, 2024 |
| Min Ma | February 29, 2024 |
| Sylvia Shen | March 4, 5, 7, 2024 |
| Michael Sun (individual and 30(b)(6)) | March 6, 8, 11, 12, 13, 2024 |
| Jack Chen | March 13, 14, 15, 2024 |

DPPs understand that the differences between the two parties' schedules includes Defendants' deletion of the Pioneer Cycle 30(b)(6) deposition and disagreement with the overlap of dates on March 13, 2024 for the depositions of Michael Sun and Jack Chen.

Defendants raised for the first time in their section of this joint report that they are unilaterally cancelling the 30(b)(6) deposition of Plaintiff Pioneer Cycling & Fitness LLP, which is scheduled for January 12, 2024 and has been scheduled since September 2023. Under the Court's December 20, 2023 Order, "[n]o party may cancel party depositions that have already been scheduled as of the date of this order, absent a written stipulation or order of the Court, *including*

---

[1] The parties have agreed to schedule the further deposition of Mr. Hale in his individual capacity on the same day as his 30(b)(6) deposition, pursuant to the Court's Order at Dkt. 547.

*the previously scheduled depositions of DPPs' witnesses*." (Dkt. 548 (emphasis added).) DPPs have not stipulated to move the deposition and Defendants have not requested that it be cancelled. Defendants also provide no reason for unilaterally cancelling the Pioneer Cycle deposition other than that DPPs purportedly produced a smaller amount of documents than Defendants had anticipated. Defendants have not identified a single issue with DPPs' document production up to this point or in their report, nor have they identified any documents they contend are missing from DPPs' production. Defendants should not be permitted to unilaterally cancel the deposition at the eleventh hour, after the witness arranged to travel to San Francisco and take off work. The witness is currently scheduled to fly in tomorrow evening. DPPs respectfully request that the Court order Defendants to proceed with the 30(b)(6) deposition, as scheduled and ordered, on January 12, 2024, or forfeit the ability to take this deposition, which they do not need anyway.

As for the March 13, 2024 date for the depositions of Michael Sun and Jack Chen, DPPs understand that Defendants are objecting to the overlap in dates due to "logistical" challenges but have not explained what those challenges are and have not provided new proposed dates. The only reasonable way to schedule the depositions with minimal overlap on the dates Defendants provided for Sylvia Shen and Jack Chen (*e.g.*, any three dates between March 4-15) and Michael Sun (March 5, 6, 7, 8 & 11 – March 7, 8, 11, 12 &13 – or March 11-15) is to schedule the depositions as DPPs have proposed above. Indeed, DPPs provided the dates to Defendants to consider after Defendants requested new dates. DPPs respectfully request that the Court order to proceed with the above dates, as scheduled.

**DEFENDANTS' DEPOSITION SCHEDULE**

The following deposition schedule is an accurate record of the dates offered by the Defendants, which was confirmed by the Plaintiffs via email, which differs than the one proffered by the DPPs above, and to which Defendants object to.[2]

---

[2] Despite this Court's Order requiring the parties to meet and confer regarding any disputes, DPPs refused. Defendants sent multiple correspondence to DPPs requesting to confer on the outstanding depositions and other discovery issues, which DPPs refused. One example:

| WITNESS | AVAILABLE DATES | DPP CONFIRMED DATES | DISPUTE |
|---|---|---|---|
| Rick Ayres 30(b)(6) | Jan. 3, 4 or 5 | January 3 | |
| Claudia Pearson | Jan. 8, 9 or 12 | January 9 | |
| Alan Hale 30(b)(6) and Paul Roth 30(b)(6) (being offered on same day) | Jan. 5, 15 or 29 | January 29 | |
| Amir Cannon 30(b)(6) | Jan. 18, 19, or 22 | January 22 | |
| Lance Lucero | Jan. 25, 26 or 30 | January 26 | |
| Jean Shen – *Remote* | Feb. 2&5, 6-7 or 8-9 | February 8-9 | |
| Dave Anderson | Feb. 12-13, 14-15 or 19-20 | February 19-20 | |
| Corey Lee 30(b)(6) | Feb. 12-13, 14-15 or 19-20 | February 12-13 | |
| Joe Lupica | Feb. 19-20, 21-22 or 26-27 | February 26-27 | |
| Min Ma | Feb. 27, 28 or 29 | February 29 | |
| Jack Chen and Sylvia Shen | March 4-15 (any three days for each witness within that range) | | Defendants object to the DPPs' scheduling of the three depositions on March 13, which will cause logistical challenges due to their location.  Defendants counsel cannot be in two locations on March 13 |
| Michael Sun (individual and 30(b)(6))  - *Hong Kong* | March 5, 6, 7, 8 & 11 – March 7, 8, 11, 12 &13 – or March 11-15<br><br>At 5 p.m. PST/ 9 a.m. Hong Kong | | Defendants object to the DPPs' scheduling of the three depositions on March 13, which will cause logistical challenges due to their location.  Defendants counsel cannot be in |

