UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 20-cv-03642-EJD (VKD)<br><br>**ORDER RE JANUARY 30, 2024 DISCOVERY DISPUTE RE PIONEER DOCUMENTS PRODUCTION AND RULE 30(B)(6) DEPOSITION**<br><br>Re: Dkt. No. 567 |

The Court has reviewed the parties' joint submission regarding whether and to what extent plaintiff Pioneer Cycling & Fitness LLP ("Pioneer") failed to produce relevant documents sufficiently in advance of January 12, 2024 to permit defense counsel a reasonable amount of time to prepare for Pioneer's Rule 30(b)(6) deposition on that date. Dkt. No. 567.

The parties do not dispute that Pioneer produced 938 documents, comprising approximately 4,000 pages on January 3, 2024—nine days before the scheduled deposition. *See id.* at 2, 6. The parties also do not dispute that Pioneer made three boxes of paper sales receipts available for inspection by defendants on January 10, 2024—two days before the scheduled deposition. *See id.* at 3, 6-7. Despite the timing of this production, in the parties' January 10, 2024 joint report, DPPs argued that defendants should be ordered to proceed with Pioneer's Rule 30(b)(6) deposition on January 12, 2024 as scheduled. Dkt. No. 553 at 2. Defendants objected. *Id.* at 7.

The Court set a schedule for the disputed depositions addressed in the parties' joint report and ordered Pioneer's Rule 30(b)(6) deposition to proceed as scheduled on January 12, 2024. Dkt. No. 555. However, the Court also ordered that "[i]f plaintiff did not produce all responsive documents relevant to the noticed topics [for the Rule 30(b)(6) deposition] sufficiently in advance of the date of that deposition to permit defendants a reasonable time to prepare for it, the Court

1  will permit defendants to take a further Rule 30(b)(6) deposition of Pioneer Cycling addressing
2  any late-produced documents and information." *Id.* at 2.

3  In their current joint submission, the parties do not address whether any of the documents
4  Pioneer produced on January 3, 2024 or made available on January 10, 2024 are related to the
5  topics noticed for Pioneer's deposition. Assuming the documents produced on January 3, 2024
6  are related to the noticed topics, the Court is persuaded that the timing of Pioneer's production did
7  not allow sufficient time for defendants to review the production and prepare for the deposition.
8  With respect to the three boxes of paper sales receipts DPPs counsel made available for inspection
9  on January 10, 2024, the Court questions whether defendants really need to review this material,
10 much less take a deposition about it. However, defendants should have been afforded an
11 opportunity to inspect the material in advance of the scheduled deposition so that they could make
12 an informed decision about whether to question the witness about any of that material. DPPs'
13 disclosure of the material two days before the scheduled deposition made this impossible.

14 Accordingly, DPPs shall make Pioneer's witness available for a further Rule 30(b)(6)
15 deposition by defendants before March 15, 2024. By **February 9, 2024**, DPPs shall identify at
16 least three alternative dates on which the witness is available for this further deposition. DPPs
17 shall avoid identifying dates that would require double-tracking of depositions already scheduled.
18 DPPs shall reimburse defendants for any costs (not attorneys' fees) defendants incur for this
19 further deposition that defendants would not have incurred if they could have completed the
20 deposition as scheduled on January 12, 2024.

21 The Court hereby lifts the stay on briefing regarding defendants' motion for contempt and
22 sanctions (Dkt. No. 562). Defendants may re-notice their motion for hearing. However, the Court
23 seriously doubts that this incident warrants a finding of contempt, an award of sanctions, or any
24 other relief beyond what the Court has just ordered.

25 **IT IS SO ORDERED.**

26 Dated: February 6, 2024

VIRGINIA K. DEMARCHI
United States Magistrate Judge