UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 20-cv-03642-EJD (VKD)<br><br>**ORDER RE DECEMBER 13, 2023 DISCOVERY DISPUTE RE DEFENDANTS' INTERROGATORIES TO DPPS**<br><br>Re: Dkt. No. 545 |

The parties ask the Court to resolve a dispute about the number of interrogatories DPPs should be required to answer. Dkt. No. 545. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

Rule 33 of the Federal Rules of Civil Procedure provides: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories including all discrete subparts." Fed. R. Civ. P. 33(a).[1] A responding party must serve written answers and objections, if any, within 30 days. Fed. R. Civ. P. 33(b)(2). Any objections must be stated with specificity, and each interrogatory (to the extent not objected to) must be answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3)-(4). Here, as permitted by Rule 33, the number of interrogatories was set by a court order entered May 11, 2021, upon stipulation of the parties. *See* Dkt. No. 169. The order states in relevant part:

---

[1] Although the rule does not define "discrete subparts," the prevailing view is that interrogatory subparts should be counted as one interrogatory "'if they are logically or factually subsumed within and necessarily related to the primary question.'" *Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293, 294 (N.D. Cal. 2016) (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)) (summarizing cases).

> Defendants collectively may . . . serve up to 50 interrogatories on DPPs. For the purposes of tracking how many interrogatories each party has served, a single interrogatory that is served on a single party (i.e., Celestron) will count as one interrogatory. A single interrogatory that is served on two or more parties (i.e., Celestron and SW Technology) will also count as one interrogatory.

*Id.*, sec. C, paras. 3, 4. No stipulation or court order modifying this provision appears on the docket.

At the time of the May 11, 2021 order, DPPs' operative complaint identified two named plaintiffs, Radio City, Inc. and Spectrum Scientifics LLC. *See* Dkt. No. 54. Spectrum Scientifics voluntarily dismissed its individual claims in June 2021 (Dkt. No. 172), and Radio City has since been disqualified as a class representative (Dkt. No. 486 at 16, 21-22). Recently, DPPs named three new plaintiffs in their fourth amended complaint: Aurora Astro Products LLC, Pioneer Cycling & Fitness, LLP, and Jason Steele. Dkt. No. 495.

While the parties agree that defendants may take discovery of the three new named plaintiffs, in August 2023, defendants served over 150 interrogatories on these plaintiffs without seeking leave of court.[2] DPPs objected to the number of interrogatories, and the parties conferred in an effort to resolve DPPs' objections. Dkt. No. 545 at 2. Defendants say that the parties agreed on October 20, 2023 that DPPs would answer a total of 75 interrogatories directed to the new named plaintiffs. *Id.* at 2. Thereafter, defendants identified the specific interrogatories to be answered in an email dated October 31, 2023, quoted in the joint submission. *Id.* at 3. DPPs say that defendants simply ignored their objections to the number of interrogatories, so they just selected 50 from among the interrogatories defendants initially served on the new named plaintiffs and answered those interrogatories. *Id.* at 5, 8. DPPs do not specifically address defendants' claim that the parties agreed that DPPs would respond to 75 interrogatories and that defendants would identify which interrogatories should be answered, as reflected in the October 31, 2023 email.

---

[2] Defendants say they served 171 interrogatories; DPPs say defendants served 156 interrogatories. *See* Dkt. No. 545 at 2, 5.

Now, the parties disagree about whether DPPs should have to answer the 75 interrogatories defendants identified in their October 31, 2023 email, or whether DPPs need only respond to 50 interrogatories of their own selection. The parties' joint submission is not helpful in resolving this dispute. Defendants do not explain what information they seek to discover or why the interrogatory limit set in the May 11, 2021 order is insufficient. Instead, they complain about DPPs' delay in producing *documents* and about the general inadequacy of the interrogatory answers DPPs have provided so far. Similarly, DPPs complain about defendants' initial service of too many interrogatories and about defendants' questioning of witnesses in *depositions*.

According to a strict application of the May 11, 2021 order, defendants collectively are permitted to serve only 50 unique interrogatories on DPPs. *See* Dkt. No. 169, sec. C, paras. 3, 4. The Court would have enforced this order, absent defendants' showing of good cause to expand the number of permitted interrogatories, had the parties not reached an agreement extending the interrogatory limit from 50 to 75 for the new named plaintiffs. The Court has repeatedly encouraged the parties to resolve their discovery disputes without the Court's intervention, and the Court credits defendants' representations that the parties in fact reached an agreement that DPPs would answer 75 interrogatories selected by defendants. The Court will enforce that agreement.

Accordingly, the Court orders as follows: DPPs must respond to the 75 interrogatories identified in defendants' October 31, 2023 email, quoted at page 3 of Dkt. No. 545. DPPs' responses must fully comply with Rule 33, including Rule 33(d). DPPs' responses must be served no later than **February 23, 2024**.

**IT IS SO ORDERED.**

Dated: February 7, 2024

VIRGINIA K. DEMARCHI
United States Magistrate Judge