UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 20-cv-03639-EJD  (VKD)<br>Case No. 20-cv-03642-EJD  (VKD)<br><br>Re: Case No. 20-cv-3639<br>Dkt. Nos. 304, 305, 321<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED;**<br>**GRANTING ADMINISTRATIVE MOTION TO SEAL** |

Indirect Purchaser Plaintiffs ("IPPs") and Direct Purchaser Plaintiffs ("DPPs") (collectively, "Plaintiffs") move to compel the production of certain documents that Defendants claim are protected from disclosure. *See* Dkt. No. 305.[1] Specifically, Plaintiffs argue that Defendants should be required to produce (1) communications that Plaintiffs contend were shared with third parties and (2) attachments to attorney-client communications that Plaintiffs contend are not privileged. *Id.* at 2. The Court finds this motion suitable for resolution without oral argument. Civil L.R. 7-1(b).

For the reasons explained below, the Court denies the motion to compel.[2]

---

[1] Although the motion is made on behalf of both IPPs and DPPs, it was filed only in the IPP action, Case No. 20-cv-03639, and does not appear on the docket for the DPP action, Case No. 20-cv-03642. Unless otherwise noted, this order refers only to filing in the IPP action, Case No. 20-cv-3639. The IPP action is currently stayed. *See* Dkt. No. 386.

[2] Defendants also ask the Court to seal portions of Plaintiffs' motion to compel (Dkt. No. 304-3) and several attached exhibits (Dkt. Nos. 304-4 through 304-13). *See* Dkt. No. 304 (Plaintiffs' administrative motion to consider whether another party's material should be sealed); Dkt. No.

## I. BACKGROUND

On November 29, 2022, the Court issued an order addressing Plaintiffs' challenges to Defendants' then-current privilege logs. *See* Dkt. No. 297. As relevant to this motion, the Court directed Plaintiffs to "first select no more than 20 entries from each of the two disputed privilege log categories (i.e., Third Party Communications and Attachments) for a total of no more than 40 entries from among those entries previously identified as within these disputed categories," and to communicate their selections to Defendants. *Id.* at 9. The Court then directed Defendants to "submit for in camera review the documents corresponding to the disputed entries at the time they file their opposition to the motion" if they opposed Plaintiffs' motion as to any of the selected entries. *Id*. at 10.

Plaintiffs identified 37 representative privilege log entries in December 2022, and filed a motion to compel their production on March 1, 2023. Dkt. No. 305. Defendants opposed the motion on March 23, 2023, but did not submit the representative documents for in camera review until April 28, 2023, after prompting by the Court. *See* Dkt. Nos. 322, 332, 333. After further prompting, Defendants submitted a log that clearly identifies the 37 documents in dispute. *See* Dkt. Nos. 353, 363.

## II. LEGAL STANDARD

No party contends that the documents at issue are relevant only to claims or defenses arising under state law. Therefore, federal law governs Defendants' assertions of privilege.

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). The privilege extends to a client's confidential disclosures to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such

---

321 (Defendants' statement respecting Plaintiffs' motion). Plaintiffs do not oppose the sealing of this information. *See* Dkt. No. 304. The portions of the motion to compel and exhibits at issue are "unrelated, or only tangentially related, to the underlying cause of action" and the Court finds good cause to seal them. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Accordingly, the Court orders that the materials identified in Plaintiffs' motion (Dkt. No. 304) be sealed.

2

1 disclosures. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citations and quotations
2 omitted). "Because it impedes full and free discovery of the truth, the attorney-client privilege is
3 strictly construed." *Id.* (citations and quotations omitted). In the Ninth Circuit, whether
4 information is protected by the attorney-client privilege is determined using an eight-part test:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Sanmina*, 968 F.3d at 1116. Where a communication has more than one purpose, it may be protected as privileged if the primary purpose of the communication is to give or receive legal advice, as opposed to business or some other non-legal advice. *In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021) (describing and adopting the "primary purpose" test for dual-purpose communications).

The attorney work product doctrine protects from discovery materials that are prepared by or for a party or its representative in anticipation of litigation. Fed. R. Civ. P. 26(b)(3). The doctrine provides qualified protection against discovery of the legal strategies and mental impressions of a party's counsel. *Hickman v. Taylor*, 329 U.S. 495, 508-10 (1947); *Upjohn Co. v. United States*, 449 U.S. 383, 390-91 (1981). It does not protect facts from disclosure unless disclosure of those facts would inherently reveal an attorney's strategies or mental impressions. *See, e.g.*, *O'Toole v. City of Antioch*, No. 11-cv-01502 PJH MEJ, 2015 WL 1848134, at *3 (N.D. Cal. Apr. 14, 2015); *Hamilton v. RadioShack Corp.*, No. 11-cv-00888 LB, 2012 WL 2327191, at *4-5 (N.D. Cal. June 18, 2012).

