UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 20-cv-03642-EJD   (VKD)<br><br>**ORDER RE FEBRUARY 13 & 15, 2024 DISCOVERY DISPUTES** |

The parties filed five discovery dispute letters in the space of three days. Dkt. Nos. 570, 571, 572, 573, 575. These letters reflect that the parties made little or no effort to resolve most of these disputes on their own before asking the Court to decide them. This unreasonable and unprofessional behavior must stop.

The Court disposes of these disputes as follows:

**1.     Dkt. No. 570 – Defendants' second set of document requests**

This dispute concerns 39 document requests (Requests Nos. 64-102) that defendants served on each of the named plaintiffs. Dkt. No. 570 at 2. Defendants say all of these requests seek documents "critical to assessing [ ] class certification and the allegations made by the DPPs." *Id.* DPPs respond that all of the requests are "generalized and overbroad," and have refused to search for or produce any responsive records. *Id.* at 5. DPPs claim that defendants did not confer about this dispute; defendants insist they conferred with DPPs on two occasions. *Id.* at 5 n.1, 7.

Many of defendants' requests do not describe the documents they seek with reasonable particularity, but rather seek all "all documents relating to . . ." an entire claim or defense, or an element of a claim or defense and/or seek discovery that is disproportionate to the needs of the

case. *See* Fed. R. Civ. P. 34(b)(1)(A); Fed. R. Civ. P. 26(b)(1). Other requests are fairly directed to subject matter that is more specifically described. DPPs' kitchen-sink style objections to these requests are not well taken.

DPPs must produce documents responsive to Requests Nos. 65 (as to the "public records" on which DPPs rely, only), 67, 70, 72, 85 (as to the date each plaintiff learned of the anticompetitive conduct alleged in the complaint, only), 100, 101, and 102. All of DPPs' objections to these requests, other than privilege, are overruled. If DPPs have already produced all documents responsive to these requests (as modified here by the Court), they shall amend their written responses to the requests to say so. DPPs need not search for and produce documents in response the remainder of defendants' requests in the second set.

**2.     Dkt. No. 571 – Form of Pioneer's production of sales receipts**

The Court denies defendants' request to compel plaintiff Pioneer Cycling & Fitness LLP ("Pioneer") to scan and produce in electronic form its hard copy sales receipts. *See* Dkt. No. 571. Defendants offer no reasonable explanation for why they have not taken the opportunity to inspect these hard copy documents, let alone a reasonable justification for requiring Pioneer to scan three boxes of paper receipts which may be entirely duplicative of electronic sales data defendants have already received. *See* Dkt. No. 568 at 2.

**3.     Dkt. No. 572 – Depositions of Ben Hauck and Laurence Huen**

The parties have been unable to cooperate in the scheduling of the depositions of Ben Hauck (individual and Rule 30(b)(6)) and Laurence Huen (Rule 30(b)(6)). *See* Dkt. No. 572. Neither of these depositions was specifically addressed in the Court's prior order at Dkt. No. 548.

Defendants shall identify three dates for Mr. Hauck's depositions (individual and Rule 30(b)(6))[1] and three different dates for Mr. Huen's deposition (Rule 30(b)(6)) between the date of this order and **March 27, 2024**. Unless the parties agree otherwise, the depositions of Mr. Hauck in his individual and Rule 30(b)(6) capacities shall occur on the same day. Defendants shall provide these dates to DDPs no later than **February 28, 2024**. The depositions shall proceed on

---

[1] That is, three total dates; *not* three dates for the individual deposition and three dates for Rule 30(b)(6) deposition.

the dates DPPs select from those provided.

**4.    Dkt. No. 573 – Defendants' privilege claims re clawed back documents**

The parties dispute whether two of defendants' documents—DEFS0002904439 and DEFS000571366—are protected from disclosure by the attorney-client privilege and the common interest doctrine. Dkt. No. 573 at 1. The Court cannot resolve this dispute based on the information presented in the parties' joint discovery dispute letter. The Court orders further proceedings as follows:

> 1) By **March 5, 2023**, defendants shall file a supplemental submission that includes: (a) the privilege log entries corresponding to the documents in question, (b) a declaration or declarations supporting the claim of privilege and/or common interest, and (c) the legal authority supporting defendants' position. In addition, the Court asks that the two documents be submitted for *in camera* review at the time of defendants' supplemental submission. Any non-English text must be translated into English.
>
> 2) By **March 12, 2023**, DPPs shall file a response to defendants' supplemental submission.

No other submissions will be received. The Court will determine whether to hold a hearing after receiving the parties' supplemental submissions.

**5.    Dkt. No. 575 – Defendants' request for certification of production**

Defendants ask the Court to order DPPs to file a declaration on behalf of each named plaintiff certifying that each plaintiff's document production is complete, or alternatively, that each plaintiff amend its written discovery responses to so certify. Dkt. No. 575. Defendants contend that Rule 26(g) requires this certification, but it is far from clear that that rule imposes an affirmative obligation on counsel or a party to certify the *completeness* of its document production. Rather, Rule 26(g) provides that counsel signing discovery responses "certifies that to the best of [counsel's] knowledge, information, and belief formed after a reasonable inquiry" that the responses are:

> **(i)** consistent with these rules and warranted by existing law or by a

3

> nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>
> **(ii)** not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
> **(iii)** neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1)(B)(i)-(iii). The record before the Court does not include DPPs' responses or indicate whether they have specified a date on which their production would be complete. *See* Fed. R. Civ. P. 34(b)(2)(B) ("The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."). Defendants do not cite a court order setting a date for DPPs' substantial completion of document production on behalf of the current named plaintiffs.

Nevertheless, defendants are correct that DPPs' counsel have an obligation to make reasonable inquiries in ensuring that their clients comply with their document production obligations and that this production should be substantially complete by now. The Court reads DPPs' portion of the discovery dispute letter as containing a representation by DPPs' counsel that DPPs' production is substantially complete. Dkt. No. 575 at 5. That is sufficient.

**IT IS SO ORDERED.**

Dated: February 23, 2024

VIRGINIA K. DEMARCHI
United States Magistrate Judge