UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIGURD MURPHY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CELESTRON ACQUISITION, LLC, et al.,<br><br>Defendants. | Case No. 5:20-cv-03642-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 508 |

Defendants, Synta Technology Corp. of Taiwan, Suzhou Synta Optical Technology Co., Nantong Schmidt Opt-Electrical Technology Co. Ltd., Synta Canada International Enterprises Ltd., Pacific Telescope Corp., Olivon Manufacturing Co. Ltd., SW Technology Corp., Celestron Acquisition, LLC, Olivon USA LLC, David Shen, Joseph Lupica, and David Anderson (collectively, "Defendants"), filed the present motion for attorneys' fees following the Court's award of sanctions against Direct Purchaser Plaintiffs ("Plaintiffs"). Mot., ECF No. 508. Plaintiffs filed an opposition, and Defendants filed a reply. Opp'n, ECF No. 519; Reply, ECF No. 530. Having carefully reviewed the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).

For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for attorneys' fees. The Court awards Defendants **$199,644.82** in attorneys' fees.

**I.  BACKGROUND**

Defendants move for attorneys' fees pursuant to the Court's August 25, 2023, Order ("Prior Order") finding an award of attorneys' fees appropriate under Rule 37 based on Plaintiffs' discovery

Case No.: 5:20-cv-03642-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. FOR ATTORNEYS' FEES
1

misconduct and spoilation of evidence.  *See* Order Granting in Part and Denying in Part Mot. for Terminating Sanctions ("Prior Order"), ECF No. 486.  Specifically, the Court found "that attorneys' fees arising from the preparation and litigation of this motion are appropriate based on this misconduct, as well as to deter future misconduct and restore Defendants to the position they would have been in had Plaintiff faithfully fulfilled its discovery obligations." *Id.* at 13–14.  The Court indicated that "[a]n assessment of attorneys' fees shall be determined separately once Defendants identify the amount and support for monetary sanctions it seeks to recover." *Id.* at 14.

The Court need not repeat every detail of the misconduct discussed in its Prior Order, but to aid in its analysis regarding the appropriate scope and reasonableness of fees, the Court will briefly summarize its relevant prior findings.

On February 1, 2023, Defendants deposed Plaintiffs' former class representative, Radio City's Maline Fish. *Id.* at 4.  During her deposition, Ms. Fish admitted to disposing of boxes containing discoverable information covering the period of July 2014 through December 2016, including UPS shipping reports and documents relating to sales records and reports, which contained item numbers, pricing, margins, and other relevant information. *Id.*  The Court found that Ms. Fish's destruction of evidence constituted spoilation, as Ms. Fish failed to provide any justification for destroying the documents beyond proffering that she did not know she had to preserve them for litigation. *Id.* at 9.

The Court also found that Plaintiffs' Counsel "acted willfully, with fault, and/or in bad faith by consciously disregarding its obligations to preserve relevant evidence during litigation." *Id.* at 8.  Over the course of multiple months, Plaintiffs' Counsel had repeatedly assured Defendants and the Magistrate Judge that they had produced all relevant discoverable documentation and would follow up with their client to confirm that no records were missing, all while apparently failing to communicate with their client regarding evidence production and preservation. *Id.*  The Court found it particularly troubling that Plaintiffs' Counsel represented they only first learned of the destruction of evidence by their client following relatively straightforward questioning by Defendants during Ms. Fish's deposition. *Id.*  The Court noted that Plaintiffs' Counsel's failure to produce these

1    documents in the first instance and failure to ensure that their client preserved relevant evidence

2    during litigation was inexcusable.  *Id.* at 9.

3           The Court declined Defendants' request for terminating sanctions, but in light of Plaintiffs'

4    Counsel's "disturbing and disappointing" failings, the Court granted the less drastic sanctions of

5    disqualifying Radio City from serving as class representative and awarding attorneys' fees.  *Id.* at

6    16, 20.  The purpose of Defendants' present motion is to determine the appropriate amount of fees.

7    **II.     LEGAL STANDARD**

8           Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set

9    forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  *See Fischer v. SJB–P.D., Inc.*, 214 F.3d

10   1115, 1119 (9th Cir. 2000).  A reasonable fee is determined by multiplying (1) "the number of hours

11   reasonably expended on the litigation" by (2) "a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.

