UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AURORA ASTRO PRODUCTS LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CELESTRON ACQUISITION, LLC, et al.,<br><br>Defendants. | Case No. 5:20-cv-03642-EJD<br><br>**ORDER DENYING MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART MOTION TO DENY CLASS CERTIFICATION**<br><br>Re: Dkt. Nos. 550, 552 |

Plaintiffs, Aurora Astro Products LLC ("Aurora Astro"), Pioneer Cycling & Fitness, LLP ("Pioneer"), and Jason Steele ("Steele") (collectively "Plaintiffs"), bring this antitrust class action against Defendants, Celestron Acquisition, LLC ("Celestron"), Synta Technology Corp. of Taiwan, Suzhou Synta Optical Technology Co., Nantong Schmidt Opt-Electrical Technology Co. Ltd., Synta Canada International Enterprises Ltd., Pacific Telescope Corp., Olivon Manufacturing Co. Ltd., SW Technology Corp., Olivon USA LLC, David Shen, Joseph Lupica, and David Anderson ("Defendants"), alleging conspiracy to unlawfully monopolize and fix prices in the telescope market. Fourth Am. Compl. ("FAC"), ECF No. 495. Before the Court are Defendants' motion to deny class certification and Plaintiffs' motion to strike Defendants' motion to deny class certification. Mot. to Deny Class Cert., ECF No. 550; Mot. to Strike, ECF No. 552. Both motions are fully briefed. Opp'n to Mot. to Deny Class Cert., ECF No. 558; Reply in Supp. of Mot. to Deny Class Cert., ECF No. 565; Opp'n to Mot. to Strike, ECF No. 556.

Upon careful review of the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Based on the following reasons, the Court **DENIES** Plaintiffs' motion to strike and **GRANTS IN PART AND DENIES IN PART** Defendants' motion to deny class certification.

Case No.: 5:20-cv-03642-EJD
ORDER RE MOTION TO STRIKE AND MOTION TO DENY CLASS CERTIFICATION
1

## I.  BACKGROUND

Plaintiffs bring this putative class action on behalf of themselves and a proposed class of plaintiffs who directly purchased telescopes ("direct purchaser plaintiffs" or "DPPs") manufactured or sold by Defendants between 2005 and the time of class notice.  FAC ¶ 143.  Plaintiffs filed their fourth amended complaint on September 1, 2023, adding three new class representatives after the Court dismissed the former class representative, Radio City, due to its spoilation of evidence.  *See* FAC; Order Granting in Part and Den. In Part Mot. for Terminating Sanctions ("Sanctions Order"), ECF No. 486.

The three new class representatives are Pioneer, Steele, and Aurora Astro.  Pioneer is a bicycle shop that sells a small collection of telescopes in a retail store in Minnesota.  FAC ¶ 13.  Pioneer alleges that it bought telescopes manufactured by Defendants from approximately winter of 2018 through spring of 2020 and suffers from low margins on telescope sales because of supracompetitive prices set by Defendants.  *Id.*  Pioneer is owned and operated by Denise Wolens, who is the daughter of Radio City's owner.  Wolens Dep. 76:16-20; 80:11-14, ECF No. 550-2.  Pioneer began selling telescopes in 2018 when it acquired Radio City's inventory of approximately ten telescopes.  *Id.* at 76:16–20, 80:11–14.  Pioneer later directly purchased approximately twenty telescopes manufactured and sold by Defendants.  *Id.* at 78:13, 132:5–9.

