UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 20-cv-03642-EJD   (VKD)<br><br>**ORDER RE APRIL 11, 2024 DISCOVERY DISPUTE RE DEPOSITIONS OF ORION AND ITS EMPLOYEES**<br><br>Re: Dkt. No. 595 |

Defendants[1] and non-party Optronics Technologies, Inc. ("Orion") ask the Court to resolve a dispute concerning defendants' deposition subpoenas to Orion and two of its employees. Dkt. No. 595. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

Having considered the parties' submission and the applicable law, the Court denies defendants' request for an order requiring Orion to produce a corporate representative to testify regarding the topics in defendants' Rule 30(b)(6) deposition notice, without prejudice; defendants may serve an amended notice. The Court also denies defendants' request for an order requiring Orion to produce its individual employees for deposition at this time.

## I.   BACKGROUND

Defendants served a deposition subpoena on Orion seeking testimony pursuant to Rule

---

[1] Synta Technology Corp., Suzhou Synta Optical Technology Co., Ltd., Celestron Acquisition, LLC, David Shen, Sylvia Shen, Jack Chen, Jean Shen, Nantong Schmidt Enterprises Ltd., Olivon Manufacturing Group Ltd., Corey Lee, Joe Lupica, Corey Lee, Dave Anderson, Laurence Huen, Olivon USA, and Pacific Telescope Corp.

30(b)(6) on the following topics:

1. Your purchase and/or acquisition of Meade.
2. Your purchase of Telescope Products since January 1, 2003.
3. Your Documents You produced in this Action pursuant to a Subpoena.
4. Your supply agreements with any of [sic] telescope manufacturer, trading company, distributor or retailer since January 1, 2021.
5. Your Communications with any Plaintiff discussing any of the Defendants.
6. Your Communications with any Plaintiff discussing the following litigation: *Optronic Techs, Inc. v. Ningbo Sunny Elec., Co., Ltd.*, No. 5:16-cv-06370-EJD (N.D. Cal. 2016).
7. Your Communications with any Person relating to all telescopes, components, and accessories You purchased that were manufactured, supplied, or distributed by Defendants since January 1, 2010.
8. Your Documents and Communications between You and any Person relating to all telescopes, components, and accessories You sold that were manufactured, supplied, or distributed by Defendants since January 1, 2010.
9. Your Communications with any telescope manufacturer, trading company, distributor or retailer discussing any other telescope retailers.
10. Your product catalogs since January 1, 2003.
11. All Communications sent, received and/or exchanged with BHB and/or the DPPs concerning and/or relating to this Action, including but not limited to the initiation and/or filing of this Action.

Dkt. No. 595 at 4-5. Defendants also served subpoenas for the individual depositions of two Orion employees, Debbie Woodward and Steve Peters. *Id.* at 5. Orion objects to providing any testimony via a corporate representative and objects to the deposition subpoenas served on its employees. *Id.* at 8-9.

**II.     LEGAL STANDARD**

Rule 45 of the Federal Rules of Civil Procedure governs discovery of non-parties. The scope of allowable discovery under Rule 45 is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, No. 16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory committee

1  note (1970); Fed. R. Civ. P. 34(a)). Rule 26 permits discovery "regarding any non-privileged
2  matter that is relevant to any party's claim or defense and proportional to the needs of the case
3  considering the importance of the issues at stake in the action, the amount in controversy, the
4  parties' relative access to relevant information, the parties' resources, the importance of the
5  discovery in resolving the issues, and whether the burden or expense of the proposed discovery
6  outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).
7  The Court must limit the frequency or extent of discovery if it determines that: "(i) the
8  discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other
9  source that is more convenient, less burdensome, or less expensive; (ii) the party seeking
10 discovery has had ample opportunity to obtain the information by discovery in the action; or (iii)
11 the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.
12 26(b)(2)(C). Rule 45 further provides that "the court for the district where compliance is required
13 must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires
14 a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure
15 of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person
16 to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

### III. DISCUSSION

Defendants and Orion disagree regarding the scope of relevant discovery and whether the discovery defendants seek is proportional to the needs of the case. Defendants insist that "Orion's role in this litigation is indisputable," citing Orion's role as Celestron's competitor and its possession of information about pricing dynamics and transactional data. Dkt. No. 595 at 2, 3. Orion principally argues that it is an "unnamed class member" and that it is therefore improper for defendants to take deposition discovery of it or its employees. *Id.* at 6, 8. In addition, Orion argues that it has no "unique" information, and that the deposition discovery defendants seek is unduly burdensome and not proportional to the needs of this case. *Id.* at 8-9. The Court addresses each of these arguments.

