UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 20-cv-03642-EJD (VKD)<br><br>**ORDER RE JUNE 13, 2024 DISCOVERY DISPUTE RE DEPOSITION OF ORION**<br><br>Re: Dkt. No. 612 |

Defendants[1] and non-party Optronics Technologies, Inc. ("Orion") ask the Court to resolve a dispute concerning defendants' amended deposition subpoena to Orion. Dkt. No. 612. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

Having considered the parties' submission and the applicable law, the Court denies defendants' request for an order requiring Orion to produce a corporate representative to testify regarding the topics in defendants' Rule 30(b)(6) deposition notice, subject to further proceedings described below.

I.  **BACKGROUND**

On May 15, 2024, the Court denied without prejudice defendants' request for an order requiring Orion to produce a corporate representative to testify regarding the topics in defendants' Rule 30(b)(6) deposition notice and also denied defendants' request for an order requiring two of

---

[1] Synta Technology Corp., Suzhou Synta Optical Technology Co., Ltd., Celestron Acquisition, LLC, David Shen, Sylvia Shen, Jack Chen, Jean Shen, Nantong Schmidt Opto-Electrical Technology Co. Ltd., SW Technology Corp., Synta Canada International Enterprises Ltd., Olivon Manufacturing Group Ltd., Corey Lee, Joe Lupica, Dave Anderson, Laurence Huen, Olivon USA, and Pacific Telescope Corp.

Orion's employees to provide deposition testimony. Dkt. No. 597. On May 20, 2024, plaintiffs file a motion for class certification. Dkt. No. 599. On May 21, 2024, defendants served an amended deposition subpoena seeking Orion's testimony pursuant to Rule 30(b)(6) on the following topics:

1. YOUR documents that PLAINTIFFS cite and rely upon in PLAINTIFFS' Motion for Class Certification. (ECF 599).

2. YOUR documents cited and relied upon by J. Doughlas Zona, P.h.D. in his Declaration attached as Exhibit 1 to PLAINTIFFS' Motion for Class Certification. (ECF 599-1), and is attached hereto for reference as Exhibit B.

3. The specific details of YOUR purchase and/or acquisition of MEADE, including the timeline, the entities/persons involved, and the terms of the transaction.

4. Information regarding YOUR purchase of TELESCOPE PRODUCTS from January 1, 2003 to the present, including the types of products purchased, the suppliers, and the quantities involved.

5. Identification of the category or the DOCUMENTS YOU produced in this ACTION pursuant to a Subpoena.

6. The main terms and conditions of YOUR supply agreements with any of telescope manufacturer, trading company, distributor or retailer since January 1, 2010 to the present, including any significant changes or amendments to these agreements.

7. Specific COMMUNICATIONS with any PERSON relating to all telescopes, components, and accessories YOU purchased that were manufactured, supplied, or distributed by DEFENDANTS since January 1, 2010, focusing on significant transactions and business decisions, including but not limited to the pricing YOU purchased DEFENDANTS' products for, the terms and conditions of these purchases, and the impact of these transactions on the overall telescope market.

8. Specific COMMUNICATIONS between YOU and any telescope manufacturer, trading company, distributor or retailer from January 1, 2010 to the present, discussing other telescope retailers, limited to communications that directly relate to market conditions, competitive strategies, or industry practices.

9. An overview of YOUR product catalogs from January 1, 2003 to the present, highlighting significant changes in product offerings over time.

Dkt. No. 612-1 at ECF 11-12. Orion objects to providing any testimony via a corporate representative. Dkt. No. 612 at 6-8.

## II.  LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure governs discovery of non-parties. The

scope of allowable discovery under Rule 45 is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, No. 16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory committee note (1970); Fed. R. Civ. P. 34(a)). Rule 26 permits discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The Court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Rule 45 further provides that "the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

## III. DISCUSSION

As before, defendants and Orion disagree about the scope of relevant discovery and about whether the discovery defendants seek is proportional to the needs of the case. The Court refers to its earlier discussion of the claims at issue in the operative complaint and Orion's apparent role with respect to those claims. Dkt. No. 597 at 3-6.

The Court agrees with Orion that most of topics in defendants' amended Rule 30(b)(6) notice suffer from the same infirmities as the topics in their earlier notice. Several topics are again drafted in extremely broad terms (*e.g.* Topics 1-2, 7-9), and defendants offer only speculative or conclusory arguments about the relevance of other topics (*e.g.* Topics 3-6). However, some topics

merit further discussion.

