UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 20-cv-03642-EJD (VKD)<br><br>**ORDER RE AUGUST 23, 2024 DISCOVERY DISPUTE LETTER RE SETTLEMENT TERMS**<br><br>Re: Dkt. No. 648 |

Direct Purchaser Plaintiffs ("DPPs") and Defendants[1] ask the Court to resolve a dispute concerning DPPs' Request for Production No. 139 seeking documents reflecting or memorializing the terms of Defendants' settlement with Indirect Purchaser Plaintiffs ("IPPs"). Dkt. No. 648. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

On September 8, 2023, IPPs and Defendants filed a notice indicating that they had "reached a settlement in principle" of their dispute in the related case. *See* Case No. 20-3639, Dkt. No. 384 at 2. On November 7, 2023, IPPs filed a notice advising that the parties were "negotiating in good faith a final form of the proposed settlement agreement[.]" *See id.,* Dkt. No. 387. DPPs argue that the IPPs settlement agreement is relevant to DPPs' motion for class certification because the IPPs' claims are "derivative of" DPPs' claims, and any settlement agreement on behalf of the IPPs will necessarily contain information showing class treatment is

---

[1] Celestron Acquisition, LLC, Synta Technology Corp., Suzhou Synta Optical Technology Co., Ltd., SW Technology Corp., Synta Canada International Enterprises Ltd., Olivon Manufacturing Group Ltd., David Shen, Sylvia Shen, Jean Shen, Jack Chen, Nantong Schmidt Opto-Electrical Technology Co. Ltd., Corey Lee, Joe Lupica, Dave Anderson, Laurence Huen, Olivon USA, and Pacific Telescope Corp.

1   warranted in this action. Dkt. No. 648 at 2. Defendants respond that their prospective settlement
2   with IPPs is not relevant to any issue of class certification in this action, and they argue that DPPs'
3   efforts to obtain to "all documents . . . reflecting or memorializing" the terms of that settlement
4   agreement are intended to disrupt "ongoing settlement negotiations" with IPPs. *Id.* at 3, 4.

5        Having reviewed the parties' arguments and the applicable authority, the Court concludes
6   that DPPs have not demonstrated that they are entitled to the discovery they seek. First, it appears
7   that a final settlement agreement does not yet exist, and DPPs provide no justification for
8   requiring Defendants to produce interim drafts or other documents reflecting ongoing negotiations
9   between Defendants and IPPs. Second, even assuming a final settlement agreement existed, DPPs
10  have not shown that any such agreement has any bearing on the parties' respective positions on
11  class certification in this action. The mere fact that the IPP class is comprised of members who
12  purchased telescopes from members of the DPP class is not a persuasive reason to order the
13  discovery DPPs demand. The Court understands DPPs to argue that, in eventually seeking
14  preliminary approval for a settlement, IPPs and/or Defendants are expected to propose a settlement
15  class for certification, suggesting that such a proposal might operate as a concession by
16  Defendants that the DPP class in this action is also certifiable. Specifically, DPPs argue that "the
17  class definition that appears in Defendants' settlement agreement with the IPPs is relevant to
18  DPPs' class certification motion because it contradicts Defendants' arguments against class
19  certification." *Id.* at 2. DPPs do not elaborate on the nature of this contradiction, nor do they cite
20  any authority supporting the proposition that a class action settlement by IPPs would necessarily
21  require a finding that DPPs have met some or all of the requirements for class certification.

22       In any event, if and when IPPs and Defendants finalize a settlement agreement and seek
23  preliminary approval of it, that agreement will be filed on the docket in the related case, and
24  presumably, will at that time be accessible to DPPs. The Court concludes that DPPs have not
25  shown they are entitled to the production of documents responsive to Request for Production No.
26  139.
27  //
28  //

**IT IS SO ORDERED.**

Dated: September 6, 2024

Virginia K. DeMarchi
United States Magistrate Judge