CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
JOHN MAATTA (SBN 83683)
john@frostllp.com
JOSHUA STAMBAUGH (SBN 233834)
josh@frostllp.com
LAWRENCE J.H. LIU (SBN 312115)
lawrence@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441

SHAUNA A. IZADI (Admitted *Pro Hac Vice*)
sizadi@izadilegal.com
IZADI LEGAL GROUP, PLLC
13155 Noel Rd, Suite 900
Dallas, Texas 75240

Attorneys for Defendants Celestron Acquisition, LLC, Synta Technology Corp., Suzhou Synta Optical Technology Co., Ltd., Synta Canada Int'l Enterprises Ltd., SW Technology Corp., Olivon Manufacturing Co. Ltd., Olivon USA, LLC, Nantong Schmidt Optoelectrical Technology Co. Ltd., Pacific Telescope Corp., Corey Lee, David Shen, Sylvia Shen, Jack Chen, Jean Shen, Joseph Lupica, Dave Anderson, Laurence Huen

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 5:20-cv-03642-EJD |
| THIS DOCUMENT RELATES TO: | *Assigned for All Purposes to:* Hon. Edward J. Davila |
| AURORA ASTRO PRODUCTS, LLC, PIONEER CYCLING & FITNESS, LLP; and those similarly situated, <br> Plaintiffs, <br> vs. <br> CELESTRON ACQUISITION, LLC, SUZHOU SYNTA OPTICAL TECHNOLOGY CO., LTD., SYNTA CANADA INT'L ENTERPRISES LTD., SW TECHNOLOGY CORP., OLIVON MANUFACTURING CO. LTD., OLIVON USA, LLC, NANTONG SCHMIDT OPTOELECTRICAL TECHNOLOGY CO. LTD., NINGBO SUNNY ELECTRONIC CO., LTD., PACIFIC TELESCOPE CORP., COREY LEE, DAVID SHEN, SYLVIA SHEN, JACK CHEN, JEAN SHEN, JOSEPH LUPICA, DAVE ANDERSON, LAURENCE HUEN, and DOES 1-50, <br> Defendants. | **DECLARATION OF JOSHUA S. STAMBAUGH IN SUPPORT OF CELESTRON ACQUISITION, LLC'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** <br><br> *[Filed concurrently with Notice of Motion and Motion for Summary Judgment; Separate Statement of UMF]* <br><br> Hearing: <br> Date:     TBD <br> Time:     TBD <br> Crtrm.:   4 (5th Floor) <br><br> Compl. Filed:     June 1, 2020 <br> Trial Setting Conference: May 8, 2025 |

Case No. 5:20-cv-03642-EJD

# DECLARATION OF JOSHUA S. STAMBAUGH

I, Joshua S. Stambaugh, declare as follows:

1. I am an attorney licensed to practice before this Court, and am a partner with the law firm of FROST LLP, attorneys of record herein for Defendants Celestron Acquisition, LLC, Synta Technology Corp., Suzhou Synta Optical Technology Co., Ltd., Synta Canada Int'l Enterprises Ltd., SW Technology Corp., Olivon Manufacturing Co. Ltd., Olivon USA, LLC, Nantong Schmidt Optoelectrical Technology Co. Ltd., Pacific Telescope Corp., Corey Lee, David Shen, Sylvia Shen, Jack Chen, Jean Shen, Joseph Lupica, Dave Anderson, and Laurence Huen (collectively, "Defendants"). I have personal knowledge of the facts stated herein and, if called upon to testify as a witness, I could and would competently testify thereto. I make this Declaration in support of Celestron Acquisition, LLC's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment, filed concurrently herewith.

2. On February 28, 2025, my office met and conferred with counsel for Direct Purchaser Plaintiffs ("DPPs") to discuss Defendants' anticipated filing of motions for summary judgment for: (1) Corey Lee; (2) Jean Shen, Olivon Manufacturing Co. Ltd., and Olivon USA, LLC (together, "Olivon Defendants"); (3) Synta Technology Corp. ("Synta Taiwan"); (4) Synta Canada Int'l Enterprises Ltd. ("Synta Canada"); (5) SW Technology Corp. ("SW Technology"); (6) Pacific Telescope Corp. ("Pacific Telescope"); (7) Celestron Acquisition, LLC ("Celestron"); (8) Joe Lupica; and (9) Dave Anderson. Defendants explained the factual and legal grounds for each motion and invited DPPs to further meet and confer on how to potentially resolve any of the motions informally. The parties, however, were not able to resolve these motions before the Court's dispositive motion deadline, thus requiring the filing of these motions.

3. Attached hereto as **Exhibit A** are true and correct copies of excerpts taken from the transcript of Dr. J. Douglas Zona's deposition in this case, dated December 20, 2024.

4. Attached hereto as **Exhibit B** are true and correct copies of excerpts taken from the transcript of the hearing on DPPs' Motion for Class Certification, dated September 5, 2024. The full hearing transcript was filed in this action as ECF No. 653.

5. Attached hereto as **Exhibit C** is a true and correct copy of Dr. J. Douglas Zona's

expert report, filed in this action as ECF No. 629-2, and later reproduced on November 1, 2024.

6. Attached hereto as **Exhibit D** is a true and correct copy of the partially sealed Mr. David P. Kaplan's expert report, filed in this action as ECF No. 623-2.[1]

7. Attached hereto as **Exhibit E** is a true and correct copy of an excerpt taken from the Direct Purchaser Plaintiff Aurora Astro Products, LLC's Objections and Responses to Synta Technology Corporation's Interrogatories, Set One, dated October 11, 2023.

8. Attached hereto as **Exhibit F** is a true and correct copy of an excerpt taken from the Direct Purchaser Plaintiff Pioneer Cycling And Fitness, LLP's Objections and Responses to Synta Technology Corporation's Interrogatories, Set One, dated October 11, 2023.

9. Attached hereto as **Exhibit G** is a true and correct copy of excerpts taken from Dr. J. Douglas Zona's trial transcript in the *Orion* case (*Optronic Technologies, Inc. v. Ningbo Sunny Electronic Co., Ltd.* (N.D. Cal. 5:16-cv-06370-EJD), volume I, dated November 14, 2019.

10. Attached hereto as **Exhibit H** is a true and correct copy of an excerpt taken from Dr. J. Douglas Zona's deposition transcript in the *Orion* case, dated May 15, 2019.

11. Attached hereto as **Exhibit I** is a true and correct copy of an excerpt taken from Dr. J. Douglas Zona's expert report in the *Orion* case, dated January 3, 2019.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 7th day of March, 2025, at Los Angeles, California.

_____
Joshua S. Stambaugh

---

[1] The Court previously granted Defendants' request to partially seal the Kaplan Report. (ECF No. 627.) For purposes of this Motion, Defendants rely solely on the unredacted portions and do not rely on any of the sealed, redacted portions of the Kaplan Report.