# EXHIBIT E

J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
borden@braunhagey.com
Andrew Levine, Esq. (SBN: 278246)
levine@braunhagey.com
Ellen V. Leonida, Esq. (SBN: 184194)
leonida@braunhagey.com
Ronald J. Fisher, Esq. (SBN: 298660)
fisher@braunhagey.com
Ellis E. Herington, Esq. (SBN: 343085)
herington@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

Garrett Biedermann, Esq. (admitted *pro hac vice*)
biedermann@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403
Facsimile: (646) 403-4089

ATTORNEYS FOR DIRECT PURCHASER PLAINTIFFS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 5:20-cv-03639-EJD |
| This Document Relates to:<br><br>AURORA ASTRO PRODUCTS LLC, PIONEER CYCLING & FITNESS, LLP, JASON STEELE, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CELESTRON ACQUISITION, LLC, SUZHOU SYNTA OPTICAL TECHNOLOGY CO., LTD., SYNTA CANADA INT'L ENTERPRISES LTD., SW TECHNOLOGY CORP., OLIVON MANUFACTURING CO. LTD., OLIVON USA, LLC, NANTONG SCHMIDT OPTO-ELECTRICAL TECHNOLOGY CO. LTD., | Case No. 5:20-cv-03642-EJD<br><br>**PLAINTIFF AURORA ASTRO PRODUCTS, LLC'S OBJECTIONS AND RESPONSES TO DEFENDANT SYNTA TECHNOLOGY CORPORATION'S INTERROGATORIES, SET ONE** |

NINGBO SUNNY ELECTRONIC CO., LTD., PACIFIC TELESCOPE CORP., COREY LEE, DAVID SHEN, SYLVIA SHEN, JACK CHEN, JEAN SHEN, JOSEPH LUPICA, DAVE ANDERSON, LAURENCE HUEN, and DOES 1-50,

Defendants.

**PROPOUNDING PARTY:** Defendant Synta Technology Corporation

**RESPONDING PARTY:** Plaintiff Aurora Astro Products, LLC

**SET NO.:** One (1)

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Aurora Astro Products, LLC ("Plaintiff") hereby responds to the First Set of Interrogatories ("Interrogatories") propounded by Defendant Synta Technology Corporation ("Defendant").

## GENERAL OBJECTIONS

1. Plaintiff objects to the Interrogatories in their entirety as, on its face, calling for the disclosure of privileged or immune information, including, without limitation, information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, common interest privilege and/or any other privilege or immunity from discovery. Plaintiff hereby claims such privileges and immunities and objects to the disclosure of any documents or information subject thereto. Any disclosure of privileged or protected documents, materials, or information is inadvertent and not intended to waive those privileges or protections.

2. Plaintiff objects that Defendant has unreasonably delayed its request for this discovery, causing undue burden and unfair prejudice to Plaintiff.

3. Plaintiff objects to each and every definition and interrogatory on the grounds that it purports to impose burdens upon Plaintiff in this action that are not permitted by law, or seeks to impose greater obligations than those imposed under the Federal Rules of Civil Procedure, the Local Rules of the District Court of the Northern District of California, or any order of the Court.

4. Plaintiff objects to each and every definition, instruction and interrogatory on the grounds that it is overbroad, unduly burdensome, and oppressive.

5. Plaintiff objects to each and every interrogatory as duplicative of or unreasonably cumulative to other discovery propounded and/or produced in this action.

6. To the extent any interrogatory, definition, or instruction may be construed as requiring Plaintiff to characterize documents or their contents or to speculate as to what documents may or may not show, Plaintiff objects to such interrogatory, definition, or instruction as vague, ambiguous, and calling for legal conclusions and speculation.

prices together. Plaintiff further states that Defendants forced certain distributors to make purchases only through Synta, thereby unlawfully restraining trade with the effect of driving up costs and reducing retail price flexibility. Plaintiff further states that Defendants obtained and shared with their co-conspirators non-public, sensitive information about their competitors' intellectual property, business plans, and product pricing. Plaintiff further states that Defendants helped co-conspirator Ningbo Sunny acquire and operate Defendant Celestron Acquisition, LLC's horizontal competitor, Meade Instruments Corp., in order to remove a competitor from the telescope manufacturing market and further consolidate the market. Documents relevant to Defendants' anticompetitive conduct include: SMRH-0001063, NSE02047436, NSE2696876, NSE2696882, NSE2696813, NSE2246870, SMRH-0000986, NSE2673424, NSE0073782, NSE00015507, NSE00066211, NSE00074590, NSE00073815, NSE00073836, NSE00075606, NSE00116548, NSE00073780, ECF No. 188-6, NSE00073789, NSE00073815, and all of the documents relied on by a jury in the antitrust proceeding brought by Optronic Technologies, Inc. d/b/a Orion Telescopes & Binoculars® in the action titled *Optronic Technologies, Inc., v. Ningbo Sunny Electronic Co., Ltd. et al.*, No. 5:16-cv-06370-EJD-VKD (N.D. Cal.) (the "Orion Litigation"), where a jury found that Defendants engaged in price fixing, market allocation, conspiracy to monopolize the market and unlawful market consolidation. Further answer of this interrogatory would necessitate examining, auditing, compiling, abstracting, or summarizing Defendants' transactional data, the burden of which is substantially the same for Defendants. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 2:**

