# Exhibit H

**CERTIFIED COPY**

|    |                                                                         |
|----|-------------------------------------------------------------------------|
| 1  | UNITED STATES DISTRICT COURT                                            |
| 2  | NORTHERN DISTRICT OF CALIFORNIA                                         |
| 3  | SAN JOSE DIVISION                                                       |
| 4  | ---o0o---                                                               |

```
OPTRONIC TECHNOLOGIES, INC.,      )
d/b/a Orion Telescopes &          )
Binoculars, a California          )
corporation,                      )
                                  )   Case No.
              Plaintiff,          )   5:16-cv-6370-
                                  )   EJD
         vs.                      )
                                  )
NINGBO SUNNY ELECTRONIC CO.,      )
LTD., SUNNY OPTICS, INC., MEADE   )
INSTRUMENTS CORP., and DOES       )
1-25                              )
                                  )
              Defendants.         )
                                  )
```

---o0o---

WEDNESDAY, MAY 15, 2019

VIDEOTAPED DEPOSITION OF J. DOUGLAS ZONA, PH.D.

HIGHLY CONFIDENTIAL

---o0o---

REPORTER: BALINDA DUNLAP, CSR 10710, RPR, CRR, RMR
451455

**BARKLEY**
*Court Reporters*
barkley.com

(310) 207-8000 Los Angeles    (415) 433-5777 San Francisco    (949) 955-0400 Irvine          (858) 455-5444 San Diego
(310) 207-8000 Century City   (408) 885-0550 San Jose         (760) 322-2240 Palm Springs    (800) 222-1231 Carlsbad
(916) 922-5777 Sacramento     (800) 222-1231 Martinez         (702) 366-0500 Las Vegas       (800) 222-1231 Monterey
(951) 686-0606 Riverside      (818) 702-0202 Woodland Hills   (702) 366-0500 Henderson       (516) 277-9494 Garden City
(212) 808-8500 New York City  (347) 821-4611 Brooklyn         (518) 490-1910 Albany          (914) 510-9110 White Plains
(312) 379-5566 Chicago        00+1+800 222 1231 Paris         00+1+800 222 1231 Dubai        001+1+800 222 1231 Hong Kong

```
 1                A P P E A R A N C E S

 2                      ---o0o---

 3

 4
     FOR THE PLAINTIFF:
 5
              BRAUNHAGEY & BORDEN LLP
 6            220 Sansome Street, 2nd Floor
              San Francisco, California  94104
 7            BY: RONALD J. FISHER, ESQ.
                  JEFFREY M. THEODORE, ESQ.
 8            (415) 599-0210
              fisher@braunhagey.com
 9            theodore@braunhagey.com

10
     FOR THE DEFENDANT:
11
              SHEPPARD MULLIN
12            4 Embarcadero Center, 17th Floor
              San Francisco, California  94111
13            BY: NADEZHDA NIKONOVA, ESQ.
                  MICHAEL SCARBOROUGH, ESQ.
14                DAVID GARCIA, ESQ.
              (415) 434-9100
15            nnikonova@sheppardmullin.com
              mscarborough@sheppardmullin.com
16            dgarcia@sheppardmullin.com

17

18

19

20

21

22

23

24

25

                            3
```

```
1    Q.   So how do you choose the beginning of your
2    damage period?
3         MR. THEODORE:   Objection.
4         THE WITNESS:   The beginning of the damage
5    period that we talked about before, which was
6    specific to the overcharge part of the analysis,
7    was, I believe, based on Meade's -- or the Meade
8    acquisition, the timing of the Meade acquisition.
9    Q.   BY MR. GARCIA:  Well, can you find it in
10   your report where your damage period is for the
11   damage analysis?
12   A.   Again, for this part of the damages.
13   There's other -- the other damage calculations
14   involve different time periods.  But for the
15   purpose of this input overcharge, it is November
16   2013 to May 2018 is what I used for calculating
17   damages.
18   Q.   Right.  And how did you derive the
19   November 2013 day, where does that come from, start
20   day?
21   A.   That's what I remember right now, is it
22   had to do with the Meade acquisition.
23   Q.   So your report simply assumes that the
24   collusive activity, to the extent that there was
25   price-fixing, for example, commenced at the time
```

124

J. DOUGLAS ZONA, PH.D.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

BARKLEY
Court Reporters

ORION-SUBPOENA-00001185

```
 1   Meade was acquired?
 2          MR. THEODORE:  Objection.
 3          THE WITNESS:  No, that's not what I am
 4   assuming.  For purposes of calculating damages, I
 5   am only quantifying damages that occurred during
 6   that time interval and beyond.  I haven't given, or
 7   I haven't accounted for any overcharges that may
 8   have occurred before that time period.
 9          So in that way, what I am estimating is
10   conservative.  It is the extent to which collusion
11   occurred even before 2013.
12      Q.   BY MR. GARCIA:  And what about the end
13   date of the collusive period?  I believe you said
14   it was in 2018?
15      A.   No, I didn't say that.  I didn't mean to
16   say that.  I might have said that.  2018 is the end
17   of the data.  So I used that time period in order
18   to calculate damages, but I have calculated it over
19   a longer time period than that.
20      Q.   That's the end of your client -- Orion's
21   data?
22          MR. THEODORE:  Objection.
23          THE WITNESS:  I believe so, yes.  The end
24   of the sales data.
25      Q.   BY MR. GARCIA:  So are you providing any
```

125

J. DOUGLAS ZONA, PH.D.

BARKLEY
Court Reporters

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                    ORION-SUBPOENA-00001186

```
 1            DEPOSITION OFFICER'S CERTIFICATE
 2   STATE OF CALIFORNIA    )
                            ) ss.
 3   COUNTY OF SAN FRANCISCO )
 4
 5
 6         I, BALINDA DUNLAP, hereby certify:
 7         I am a duly qualified Certified Shorthand
 8   Reporter in the State of California, holder of
 9   Certificate Number CSR 10710 issued by the Certified Court
10   Reporters' Board of California and which is in full
11   force and effect.  (Fed. R. Civ. P. 28(a)(1)).
12         I am authorized to administer oaths or
13   affirmations pursuant to California Code of Civil
14   Procedure, Section 2093(b) and prior to being examined,
15   the witness was first duly sworn by me.  (Fed. R. Civ.
16   P. 28(a)(a)).
17         I am not a relative or employee or attorney or
18   counsel of any of the parties, nor am I a relative or
19   employee of such attorney or counsel, nor am I
20   financially interested in this action.  (Fed. R. Civ. P.
21   28).
22         I am the deposition officer that
23   stenographically recorded the testimony in the foregoing
24   deposition and the foregoing transcript is a true record
25                           / / /
```

233

J. DOUGLAS ZONA, PH.D.

**BARKLEY** Court Reporters

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                                    ORION-SUBPOENA-00001294

```
 1   of the testimony given by the witness.  (Fed. R. Civ. P.
 2   30(f)(1)).
 3           Before completion of the deposition, review of
 4   the transcript [XX] was [  ] was not requested.  If
 5   requested, any changes made by the deponent (and
 6   provided to the reporter) during the period allowed, are
 7   appended hereto.  (Fed. R. Civ. P. 30(e)).
 8   Dated: MAY 30, 2019
 9
10
11                          B. Dunlap
12                       _____
13
14
15
16
17
18
19
20
21
22
23
24
25
```

234

J. DOUGLAS ZONA, PH.D.

BARKLEY
Court Reporters

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                                    ORION-SUBPOENA-00001295