CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
JOHN MAATTA (SBN 83683)
john@frostllp.com
JOSHUA STAMBAUGH (SBN 233834)
josh@frostllp.com
LAWRENCE J.H. LIU (SBN 312115)
lawrence@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441

SHAUNA A. IZADI (Admitted *Pro Hac Vice*)
sizadi@izadilegal.com
IZADI LEGAL GROUP, PLLC
13155 Noel Rd, Suite 900
Dallas, Texas 75240

Attorneys for Defendants Celestron Acquisition, LLC, Synta Technology Corp., Suzhou Synta Optical Technology Co., Ltd., Synta Canada Int'l Enterprises Ltd., SW Technology Corp., Olivon Manufacturing Co. Ltd., Olivon USA, LLC, Nantong Schmidt Optoelectrical Technology Co. Ltd., Pacific Telescope Corp., Corey Lee, David Shen, Sylvia Shen, Jack Chen, Jean Shen, Joseph Lupica, Dave Anderson, Laurence Huen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>AURORA ASTRO PRODUCTS, LLC, PIONEER CYCLING & FITNESS, LLP; and those similarly situated,<br>　　　　　　Plaintiffs,<br>　　vs.<br><br>CELESTRON ACQUISITION, LLC, SUZHOU SYNTA OPTICAL TECHNOLOGY CO., LTD., SYNTA CANADA INT'L ENTERPRISES LTD., SW TECHNOLOGY CORP., OLIVON MANUFACTURING CO. LTD., OLIVON USA, LLC, NANTONG SCHMIDT OPTOELECTRICAL TECHNOLOGY CO. LTD., NINGBO SUNNY ELECTRONIC CO., LTD., PACIFIC TELESCOPE CORP., COREY LEE, DAVID SHEN, SYLVIA SHEN, JACK CHEN, JEAN SHEN, JOSEPH LUPICA, DAVE ANDERSON, LAURENCE HUEN, and DOES 1-50,<br>　　　　　　Defendants. | Case No. 5:20-cv-03642-EJD<br><br>*Assigned for All Purposes to:*<br>*Hon. Edward J. Davila*<br><br>**DEFENDANTS' SUBMISSION RE COURT'S MARCH 14, 2025 ORDER [ECF 733] ON PROPOSED SUMMARY JUDGMENT BRIEFING SCHEDULE AND PRETRIAL SCHEDULE**<br><br>Hearing<br>Date:　　　　TBD<br>Time:　　　　TBD<br>Crtrm.:　　　4 (5th Floor)<br><br>Compl. Filed:　　　June 1, 2020<br>Trial Setting Conference: May 8, 2024 |

All Defendants except Ningbo Sunny Electronic Co. Ltd. (hereinafter "Defendants") hereby submit their proposal regarding the briefing schedule and page limits for summary judgment motions, as well as a proposed pretrial schedule following the Court's March 14, 2025 Order [ECF 733].

## I. INTRODUCTION

Following the Court's March 14, 2025 Order, counsel for Defendants and Direct Purchaser Plaintiffs ("DPPs") met and conferred regarding the proposed page limits and briefing schedule for motions for summary judgment ("MSJs") and the proposed pretrial schedule. The parties were unable to reach agreement on a unified proposal, and therefore Defendants' counsel proposed that the parties submit a Joint Statement with each side's proposals for the Court's consideration. DPPs' counsel sent an email at approximately 12:47 p.m. on March 24, 2025, saying that DPPs believed separate filings were "more appropriate."[1] Therefore, Defendants submit this separate statement of Defendants' positions.

## II. DEFENDANTS' POSITION AND PROPOSALS

### A. Procedural History

Pursuant to the Court's Amended Scheduling Order issued on December 4, 2024 [ECF No. 664], the parties were required to file dispositive motions and Daubert motions by March 7, 2025. Defendants timely filed a total of nine MSJs on behalf of eleven specific moving parties consisting of both entities and individuals. DPPs filed two Daubert Motions to exclude Defendants' experts David Kaplan and John Hayes, Ph.D.

On March 14, 2025, the Court ordered the parties to meet and confer on consolidating Defendants' separate MSJ filings into an omnibus motion and to discuss appropriate page lengths for the briefs. As Defendants explained at the hearing on March 14, 2025, that while there are certain overlapping arguments relating to some of the legal issues, each MSJ is based on claims and facts unique to each moving party warranting a full and fair analysis for each. For the Court's convenience, Defendants have prepared a separate chart outlining in summary fashion the distinct factual and legal arguments relating

---

[1] Defendants subsequently learned that DPPs' counsel was engaging in *ex parte* communications with the Courtroom Clerk regarding proposed hearing dates (without copying Defendants' counsel), instead of conferring with Defendants' counsel regarding a proposed hearing date. The Courtroom Clerk kindly forwarded these communications to Defendants' counsel.

to each moving defendant. That chart is attached hereto as **Exhibit 1**.

