```
 1 │ J. Noah Hagey, Esq. (SBN: 262331)
   │     hagey@braunhagey.com
 2 │ Matthew Borden, Esq. (SBN: 214323)
   │     borden@braunhagey.com
 3 │ Andrew Levine, Esq. (SBN: 278246)
   │     levine@braunhagey.com
 4 │ Yekaterina Kushnir, Esq. (SBN: 350843)
   │     kushnir@braunhagey.com
 5 │ BRAUNHAGEY & BORDEN LLP
   │ 747 Front Street, 4th Floor
 6 │ San Francisco, CA 94111
   │ Telephone: (415) 599-0210
 7 │
   │ Garrett Biedermann, Esq. (pro hac vice)
 8 │     biedermann@braunhagey.com
   │ BRAUNHAGEY & BORDEN LLP
 9 │ 118 W 22nd Street, 12th Floor
   │ New York, NY 10011
10 │ Telephone: (646) 829-9403

11 │ ATTORNEYS FOR DIRECT PURCHASER PLAINTIFFS
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 5:20-cv-03639-EJD |
| This Document Relates to: | Case No. 5:20-cv-03642-EJD |
| AURORA ASTRO PRODUCTS LLC, PIONEER CYCLING & FITNESS, LLP, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CELESTRON ACQUISITION, LLC, SUZHOU SYNTA OPTICAL TECHNOLOGY CO., LTD., SYNTA CANADA INT'L ENTERPRISES LTD., SW TECHNOLOGY CORP., OLIVON MANUFACTURING CO. LTD., OLIVON USA, LLC, NANTONG SCHMIDT OPTO-ELECTRICAL TECHNOLOGY CO. LTD., NINGBO SUNNY ELECTRONIC CO., LTD., PACIFIC TELESCOPE CORP., COREY LEE, DAVID SHEN, SYLVIA SHEN, JACK CHEN, JEAN SHEN, JOSEPH LUPICA, DAVE ANDERSON, LAURENCE HUEN, and DOES 1-50, | **DIRECT PURCHASER PLAINTIFFS' STATEMENT REGARDING SUMMARY JUDGMENT BRIEFING AND SCHEDULE PURSUANT TO MARCH 14, 2025 ORDER (ECF NO. 733)**<br><br>**Judge:** Hon. Edward J. Davila<br>**Courtroom:** 4, 5th Floor<br><br>**Compl. Filed:** June 1, 2020<br>**Fourth Am. Compl. Filed:** September 1, 2023<br>**Trial Date:** None Set |

Case No. 5:20-cv-03642-EJD
DPPS' STATEMENT RE: SUMMARY JUDGMENT BRIEFING

Defendants.

Direct Purchaser Plaintiffs ("DPPs") respectfully submit this statement regarding summary judgment briefing pursuant to the Court's March 14, 2025 Order (Dkt. 733).

In its Order, the Court stated, "The Parties are to meet and confer regarding omnibus briefing and schedule and page limits - with Defendants' opening brief in the range of 45 to 50 pages. The Parties will submit a proposed pretrial schedule - including the omnibus briefing schedule (with proposed page limits) no later than 4:00 PM on 3/24/2025." (*Id.*) The same day, DPPs sent Defendants a proposal. For the next week, Defendants chose to level attacks on DPPs' counsel and refused to send over any counterproposal that complied with the Court's Order. This correspondence is attached as **Exhibit 1**.

Because the parties were unable to agree upon a schedule, DPPs propose the following page limitations and schedule:

**DPPs' Proposed Omnibus Page Limits**
- Motion: 45 pages
- Opposition: 45 pages
- Reply: 20 pages
- Defendants' Moving Separate Statement: 35 pages
- DPPs' Responsive Separate Statement: shall add no more than 15 pages to the Moving Separate Statement

**DPPs' Proposed Omnibus Briefing Schedule**
- Motion: March 31
- Opposition: May 5
- Reply: May 12
- Hearing: Date to be confirmed with Courtroom Deputy (DPPs' counsel is unavailable for a May hearing)

**DPPs' Proposal Regarding Trial Setting Conference:** To be determined by the Court with the remaining dates for the trial and pretrial conference to be set then.

The rationale for DPPs' proposal is that it complies with the Court's express page limitation and increases the length of the separate statement proportionally to the limits set in the Court's

Standing Order. It also gives Defendants an ample extension of time to file the motion, which they have been working on since the March 14 status conference, and DPPs fair time to respond.

Defendants' proposal does not comply with the Court's Order. It would also result in lengthy briefs and separate statements that mirror the ones that the Court already struck. It also extends out the time for Defendants to file the motion, which should already be done, for a month while simultaneously leaving DPPs insufficient time to respond.

DPPs therefore respectfully request that the Court adopt the page limits and schedule in their proposal set forth above.

Dated: March 24, 2025

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:  */s/ Matthew Borden*
　　　　Matthew Borden

*Attorneys for Direct Purchaser Plaintiffs*