# EXHIBIT 1

**Cameron Baker**

| | |
|---|---|
| **From:** | Garrett Biedermann |
| **Sent:** | Monday, March 24, 2025 12:47 PM |
| **To:** | Josh Stambaugh |
| **Cc:** | Chris Frost; Shauna Izadi; Lawrence Liu; John Maatta; Matt Borden; Andrew Levine; Katie Kushnir |
| **Subject:** | RE: Telescopes Litigation - Schedule and Page Limits |

Josh,

Thanks for sending over your draft. It contains a lot of argument that we do not believe was contemplated by the Court's Order. In light of that we believe that separate filings are more appropriate. We intend to submit a short statement with our proposed schedule at 4:00. Please let me know if you have any questions.

Regards,
Garrett

Garrett Biedermann
**BRAUNHAGEY & BORDEN** LLP
Direct: (646) 859-5737

---

**From:** Josh Stambaugh <Josh@frostllp.com>
**Sent:** Monday, March 24, 2025 3:29 PM
**To:** Garrett Biedermann <biedermann@braunhagey.com>
**Cc:** Chris Frost <Chris@frostllp.com>; Shauna Izadi <sizadi@izadilegal.com>; Lawrence Liu <lawrence@frostllp.com>; John Maatta <John@frostllp.com>; Matt Borden <borden@braunhagey.com>; Andrew Levine <levine@braunhagey.com>; Katie Kushnir <kushnir@braunhagey.com>
**Subject:** RE: Telescopes Litigation - Schedule and Page Limits

**\*\*\* EXTERNAL MESSAGE \*\*\***

Garrett:

Pursuant to my email yesterday, attached please find the chart that will be attached as Exhibit 1 to the Joint Statement.

Please let us know when we can expect to receive your draft portion of the Joint Statement. I had assumed that when you proposed to circulate the respective portions by Friday at noon, you would have already had it prepared by then.

Also please confirm that DPPs will be handling the filing.

Josh



Josh Stambaugh
Founding Partner &
Firmwide Managing Partner
Email: josh@frostllp.com
Phone: (424) 254-0441
10960 Wilshire Blvd., Suite 2100
Los Angeles, CA 90024

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product, or otherwise be exempt from disclosure under applicable law. If you received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you

**From:** Josh Stambaugh
**Sent:** Sunday, March 23, 2025 8:25 PM
**To:** Garrett Biedermann <biedermann@braunhagey.com>
**Cc:** Chris Frost <Chris@frostllp.com>; Shauna Izadi <sizadi@izadilegal.com>; Lawrence Liu <lawrence@frostllp.com>; John Maatta <John@frostllp.com>; Matt Borden <borden@braunhagey.com>; Andrew Levine <levine@braunhagey.com>; Katie Kushnir <kushnir@braunhagey.com>
**Subject:** RE: Telescopes Litigation - Schedule and Page Limits

Garrett:

Attached is Defendants' draft portions of the Joint Statement. We have put in on a generic pleading page just to make it easier to merge with DPPs' portion, and we assume DPPs will handle the filing. Please forward your draft insert as soon as possible.

Please note that we will be including an Exhibit 1 to the Joint Statement as described in the attached which we will forward as soon as possible tomorrow.

We explicitly reserve the right to add, delete, or alter Defendants' draft portion based upon DPPs' insert.

Josh



Josh Stambaugh
Founding Partner &
Firmwide Managing Partner
Email: josh@frostllp.com
Phone: (424) 254-0441
10960 Wilshire Blvd., Suite 2100
Los Angeles, CA 90024

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product, or otherwise be exempt from disclosure under applicable law. If you received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you

**From:** Josh Stambaugh
**Sent:** Thursday, March 20, 2025 6:34 PM
**To:** Garrett Biedermann <biedermann@braunhagey.com>
**Cc:** Chris Frost <Chris@frostllp.com>; Shauna Izadi <sizadi@izadilegal.com>; Lawrence Liu <lawrence@frostllp.com>; John Maatta <John@frostllp.com>; Matt Borden <borden@braunhagey.com>; Andrew Levine <levine@braunhagey.com>; Katie Kushnir <kushnir@braunhagey.com>
**Subject:** RE: Telescopes Litigation - Schedule and Page Limits

Garrett:

I am a bit confused by the statement: "We complied with the Court's Scheduling Order and expect Defendants to do the same." We did comply with the Court's Scheduling Order, and now it is clear that the schedule is changing. It is also curious that you point out the fact that all parties were the recipients of additional time in the scheduling order, but now that the order is changing, DPPs would prefer to curtail Defendants time, but extend DPPs' time.

