CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
JOHN MAATTA (SBN 83683)
john@frostllp.com
JOSHUA STAMBAUGH (SBN 233834)
josh@frostllp.com
LAWRENCE J.H. LIU (SBN 312115)
lawrence@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441

SHAUNA A. IZADI (Admitted *Pro Hac Vice*)
sizadi@izadilegal.com
IZADI LEGAL GROUP, PLLC
13155 Noel Road, Suite 900
Dallas, Texas 75240

Attorneys for Defendants Celestron Acquisition, LLC, Synta Technology Corp., Suzhou Synta Optical Technology Co., Ltd., Synta Canada Int'l Enterprises Ltd., SW Technology Corp., Olivon Manufacturing Co. Ltd., Olivon USA, LLC, Nantong Schmidt Optoelectrical Technology Co. Ltd., Pacific Telescope Corp., Corey Lee, David Shen, Sylvia Shen, Jack Chen, Jean Shen, Joseph Lupica, Dave Anderson, Laurence Huen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 5:20-cv-03642-EJD |
| THIS DOCUMENT RELATES TO: | Assigned to Hon. Edward J. Davila |
| AURORA ASTRO PRODUCTS, LLC, PIONEER CYCLING & FITNESS, LLP; and those similarly situated,<br>      Plaintiffs,<br>  vs.<br>CELESTRON ACQUISITION, LLC, SUZHOU SYNTA OPTICAL TECHNOLOGY CO., LTD., SYNTA CANADA INT'L ENTERPRISES LTD., SW TECHNOLOGY CORP., OLIVON MANUFACTURING CO. LTD., OLIVON USA, LLC, NANTONG SCHMIDT OPTOELECTRICAL TECHNOLOGY CO. LTD., NINGBO SUNNY ELECTRONIC CO., LTD., PACIFIC TELESCOPE CORP., COREY LEE, DAVID SHEN, SYLVIA SHEN, JACK CHEN, JEAN SHEN, JOSEPH LUPICA, DAVE ANDERSON, LAURENCE HUEN, and DOES 1-50,<br>      Defendants. | **DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION, OR ALTERNATIVELY, FOR CLARIFICATION OF ORDER DATED MARCH 14, 2025**<br><br>[ECF No. 733; L.R. 7-9(b); Fed. R. Civ. P. 60(b)]<br><br>*[Filed concurrently with Declaration of Lawrence J.H. Liu; [Proposed] Order]*<br><br>Compl. Filed:    June 1, 2020<br>Trial Setting Conf.:  May 8, 2025<br>Trial Date:      None Set |

## I. INTRODUCTION

Pursuant to Local Rule 7-9(b), Defendants respectfully submit this Administrative Motion for Leave to File a Motion for Reconsideration, or Alternatively, Clarification of the Court's Order Dated March 14, 2025.[1]

On March 7, 2025, pursuant to the Court's Scheduling Order (ECF No. 664), Defendants timely filed nine Motions for Summary Judgment ("MSJs") on behalf of a number of individual and entity Defendants (the "Moving Defendants") who had no active involvement in DPPs' alleged antitrust conspiracy. (ECF Nos. 705, 707, 710, 711, 713, 715, 716, 719, 720.) On March 13, just six days after the filing of the MSJs, the Court issued a notice (the "March 13th Notice") ordering the parties to appear for a videoconference set for the next morning (the "March 14th Conference") but the notice did not include any details regarding the substance of the hearing. (ECF No. 732.) The March 13th Notice was also given *just 24 hours prior* to the March 14th Conference.

At the March 14th Conference, the Court informed Defendants that in order to have trial before the end of the year, it would need to strike Defendants' nine pending MSJs and order Defendants to refile them as a single omnibus motion. Defendants' counsel, facing this issue for the first time, stated that Defendants preferred to move forward with trial before year-end, but explained that while there were some overlapping legal issues in each MSJ, the factual circumstances as to each Defendant were highly individualized and unique and thus required sufficient pages of individualized briefing. (Liu Decl. ¶ 8.) The Court ultimately ordered Defendants to refile their MSJs as a single omnibus motion and suggested that the motion be limited to just 45 to 50 pages, and the Court also ordered the parties to meet and confer on a joint briefing schedule to be submitted by March 24th. (ECF No. 733.)

