1  CHRISTOPHER FROST (SBN 200336)
   chris@frostllp.com
2  JOHN MAATTA (SBN 83683)
   john@frostllp.com
3  JOSHUA STAMBAUGH (SBN 233834)
   josh@frostllp.com
4  LAWRENCE J.H. LIU (SBN 312115)
   lawrence@frostllp.com
5  FROST LLP
   10960 Wilshire Boulevard, Suite 2100
6  Los Angeles, California 90024
   Telephone: (424) 254-0441
7
   SHAUNA A. IZADI (Admitted *Pro Hac Vice*)
8  sizadi@izadilegal.com
   IZADI LEGAL GROUP, PLLC
9  13155 Noel Rd, Suite 900
   Dallas, Texas 75240
10
   Attorneys for Defendants Celestron Acquisition, LLC,
11 Synta Technology Corp., Suzhou Synta Optical
   Technology Co., Ltd., Synta Canada Int'l Enterprises Ltd.,
12 SW Technology Corp., Olivon Manufacturing Co. Ltd.,
   Olivon USA, LLC, Nantong Schmidt Optoelectrical
13 Technology Co. Ltd., Pacific Telescope Corp., Corey Lee,
   David Shen, Sylvia Shen, Jack Chen, Jean Shen, Joseph
14 Lupica, Dave Anderson, Laurence Huen

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 5:20-cv-03642-EJD |
| THIS DOCUMENT RELATES TO: | *Assigned to Hon. Edward J. Davila* |
| AURORA ASTRO PRODUCTS, LLC, PIONEER CYCLING & FITNESS, LLP; and those similarly situated,<br>　　　　Plaintiffs,<br>　　vs.<br>CELESTRON ACQUISITION, LLC, SUZHOU SYNTA OPTICAL TECHNOLOGY CO., LTD., SYNTA CANADA INT'L ENTERPRISES LTD., SW TECHNOLOGY CORP., OLIVON MANUFACTURING CO. LTD., OLIVON USA, LLC, NANTONG SCHMIDT OPTOELECTRICAL TECHNOLOGY CO. LTD., NINGBO SUNNY ELECTRONIC CO., LTD., PACIFIC TELESCOPE CORP., COREY LEE, DAVID SHEN, SYLVIA SHEN, JACK CHEN, JEAN SHEN, JOSEPH LUPICA, DAVE ANDERSON, LAURENCE HUEN, and DOES 1-50,<br>　　　　Defendants. | **DECLARATION OF LAWRENCE J.H. LIU IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION, OR ALTERNATIVELY, CLARIFICATION**<br><br>*Filed concurrently with Administrative Motion; [Proposed] Order*<br><br><br>Compl. Filed:　June 1, 2020<br>TSC:　　　　　May 8, 2024<br>Trial Date:　　None Set |

## DECLARATION OF LAWRENCE J.H. LIU

I, Lawrence J.H. Liu, declare as follows:

1. I am an attorney licensed to practice before this Court, and am Senior Counsel to the law firm of FROST LLP, attorneys of record herein for Defendants Celestron Acquisition, LLC, Synta Technology Corp., Suzhou Synta Optical Technology Co., Ltd., Synta Canada Int'l Enterprises Ltd., SW Technology Corp., Olivon Manufacturing Co. Ltd., Olivon USA, LLC, Nantong Schmidt Optoelectrical Technology Co. Ltd., Pacific Telescope Corp., Corey Lee, David Shen, Sylvia Shen, Jack Chen, Jean Shen, Joseph Lupica, Dave Anderson, Laurence Huen (collectively, "Defendants"). I have personal knowledge of the facts stated herein and, if called upon to testify as a witness, I could and would competently testify thereto. I make this Declaration in support of Defendants' Administrative Motion for Leave ("Administrative Motion") to file a Motion for Reconsideration, or Alternatively, Clarification of the Court's Order Dated March 14, 2025 ("Motion for Reconsideration"), filed concurrently herewith.