Garrett – Thank you.  As you know, we are required to meet and confer by no later than tomorrow regarding the deposition schedule per Judge DeMarchi's Order.  My availability is as follows:
- Today after 5:30 CST
- Tomorrow  between 11-12:30 CST,
- Tomorrow after 2:30 p.m.

Please confirm your availability for one of these time slots as soon as possible to ensure compliance with the Court Order.

| | | | two locations on March 13. |
|---|---|---|---|

Pursuant to the Court's December 20, 2023 Order (ECF 548), the parties were instructed to reschedule and complete fourteen depositions before March 15, 2024. In full compliance with this Order, Defendants submitted a schedule of deponents with three alternative dates for each of the witness based on their availability and number of days slotted for each witness, which is set forth above.

Due to the logistical challenges posed by multi-day depositions, there were not enough days in the calendar to propose three alternative possibilities for each witness without including overlapping days. Despite the tight scheduling constraints, Defendants proposed three alternative dates for each witness. This was achieved by confirming that Defendants were not insisting or suggesting overlapping depositions. Rather, Defendants' approach was to provide DPPs the flexibility to select the most convenient dates, given the logistical impossibility of non-overlapping alternatives for all the fourteen witnesses.

Defendants immediately brought up the dispute relating to the March 13 overlapping date, which was ignored by DPPs. DPPs refused to engage in a meet-and-confer despite multiple requests to confer. Defendants and their counsel are unable to be in two locations on the same date.

Defendants are also rescheduling the Rule 30(b)(6) deposition of Pioneer Cycle due to its intentionally delayed document production (and refusal to certify completion thereof), with only 938 documents being produced on January 3, 2024, despite their involvement in the case since April 2023, and Defendants repeated demands for responsive documents in advance of the scheduled deposition. Defendants will confer with DPPs in coordinating a new date for the deposition. DPPs' last-minute refusal to agree to the rescheduling of the Pioneer Cycle deposition is disingenuous, and violates the parties' previous meet-and-confers wherein Defendants made it clear that the deposition would be postponed if Pioneer did not timely produce documents, which they did not. During the December 21, 2023 meet-and-confer, Defendants counsel specifically advised DPPs that if documents were not produced well in advance of the January 12 deposition date, we would need to

postpone it. DPPs counsel, Garrett Biedermann, said he understood, and said he still could not provide us with a date certain of when the documents would be produced. As pointed out by the DPPs, the deposition was scheduled in September based on the good faith belief that DPPs would fulfill their discovery obligations and produce documents in a timely manner. Yet, they have not. Rather, they dumped documents on Defendants after the New Year holiday – **more than four months** after their serving their discovery responses. DPPs complain that they were blindsided by Defendants' request to postpone the deposition. However, had DPPs conferred with Defendants, this issue along with the other deposition and discovery issues could have been discussed.[3]

Defendants request that the Court deny DPPs' request that the January 12 deposition move forward, and allow the parties to reschedule the deposition after Defendants had time to review the documents, and obtain certification of document production completion.

**REMAINING ISSUES**

**A.     Direct Purchaser Plaintiffs' Position**

DPPs seek further assistance from the Court on two issues. First, DPPs need to schedule three outstanding depositions of Defendants' 30(b)(6) witnesses, which DPPs previously noticed for December 2023, but which Defendants unilaterally took off calendar and now refuse to provide dates for: the 30(b)(6) depositions of Jean Shen, Laurence Huen, and Sylvia Shen. Second, Defendants have designated multiple 30(b)(6) witnesses on the same topics and have not explained why. Having more than one designee on the same topic will result in the very problems that Rule 30(b)(6) was designed to prevent because there will be no single witness responsible for answering questions.