A party claiming that a document or information is privileged or protected from disclosure has the burden to establish that the privilege or protection applies. *See United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002). In particular, a party asserting privilege or work product protection must "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*,

3

1  408 F.3d 1142, 1148 (9th Cir. 2005). The Ninth Circuit has held a party meets its burden by
2  providing a privilege log that identifies "(a) the attorney and client involved, (b) the nature of the
3  document, (c) all persons or entities shown on the document to have received or sent the
4  document, (d) all persons or entities known to have been furnished the document or informed of
5  its substance, and (e) the date the document was generated, prepared, or dated." *In re Grand Jury*
6  *Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (citing *Dole v. Milonas*, 889 F.2d 885, 888 n.3
7  (9th Cir. 1989)). However, a party may substantiate a claim of privilege by other means. *See*
8  *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015) ("Briefs, declarations or
9  other proof may establish the purpose of the communication or the specific role of the sender and
10 each individual recipient.").

## III. DISCUSSION

The parties have made this dispute extraordinarily difficult to resolve. Plaintiffs challenge Defendants' privilege claims by category; they do not refer to specific documents or their corresponding privilege log entries, *see* Dkt. No. 305-1, while Defendants label and refer to the documents at issue in a manner that does not correspond to Plaintiffs' briefing or supporting exhibits, *see* Dkt. No. 322; Dkt. No. 322-2.

Plaintiffs contend that Defendants have logged as privileged both (1) documents that appear to have been disclosed to third parties outside the attorney-client relationship and (2) documents that are not privileged, but are merely appended to privileged communications. The Court considers each argument.

### A. Third Party Communication

Plaintiffs argue that Defendants have improperly withheld from production documents that include communications with third parties who are either "outside financial consultants" or Defendants' "family members." Dkt. No. 305. They do not identify the specific documents in question or their corresponding privilege log entries, leaving the Court to guess at which of the 37 documents are subject to this challenge. *See* Dkt. No. 305-1.[3] Defendants respond that the "third

---

[3] Plaintiffs claim to rely on a declaration of Alejandra Salinas, an attorney for IPPs, but no such declaration appears on the docket. *See* Dkt. No. 322 at 4, n.2.

4

1   parties" are in fact either (1) employees or representatives of Defendants who facilitated the
2   communications in question or assisted counsel in providing legal advice to Defendants, or (2)
3   consultants whose advice was required to assist counsel in providing legal advice to Defendants.
4   Dkt. No. 322 at 4, 9.  Defendants do not support their assertions with declarations, even though the
5   Court specifically invited such support.  *See* Dkt. No. 297 at 10.  In their brief reply, Plaintiffs do
6   not engage with any of the specific information Defendants point to in support of their privilege
7   claims, but respond only at a high level of generality.  *See* Dkt. No. 323.
8          Ordinarily, a voluntary disclosure of privileged material to a third party destroys the
9   privilege.  *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1126-27 (9th Cir. 2012).  However, there
10  are exceptions, such as when a third party's participation is necessary to facilitate effective
11  communication between attorney and client, or when the third party is assisting the attorney in
12  providing legal advice to the client.  *See, e.g.*, *In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-
13  WHO, 2015 WL 7566741, at *4 (N.D. Cal. Nov. 25, 2015) (collecting authority).
14         The Court has reviewed the relevant documents in camera.  While some of the documents
15  contain text that is in untranslated Chinese, the Court has relied on the English text in those
16  documents for context.  In addition, the Court has considered Defendants' privilege log entries and
17  briefing about the specific documents.  The explanations contained in Defendants' briefing
18  regarding the so-called "third party communications" are adequate to support Defendants' claim
19  that the challenged communications are protected from disclosure by the attorney-client privilege
20  and/or the work product doctrine, and that the protection is not destroyed by the unnecessary
21  presence of a third party outside the attorney-client relationship.  *See* Dkt. No. 322 at 9-17.  As
22  Plaintiffs did not mount a document-or entry-specific challenge to Defendants' privilege or work
23  product claims, Plaintiffs' arguments are insufficient to undermine Defendants' assertions.
24         **B.**    **Non-Privileged Attachments**
25         Plaintiffs devote only a few lines of their motion to the argument that Defendants have
26  withheld non-privileged documents from production merely because the documents are attached to
27  a privileged communication.  *See* Dkt. No. 305 at 7.  Plaintiffs do not even identify the privilege
28  log entries that they challenge on this ground.  Defendants acknowledge that a document is not

privileged merely because it was sent to an attorney. Dkt. No. 322 at 17. However, Defendants explain for each document at issue why the attachment is itself protected from disclosure by the attorney-client privilege or work product doctrine. *See id*. at 17-19. Plaintiffs do not respond specifically to these explanations.

Having reviewed the documents identified by Defendants in camera, together with Defendants' privilege log entries and document-specific briefing, the Court concludes that Defendants have provided adequate support for their claim that the challenged communications are protected from disclosure by the attorney-client privilege and/or the work product doctrine. Plaintiffs' arguments fall short.

## IV.  CONCLUSION

The Court denies Plaintiffs' motion to compel production of the documents corresponding to the 37 privilege log entries the identified in the briefing as "third party communications" or "non-privileged attachments." As Plaintiffs have not made a persuasive showing that Defendants have improperly logged documents falling within these two categories, the Court sees no need to order further proceedings. *See* Dkt. No. 297 at 10.

**IT IS SO ORDERED.**

Dated: February 13, 2024

VIRGINIA K. DEMARCHI
United States Magistrate Judge