12          To determine the reasonableness of counsels' claimed hourly billing rate, courts look to the

13   prevailing market rates in the relevant community for similar work by attorneys of comparable skill,

14   experience, and reputation.  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

15   Generally, the relevant community is the forum where the district court sits, which in this case is the

16   Northern District of California.  *Id.*

17          To determine the reasonableness of the number of hours billed, Defendants must submit

18   detailed records justifying the hours that have been expended.  *Chalmers v. City of Los Angeles*, 796

19   F.2d 1205, 1210 (9th Cir. 1986).  The Court may reduce the hours through its discretion "where

20   documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or]

21   if hours expended are deemed excessive or otherwise unnecessary."  *Id.*

22          The party seeking fees has the burden to submit evidence supporting the hours worked.

23   *Hensley*, 461 U.S. at 433.  "The applicant should exercise 'billing judgment' with respect to hours

24   worked, and should maintain billing time records in a manner that will enable a reviewing court to

25   identify distinct claims."  *Id.* at 437 (internal citations omitted).  "Where the documentation of hours

26   is inadequate, the district court may reduce the award accordingly."  *Id.* at 433.

27

28   Case No.:   5:20-cv-03642-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. FOR ATTORNEYS' FEES
3

## III. DISCUSSION

Having determined that Defendants are entitled to attorneys' fees pursuant to Rule 37 in its Prior Order, the Court must now determine the amount. The Court will first address the appropriate scope of the fees before turning to the reasonableness of the billings submitted by Defendants.

### A. Scope of Fees

As an initial matter, Plaintiffs argue that Defendants are not entitled to fees beyond those specifically incurred from drafting and litigating the motion for terminating sanctions, pointing to the Court's Prior Order awarding "attorneys' fees arising from the preparation and litigation of this motion." Opp'n 17 (quoting Prior Order 13–14). Plaintiffs argue that the Court already found fees arising from the motion for terminating sanctions to be an appropriate compensation, thus any further fees awarded now would constitute impermissible punitive sanctions. *Id.*

Defendants argue that an appropriate fee award would include all fees incurred as a result of Plaintiffs' misconduct, including not just the motion for terminating sanctions, but also the motion to strike the declaration of Mr. Groves offered by Plaintiffs in their opposition to the motion for terminating sanctions, the motion for a turnover order and for sanctions, three joint letter briefs regarding customer information and document collection, and the preparation and attendance of Ms. Fish's deposition. Mot. 15. In support of its argument to consider a broader scope of fees, Defendants point to the Court's finding in its Prior Order that an award of attorneys' fees was appropriate "in order to restore Defendants to the position they would have been in had Plaintiff faithfully fulfilled its discovery obligations." *Id.* at 4 (quoting Prior Order 13–14).

The purpose of the Prior Order was in part to penalize Plaintiffs for their conscious disregard of their obligations to preserve relevant evidence during the course of litigation, as well as to return Defendants to the position they would have been in but for Plaintiffs' misconduct and deter future discovery violations. Prior Order 14–15. Over and over, Plaintiffs came before the Magistrate Judge and engaged in continued litigation regarding discovery. *Id.* at 8–9. Plaintiffs repeatedly furthered arguments regarding their need for information and criticized their opponents for failing to produce what they saw was appropriate. *Id.* It was later discovered, however, that Plaintiffs

Case No.: 5:20-cv-03642-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. FOR ATTORNEYS' FEES
4

themselves had failed to reach the standard to which they repeatedly argued they were due. *Id.* The Court found Plaintiffs' failings inexcusable and disappointing, and it is this conduct that led the Court to find sanctions appropriate. *Id.* at 9.

However, the Court's award of sanctions was not a wholesale opportunity for Defendants to submit extreme billings. There must be an equitable balance. Considering that attorneys' fees were awarded in part to place Defendants in the position they would have enjoyed but for Plaintiffs' misconduct, the Court will consider fees for additional work necessarily completed as the result of Plaintiffs' misconduct beyond merely drafting and litigating the motion for terminating sanctions; however, the Court will not open the door for any and all conceivable fees that would not have occurred but for the misconduct.