Steele is an individual astronomy enthusiast residing in Texas who directly purchased one of Defendants' telescopes in 2012.  FAC ¶ 14; Steele Dep. 91:5, ECF No. 550-3.  Steele alleges that he paid supracompetitive prices for the telescope.  FAC ¶ 14.  Though notably, during his deposition, Steele spoke primarily of his disappointment with the telescope's functionality rather than issues with the price.  *See, e.g.,* Steele Dep. 106:3–108:10, 117:21–118:11, 121:23–25, 145:16–22, 180:6–181:5.  Steele came across Defendants' telescope, SkyProdigy, when it was displayed as a new award-winning product at an electronics show in Las Vegas.  *Id.* at 89:16–23.  SkyProdigy's awards piqued Steele's interest, so found Celestron's website to research and ultimately purchase SkyProdigy.  *Id.*  He believed that the price was fair at the time of purchase.  *Id.* at 95:22–25.  But when Steele later discovered deficiencies with the SkyProdigy's technology,

Case No.:  5:20-cv-03642-EJD
ORDER RE MOTION TO STRIKE AND MOTION TO DENY CLASS CERTIFICATION
2

he believed that it was not worth as much as he paid. *Id.* at 108:2–4. He sought to become a class member to join other people like him, which he described as being people who were unsatisfied with performance or overcharged for what they received. *Id.* at 154:20–24. He hoped this lawsuit would be a learning lesson for companies and would encourage them to go back to the drawing board and update their products' functionality. *Id.* at 181:2–5.

Aurora Astro is a Washington company owned by James Bielaga that sold telescopes in a retail store, online, and at trade shows from 2006 until 2010, and then for several months in 2017. FAC ¶ 12. Aurora Astro directly purchased Defendants' telescopes and alleges to have suffered from low margins on telescope sales because of supracompetitive prices set by Defendants. *Id.* Aurora Astro only has records of directly purchased telescopes for a few months in 2017, and states that these records are not representative of their overall sales. Bielaga Dep. 323:16–21, ECF No. 593-2.

## II.     LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure governs class certification. Parties seeking class certification bear the burden of affirmatively demonstrating that they have satisfied each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *Parsons v. Ryan*, 754 F.3d 657, 674 (9th Cir. 2014). Rule 23(a) provides that a class may only be certified if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In other words, the class must satisfy the requirements of numerosity, commonality, typicality, and adequacy to maintain a class action. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012). In addition, a party seeking class certification must also "satisfy through evidentiary proof" at least one of the three requirements of Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013); *Dukes*, 564 U.S. at 350.

A trial court has broad discretion in making the decision to grant or deny a motion for class

Case No.: 5:20-cv-03642-EJD
ORDER RE MOTION TO STRIKE AND MOTION TO DENY CLASS CERTIFICATION
3

certification. *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010). In making this determination, the court's analysis "must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim.'" *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 465–66 (2013) (quoting *Dukes*, 564 U.S. at 351–52); *see also Mazza*, 666 F.3d at 588. However, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen*, 568 U.S. at 466; *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011). Thus, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen*, 568 U.S. at 466. Where a court concludes as a result of its analysis that the moving party has met its burden, then the court may certify the class. *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 512 (9th Cir. 2013).

Rule 23 "does not preclude a defendant from bringing a 'preemptive' motion to deny certification." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009); Fed. R. Civ. P. 23(c)(1)(A) (a court must determine whether to certify a class action "[a]t an early practicable time.").

### III. DISCUSSION

#### A. Motion to Strike

As an initial matter, the Court declines to strike Defendants' motion to deny class certification. *See* Mot. to Strike. Defendants are permitted to preemptively raise the issue of class certification so that the Court may determine certification issues at an early practicable time, and the Court finds that resolving Defendants' particular motion at this stage of litigation may aid the Parties in the proceedings moving forward. *See Vinole*, 571 F.3d at 939; Fed. R. Civ. P. 23(c)(1)(A) (a court must determine whether to certify a class action "[a]t an early practicable time").

Therefore, the Court **DENIES** Plaintiffs' motion to strike Defendants' motion to deny class certification.

Case No.: 5:20-cv-03642-EJD
ORDER RE MOTION TO STRIKE AND MOTION TO DENY CLASS CERTIFICATION
4

### B. Factual Evidentiary Objections

The Court next notes that Defendants submitted several objections to the declarations proffered in support of Plaintiffs' opposition to Defendants' motion to deny class certification. *See* Reply in Supp. of Mot. to Deny Class Cert. 3–8 (hereinafter, "Reply").