#### A. Orion's Role

The Court begins by considering Orion's role with respect to the claims alleged in the

operative complaint.

This is a private antitrust class action brought by plaintiffs representing a proposed class of retailers, distributors, and individual enthusiasts who directly purchased telescopes ("direct purchaser plaintiffs" or "DPPs") manufactured or sold by defendants between 2005 and the time of class notice. Dkt. No. 495 ¶¶ 2, 143. Defendant Ningbo Sunny[2], a company located in China, and its U.S. subsidiary Meade (collectively, "the Ningbo Sunny defendants") export and sell telescopes in the U.S. *Id.* ¶¶ 38–39. Defendant Synta Technology and its affiliates (collectively, "the Synta defendants") are a group of "related entities, holding companies, and shell corporations controlled by David Shen," who owns—either directly, or indirectly through his family members—multiple telescope manufacturing and distribution companies. *Id.* ¶¶ 15, 16, 19–35. In 2005, Synta acquired defendant Celestron, which eventually became the dominant U.S. telescope distributor. *Id.* ¶ 76. The operative complaint also refers to several "co-conspirators" comprised of related entities controlled by Wenjun ("Peter") Ni, the founder and CEO of Ningbo Sunny. *Id.* ¶¶ 37, 40, 43. Synta and Ningbo Sunny sell their telescopes to distributors, including through their wholly owned subsidiaries Celestron and Meade, which then sell the telescopes through various channels to U.S. consumers. *Id.* ¶ 78. DPPs allege that the Synta defendants are involved in a long-running conspiracy with the Ningbo Sunny defendants and their co-conspirators to commit antitrust violations, including agreements to jointly fix prices offered to distributors, restrict and set distributors' trade and credit terms, and orchestrate the acquisition of Meade so that defendants could effectively monopolize the U.S. market. *Id.* ¶ 40. DPPs allege that they were injured as a result of defendants' conspiracy.

Orion is a telescope distributor. It was the plaintiff in a separate private antitrust action against defendant Ningbo Sunny and its U.S. affiliates in *Optronic Techs. Inc. v. Ningbo Sunny et al.*, No. 16-cv-06370-EJD (N.D. Cal.) (the "*Orion* action"). In that action, Orion alleged that Ningbo Sunny, its affiliates, and several other co-conspirators entered into multiple agreements with one another to ensure that they jointly controlled the supply of telescopes into the United

---

[2] Ningbo Sunny has not appeared in this action. *See* Dkt. No. 255 at 1 n.1.

States by agreeing not to compete in the supply market, charging supra-competitive prices, restricting trade, and engaging in other anticompetitive conduct. *Orion* action, Dkt. No. 41 ¶¶ 33–34.

Following a six-week trial, on November 26, 2019, a jury found Ningbo Sunny and Meade liable for violations of sections 1 and 2 of the Sherman Act and section 7 of the Clayton Act, and awarded substantial damages against them. *See Orion* action, Dkt. No. 501. Judgment was entered and an appeal followed. *See id.* Dkt. Nos. 518, 637, 641, 649. On December 6, 2021, the Ninth Circuit affirmed the judgment in part, vacating and remanding only with respect to the valuation of a settlement set-off. *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 20 F.4th 466 (9th Cir. 2021).

Defendants here were not parties to the *Orion* action, but they contend that they settled with Orion prior to the filing of that action and obtained general releases. Dkt. No. 595 at 2; Dkt. No. 550 at 3. In their motion for an order denying class certification, defendants further assert that Orion "demanded Celestron and other named Defendants in this action to enter into further settlement discussions" and "threatened that it would not file a further litigation in its own name, but would instead authorize [Orion's then-counsel, BraunHagey & Borden LLP] to file separate class actions, to which [Orion] would not, technically, be a party." Dkt. No. 550 at 3; *see also id.* at 24-25. BraunHagey & Borden LLP now represents DPPs in this action. Defendants refer to Orion's behavior as "extortionate." *Id.* at 3.