With respect to Topic 3, which seeks corporate testimony regarding Orion's "purchase and/or acquisition of MEADE, including the timeline, the entities/persons involved, and the terms of the transaction," defendants explain that Meade is a "key competitor" of defendant Celestron, and that the "nature of Orion's acquisition of Meade" is "central to [plaintiffs' expert] Dr. Zona's analysis of the relevant market and the competitive landscape." Dkt. No. 612 at 4. Orion responds that Topic 3 is very similar to a topic the Court rejected in defendants' earlier deposition subpoena, where the Court concluded that testimony about the Meade acquisition "appeared to be directed to exploring Orion's own anticompetitive conduct," and therefore not relevant to this case. *Id.* at 7 (citing Dkt. No. 597 at 7). The "Meade acquisition" features prominently in plaintiffs' motion for class certification, although that focuses on *Ningbo Sunny's* acquisition of Meade, and not Orion's. *See, e.g.,* Dkt. No. 599 at 2-12, 20-23. However, plaintiffs' motion includes the following assertions about the "relevant market," citing the declaration of their expert, Dr. Zona:

> The key distributors within the relevant market from 2005 through Meade's bankruptcy in 2019 were Celestron, Orion and Meade. (Zona Rpt. ¶ 42.) *After Orion's acquisition of Meade, the key distributors have been Celestron and Orion, with Celestron comprising, on average, 65% of all U.S. consumer telescope sales (although its market share has been over 80% during the Class Period).* (*Id.*) Defendants sell telescopes within the relevant market through Celestron, which operates as the distribution arm of their business. From 2013 to 2019, Defendants also sold their telescopes within the relevant market through Meade, which was owned by Ningbo Sunny. The members of the DPP Class, including Class Plaintiffs, all purchased their telescopes and telescope accessories from Celestron or Meade (from 2013 to 2019) within the relevant market.
>
> Dr. Zona has calculated from publicly available customs data that Synta and Ningbo Sunny together comprised 70 percent of telescope imports into the United States from 2006 to 2022. (Zona Rpt. ¶ 44.) That is consistent with Nantong Schmidt's claim on its LinkedIn page that it is the largest telescope manufacturer in the world and "mak[es] up 70 percent of the industry market." (*Id.* ¶ 28.) This dominance of manufacturing has allowed Synta's and Ningbo Sunny's wholly owned distributors, Celestron and Meade, to dominate the relevant market. *Dr. Zona's market share analysis*

4

> *likewise finds that Celestron and Meade together comprised over 70% of the relevant market.* (*Id.* ¶ 44.)

Dkt. No. 599 at 6-7 (emphasis added). In his supporting declaration, Dr. Zona refers to Orion's acquisition of Meade in 2021; he characterizes that acquisition as not including a full conveyance of Meade assets to Orion; and he has computed market share for the "Meade" brand during the period after the acquisition. Dkt. No. 599-1 ¶¶ 36, 42, 92, 93. Thus, it appears that some information about the "nature of Orion's acquisition of Meade" is relevant to matters plaintiffs have put at issue in their motion for class certification, but it remains unclear *what* exactly defendants wish to learn from an Orion corporate representative and why all testimony potentially within the broad scope of Topic 3 is relevant to class certification or to a claim or defense. For example, defendants do not explain why they seek information about the "timeline" of the transaction and the "entities/persons involved." The Court is inclined to allow some deposition testimony within the scope of Topic 3—such as, Orion's "purchase and/or acquisition of" Meade and the "terms of the transaction"—but will require the parties to confer further regarding the scope of the testimony beyond those matters.

With respect to Topics 1 and 2, which seek corporate testimony regarding documents plaintiffs "cite or rely upon" in their class certification motion and documents that Dr. Zona "cite[s] or relie[s] upon" in his supporting declaration, defendants apparently refer to thousands of documents. *See* Dkt. No. 612 at 4, 7. As the Court explained in its prior order, a deposition topic that requires Orion to prepare a corporate representative to testify about this volume of documents (particularly if many of those documents were not generated by Orion, but were produced instead by others in the *Orion* litigation) imposes an "extraordinary burden." *See* Dkt. No. 597 at 8. Defendants may not take testimony of Orion on Topics 1 and 2 unless they first *specifically identify* the documents about which they intend to examine a witness, and they limit the volume of documents to a reasonable number.

Defendants have failed to offer any reasonable justification for any of the other deposition topics in the amended Rule 30(b)(6) notice to Orion.

### IV.   CONCLUSION

For the reasons explained above, the Court denies defendants' request for an order

5

requiring Orion to produce a corporate representative to testify regarding Topics 4-9 of defendants' amended Rule 30(b)(6) notice.  As to Topic 3, the Court requires Orion to prepare a corporate representative to testify regarding the portion of that topic that concerns Orion's "purchase and/or acquisition of" Meade and the "terms of the transaction"; if defendants wish to obtain testimony beyond those matters, they must specifically identify what additional testimony they require.  As to Topics 1 and 2, Orion need not prepare a corporate representative to testify about these topics, unless and until defendants specifically identify a reasonable number of Orion documents about which they wish to conduct an examination.

Defendants shall promptly advise Orion whether they wish to proceed with a deposition that is limited to the portion of Topic 3 described above.  If defendants wish to take Orion's deposition regarding other matters within the scope of Topic 3 or regarding specific documents within the scope of Topics 1 and 2, they shall promptly advise Orion, and the parties shall confer in an effort to reach agreement on the scope of Orion's testimony.  By **July 15, 2024**, the parties shall file a joint status report advising the Court of (1) the scope of defendants' Rule 30(b)(6) deposition of Orion, including a description of any remaining disagreements about that scope, and (2) the date on which the deposition will occur.  The joint status report must not contain any argument.

**IT IS SO ORDERED.**

Dated: July 1, 2024

Virginia K. DeMarchi
United States Magistrate Judge