IDENTIFY with specificity each date on which each DEFENDANT engaged in anticompetitive behavior.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates its General Objections as if set forth herein. Plaintiff objects to this interrogatory on the ground that it is overbroad, unduly burdensome, oppressive, compound, disproportional to the needs of this case, and seeks information that is not relevant to any claims or defenses in this litigation. Plaintiff also objects to this interrogatory to the extent it calls for

evidence primarily in the possession, custody, or control of Defendants. Plaintiff also objects to this interrogatory to the extent it calls for the creation of a new document, report or information that does not exist. Plaintiff also objects that this interrogatory calls for premature expert discovery, and expressly reserves the right of its expert(s) to develop theories supported by the evidence disclosed in fact discovery. Plaintiff also objects to this interrogatory to the extent that it seeks attorney-client or work product privileged materials or information. Plaintiff further objects that answering this Interrogatory would require examining, auditing, compiling, abstracting, or summarizing Plaintiff's business records, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as for Plaintiff. Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff further objects to this interrogatory because Defendants violated the Court's Order limiting the number of interrogatories Defendants are permitted to serve and the Federal Rules of Civil Procedure. (*See* ECF 169 at 3.) Plaintiff sought to meet and confer with Defendants about Defendants' deficient interrogatories, but Defendants refused. Plaintiff remains willing to meet and confer with Defendants about this issue. Plaintiff further objects that the undefined term "anticompetitive behavior" is vague and ambiguous. Plaintiff construes the term to mean conduct that is unlawful under the Sherman Act, Clayton Act, or Cartwright Act. Plaintiff further objects that the Interrogatory is incurably overbroad, disproportionate to the needs of the case, and unduly burdensome in that it does not even request documents relating to specific allegations in Plaintiff's complaint, but rather purports to require Plaintiff to identify literally every instance of unlawful conduct by Defendant under multiple antitrust statutes, each of which supports multiple theories of liability, for multiple years. Courts have recognized that contention interrogatories drafted this broadly are impermissible:

> An interrogatory may reasonably ask for the material or principal facts which support a contention. Rule 33 contemplates that a responding party shall indeed not hedge the answer merely because it may require the application of opinion to fact. To require specifically "each and every" fact and application of law to fact, however, would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details. The burden to answer then outweighs the benefit to be gained. Other discovery procedures, such as depositions and production of documents, better address whatever need there be for that kind of secondary detail.

*IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998). Just so here. Plaintiff further objects to this interrogatory on the grounds that it seeks information exclusively in Defendants' possession, custody, and control and on the grounds that Defendants are in violation of multiple Court Orders to produce evidence that they are withholding and have spoliated evidence during the pendency of this litigation while refusing to explain the nature and extent of their destruction of evidence. Subject to and without waiver of the foregoing objections, and based on Plaintiff's present knowledge following a reasonable and non-exhaustive search and inquiry, Plaintiff responds as follows: Plaintiff has provided a detailed account of the anticompetitive behavior that Defendants have engaged in during the relevant time period in the operative complaint in this action (ECF No. 495). Plaintiff further responds that the anticompetitive behavior began in or around April 2005, when Defendant David Shen acquired Defendant Celestron Acquisition, LLC and has continued thereafter. Further answer of this interrogatory would necessitate examining, auditing, compiling, abstracting, or summarizing Defendants' transactional data, the burden of which is substantially the same for Defendants. Discovery is ongoing and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 3:**

IDENTIFY with specificity all facts that YOU contend support YOUR allegation that "DEFENDANTS artificially raised the prices and restrained trade, and thereby injured all members of the Class in substantially identical fashion" as set forth in the operative Complaint in this ACTION.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates its General Objections as if set forth herein. Plaintiff objects to this interrogatory on the ground that it is overbroad, unduly burdensome, oppressive, compound, disproportional to the needs of this case, and seeks information that is not relevant to any claims or defenses in this litigation. Plaintiff also objects to this interrogatory to the extent it calls for evidence primarily in the possession, custody, or control of Defendants. Plaintiff also objects to this interrogatory to the extent it calls for the creation of a new document, report or information that does not exist. Plaintiff also objects that this interrogatory calls for premature expert discovery, and

Dated: October 11, 2023

BRAUNHAGEY & BORDEN LLP

By: *__/s/ Matthew Borden__*
Matthew Borden

Attorneys for Direct Purchaser Plaintiffs