As the Court may observe from the number of unique factual and legal issues, Defendants are substantially concerned that each moving defendant will not have the right to fully and fairly address the distinct legal and factual issues that are unique to that defendant if the page limits are curtailed to a bare minimum. Defendants believe that this is the reason for DPPs' separate proposal, which would limit each of the eleven moving parties to a *mere four pages* of argument in the brief, and an even more prejudicial and paltry *three pages* of space in the statement of undisputed fact for each moving party. Moreover, shortening the length of the separate statements, which represents the factual underpinning and the foundation of an MSJ, was never discussed or proposed by the Court at the March 14 hearing. Defendants have legitimate concerns that this may violate the due process rights of each moving party. DPPs even propose to shorten the time frame for Defendants to submit their reply briefs than the parties had agreed to (and the Court allowed) in the latest scheduling order.

Defendants understand that the Court desires more precision in the briefing, but what DPPs are proposing is cutting off each moving party's rights under Fed.R.Civ.P. 56 and this Court's Standing Order. Defendants respectfully submit that the Federal Rules of Civil Procedure and this Court's Standing Order For Civil Cases (effective date of August 31, 2022) allow one MSJ "per party" and therefore entitle each moving defendant to independently file a complete and separate MSJ. For these reasons, Defendants respectfully request that the MSJs be reset as filed.

However, in light of the Court's March 14, 2025 Order, and without waiving any rights, Defendants have outlined two proposals below that respond to the Court's Order and significantly condense the amount of briefing in the MSJs in order to expedite the case schedule and maintain a trial date in 2025.

**B.  Defendants' Proposals For Briefing and Page Lengths**

In light of the concerns outlined above, Defendants offer the following two alternative proposals:

**Proposal 1:**

Defendants would be allowed to file two MSJs as follows: a) one MSJ for the seven entity moving parties, which includes Celestron, Synta Taiwan, Synta Canada, SW Technology, Pacific Telescope, Olivon Manufacturing and Olivon USA; and b) one MSJ for the four individual moving parties, which

includes Corey Lee, Dave Anderson, Joe Lupica and Jean Shen. Defendants' proposed page limits for the two omnibus MSJs under this proposal is as follows:

|  | Omnibus MSJ for Entity Moving Parties | Omnibus MSJ for Individual Moving Parties |
|---|---|---|
| Opening Brief | 50 pages | 40 pages |
| Opposition Brief | 50 pages | 40 pages |
| Reply Brief | 35 pages | 30 pages |
| Separate Statement | 105 pages (representing 15 pages per moving party consistent with the Court's Standing Order) | 60 pages (representing 15 pages per moving party consistent with the Court's Standing Order) |
| Responsive Separate Statement | Adds no more than 35 pages (consistent with the Court's Standing Order that the Responsive Separate Statement add no more than 5 pages) | Adds no more than 20 pages (consistent with the Court's Standing Order that the Responsive Separate Statement add no more than 5 pages) |

**Proposal 2:**

In the alternative, Defendants would be allowed to file a single omnibus MSJ as to all eleven moving parties (both entities and individuals), with the following page lengths:

|  | Single Omnibus MSJ for all Moving Parties |
|---|---|
| Opening Brief | 75 pages |
| Opposition Brief | 75 pages |
| Reply Brief | 45 pages |
| Separate Statement | 165 pages (representing 15 pages per moving party consistent with the Court's Standing Order) |
| Responsive Separate Statement | Adds no more than 35 pages (consistent with the Court's Standing Order that the Responsive Separate Statement add no more than 5 pages) |

### C. Defendants' Proposal for Briefing Schedule and Trial Setting Conference[2]

Defendants submit the following proposal for a dispositive motion and Daubert motion briefing

---

[2] Because DPPs will have additional time to review and respond to Defendants' already-noticed MSJ arguments, Defendants should receive equal additional time to respond to DPPs' Daubert motions that were originally subjected to the same Court-ordered briefing timelines. *See* ECF No. 664. This proposed schedule thus reflects an equitable extension of time for both parties.

schedule, as well as a proposed schedule for the joint trial setting conference statement and trial setting conference:

| Event | Previous Deadline | New Deadline |
|---|---|---|
| Defendants' Motion(s) for Summary Judgment | March 7, 2025 | April 11, 2025 |
| DPPs' Oppositions to Motion(s) for Summary Judgment / Defendants' Oppositions to DPPs' Daubert Motions | April 4, 2025 | May 2, 2025 |
| Defendants' Reply to Motion(s) for Summary Judgment / DPPs' Replies in support of Daubert Motions | April 25, 2025 | May 23, 2025 |
| Joint Trial Setting Conference Statement | April 25, 2025 | August 29, 2025 |
| Trial Setting Conference | May 8, 2025 | September 18, 2025 |

DATED:  March 24, 2025         FROST LLP

By: _____
CHRISTOPHER FROST
JOHN D. MAATTA
JOSHUA S. STAMBAUGH
LAWRENCE J.H. LIU
Attorneys for Defendants Celestron Acquisition, LLC, Synta Technology Corp., Suzhou Synta Optical Technology Co., Ltd., Synta Canada Int'l Enterprises Ltd., SW Technology Corp., Olivon Manufacturing Co. Ltd., Olivon USA, LLC, Nantong Schmidt Optoelectrical Technology Co. Ltd., Pacific Telescope Corp., Corey Lee, David Shen, Sylvia Shen, Jack Chen, Jean Shen, Joseph Lupica, Dave Anderson, Laurence Huen