In any event, I agree at this point we should simply exchange our respective portions of the joint statement. We will circulate ours as soon as possible.

Josh

**From:** Garrett Biedermann <biedermann@braunhagey.com>
**Sent:** Thursday, March 20, 2025 5:28 PM
**To:** Josh Stambaugh <Josh@frostllp.com>
**Cc:** Chris Frost <Chris@frostllp.com>; Shauna Izadi <sizadi@izadilegal.com>; Lawrence Liu <lawrence@frostllp.com>; John Maatta <John@frostllp.com>; Matt Borden <borden@braunhagey.com>; Andrew Levine <levine@braunhagey.com>; Katie Kushnir <kushnir@braunhagey.com>
**Subject:** RE: Telescopes Litigation - Schedule and Page Limits

[EXTERNAL E-MAIL]

Josh,

The Daubert motions are not part of the summary judgment briefing and have nothing to do with summary judgment. The Court did not discuss resetting the briefing schedule on the Daubert motions at the recent status conference. Nor did Defendants bring this up. We complied with the Court's Scheduling Order and expect Defendants to do the same. I note that the schedule already gave Defendants 4 weeks (instead of the normal 2 weeks) to respond.

Given the impasse, and to expedite a decision, we propose that the parties submit their proposed schedules by noon tomorrow. Please let us know your thoughts.

Regards,
Garrett

Garrett Biedermann
**BRAUNHAGEY & BORDEN** LLP
Direct: (646) 859-5737

**From:** Josh Stambaugh <Josh@frostllp.com>
**Sent:** Thursday, March 20, 2025 6:03 PM
**To:** Garrett Biedermann <biedermann@braunhagey.com>
**Cc:** Chris Frost <Chris@frostllp.com>; Shauna Izadi <sizadi@izadilegal.com>; Lawrence Liu <lawrence@frostllp.com>; John Maatta <John@frostllp.com>; Matt Borden <borden@braunhagey.com>; Andrew Levine <levine@braunhagey.com>; Katie Kushnir <kushnir@braunhagey.com>
**Subject:** RE: Telescopes Litigation - Schedule and Page Limits

**\*\*\* EXTERNAL MESSAGE \*\*\***

Garrett:

Thank you for your response. I agree that with respect to motions for summary judgment, it does not appear we will see eye to eye and may need to simply submit competing proposals.

However, I want to clarify DPPs' position with respect to the briefing schedule for DPPs' Daubert motions. Per the chart below, we have proposed that Defendants' oppositions to the Daubert motions be filed on the same day as DPPs' oppositions to the motions for summary judgment (and that the respective replies are filed on the same day). We think that only makes sense and is reasonable given that DPPs have already been given notice of the Defendants' summary judgment motions, and will be given even more time after the newly formatted motion or motions are filed. If you have an objection to treating the parties equally in this regard, or somehow believe that DPPs should be afforded significantly more notice and time to file their oppositions, we would be interested to hear it and/or welcome any legal authority in support of that position. Thanks.

Josh

**From:** Garrett Biedermann <biedermann@braunhagey.com>
**Sent:** Thursday, March 20, 2025 6:05 AM
**To:** Josh Stambaugh <Josh@frostllp.com>
**Cc:** Chris Frost <Chris@frostllp.com>; Shauna Izadi <sizadi@izadilegal.com>; Lawrence Liu <lawrence@frostllp.com>; John Maatta <John@frostllp.com>; Matt Borden <borden@braunhagey.com>; Andrew Levine <levine@braunhagey.com>; Katie Kushnir <kushnir@braunhagey.com>
**Subject:** Re: Telescopes Litigation - Schedule and Page Limits

[EXTERNAL E-MAIL]

Josh,

Thanks for the email, but neither of Defendants' proposals complies with Judge Davila's Order. The Court expressly ordered one motion not to exceed 45 or 50 pages. Additionally, Defendants' proposals do not comply with Judge Davila's page limits on separate statements, which I previously pointed out to you. Defendants' proposals also miss the point of the Court's Order, which was that filing that many motions needlessly consumes judicial and party resources. If

4

these are the only two options that Defendants will agree to, we propose submitting our respective proposals to the Court to choose from.

Here is our proposal below. Please note that we added a week to the briefing schedule given Defendants' objection to the original filing date we proposed. Also, we do not believe that we should not set any dates beyond the trial setting conference because we do not know how long it will take for the Court to rule on the pending motions and Defendants' omnibus summary judgment motion.