Defendants' counsel met and conferred with DPPs' counsel and offered two proposals: (1) a single omnibus brief of 75 pages; or alternatively, (2) two omnibus briefs—one for entity Defendants and one for individual Defendants, together totaling 90 pages. (Liu Decl. ¶ 11.) DPPs meanwhile insisted

---

[1] This Motion is made on behalf of Defendants Celestron Acquisition, LLC, Synta Technology Corp., Suzhou Synta Optical Technology Co., Ltd., Synta Canada Int'l Enterprises Ltd., SW Technology Corp., Olivon Manufacturing Co. Ltd., Olivon USA, LLC, Nantong Schmidt Optoelectrical Technology Co. Ltd., Pacific Telescope Corp., Corey Lee, David Shen, Sylvia Shen, Jack Chen, Jean Shen, Joseph Lupica, Dave Anderson, Laurence Huen (collectively, "Defendants").

on a single omnibus brief of 45 pages. Each side submitted its proposal separately to the Court on March 24, 2025. (ECF Nos. 735, 736.) The Court has not yet ruled on either side's proposals, including the number of briefs, page limits, or briefing schedule. Defendants now respectfully seek leave to file a Motion for Reconsideration, or alternatively, Motion for Clarification regarding the March 14th Order.

## II. LEGAL STANDARD

"The general rule regarding the power of a district court to rescind an interlocutory order is as follows: 'As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quote omitted, listing cases). "A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment." *Alivecor, Inc. v. Apple, Inc.*, No. 21-CV-03958-JSW, 2022 WL 14813685, at *1 (N.D. Cal. 2022) (citing L.R. 7-9(b)(1)-(3)). " No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." L.R. 7-9(a).

Similarly, "Rule 60(b) of the Federal Rules of Civil Procedure provides that: On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied ...; (6) any other reason that justifies relief." *Harmston v. City & Cnty. of San Francisco*, No. C07-01186SI, 2008 WL 269465, at *1–2 (N.D. Cal. 2008) (citing Fed. R. Civ. P. 60(b)). "Whether to grant relief is within the sound discretion of the district court." *Id.* at *2 (citing *Am. Fin. Life Ins. and Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997)).

2

Case No. 5:20-cv-03642-EJD
DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO SEEK RECONSIDERATION, OR ALTERNATIVELY, CLARIFICATION OF THE MARCH 14th ORDER

## III. NEW FACTS AND CHANGED CIRCUMSTANCES WARRANT RECONSIDERATION OF THE MARCH 14TH ORDER

At the March 14th Conference, the Court indicated that it would not be able to set hearings and decide Defendants' nine MSJs in time before trial could be had by the end of the year. The Court proposed striking the nine MSJs and have Defendants refile them as a single omnibus motion. Defendants' counsel did not have an opportunity to consider the Court's request or consult with their clients before being asked to address the Court's issues and proposal at the *sua sponte* March 14th Conference. Thus, based upon its current knowledge and understanding, counsel for Defendants may have prematurely and incorrectly represented that Defendants preferred to move forward with trial before the end of 2025 and would be amenable to the Court's suggested single omnibus brief. Defendants' counsel emphasized, however, that the Moving Defendants would require a sufficient number of pages to properly brief each of their unique factual circumstances. (Liu Decl. ¶ 8.)[2]

Defendants have now carefully considered the Court's single omnibus motion proposal and reviewed Defendants' nine separate, previously-filed MSJs, and have determined that the Court's proposal at the March 13th Conference and subsequent March 14th Order, which <u>*limited the 11 Moving Defendants to a single omnibus motion of 45 to 50 pages*</u>—would not be feasible and would be extremely prejudicial to Defendants. Each Moving Defendant's previously filed MSJ contained an extensive discussion of background facts unique to that particular Defendant. Each MSJ also consisted of 20 to 25 pages on its own, and thus totaling 200+ pages altogether. (Liu Decl. ¶ 3.) Even by consolidating some overlapping legal analysis sections, Defendants have attempted, but are unable, to condense the MSJs to 45 to 50 pages while still providing a full and fair briefing for each Moving Defendant's individualized arguments and analysis. (Liu Decl. ¶ 10.)

Defendants have acted with reasonable diligence before seeking leave for file this Motion for Reconsideration. Over the past few weeks, Defendants attempted in good faith to comply with the

---

[2] At the March 14th Conference, counsel for Defendants prematurely suggested that Defendants would require at least 75 pages for a single omnibus motion. Defendants have now determined that 75 pages would still be insufficient to fully brief each Moving Defendant's particular facts and defenses. Because counsel was unable to carefully consider the Court's proposal before responding, the mistaken understanding regarding the feasibility of the proposal should be excused. *See* Fed. R. Civ. P. 60(b)(1).

Court's March 14th Order. Defendants attempted to condense the MSJs into the format ordered by the Court while still preserving each Moving Defendant's right to fully brief their unique facts and legal arguments. After such efforts appeared infeasible, Defendants' counsel met and conferred with DPPs' counsel on alternative proposals for additional pages or separate motions. Defendants' best efforts to significantly condense the briefing, however, have proved unsuccessful. (Liu Decl. ¶ 10.) It is now apparent that the only way to safeguard Defendants' rights is to allow them to proceed as originally permitted—*i.e.*, with each Defendant entitled to proceed on their original, individually filed MSJ.