**Defendants' Motions for Summary Judgment Filed on March 7, 2025**

2. On March 7, 2025, pursuant to the Court's Scheduling Order (ECF No. 664), Defendants timely filed nine Motions for Summary Judgment ("MSJs") on behalf of a eleven individual and entity Defendants (the "Moving Defendants") who had no active involvement in DPPs' alleged antitrust conspiracy. (ECF Nos. 705, 707, 710, 711, 713, 715, 716, 719, 720.)

3. Each Moving Defendant's MSJ contained an extensive discussion of background facts unique to that particular Defendant. Each MSJ is also supported by detailed declarations from certain individual Defendants with *exclusive* personal knowledge of the underlying facts at issue, including the history of the entities, the specific roles and actions of each Defendant, and the Defendants' relationships with one another—evidence that DPPs have no grounds to dispute. These detailed discussions help to bolster and clarify the factual record, which will greatly assist the Court and trier of fact in correcting DPPs' numerous misconceptions and providing much-needed context behind DPPs' cited evidence. The MSJs should not be struck nor shortened on this basis alone. Based on the thoroughness of the analyses, each MSJ consisted of 20 to 25 pages on its own, and thus totaling 200+ pages altogether.

4. In total, Defendants expended approximately 2,138 hours of time among 16 different

attorney time-keepers and 76 hours of time among 3 different paralegal time-keepers on the nine MSJs.

**The March 14th Conference**

5. On March 13, just six days after the filing of the MSJs, the Court issued a notice (the "March 13th Notice") ordering the parties to appear for a videoconference set for the next morning (the "March 14th Conference") but the notice did not include any details regarding the substance of the hearing. (ECF No. 732.) The March 13th Notice was also given just <u>24 hours</u> prior to the March 14th Conference.

6. At the March 14th Conference, which I personally attended, the Court indicated that it would not be able to set a hearing and decide Defendants' nine MSJs in time before trial could be had by the end of the year. The Court proposed striking the nine MSJs and have Defendants refile them as a single omnibus motion.

7. Defendants' counsel did not have an opportunity to consider the Court's request or consult with their clients before being asked to address the Court's issues and proposal at the *sua sponte* March 14th Conference. Thus, based upon its current knowledge and understanding, counsel for Defendants may have prematurely and mistakenly represented that Defendants preferred to move forward with trial before the end of 2025 and would be amenable to the Court's suggested single omnibus brief.

8. Defendants' counsel *emphasized, however,* that the Moving Defendants would require a sufficient number of pages to properly brief each of their unique factual circumstances. Defendants' counsel acknowledged that while there was some overlapping legal analysis and affirmative defenses among some of the Moving Defendants, each Moving Defendant was nonetheless subject to unique factual circumstances.

**The March 14th Order and Aftermath**

9. The Court ultimately ordered Defendants to refile their MSJs as a single omnibus motion and suggested that the motion be limited to just 45 to 50 pages, and the Court also ordered the parties to meet and confer on a joint briefing schedule to be submitted by March 24th. (ECF No. 733.)

10. Even by consolidating some overlapping legal analysis sections, Defendants have attempted, but are unable, to condense the MSJs to 45 to 50 pages while still providing a full and fair

briefing for each Moving Defendant's individualized arguments and analysis.

11. Defendants' counsel met and conferred with DPPs' counsel and offered two proposals: (1) a single omnibus brief of 75 pages; or alternatively, (2) two omnibus briefs—one for entity Defendants and one for individual Defendants, together totaling 90 pages. DPPs meanwhile insisted on a single omnibus brief of 45 pages.

12. Each side submitted its proposal separately to the Court on March 24, 2025. (ECF Nos. 735, 736.) The Court has not yet ruled on either side's proposals, including the number of briefs, page limits, or briefing schedule.

13. Defendants now respectfully seek leave to file a Motion for Reconsideration, or alternatively, Motion for Clarification regarding the March 14th Order. Attached hereto as **Exhibit A** is a true and correct copy of Defendants' proposed Motion for Reconsideration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th day of April, 2025, at Los Angeles, California.

Lawrence J.H. Liu