---

[3] The parties have a standing weekly meet-and-confer on Thursdays to discuss ongoing discovery issues. Prior to its commencement on January 4, Defendants' counsel requested that it be postponed for 1 hour, or at a later time on January 4, or the following day on January 5. Nine minutes before the start of the meet-and-confer, counsel for DPPs stated they were not available that afternoon to meet and confer, which Defendants understood they were also not available to meet at the scheduled time. Despite multiple follows up on availability to confer on the deposition schedule, along with other discovery issues, DPPs refused, and claimed that Defendants' cancelled it outright

**The three 30(b)(6) witnesses**. The Court has issued multiple Orders directing Defendants to agree on deposition scheduling. (Dkts. 440, 463, 477, 491, 548.) The Court's latest deposition scheduling Order, entered on December 20, 2023, directed Defendants to provide dates for their witnesses by January 3, 2024. (Dkt. 548 at 1, 3.) While the 30(b)(6) depositions of Jean Shen, Laurence Huen, and Sylvia Shen are not specifically listed in the December 20, 2023 Order (*see* Dkt. 548 at 1 (listing 14 depositions of Defendants' witnesses to be rescheduled)), they are part of the Court's August 2023 Order, which governed the original deposition schedule for most of Defendants' witnesses. (*See* Dkt. 491 (ordering Defendants' depositions to go forward on dates identified in deposition schedule at Dkt. 485, p. 5).) These three 30(b)(6) depositions were originally scheduled for December 7-8, 11-12 and 14-15, 2023, respectively. (Dkt. 485 at 5.) Defendants, however, unilaterally cancelled these depositions in the midst of the parties' meet and confers regarding the rescheduling of other depositions and the parties' submission of their December 11, 2023 letter brief on this issue. (Dkt. 543.)

DPPs have asked Defendants to provide dates for the remaining witnesses on multiple occasions so that the parties can come to a final agreement on the deposition schedule, and have all depositions concluded by March 15, 2024, as the Court ordered. (Dkt. 548 ("In view of the deadline for DPPs to file a motion for class certification (*see* Dkt. 537), **all of the above-referenced depositions must be completed by March 15, 2024.**") (emphasis in original).) DPPs requested dates on January 2, 3, 5, and 8, 2024, but Defendants refused to provide them, taking the position that because these witnesses were not specifically named in the Court's December 20, 2023 Order, Defendants have no obligation to provide dates. At the same time, Defendants *did* provide dates for the 30(b)(6) deposition of Michael Sun even though it was not listed in the Court's Order, and some dates for the individual and 30(b)(6) depositions of Ben Hauck after DPPs asked for dates, even though these depositions were also not listed in the Court's December 20, 2023 Order.

Accordingly, DPPs request that the Court order Sylvia Shen to appear for deposition in her representative capacity on February 5 and 6, 2024, that Laurence Huen be ordered to appear for his

Rule 30(b)(6) on February 8 and 9, 2024, and that Jean Shen be ordered to appear for her Rule 30(b)(6) deposition on the same dates as her deposition in her personal capacity.

**The duplicative 30(b)(6) witnesses**. Defendants designated multiple witnesses to testify on the same deposition topics for Defendant Celestron Acquisition, LLC. Specifically, Defendants have designated Corey Lee and Amir Cannon for Topic No. 2 on Celestron's sourcing and purchasing of telescopes, Amir Cannon and Ben Hauck for Topic No. 8 on Celestron's setting of payment and credit terms, and Corey Lee and Rick Ayres for Topic No. 19 on Celestron's document and ESI preservation efforts. When DPPs asked Defendants to redesignate one witness per topic or otherwise explain why they needed multiple witnesses for the same topic, Defendants refused. While Rule 30(b)(6) allows for multiple witnesses to testify on multiple topics, it does not allow Defendants to designate multiple witnesses for the same topic. DPPs respectfully request that Defendants be ordered to re-designate their witnesses on Topic Nos. 2, 8, and 19 and to provide the identities of their new designees by Friday, January 12, 2024.[4]

DPPs respectfully respond to the points raised by Defendants as follows:

**Further Deposition of Corey Lee**. The Court compelled Messrs. Lee and Hale sit for additional depositions to respond to certain questions posed by DPPs in their first depositions that they improperly refused to answer. (Dkt. 547.) The Court also ordered the parties to meet and confer regarding the documents Defendants clawed back at the depositions on the grounds of "privilege." DPPs have asked Defendants if they would withdraw their assertion of privilege over the documents at issue, and Defendants have thus far refused to answer. DPPs believe that it would be inefficient to schedule the 1-hour deposition of Mr. Lee before the privilege issue is resolved. The dates proposed by Defendants therefore, of January 16, 17 or 18, 2024 will not work for DPPs unless Defendants agree to remove their privilege objection and re-produce the documents to Defendants, which they have not agreed to do.