In line with this equitable balance, the Court will consider the fees Defendants submitted regarding the motion to strike the declaration of Mr. Groves, the motion for turnover and sanctions, and the letter briefs regarding discovery disputes related to the misconduct. However, the Court will not consider the time spent on the preparation and attendance of the deposition of Maline Fish. Ms. Fish, as the class representative at that time, was a natural deponent, and this deposition was taken in the ordinary course of litigation. While this deposition ultimately revealed the misconduct, it did not arise out of the misconduct. Therefore, the Court denies Defendants' request for $48,638.50, and the Court will exclude hours spent on the deposition in its reasonableness analysis below.

### B.     Reasonableness of Remaining Fees

Having decided the applicable scope of fees, the Court will next consider the reasonableness of Defendants' Counsel's claimed hourly billing rate and number of hours billed.

#### 1.     Reasonableness of Counsel's Claimed Hourly Billing Rate

Defendants' Counsel's hourly rates range from $450 to $760 per hour for attorneys and $345 per hour for paralegals. Decl. of Christopher Frost ("Frost Decl."), Ex. A, at 4, ECF No. 508-2. Plaintiffs do not argue that Defendants' Counsel's hourly billing rates are unreasonable.

Plaintiffs only argue that Defendants appear to be using the incorrect billing rate for one of their lawyers, SI, who submitted a declaration in federal court back in July 2022 claiming that her

hourly rate was $400/hour, but now claims that her hourly rate is $700/hour (though she is charging $600/hour here). The Court finds this argument unpersuasive. Defendants represent that the case to which Plaintiffs refer occurred two years ago in the Eastern District of Texas where the attorney served as local counsel. Reply 15. This rate increase could have been due to several reasonable considerations including inflation, increased experience, locality adjustments, or a whole host of other factors. The Court sees no reason to require this attorney's rate remain unchanged across localities and over the course of time.

The Court therefore finds that Defendants' Counsel's hourly billing rates are reasonable in the Northern District of California.

### 2. Reasonableness of the Number of Hours Billed

Plaintiffs argue that it is impossible to determine the reasonableness of Defendants' hours because the time entries submitted are billed in block format and the descriptions are vague. Opp'n 7. The Court agrees.

#### a. Block-Billing

When the nature of the block-billing prevents a court from effectively determining whether the time spent on tasks was reasonable, district courts in the Ninth Circuit have the authority to apply a blanket discount to block-billed entries. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). The Ninth Circuit in *Welch* affirmed a district court's authority to reduce block-billed hours by 10–30%. *Id.*; *see also Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1222–23 (9th Cir.2010) (affirming district court's reduction of 80% of attorneys' and paralegals' hours by 30% to account for block-billing); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 968 (N.D. Cal. 2014) (reducing block-billings by 20%); *Apple, Inc. v. Samsung Elecs. Co.*, No. C 11-1846 LHK PSG, 2012 WL 5451411, at *5 (N.D. Cal. Nov. 7, 2012) (reducing block-billings by 20%). When district courts apply discounts to block-billings, however, they may not apply across-the-board discounts, but must identify the hours which are being discounted as block-billings. *Welch*, 480 F.3d at 948.

Defendants argue that their time entries are not billed in block format because block-billing

Case No.: 5:20-cv-03642-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. FOR ATTORNEYS' FEES
6

occurs when time entries lump together multiple *tasks*, such as preparing a client for a deposition and drafting a motion; while Defendants' time entries merely lump together multiple *activities* that were performed as part of a single *task*, such as writing, reviewing filings, research in furtherance of the single task of drafting a motion.  However, not only do Defendants cite no authority to support this distinction between a "task" and an "activity," but their records are replete with billings involving multiple "tasks," as defined by Defendant, some of the more notable examples including:

- Attorney WC, 3.6 hours: "Analyze court reporter issues for meet and confer recordings; continue working on the timeline for motion for terminating sanctions based on A. Morris comments; analyze issues re: subpoena issued by IPP."  Frost Decl., Ex. A, at 2 (emphasis added to distinguish tasks).