The Ninth Circuit "license[s] greater evidentiary freedom at the class certification stage." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018). While district courts are permitted to inquire into the ultimate admissibility of factual evidence, this consideration should go only to the weight that evidence is given—the Ninth Circuit is clear that district courts shall not decline to consider evidence "solely on the basis of inadmissibility" at this stage. *Id.*

The Court will therefore **OVERRULE** Defendants' objections without prejudice at this time. The Court will consider Defendants' objections if appropriate to assigning weight to the evidence throughout its analysis.

### C. Motion to Deny Class Certification

Moving to Defendants' motion, Defendants narrowly move to deny class certification on adequacy grounds. Mot. to Deny Class Cert. 2 (hereinafter, "Mot.") ("Pursuant to Ninth Circuit precedent, this motion is brought solely on the grounds that the three current named direct purchaser class representatives ('DPPs'), and their counsel, are inadequate to represent the interests of the alleged putative class.").

The adequacy analysis under Rule 23(a)(4) requires that the class representatives and class counsel "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The proper resolution of this issue requires that two questions be addressed: (a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000), *as amended* (June 19, 2000) (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)). This inquiry often merges with other Rule 23(a) requirements, such as commonality and typicality, as they all concern whether the named plaintiff and the name plaintiff's claims are so interrelated with those

Case No.: 5:20-cv-03642-EJD
ORDER RE MOTION TO STRIKE AND MOTION TO DENY CLASS CERTIFICATION
5

of the class members that they will be protected in their absence. *See In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 974 (C.D. Cal. 2015), *aff'd sub nom. Briseno v. ConAgra Foods, Inc.*, 674 F. App'x 654 (9th Cir. 2017), and *aff'd sub nom. Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 (1982)).

Defendants argue that the interests of the class cannot be fairly and adequately protected by the three named class representatives or by Class Counsel. The Court will address each in turn.

### D. Adequacy of Named Class Representatives

Class representatives are fiduciaries of the class and therefore must provide "adequate" representation. *See In re Diamond Foods, Inc., Sec. Litig.,* 295 F.R.D. 240, 256 (N.D. Cal. 2013). Where there is more than one named class representative, the "adequacy" requirement is satisfied if any one of them is an adequate class representative. *Rodriguez v. West Publishing Corp.*, 563 F3d 948, 961 (9th Cir. 2009).

Defendants challenge the adequacy of all three named class representatives: Pioneer, Steele, and Aurora Astro.

#### 1. Pioneer

Defendants argue that Pioneer is an inadequate class representative because: (1) Pioneer is the successor-in-interest to the previously disqualified Radio City; (2) Pioneer made only de minimis purchases; and (3) Pioneer is unfamiliar with the case.

##### a. Pioneer's Relationship with Radio City

First, Defendants argue that Pioneer is the de facto successor-in-interest to Radio City and therefore is the product of, and seeks to benefit from, Radio City's destruction of evidence. Mot. 12. Defendants also maintain that Radio City's spoliation issues would carry into Pioneer's claims because Pioneer now possesses Radio City's inventory, the records of which may have been destroyed or tainted by Radio City's spoliation. *Id.*

Plaintiffs highlight that Defendants failed to define successor-in-interest or cite to any case law indicating that being a successor-in-interest of a formerly dismissed representative implicates adequacy. Opp'n to Mot. to Deny Class Cert. 11 (hereinafter, "Opp'n"). Plaintiffs also argue that

Case No.: 5:20-cv-03642-EJD
ORDER RE MOTION TO STRIKE AND MOTION TO DENY CLASS CERTIFICATION
6

any connection to Radio City is irrelevant here because the telescopes acquired from Radio City are not at issue in this case—the only telescopes relevant are those twenty telescopes directly purchased from Defendants. *Id.* In other words, even if records of the Radio City telescopes had been destroyed, this would have no impact on Pioneer's claims as a DPP. *Id.*

The Court finds that Pioneer's relationship with Radio City does not render it inadequate at this stage, as it does not reveal any conflicts of interest with other class members or show that Pioneer will not prosecute the action vigorously on behalf of the class. Importantly, Defendants have not alleged that Pioneer itself destroyed any evidence relevant to this case. Defendants have also failed to show how the inventory acquired from Radio City carries any relevance in this action, as those telescopes would fall outside the scope of the present proceedings exclusively covering telescopes *directly* purchased from Defendants.