Thus, it appears that Orion is a victim of the alleged conspiracy to commit antitrust violations, although it has already had its day in Court against Ningbo Sunny and Meade and obtained a remedy for the violations.[3] Orion is also a competitor of Celestron with respect to distribution of telescopes in the United States. Dkt. No. 595 at 3; *see also* Dkt. No. 495 ¶ 76. Further, Orion is alleged to have caused its attorneys in the *Orion* action to file the present action on behalf of DPPs, although the presiding judge rejected this allegation as a reason to find DPPs'

---

[3] Orion is engaged in ongoing post-judgment proceedings to collect on the judgment in the earlier *Orion* action. *See, e.g.*, *Orion* action, Dkt. Nos. 598, 701, 753, 823.

1   counsel inadequate to represent the class.  *See* Dkt. No. 596 at 15-16.

### B.      Whether Orion Is an Unnamed Class Member

It is not entirely clear whether Orion is an unnamed member of the class in this case. Defendants assert that, by virtue of Orion's settlement with them, Orion is excluded from the class. Dkt. No. 595 at 2.  DPPs appear to agree that Orion is not an unnamed class member, although perhaps for a different reason.  During a December 8, 2020 discovery hearing in this action, DPPs' counsel described this case as a "follow-on class action" to the *Orion* action in which Orion is "not a party" but "a character" and a victim of the alleged conspiracy.  Dkt. No. 82 at 46:2-27.  Arguing for discovery *from defendant Celestron* about its communications with other defendants regarding Orion, DPPs' counsel acknowledged that "Orion's not part of the class, because it's had its day in court, [but] it would have been a member of this class but for that." *Id.* at 47:7-9.

Contrary to the positions taken by the parties, Orion argues that it *is* an unnamed class member.  It refers to "many reasons" for this position, but the only explanation it provides is that "the class period includes the period after Orion's settlement with Celestron."  Dkt. No. 595 at 8.

On the record presented, the Court is unable to determine whether Orion is an unnamed class member.  However, given Orion's role in the earlier *Orion* action, the Court concludes that even if Orion is within the proposed class, it is not *merely* an unnamed class member; at a minimum, Orion is in possession of information by virtue of that earlier litigation that no other potential class member has and it has collected an produced evidence that concerns the nature and extent of the alleged conspiracy.  Orion is also a competitor in at least one of the markets at issue in the case.  These circumstances distinguish defendants' request for discovery from Orion from the usual circumstances in which discovery of unnamed class members is generally not permitted. *See Withers v. eHarmony, Inc.*, 267 F.R.D.316, 320-321 & n.4 (N.D. Cal. 2010).

### C.      Relevance and Proportionality

The parties disagree about whether defendants' proposed depositions of Orion and its employees are directed to information that is relevant to the claims or defenses and proportionate to the needs of the case.

The complaint alleges that Orion is a victim of the alleged conspiracy, and it has successfully prosecuted claims on behalf of itself against members of the alleged conspiracy.[4] Moreover, DPPs have previously argued that Orion's experience as a victim of the alleged conspiracy is relevant to establishing the existence of the conspiracy and its objects. Dkt. No. 82 at 47:10-13 ("And, you know, if the evidence of the anti-competitive acts towards Orion establish the conspiracy, even if they don't establish damages for this class, that goes to liability, not damages.").

Orion observes in the joint discovery dispute submission that it has already produced extensive documentation from the trial and discovery record in the *Orion* action. Dkt. No. 595 at 6. Some of this material comprises information obtained from others in the *Orion* action, including members of the alleged conspiracy, but it also includes Orion's own documents. *See id.* (referring to materials ordered produced in response to first document subpoena). Orion and its employees are not in a position to answer questions about other parties' documents, but they likely have relevant information about Orion's own experience that is relevant to establishing the existence and nature of the alleged conspiracy. The Court finds no basis to conclude that the production of documents concerning these matters relieves Orion of any obligation to provide deposition testimony about the subject matter to which they refer.