**Omnibus Page Limits**

- Motion: 45 pages
- Opposition: 45 pages
- Reply: 20 pages
- Defendants' Moving Separate Statement: 35 pages
- DPPs' Responsive Separate Statement: shall add no more than 15 pages to the Moving Separate Statement

**Omnibus Briefing Schedule**

- Motion: March 31
- Opposition: May 5
- Reply: May 12
- Hearing: Date in early June to be confirmed with Courtroom Deputy (DPPs' counsel is unavailable for a May hearing)

**Trial Setting Conference:** June 26, 11 am [subject to confirmation with Courtroom Deputy]

Regards,

Garrett

Garrett Biedermann
BraunHagey & Borden LLP
Direct: (646) 859-5737

On Mar 20, 2025, at 1:44 AM, Josh Stambaugh <Josh@frostllp.com> wrote:

5

**\*\*\* EXTERNAL MESSAGE \*\*\***

Garrett:

This email will serve as our attempt to meet and confer regarding the Defendants' summary judgment motions both in terms of briefing page limits and case schedule.

Given the sheer number of Defendants named by DPPs in this action (18 total)—*11* of whom have moved for summary judgment, it is neither reasonable nor practical to combine Defendants' nine previously filed MSJs into a single omnibus motion of 45 pages as DPPs have proposed. Instead, Defendants offer the following alternative proposals. As mentioned in my previous email, the Court neither suggested, nor do we intend to waive, our right to submit all necessary evidence in support of the motions (in the separate statements).

**Proposal 1:**
Defendants to file *two* omnibus motions for summary judgments as follows:

**MSJ 1 for Entity Defendants:**  Celestron; Synta Taiwan; Synta Canada; SW Technology; Pacific Telescope; Olivon Manufacturing; and Olivon USA.
- Page limit:  50 pages for Motion/Opposition; 40 pages for Reply
- Separate statement:  105 pages (15 per Defendant per the Court's Standing Order)

**MSJ 2 for Individual Defendants:**  Corey Lee; Dave Anderson; Joe Lupica; and Jean Shen.
- Page limit:  45 pages for Motion/Opposition; 35 pages for Reply
- Separate statement:  60 pages (15 per Defendant per the Court's Standing Order)

**Proposal 2:**
Defendants to file a *single* omnibus motion for summary judgment as to all Entity Defendants and Individual Defendants listed above.
- Page limit:  75 pages for Motion/Opposition; 55 pages for Reply
- Separate statement:  165 pages (15 per Defendant)

**Proposed Deadlines:**

| Event | Previous Deadline | New Deadline |
|---|---|---|
| Defendants' Motion(s) for Summary Judgment | March 7, 2025 | April 11, 2025 |
| DPPs' Opposition to Motion(s) for Summary Judgment / Defendants' Opposition to DPPs' Daubert Motions | April 4, 2025 | May 2, 2025 |
| Defendants' Reply to Motion(s) for Summary Judgment / DPPs' Reply to Daubert Motions | April 25, 2025 | May 23, 2025 |
| Joint Trial Setting Conference Statement | April 25, 2025 | August 29, 2025 |

| Trial Setting Conference | May 8, 2025 | September 18, 2025 |
| Final Pretrial Conference Statement | | October 2, 2025 |
| Final Pretrial Conference | | October 16, 2025 |
| Trial (4-6 weeks) | | November 4, 2025 |

**From:** Garrett Biedermann <biedermann@braunhagey.com>
**Sent:** Monday, March 17, 2025 2:00 PM
**To:** Josh Stambaugh <Josh@frostllp.com>; Chris Frost <Chris@frostllp.com>; Shauna Izadi <sizadi@izadilegal.com>; Lawrence Liu <lawrence@frostllp.com>; John Maatta <John@frostllp.com>
**Cc:** Matt Borden <borden@braunhagey.com>; Andrew Levine <levine@braunhagey.com>; Katie Kushnir <kushnir@braunhagey.com>
**Subject:** RE: Telescopes Litigation - Schedule and Page Limits

[EXTERNAL E-MAIL]

Josh,

We assumed Defendants would be working on their consolidated brief and would want to finalize an agreement quickly given Chris's remarks at Friday's hearing that Defendants were eager to go to trial, but we are willing to meet and confer on these proposed deadlines. We look forward to Defendants' counterproposal.

We also note that Judge Davila's Standing Order sets a limit of 15 pages for each separate statement, which is why our proposal below provides both parties a proportional increase in the length of the respective separate statements corresponding to the length of the briefs. Again, we're happy to entertain any counterproposal Defendants may have on this point.