## IV. DEFENDANTS SUBMIT THAT THE COURT DID NOT CONSIDER MATERIAL FACTS AND LEGAL ISSUES BEFORE ISSUING THE MARCH 14TH ORDER

There is no dispute that Defendants' MSJs were timely filed and compliant. At the March 14th Conference, Defendants' counsel acknowledged that there was some overlapping legal analysis and affirmative defenses among some of the Moving Defendants, but that each Moving Defendant was nonetheless subject to unique factual circumstances. (Liu Decl. ¶ 8.) The Court, however, did not analyze the substance of the MSJs, including the specific factual or legal arguments by each Defendant, when it ordered Defendants to re-file them as a single 45- to 50-page omnibus motion. In its March 14th Order, the Court did not state grounds for why Moving Defendants should be limited a single omnibus motion of 45 to 50 pages, or whether such limitations would protect each Defendant's due process rights or even be feasible. (*See* ECF No. 733.) Indeed, it is unfair for each Defendant who is now limited to an average of just _4 to 5 pages_ to argue for summary judgment on the numerous causes of action and fact-intensive claims contained in the Fourth Amended Complaint. Such a failure to conduct any analysis of these material facts should warrant reconsideration of the March 14th Order.

## V. DEFENDANTS SUBMIT THAT THE COURT'S MARCH 14th ORDER CONSTITUTED CLEAR ERROR AND MANIFEST INJUSTICE

There is no dispute that Defendants' nine MSJs were timely and properly filed. By striking the MSJs *ex post facto* and ordering Defendants to re-file such arguments in a single omnibus motion limited to 45 to 50 pages, Defendants maintain that the Court's March 14th Order threatens Defendants' procedural due process rights as it unfairly deprives each Defendant of their individual right to file a complete and separate 25-page MSJ based on their own facts and arguments. *See* Standing Order, § V.A;

L.R. 7-2(b). Thus, Defendants respectfully ask the Court to reconsider its March 14th Order and not risk Defendants' due process rights in exchange for a speedy trial.

Defendants would be severely prejudiced by having expended significant time and effort on the nine MSJs that were abruptly struck by the Court without any meaningful opportunity for Defendants to brief the procedural issues raised by the Court. In total, Defendants expended approximately 2,138 hours of time among 16 different attorney timekeepers and 76 hours of time among 3 different paralegal timekeepers on the nine MSJs. (Liu Decl. ¶ 4.) Meanwhile, DPPs did not file a single MSJ but unfairly benefitted from Defendants' lost efforts. DPPs are currently provided unlimited time to preview Defendants' arguments with no briefing deadlines set yet. Conversely, Defendants received no additional time to respond to DPPs' two *Daubert* Motions that did not get struck and that were subject to the same motion deadline. By requiring all Moving Defendants to refile a single omnibus MSJ, the March 14th Order also unfairly rewards DPPs for naming numerous, unrelated defendants in their lawsuit—subject only to vague and conclusory shotgun allegations; while penalizing the different named Defendants for simply being represented by the same counsel of record.

## VI. ALTERNATIVELY, THE COURT SHOULD CLARIFY ITS MARCH 14TH ORDER

As of the time of this Administrative Motion, the Court has not yet issued an Order relating to the competing proposed briefing schedules submitted by the parties on March 24th. (ECF Nos. 735, 736.) Thus, the Court's March 14th Order is still ripe for reconsideration. Should the Court, however, deny Defendants' request for reconsideration, it should, at a minimum, grant Defendants' request to clarify the March 14th Order as to the parameters for Defendants' MSJs, including an appropriate briefing schedule and page limits.

## VII. CONCLUSION

Accordingly, Defendants respectfully request that the Court grant this Administrative Motion and deem Defendants' proposed Motion for Reconsideration, attached as Exhibit A to the concurrently-filed Declaration of Lawrence J.H. Liu, appropriately filed as of this date.

| | |
|---|---|
| DATED: April 11, 2025 | FROST LLP<br><br>By: _/s/ Christopher Frost/_<br>CHRISTOPHER FROST<br>JOHN D. MAATTA<br>JOSHUA S. STAMBAUGH<br>LAWRENCE J.H. LIU<br>Attorneys for Defendants Celestron Acquisition, LLC, Synta Technology Corp., Suzhou Synta Optical Technology Co., Ltd., Synta Canada Int'l Enterprises Ltd., SW Technology Corp., Olivon Manufacturing Co. Ltd., Olivon USA, LLC, Nantong Schmidt Optoelectrical Technology Co. Ltd., Pacific Telescope Corp., Corey Lee, David Shen, Sylvia Shen, Jack Chen, Jean Shen, Joseph Lupica, Dave Anderson, Laurence Huen |