**Deposition of Ben Hauck**. The Court's December 20, 2023 Order requires that Defendants "identify at least **three alternative dates** on which **each witness** is available for deposition" and if

---

[4] DPPs deposed Rick Ayres in his 30(b)(6) capacity on Topic No. 19 on January 3, 2024. It is DPPs' position that Defendants can no longer re-designate a witness for this topic.

a witness "will sit for multiple days of deposition, defendants must provide at least **three alternative <u>sets</u>** of dates on which the witness is available, with each set having the agreed number of deposition days." (Dkt. 548 (emphasis in original).)  Ben Hauck is being deposed in his individual and 30(b)(6) capacity. DPPs therefore asked Defendants to provide three alternative sets of dates for the two days that he will be deposed. Defendants have only provided January 16, 17, and 18, 2024 as proposed dates, which currently overlap with the exact dates they have provided for Mr. Lee's deposition. Defendants should provide three alternative sets of dates, as ordered by the Court.

### B. Defendants' Position

Defendants object to DPPs' purported "remaining issues" on the grounds that DPPs should not only be required to confer with the Defendants on these issues, but also DPPs should address them pursuant to the Court's discovery dispute resolution procedure set forth in her Standing Orders, not as a joint status report specifically relating to the scheduling of depositions in ECF 548.

**Three 30(b)(6) Witnesses:** The three 30(b)(6) witnesses[5] that DPPs demand were not included in their letter brief or the Court's Order.  As Defendants explained to DPPs via email, Defendants prioritized the fourteen depositions outlined in the Court's Order and the DPPs' letter brief.  Efforts are underway to secure dates for the Rule 30(b)(6) depositions of Jean Shen, Syliva Shen and Laurence Huen.  Defendants object to DPPs unilateral dictation of deposition dates.

**Rule 30(b)(6) Deposition Designations**:   Defendants objected and designated witnesses to DPPs' broad Rule 30(b)(6) topics on August 9, 2023. DPPs brought this issue up for the first time on January 8, 2024 via email after already deposing Rick Ayres for four (4) hours on Topic 19. DPPs' deposition topics are so broad, which require Defendants to designate multiple witnesses on the topics. Rule 30b6 allows an entity to designate "one or more officers, directors or managing agents or other persons who consent to testify on its behalf.   The rule "clearly permits the corporation to designate different people. *In re Vitamins Antitrust Litig.,* 216 F.R.D. 168, 172 (D.D.C. 2003) (corporation is obligated to produce one or more Rule 30(b)(6) witnesses who are thoroughly educated about the noticed deposition topics and facts known to the corporation or its

---

[5] DPPs insisted on at least two occasions, including January 8, 2024, that Defendants produce Jack Chen as a Rule 30(b)(6) witness even though he has not been designated.

JOINT REPORT RE: DEPOSITION SCHEDULING PURSUANT TO DEC. 20, 2023 ORDER [DKT. 548]

counsel). Defendants timely designated their witnesses to the topics without any timely objections by the DPPs. DPPs have waived any objection to Defendants' designations.

**Other Depositions Offered:** Pursuant to ECF 547 and DPPs' request, Defendants also offered the 1-hour deposition of Mr. Corey Lee to take place January 16, 17 or 18. DPPs refuse to respond or engage in a meaningful conference to discuss. Defendants also offered the individual and 30(b)(6) deposition of Ben Hauck on January 16, 17, or 18, and Defendants refuse to provide a response claiming, for the first time on January 9, 2024 at 6:16 p.m. that Defendants are required to provide three alternative dates for *each deposition.* Ben Hauck was not subject to the December 20, 2023 Court Order. The Court's Discovery Plan states: "In the event that any percipient witness who has received a deposition notice is likely to be designated as a Rule 30(b)(6) representative, or in the event that any Rule 30(b)(6) designee is likely to be deposed as a percipient witness, the parties will use reasonable efforts to coordinate so as to avoid multiple depositions of the same witness." (ECF 169 at ¶ E(4).

Given the constraints of the current schedule and the limited number of business days available, it is impractical to offer six alternative dates for the deposition of Ben Hauck. Consequently, Defendants respectfully urge the Court to direct the DPPs to select from the proposed dates, thereby preventing further delays and addressing their complaints about the Defendants being the sources of postponements.

Dated: January 9, 2024

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:   */s/ Matthew Borden*
     Matthew Borden

*Attorneys for Direct Purchaser Plaintiffs*

FROST LLP

By: /s/ Christopher L. Frost
Christopher L. Frost

*Attorneys for Defendants*

**ATTESTATION**

Counsel for Direct Purchaser Plaintiffs hereby attests by his signature below that concurrence in the filing of this document was obtained from counsel for Defendants.

Dated: January 9, 2024

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: /s/ Matthew Borden
Matthew Borden

*Attorneys for Direct Purchaser Plaintiffs*