- Attorney CF, 8.5 hours: "[R]evise and prepare motion for terminating sanctions for filing; review documents re same; research re same; draft motion to compel; research re same; attention to strategy; handle deposition issues."  *Id.* at 4 (emphasis added to distinguish tasks).

- Attorney CF, 8.3 hours: "[C]all with clients; draft motion for terminating sanctions; research re same; review documents re same; revise motion for leave to amend; research re same."  *Id.* at 3 (emphasis added to distinguish tasks).

- Attorney WC, 8.4 hours: "Attend two team meetings re: preparing for the Reply Brief in support of motion for terminating sanctions; attend deposition prep session; begin working on the excel sheet summarizing the reports missing dates in the underlying period; draft Declaration of Wei Cai."  *Id.* at 11 (emphasis added to distinguish tasks).

- Attorney CF, 7.7 hours: "[R]evise and finalize terminating sanctions reply; research re same; review documents re same; handle deposition issues; handle transactional data issues."  *Id.* at 4 (emphasis added to distinguish tasks).

- Attorney SI, 1.5 hours: "Revise Motion for Turnover of Documents and Show Cause Order; Legal research re same; Review Plaintiffs' Motion for Sanctions; Begin drafting Opposition thereto; Correspondence exchange with Opposing Counsel;

     <u>Correspondence exchange</u> with Co-Counsel." *Id.* at 7 (emphasis added to distinguish tasks).

 The majority of time entries similarly display multiple tasks in one entry, making it impossible for the Court to discern whether the time spent on each task is reasonable. Given the Court's inability to analyze the reasonableness of the block-billings here, the Court finds it appropriate to apply a downward adjustment of 25% to each block-billed entry. Upon a careful review of the records, the Court makes the following findings[1]:

- Attorney SI block-billed approximately 128.6 hours. Frost Decl., Ex. A, at 1, 4–10, 12–14, 17, 23, 28, 29, 31, 32. The Court will therefore deduct 32.15 hours from these block-billed entries, which multiplied by SI's $600/hour rate results in a $19,290.00 deduction from the total award.

- Attorney CF block-billed approximately 74.4 hours. *Id.* at 3, 6–10, 14. The Court will therefore deduct 18.6 hours from these block-billed entries, which multiplied by CF's $760/hour rate results in a $14,136.00 deduction from the total award.

- Attorney WC block-billed approximately 47.3 hours. *Id.* at 1–5, 9, 11, 12, 14, 18, 20–22. The Court will therefore deduct 11.83 hours from these block-billed entries, which multiplied by WC's $550/hour rate results in a $6,506.50 deduction from the total award.

- Attorney JS block-billed approximately 3.1 hours. *Id.* at 9, 23. The Court will deduct 0.78 hours from these block-billed entries, which multiplied by JS's $700/hour rate results in a $546.00 deduction from the total award.

- Paralegal CB block-billed approximately 8.1 hours. *Id.* at 18–20. The Court will therefore deduct 2.03 hours from the block-billed entries, which multiplied by CB's $345/hour rate results in a $700.35 deduction from the total award.

- Attorneys JM, DC, and AM and paralegal AK did not engage in block-billing.

---

[1] The Court excludes from its calculations time marked "NO CHARGE."

Case No.: 5:20-cv-03642-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. FOR ATTORNEYS' FEES
8

The Court's 25% deduction to entries impermissibly billing in block format totals to $41,178.85.

### b. Vagueness

Similar to the block-billing issues discussed above, some of Defendants' time entries also contain vague descriptions that prevent the Court from effectively determining whether the time spent on certain tasks was reasonable. "Work entries are inadequately vague when the district court is unable to discern how the time spent is attributable to the case at hand." *Santiago v. Equable Ascent Financial*, No. C 11-3158 CRB, 2013 WL 3498079, at *5 (N.D. Cal. July 12, 2013) (citing *Center for Food Safety v. Vilsack*, No. C–08–00484 JSW, 2011 WL 6259891 at *8 (N.D. Cal. Oct. 13, 2011); *see also Citrus El Dorado LLC, v. Stearns Bank.*, No. SACV091462DOCRNBX, 2016 WL 7626583, at *10 (C.D. Cal. Apr. 18, 2016); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 969 (N.D. Cal. 2014).