### b. De Minimis Purchases

Next, Defendants argue that Pioneer is an inadequate class representative because it only directly purchased approximately twenty telescopes. Mot. 13. Defendants maintain that Pioneer's purchases were so few as to be nearly inconsequential, making it inadequate to represent the interests of larger class member retailers such as Amazon, BestBuy, Walmart, and Costco. *Id.*

Plaintiffs maintain that this is a typicality argument, not an adequacy argument, because it does not concern a conflict of interest or reason why Pioneer would not vigorously prosecute this action on behalf of the class. Opp'n 11. Even so, Plaintiffs argue that the proper typicality inquiry regarding injury concerns the *type* of injury, not the *size* of the injury. *Id.* at 11–12 (citing *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017) (finding that "differing injuries do not defeat typicality" because "it is not necessary that all class members suffer the same injury as the class representative"); *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 734 (9th Cir. 2007) (same); *see also Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 649 (C.D. Cal. 1996) ("It is not necessary that all class members suffer the same exact injury as the class representative. Indeed, the named plaintiff's claim may be 'typical' even if other members of the class suffered lesser injuries.")). Plaintiffs argue that the common injury here is being overcharged for telescopes

Case No.: 5:20-cv-03642-EJD
ORDER RE MOTION TO STRIKE AND MOTION TO DENY CLASS CERTIFICATION
7

directly purchased from Defendants, which Pioneer undoubtably suffered. *Id.*

The Court finds that Pioneer's small number of direct purchases do not render Pioneer inadequate to represent the class. The Court agrees with Defendants' argument that, while this inquiry is more frequently presented as a typicality concern, it could hypothetically implicate adequacy if it shows that the named plaintiff has such little interest in the outcome of the case that it will not vigorously prosecute the case. *See Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015, 1031–32 (9th Cir. 2012) (finding small statutory award did not suggest that plaintiff would not adequately prosecute the case on behalf of the class). Even so, Defendants have submitted no evidence that Pioneer's small number of purchases impacts its desire to prosecute this case and have failed to provide any cases where a court found that the number of a plaintiff's purchases in similar class actions rendered them inadequate.

### c.     Unfamiliarity with Case

Finally, Defendants argue that Pioneer is inadequate because of its unfamiliarity with this case. Mot. 13–14. Because Wolens testified that she had never seen or reviewed the complaint other than the paragraph with her name, was unaware of any defendant other than Celestron, did not know how she was harmed or damaged, had no knowledge of the telescope manufacturing or market, and did not know about alleged conspiracy or price fixing scheme, Defendants argue that Pioneer is incapable of serving the necessary role of checking counsel's discretion in prosecuting the action. *Id.*

Plaintiffs argue that Defendants ignore the balance of Wolens's deposition, where Wolens explained that she knows the case is about class members like herself who struggled to sell Defendants' telescopes because of the small margins. Opp'n 12–13. Plaintiffs also argue that the time Wolens has already put toward the case, including forty hours of deposition preparation, travel, and attendance, support the notion that Pioneer will vigorously prosecute this case irrespective of her level of knowledge. *Id.* at 12.