### 1. Rule 30(b)(6) Notice to Orion

While Orion cannot claim complete protection from deposition discovery, the Court is not persuaded that the scope of discovery defendants seek in their Rule 30(b)(6) deposition notice is relevant or proportional to the needs of the case.

First, some of the noticed topics in the Rule 30(b)(6) notice, such as Topics 1, 2, 4, and 10, appear to be directed to exploring Orion's *own anticompetitive conduct*. Defendants do not explain how Orion's potential anticompetitive conduct is relevant to a claim or defense.

---

[4] Defendants contend that "Orion" appears 76 times in the operative complaint, while Orion contends that it appears only 6 times. This dispute is silly. The word "Orion" appears 7 times in the *body* of the complaint and another 70 times in the *exhibits* attached to it. *See* Dkt. No. 495. However, all of these references concern Orion's role as plaintiff in the *Orion* litigation.

7

1       Second, other noticed topics, such as Topics 5, 6, and 11, appear to be directed to whether Orion coordinated with DPPs and/or their counsel to bring the current class action. As noted above, the presiding judge has already rejected this allegation as a reason to find DPPs' counsel inadequate to represent the class, *see* Dkt. No. 596 at 15-16, and defendants are prohibited from raising this same issue again in future briefing on DPPs' anticipated motion for class certification, *id.* at 16. In any event, defendants do not explain how Orion's coordination with DPPs about this case is relevant to a claim or defense.

      Third, some noticed topics are simply too broad. For example, if defendants are relying on Topic 3 to obtain testimony from a corporate representative authenticating every single Orion document that the company has produced, such a deposition would pose an extraordinary burden on Orion to prepare a corporate representative. Similarly, as drafted Topics 7, 8, and 9 are unreasonably broad, as they appear to seek testimony about *every document or communication* relating to Orion's purchase or sale of telescopes manufactured, supplied, or distributed by any defendant since January 1, 2010, and *all communications* with any telescope manufacturer, trading company, distributor, or retailer discussing any other telescope retailer. Defendants contend that Orion holds "crucial information pertinent to the alleged harm, pricing dynamics, the Meade transaction and intricate dealings within the industry." *Id.* at 3. Such requests are unreasonably broad and do not describe the subject matter for examination with reasonable particularity. The Court expects that some information within these topics (and possibly others in the Rule 30(b)(6) notice) *is* relevant to a claim or defense, but defendants do not adequately justify the broad scope of discovery they seek from Orion via Topics 7, 8, and 9.

      Because the noticed topics do not describe with reasonable particularity matters that are relevant and proportional to the needs of the case, the Court denies defendants' request for an order requiring Orion to produce a corporate representative to testify as to these topics.

### 2. Individual Employee Depositions

      The parties' joint discovery dispute submission contains very little discussion of the noticed depositions of Ms. Woodward and Mr. Peters. According to defendants, Ms. Woodward is responsible for Orion's operations, including "supply chain orders," and has knowledge of "the

8

sales transactional data at issue," while Mr. Peters is responsible for and knowledgeable about "merchandising strategy" and "product management." Dkt. No. 595 at 5. However, defendants do not explain how the information these witnesses possess is relevant to any claim or defense, or why their individual depositions are necessary in addition to a corporate deposition of Orion.

Because it is not self-evident that these employees have information that is relevant and proportional to the needs of the case, the Court denies defendants' request for an order requiring Orion to produce these employees for deposition at this time.

## IV. CONCLUSION

On the record presented, the Court concludes that while some deposition testimony from Orion and/or its employees may be warranted, defendants have not adequately articulated what testimony they need or why they need it, and their Rule 30(b)(6) notice is not reasonably limited to topics that are relevant and proportional to the needs of the case. This order is without prejudice to defendants serving an amended notice on Orion that describes relevant topics with reasonable particularity or seeking the depositions of Orion employees, provided defendants can articulate an adequate justification for taking such depositions.

**IT IS SO ORDERED.**

Dated: May 15, 2024

VIRGINIA K. DEMARCHI
United States Magistrate Judge