Regards,
Garrett

Garrett Biedermann

BRAUNHAGEY & BORDEN LLP
Direct: (646) 859-5737

**From:** Josh Stambaugh <Josh@frostllp.com>
**Sent:** Friday, March 14, 2025 3:44 PM
**To:** Garrett Biedermann <biedermann@braunhagey.com>; Chris Frost <Chris@frostllp.com>; Shauna Izadi <sizadi@izadilegal.com>; Lawrence Liu <lawrence@frostllp.com>; John Maatta <John@frostllp.com>
**Cc:** Matt Borden <borden@braunhagey.com>; Andrew Levine <levine@braunhagey.com>; Katie Kushnir <kushnir@braunhagey.com>
**Subject:** RE: Telescopes Litigation - Schedule and Page Limits

*** EXTERNAL MESSAGE ***

Garrett:

As always, I do appreciate your comedic relief in working through these issues. The Court has ordered us to meet and confer in good faith (which encompasses an expectation of "reasonableness") and that is what we intend to do.

To point out just a few tidbits of the absurdity of your proposal below.

1. The Court has not suggested, nor does the Constitution, the federal rules, nor Judge Davila's standing order allow or provide for, a limitation on the separate statement by a moving party. This is for good reason. Pursuant to federal due process rights, each and every defendant that DPPs have chosen to name in this case (which was Plaintiffs' choice) has the right to present evidence showing the frivolous nature of the allegations and claims against them. I understand that DPPs would prefer to present their evidence and then limit the evidence to the contrary showing that, dispositively, certain defendants should have never been dragged into this litigation. But that is not how our judicial system works. And, that is not a right that Plaintiffs have, or will ever have. There will be no limitation on the separate statement.

2. I understand that we are to submit a joint statement regarding the proposed briefing schedule by March 24th. You have suggested that the defendants' opening briefing be due on that same date. Again, funny stuff. We of course need to have a court ordered briefing schedule before the briefs are filed. In addition, you have proposed that defendants file their moving papers in one week, have given DPPs more time to file their opposition than was in the original scheduling order, and have shortened the time for defendants to reply than was in the original scheduling order. We have considered, and reject, this ridiculous attempt at humor.

3. We also appreciate your attempt to set a unilateral deadline for our response. Given the unreasonable proposals you have made in bad faith (which will be clear to any objective observer), we will send you our good faith proposal for a schedule and briefing terms that correspond to reality next week at an appropriate time. We look forward to further meeting and conferring.

Josh (5th in my class, but not at Cornell)

---

**From:** Garrett Biedermann <biedermann@braunhagey.com>
**Sent:** Friday, March 14, 2025 11:52 AM
**To:** Chris Frost <Chris@frostllp.com>; Josh Stambaugh <Josh@frostllp.com>; Shauna Izadi <sizadi@izadilegal.com>; Lawrence Liu <lawrence@frostllp.com>; John Maatta <John@frostllp.com>
**Cc:** Matt Borden <borden@braunhagey.com>; Andrew Levine <levine@braunhagey.com>; Katie Kushnir <kushnir@braunhagey.com>
**Subject:** Telescopes Litigation - Schedule and Page Limits

[EXTERNAL E-MAIL]

Chris,

Pursuant to the Court's order at today's conference, we propose the following page limits and schedule for the summary judgment briefing and trial setting conference:

**Omnibus Page Limits**

1. Motion: 45 pages
2. Opposition: 45 pages
3. Reply: 20 pages
4. Defendants' Moving Separate Statement: 35 pages
5. DPPs' Responsive Separate Statement:  shall add no more than 15 pages to the Moving Separate Statement

**Omnibus Briefing Schedule**
1. Motion:  March 24
2. Opposition: April 28
3. Reply:  May 5
4. Hearing: Date in early June to be confirmed with Courtroom Deputy (DPPs' counsel is unavailable for a May hearing)

**Trial Setting Conference:**  June 26, 11 am [subject to confirmation with Courtroom Deputy]

Please let us know Defendants' position on the above by Tuesday.

Thanks,
Garrett

Garrett Biedermann

**BRAUNHAGEY & BORDEN LLP**
Direct: (646) 859-5737

**New York**
118 W 22nd Street, 12th Floor
New York, NY 10011
Tel. (646) 829-9403
Fax. (646) 403-4089

**San Francisco**
747 Front Street, 4th Floor
San Francisco, CA 94111
Tel: (415) 599-0210
Fax: (415) 276-1808

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.