In light of the Court's inability to analyze the hours' reasonableness, the Court will deduct 10% from the following vague entries[2]:

- Attorney CF consistently bills for "attention to strategy," which appears in entries totaling 49.4 hours. Frost Decl., Ex. A, at 3, 6–8, 10. Accordingly, the Court will deduct 4.94 hours from these vague entries, which multiplied by CF's $760/hour rate results in a $3,754.40 deduction from the total award.

- Attorney CF also consistently bills for "handling" various issues, which appears in entries totaling 18.2 hours. *Id.* at 3, 14, 15. Accordingly, the Court will deduct 1.82 hours from these vague entries, which multiplied by CF's $760/hour rate results in a $1,383.20 deduction from the total award.

- Attorney JM consistently bills for "working on" various motions, which appears in entries totaling 21.99 hours. *Id.* at 2–7. Accordingly, the Court will deduct 2.2 hours from these vague entries, which multiplied by JM's $695/hour rate results in a

---

[2] The Court excludes from its calculations time marked "NO CHARGE."

1  $1,529.00 deduction from the total award.

2  The Court's 10% deduction to impermissibly vague time entries totals to $6,666.60.

### c.  Additional Issues

District courts in the Ninth Circuit are also permitted to "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation" given their relative familiarity with the case. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008); *see also Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1222 (9th Cir. 2010) ("An apportioned percentage is not an abuse of discretion because it would be impossible to determine with mathematical precision the fees and costs generated [in certain situations]."); *Banas*, 47 F. Supp. 3d at 969 (finding a further 5% discretionary deduction appropriate).

The Court will impose an additional discretionary reduction of 5% for the reasons explained below.

First, the Court takes issue with the disproportionate partner time reflected in these billings. It appears that senior partners were performing work that associates are ordinarily given the opportunity to conduct, such as initial drafting and research. For example, partners conducted over half of the 387.80 hours Defendants spent on the preparation and litigation of the terminating sanctions motion. *See* Frost Decl. 6. This unequal distribution not only results in potentially inflated costs, but it also affords less opportunities for new attorneys to gain experience.

Second, the Court is concerned by the repeated reference to "IPPs" in numerous billing entries. Frost Decl., Ex. A, at 2, 18, 26, 30, 31, 33. IPPs, short for "indirect purchaser plaintiffs," are the class plaintiffs in a separate lawsuit before this Court involving the same Defendants. Plaintiffs note this issue in their opposition, but Defendants' reply is silent as to an explanation. *See* Opp'n 14. The Court is therefore left to wonder what relation the IPPs could reasonably have in Plaintiffs' discovery misconduct here.

Third, the Court finds that Defendants' request in total is excessive. The Court is unable to determine how exactly Defendants spent much of their time due to block-billing and vague entries,

Case No.: 5:20-cv-03642-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. FOR ATTORNEYS' FEES
10

1  but spending, for example, 387.80 hours on drafting and litigating a motion regarding spoilation on
2  its face appears unreasonable. The Court is concerned that these hours may be the result of
3  duplicative work or an inefficient use of time.
4        Finally, the Court notes the ongoing hostility between the Parties over the course of multiple
5  years. In its Prior Order, the Court noted that both parties have repeatedly engaged in "needless
6  inappropriate and uncooperative conduct," and the facts giving rise to the award of sanctions was
7  "regrettably exemplary of this conduct." Prior Order 2. It is within this context that the Court must
8  balance the equities of this specific fees award.
9        Accordingly, in light of all the considerations discussed above, the Court will make an
10  additional 5% discretionary deduction of the total request for $311,714.50, which equals
11  $15,585.73.

## IV. CONCLUSION

Defendants requested a total of $311,714.50. The Court removed the hours spent on deposing Ms. Fish, deducted 25% from the hours billed in a block format, deducted 10% from the overly vague time entries, and deducted 5% from the total request due to concerns regarding staffing, references to unrelated work, potentially duplicative or inefficient billings, and balancing the equities. These deductions total to $112,069.68. The Court therefore awards Defendants **$199,644.82** in attorneys' fees arising from Plaintiffs' discovery misconduct.