The Court finds that Pioneer's knowledge about this case does not render it inadequate to represent the class. Wolens testified that she joined this lawsuit to help other who, like herself,

Case No.: 5:20-cv-03642-EJD
ORDER RE MOTION TO STRIKE AND MOTION TO DENY CLASS CERTIFICATION

struggled making a profit selling Celestron telescopes given the small margin. This reflects a basic understanding of the allegation that Celestron artificially inflated its prices, resulting in DPPs overpaying for their telescopes. Wolens is not required to be familiar with the intimate intricacies of antitrust law and the alleged conspiracy scheme in order to adequately represent the interests of the class under Ninth Circuit precedent. *See, e.g., Loc. Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001); *In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 121 (C.D. Cal. 2007) ("In the one district court case within the Ninth Circuit in which the representatives were determined to be inadequate, the court found that the plaintiffs did not seem to care about the case, did not know that several defendants had been dropped, and were unsure as to who was representing them in the case.") (citing *In re Quarterdeck Office Sys., Inc. Sec. Litig.*, 1993 WL 623310, at *5–6 (C.D. Cal. Sept.30, 1993)); *Biancur v. Hickey*, No. C 95-2145 FMS, 1997 WL 9857, at *9 (N.D. Cal. Jan. 7, 1997) (finding that class representative need not "be intimately familiar with every factual and legal issue in the case") (quoting *In re Worlds of Wonder Sec. Litig.*, 1990 WL 61951, at *3 (N.D. Cal. 1990)).

\* \* \*

Therefore, the Court **DENIES** Defendants' motion as to Pioneer.

### 2. Steele

Next, Defendants argue that Steele is an inadequate class representative because: (1) Steele has not suffered harm; (2) Steele's interests are misaligned with the class; and (3) Steele has no knowledge of the case and abdicated his role to counsel.

#### a. Harm

Defendants argue that Steele has not suffered any antitrust harm—he is merely an astronomy hobbyist who owns a telescope and joined this lawsuit with complaints of functionality issues, not harm in the form of inflated prices due to anti-competitive conduct.[1] Mot. 15–16.

Plaintiffs argue that, even if his deposition does not specifically identify the harm, the facts

---

[1] This issue is discussed in greater detail in the section below.

Case No.: 5:20-cv-03642-EJD
ORDER RE MOTION TO STRIKE AND MOTION TO DENY CLASS CERTIFICATION
9

1   still show that Steele purchased Defendants' telescope during the class period and was therefore

2   harmed by the alleged artificially inflated prices in the same way as all other members of the DPP

3   class, who allegedly paid "supracompetitive, arbitrarily inflated prices for telescopes." Opp'n 14–

4   15 (quoting FAC ¶ 132).

5         The Court finds that Defendants failed to show how the facts surrounding Steele's harm

6   render him inadequate to represent the interests of the class. Plaintiffs essentially allege that every

7   person or entity who directly purchased Defendants' telescopes suffered harm from paying

8   artificially inflated prices. Although Steele's complaints primarily reside in an alleged defect, as

9   the Court addresses below, he still directly purchased a telescope from Defendants during the class

10  period and therefore suffered the alleged harm of paying artificially inflated price for that

11  telescope.

### b. Interests Misaligned with Class

13  Defendants argue that Steele is an inadequate representative in part because Steele's

14  involvement in the lawsuit is driven by his dissatisfaction with the performance of telescopes

15  manufactured and sold by the Defendants. Mot. 16. Because Steele does not seek monetary

16  recovery for the class, but instead aims to encourage Defendants to address functionality issues,

17  Defendants argue that Steele lacks the motivation necessary to pursue relief for alleged antitrust

18  injuries and therefore lacks commitment to vigorously and adequately represent the class. *Id.*

19  Plaintiffs argue that Defendants misinterpret Steele's deposition. Opp'n 16. Plaintiffs

20  maintain that Steele is indeed seeking monetary relief, as evidenced by statements from his

21  deposition including "I feel that I was overcharged for what I got." *Id.* (quoting Steele Dep.