The time entry deductions are specified in the table on the following page.[3]

**IT IS SO ORDERED.**

Dated: March 20, 2024

EDWARD J. DAVILA
United States District Judge

---

[3] The time entries are listed in the sequence reflected in Defendants' complete compilation of fees. *See* Frost Decl., Ex. A.
Case No.: 5:20-cv-03642-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. FOR ATTORNEYS' FEES
11

| DATE | NAME | REASON FOR DEDUCTION |
|---|---|---|
| 2/1/23 | WC | Block-Billed |
| 2/1/23 | SI | Block-Billed |
| 2/2/23 | WC | Block-Billed |
| 2/2/23 | WC | Block-Billed |
| 2/3/23 | WC | Block-Billed |
| 2/3/23 | JM | Vague |
| 2/4/23 | JM | Vague |
| 2/5/23 | WC | Block-Billed |
| 2/5/23 | JM | Vague |
| 2/5/23 | CF | Block-Billed and Vague |
| 2/6/23 | CF | Block-Billed and Vague |
| 2/7/23 | CF | Block-Billed |
| 2/8/23 | WC | Block-Billed |
| 2/8/23 | SI | Block-Billed |
| 2/8/23 | WC | Block-Billed |
| 2/8/23 | JM | Vague |
| 2/9/23 | WC | Block-Billed |
| 2/9/23 | SI | Block-Billed |
| 2/9/23 | CF | Block-Billed and Vague |
| 2/10/23 | SI | Block-Billed and Vague |
| 2/11/23 | JM | Vague |
| 2/11/23 | CF | Block-Billed and Vague |
| 2/11/23 | SI | Block-Billed |
| 2/12/23 | JM | Vague |
| 2/12/23 | JM | Vague |
| 2/12/23 | JM | Vague |
| 2/12/23 | SI | Block-Billed |
| 2/27/23 | CF | Block-Billed and Vague |
| 2/28/23 | CF | Block-Billed |
| 2/28/23 | JS | Block-Billed |
| 3/1/23 | CF | Block-Billed and Vague |

Continued…

| DATE | NAME | REASON FOR DEDUCTION |
|---|---|---|
| 3/2/23 | WC | Block-Billed |
| 3/2/23 | WC | Block-Billed |
| 3/2/23 | SI | Block-Billed |
| 3/3/23 | SI | Block-Billed |
| 3/4/23 | SI | Block-Billed |
| 3/5/23 | SI | Block-Billed |
| 3/6/23 | CF | Block-Billed and Vague |
| 3/6/23 | SI | Block-Billed |
| 3/29/23 | CF | Vague |
| 2/14/23 | SI | Block-Billed |
| 2/15/23 | SI | Block-Billed |
| 2/16/23 | SI | Block-Billed |
| 2/18/23 | WC | Block-Billed |
| 2/19/23 | CB | Block-Billed |
| 2/28/23 | CB | Block-Billed |
| 3/1/23 | WC | Block-Billed |
| 3/1/23 | CB | Block-Billed |
| 3/2/23 | WC | Block-Billed |
| 3/8/23 | WC | Block-Billed |
| 3/16/23 | WC | Block-Billed |
| 3/17/23 | WC | Block-Billed |
| 3/21/23 | SI | Block-Billed |
| 3/24/23 | JS | Block-Billed |
| 3/27/23 | JS | Block-Billed |
| 10/6/22 | SI | Block-Billed |
| 10/17/22 | SI | Block-Billed |
| 10/20/22 | SI | Block-Billed |
| 10/21/22 | SI | Block-Billed |
| 10/24/22 | SI | Block-Billed |
| 11/7/22 | SI | Block-Billed |
| 10/26/22 | SI | Block-Billed |
| 10/27/22 | SI | Block-Billed |
| 12/31/22 | SI | Block-Billed |
| 1/1/23 | SI | Block-Billed |
| 1/18/23 | SI | Block-Billed |

Case No.: 5:20-cv-03642-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. FOR ATTORNEYS' FEES
12