22  180:21–181:21). Plaintiffs argue the fact that Steele also desires a change in Defendants' conduct

23  does not waive a claim to monetary recovery. *Id.*

24  The Court finds that Steele's interests are misaligned with the class, and his ultimate

25  concern with functionality makes him an inadequate class representative. While it is true that

26  Steele testified to feeling overcharged, it is evident that this feeling derives from issues with his

27  telescope's functionality, not from any of the alleged anti-competitive conduct. *See, e.g.,* Steele

28  Case No.: 5:20-cv-03642-EJD
ORDER RE MOTION TO STRIKE AND MOTION TO DENY CLASS CERTIFICATION
10

Dep. 106:3–107:25 (describing issues with the telescope's technology and inconsistencies with the manual's description of its functions); 108:2–8 ("A. So those are my real complaints with it. It just doesn't do what they said it would do and I feel like I overpaid for what I got. Q. Because of the defect you just -- A. Right. Q. -- described? A. All of the defects that I outlined."); 117:21–118:11 (indicating that he feels he overpaid for what he got because of the quality of the telescope's hardware and that his concern about the price was due to a deficit in the product); 121:23–25 (confirming that he believes he paid too much for what he got based on its functionality); 145:16–22 ("I believe that this situation is just wrong, that—that companies would engage in this kind of behavior and sell people things that are effectively defective and then charge X number of dollars . . . . "); 162:2–6 ("THE WITNESS: I'm not concerned with the competitive price. I'm concerned with what's fair. BY MR. MAATTA: Okay. Fair in terms of performance? A: Right."); 180:6–20 ("Up to this point there was no class action as far as I'm aware that would allow me to participate in -- in a case to help relieve that deficiency."); 181:2–5 ("I would hope that the companies involved would go back to the drawing board and take this as a lesson and say we need to retool our products."). Based on the statements in his deposition, it is apparent that Steele may be a more adequate class representative for a defective product class action rather than the current antitrust class action.

As the Court noted above, this inquiry asks whether the named plaintiff's claims are so interrelated with those of the class members that they will be protected in their absence. *See In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 974 (C.D. Cal. 2015), *aff'd sub nom. Briseno v. ConAgra Foods, Inc.*, 674 F. App'x 654 (9th Cir. 2017), and *aff'd sub nom. Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 (1982)). The Court finds that the interest of absent class members alleging antitrust violations in this case will not be adequately protected by a named plaintiff whose ultimate concern is with the product's functionality.

\* \* \*

Case No.: 5:20-cv-03642-EJD
ORDER RE MOTION TO STRIKE AND MOTION TO DENY CLASS CERTIFICATION
11

1  Therefore, the Court **GRANTS** Defendants' motion as to Steele.[2]

### 3. Aurora Astro

Finally, Defendants argue that Aurora Astro is an inadequate class representative because: (1) Aurora Astro has insufficient records to prosecute the case; (2) Aurora Astro has a conflict of interest with other class members; and (3) Aurora Astro has not suffered an injury.

#### a. Insufficient Records

Defendants argue that Aurora Astro is an inadequate representative because it only possesses sales records for a four-month period in 2017, revealing that Aurora Astro only has a personal interest in litigating that small fragment of time rather than the entire class period. Mot. 19–20. Defendants maintain that the state of Aurora Astro's records compromises its ability to fairly and adequately represent the class. *Id.*; Reply 13.

Plaintiffs argue the fact that Aurora Astro does not have records illustrating its profit margins for the entire relevant time period is irrelevant to Aurora Astro's adequacy as a class representative, and Defendants have cited no authority to the contrary. Opp'n 19.

The Court finds that Defendants have failed to show how issues surrounding Aurora Astro's records render it inadequate to represent the class. As an initial matter, the Court again rejects Defendants' arguments that the amount of telescopes Aurora Astro directly purchased makes it an inadequate class representative for all the reasons discussed above in the Court's analysis of Pioneer. Further, Defendants have not alleged that Aurora Astro engaged in spoilation of the missing records and have made no compelling arguments to suggest that issues with Aurora Astro's records create conflicts of interest or show that Aurora Astro will fail to prosecute the action vigorously on behalf of the class.

#### b. Conflict of Interest

Defendants argue that Aurora Astro's interests inherently conflict with the interests of other class members because Bielaga testified that he was dissatisfied with Celestron's minimum

---

[2] The Court need not address Defendants' remaining arguments regarding Steele's knowledge and the abdication of his role to counsel.

Case No.: 5:20-cv-03642-EJD
ORDER RE MOTION TO STRIKE AND MOTION TO DENY CLASS CERTIFICATION
12

advertised price ("MAP") and believes that raising the MAP would increase his profitability. Mot. 20. Defendants argue that this conflicts with bigger high-volume retailer DPPs, who would prefer a lower MAP because it would allow them to undercut smaller market participants, such as Aurora Astro, and make up the profit in their high-volume sales. *Id.* at 20–21.

Plaintiffs highlight that Defendants cite no evidence to support their assertion that these larger retailers prefer a lower MAP, relying solely on attorney argument. Opp'n 19. Plaintiffs also maintain that this theory simply repeats Defendants' argument that the quantum of harm suffered by Aurora Astro is different than the quantum of harm suffered by larger telescope retailers. *Id.*

The Court agrees with Plaintiffs. Defendants have not provided any evidence that a conflict of interest regarding class members' opinions of Celestron's MAP would render Aurora Astro an inadequate representative.

### c. Injury

Defendants argue that Aurora Astro has not suffered an antitrust injury because Bielaga testified that he did not know what an appropriate profit margin would be. Mot. 22.

Plaintiffs again highlight that Defendants cite no authority for the proposition that an antitrust class representative must have personal knowledge of what their profit margin should have been but for Defendants' antitrust conspiracy. Opp'n 20. Further, Plaintiffs argue that the calculations necessary to determine what a profit margin should have been absent the antitrust conspiracy is a complex issue that often requires the expertise of industrial economists using complex regression analysis. *Id.*

Again here, the Court agrees with Plaintiffs. Defendants have wholly failed to provide the Court with any authority to support its position that Aurora Astro cannot have suffered an antitrust injury if it cannot provide a precise number for what it believes an appropriate profit margin should be.

\* \* \*

Therefore, the Court **DENIES** Defendants' motion as to Aurora Astro.

### E. Adequacy of Class Counsel

Defendants also argue that Class Counsel cannot fairly and adequately protect the interests of the class because: (1) they participated in the spoliation of evidence; (2) their true intent in bringing this action is to represent the interests of a non-party; and (3) they engaged in the unethical direct solicitation of at least one named class representative.

#### 1. Spoilation

First, Defendants argue that Class Counsel's involvement with Radio City's spoliation renders it inadequate to represent the interests of the class. Mot. 22–23.

Plaintiffs maintain that this issue has already been addressed by the Court's sanction order, and Class Counsel's involvement in the spoliation was merely negligent and not appalling enough to warrant a finding of inadequacy. Opp'n 22.

The Court has already remedied the damage done by Radio City's spoliation and Class Counsel's role in failing to prevent the destruction of evidence by dismissing Radio City and awarding attorneys' fees. *See* Sanctions Order. Defendants did not raise the issue of adequacy in their motion for those sanctions, and the Court rejects Defendants' attempt to raise this issue now. The Court finds that Class Counsel's conduct, though disappointing, was not so egregious as to render them inadequate to represent the class.

#### 2. Solicitation

Next, Defendants argue that Class Counsel is inadequate because they engaged in the unethical and direct solicitation of Aurora Astro in violation of the California Rules of Professional Conduct. Mot. 23 (citing Rules of the State Bar of Cal. 7.3, which prohibits "in-person, live telephone or real-time electronic contact" to "solicit professional employment when a significant motive for doing so is the lawyer's pecuniary gain"). Defendants cite to Aurora Astro's deposition, where Bielaga stated that he had never heard of Class Counsel prior to their phone call and never submitted his information to any website soliciting plaintiffs for this action. *Id.*

Plaintiffs argue that Class Counsel appropriately communicated with Aurora Astro in the

Case No.: 5:20-cv-03642-EJD
ORDER RE MOTION TO STRIKE AND MOTION TO DENY CLASS CERTIFICATION
14

1   course of its legitimate investigation into the DPP class, as it is permitted to do in the Ninth

2   Circuit. Opp'n 23 (citing *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 506–07 (C.D. Cal.

3   2011) ("[A]fter a prima facie case is alleged and a motion to dismiss is denied, pre-certification

4   communication by class counsel with potential class members must be permitted.")).

5          The Court finds that Bielaga's deposition does not necessarily show direct solicitation in

6   violation of the California Rules of Professional Conduct. It is equally possible, as Plaintiffs

7   represent, that Plaintiffs appropriately contacted Aurora Astro during its investigation into

8   potential class members. Regardless, even if the evidence indisputably showed direct solicitation,

9   as Plaintiffs highlight, courts do not typically find denial of class certification an appropriate

10  remedy. *See, e.g., Young v. Neurobrands, LLC*, No. 18-CV-05907-JSW, 2020 WL 11762212, at

11  *7 (N.D. Cal. Oct. 15, 2020) ("While the Court does not condone improper solicitation . . . other

12  procedures exist to address such conduct that are more appropriate than denying class

13  certification."); *Zaklit v. Nationstar Mortg. LLC*, No. 2017 WL 3174901, *14 (C.D. Cal. July 24,

14  2017) (citation omitted) ("There is nothing inherently improper with the recruitment of class

15  representatives," and "even where solicitation of clients is improper under rules of professional

16  responsibility, denial of class certification is not an appropriate remedy.").[3]

17         **3.   Conflict of Interest**

18         Finally, Defendants argue that Class Counsel is inadequate because its true intention is to

19  represent the conflicting interests of a non-party client, Orion. Mot. 24–25. In a separate action

20  before this Court, Orion initiated litigation regarding the telescope market against a defendant not

21  involved in the present action. *Id.* at 24. While the Defendants here were not parties to that

22  litigation, Defendants maintain that they had all secured mutual general releases from Orion prior

23  to the filing of that litigation. *Id.* at 3. Once Orion obtained its judgment in the other litigation,

24  Defendants allege that Orion demanded that Defendants engage in further settlement discussions.

25  *Id.* According to Defendants, knowing that Defendants already obtained releases, Orion

---

[3] When presented with this case law in Plaintiffs' opposition, Defendants provided no authority or argument to support its request.

Case No.: 5:20-cv-03642-EJD
ORDER RE MOTION TO STRIKE AND MOTION TO DENY CLASS CERTIFICATION
15

1  threatened to authorize Class Counsel to file separate class actions against Defendants on behalf of

2  classes to which they would not be members. *Id.* Defendants argue that the present lawsuit is

3  Class Counsel carrying out that threat. *Id.* Defendants argue that this conflict of interest is also

4  evidenced by Class Counsel's use of discovery from the present case to support its efforts to

5  collect judgment on behalf of Orion in the other litigation. *Id.* at 25.

6  Plaintiffs argue that Defendants' theory is unsupported by any case law, and this issue has

7  been resolved in the Court's order appointing Class Counsel as lead counsel almost four years ago.

8  Opp'n 25.

9  While the Court observes that the circumstances by which Class Counsel navigates its

10 representation of Orion and the class here, as well as their attempts to utilize confidential

11 documents from this case in Orion's litigation, are troubling, the Court nevertheless finds that

12 Defendants have failed to show a conflict of interest giving rise to a finding of inadequacy. Again

13 here, Defendants had the opportunity to raise these arguments when Class Counsel moved for

14 appointment as lead counsel. The interactions Defendants refer to all occurred pre-filing, and the

15 Court questions why Defendants chose to raise these issues for the first time nearly four years

16 later.

\* \* \*

18 Therefore, the Court **DENIES** Defendants' motion as to Class Counsel.

19 **IV.     CONCLUSION**

20 Based on the foregoing, the Court **DENIES** Plaintiffs' motion to strike and **GRANTS IN**

21 **PART** and **DENIES IN PART** Defendants' motion to deny class certification. The Parties are

22 not permitted to re-raise arguments decided by the Court in this Order in their briefings on

23 Plaintiffs' anticipated motion for class certification.

24 **IT IS SO ORDERED.**

25 Dated: April 15, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-03642-EJD
ORDER RE MOTION TO STRIKE AND MOTION TO DENY CLASS CERTIFICATION
16