J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
    borden@braunhagey.com
Andrew Levine, Esq. (SBN: 278246)
    levine@braunhagey.com
Yekaterina Kushnir, Esq. (SBN: 350843)
    kushnir@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 599-0210

Garrett Biedermann, Esq. *(pro hac vice)*
    biedermann@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Avenue, 23rd Floor
New York, NY 10016
Telephone: (646) 829-9403

*Attorneys for Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 5:20-cv-03639-EJD |
| This Document Relates to: | Case No. 5:20-cv-03642-EJD |
| AURORA ASTRO PRODUCTS LLC, PIONEER CYCLING & FITNESS, LLP, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CELESTRON ACQUISITION, LLC, SUZHOU SYNTA OPTICAL TECHNOLOGY CO., LTD., SYNTA CANADA INT'L ENTERPRISES LTD., SW TECHNOLOGY CORP., OLIVON MANUFACTURING CO. LTD., OLIVON USA, LLC, NANTONG SCHMIDT OPTO-ELECTRICAL TECHNOLOGY CO. LTD., NINGBO SUNNY ELECTRONIC CO., LTD., PACIFIC TELESCOPE CORP., COREY LEE, DAVID SHEN, SYLVIA SHEN, JACK CHEN, JEAN SHEN, JOSEPH LUPICA, DAVE ANDERSON, LAURENCE HUEN, and DOES 1-50, | **DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE PROPOSED CLASS NOTICE**<br><br>**Date:** October 16, 2025<br>**Time:** 9:00 a.m.<br>**Judge:** Hon. Edward J. Davila<br>**Courtroom:** 4, 5th Floor<br><br>**Compl. Filed:** June 1, 2020<br>**Fourth Am. Compl. Filed:** September 1, 2023<br>**Trial Date:** None Set |

Defendants.

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 16, 2025, at 9:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Edward J. Davila, in the United States District Court for the Northern District of California at the San Jose Courthouse, 280 South 1st Street, Courtroom 4, 5th Floor, San Jose, CA 95113, Direct Purchaser Plaintiffs ("DPPs") will move this Court pursuant to Federal Rule of Civil Procedure 23(c)(2)(B) for an Order Approving Proposed Class Notice.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum, the Declaration of Matthew Borden, the files and records in this action, and on such other written and oral argument as may be presented to the Court.

Dated:  September 11, 2025

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:   */s/ Matthew Borden*
          Matthew Borden

*Attorneys for Direct Purchaser Plaintiffs*

1  Direct Purchaser Plaintiffs ("DPPs"), on behalf of the certified class, respectfully for an
2  order approving the proposed form of notice to class members and authorizing its dissemination.

3  **INTRODUCTION**

4  On March 10, 2025, the Court granted Plaintiffs' motion for class certification, certifying a
5  class of all persons and entities who directly purchased a telescope manufactured or sold by
6  Defendants on or after April 1, 2005 (Dkt. 731). Now that the class has been certified, notice must
7  be provided to class members pursuant to Federal Rule of Civil Procedure 23(c)(2)(B).

8  Plaintiffs have prepared a proposed postcard notice (the "Notice"), attached as Exhibit A, to
9  be mailed to potential class members. As explained below, the proposed Notice clearly and
10 concisely satisfies all the requirements of Rule 23. It provides the "best notice that is practicable
11 under the circumstances" by directly informing class members of the nature of this action and their
12 rights, including the right to opt out.

13 This motion comes while Defendants' two motions for summary judgment are fully briefed
14 and pending. The Notice should be issued to the class promptly and before the Court resolves the
15 pending motions. The purpose of the Rule 23 Notice is to inform class members of the action and
16 their right to opt out before the merits are adjudicated. Proceeding with notice now aligns with the
17 Federal Rules and protects the due process rights of absent class members. Accordingly, Plaintiffs
18 respectfully request that the Court approve the proposed Notice and authorize its distribution.

19 **ARGUMENT**

20 **I.    THE PROPOSED NOTICE SATISFIES ALL REQUIREMENTS OF RULE 23**

21 For classes certified under Rule 23(b)(3), the court "must direct to class members the best
22 notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). The rule requires
23 that the notice "clearly and concisely state in plain, easily understood language" the following:

24  (i)    "the nature of the action;
25  (ii)   the definition of the class certified;
26  (iii)  the class claims, issues, or defenses;
27  (iv)   that a class member may enter an appearance through an attorney if the member so
28         desires;

|   |   |   |
|---|---|---|
| | (v) | that the court will exclude from the class any member who requests exclusion; |
| | (vi) | the time and manner for requesting exclusion; and |
| | (vii) | the binding effect of a class judgment on members under Rule 23(c)(3)." |

*Id.* Courts have "a wide discretion to the District Court as to the form and content of the notice." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015). The proposed Notice, attached as Exhibit A, fulfills all seven requirements in a clear and accessible format.

*First*, the Notice plainly describes the nature of the action and defines the class. It asks in large, bold font: "Did you directly purchase a telescope from Celestron after April 1, 2005, or from Meade, between September 1, 2013 and November 30, 2019?" This language accurately describes the class the Court certified and informs recipients that the case is a class action lawsuit concerning those products. This also effectively communicates the class claims, which relate to an antitrust conspiracy involving those telescopes. The proposed Notice therefore satisfies Rule 23(c)(2)(B)(i)-(iii).

*Second*, the Notice clearly outlines a class member's options. It states that a recipient who wants to remain in the class should "do nothing." It explains how to opt out, what opting out means, and includes a placeholder for a date by which class members must do so (DPPs would propose a 45-day notice period). It also notes that class members have the right to have counsel appear in the action. This satisfies the requirements to inform members of their right to appear, to request exclusion and the time and manner for doing so. Fed. R. Civ. P. 23(c)(2)(B)(iv)-(vi).

*Third*, the Notice explains the binding effect of a class judgment. It states: "If you take no action by [date], any ruling from the court will apply to you, and you will not be able to sue about the same issues." This satisfies Rule 23(c)(2)(B)(vii).

*Finally*, the Notice directs class members to a dedicated website for more detailed information. The website will provide neutral, plain-language information about the action, including the class definition; key dates and deadlines; downloadable copies of the operative pleadings and relevant Court orders; and an FAQ. It will also provide instructions on opting out and an exclusion form class members may download, print and mail to do so. The website will also furnish contact information and a toll-free number for the administrator and Class Counsel.

This multi-layered approach—providing essential information on a postcard while directing members to a website for more exhaustive details—is a common and court-approved method for ensuring notice is both practicable and comprehensive. *See, e.g., Online DVD-Rental*, 779 F.3d at 941 (approving notice plan that used email and mail to direct class members to a website for more details). The proposed Notice is therefore sufficient under Rule 23.

## II.   NOTICE SHOULD ISSUE BEFORE THE COURT RULES ON PENDING SUMMARY JUDGMENT MOTIONS

The Ninth Circuit has made clear that class notice serves to inform class members of the action "before the merits of the case are adjudicated." *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995). The purpose of this timing is to prevent "one-way intervention," where potential class members could wait for a favorable outcome on the merits before deciding to join the class, while remaining unbound by an unfavorable one. *Id.* Rule 23 was designed to make any judgment, "whether favorable or not," binding on all class members who do not opt out. Fed. R. Civ. P. 23(c)(2)(B); *Schwarzschild*, 69 F.3d at 295. Issuing notice and having the opt-out period close before a ruling on the pending summary judgment motions is therefore not only appropriate but necessary to effectuate the purpose of Rule 23.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order (1) approving the proposed Notice to the Class and (2) authorizing dissemination of the Notice to all class members who can be identified through reasonable effort.

Dated:  September 11, 2025

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:   */s/ Matthew Borden*
           Matthew Borden

*Attorneys for Direct Purchaser Plaintiffs*

**EXHIBIT A**



United States District Court
In re Telescopes Antitrust Litigation
Case No. 5:20-cv-3642-EJD

## Class Action Notice
**Authorized by the U.S. District Court**



Example QR Code.
Replace this with case specific QR Code.

**Did you directly purchase a telescope from Celestron after April 1, 2005, or from Meade, between September 1, 2013 and November 30, 2019?**



**You may be a member of a class action lawsuit.**

**You can visit [website] to get more information.**



**If you want to be part of the class action, do nothing.**

**If you do not want to be part of the class action, submit an opt out form by [date].**

**Key things to know:**
- This is an important legal document.
- If you take no action by [date], any ruling from the court will apply to you, and you will not be able to sue about the same issues.
- If you have questions or need assistance, please call [phone number].
- You can learn more at [website] or by scanning the QR code.

---

### NOTICE OF PENDENCY OF CLASS ACTION

**TO:** All people or businesses who directly purchased a telescope from Celestron on or after April 1, 2005, or from Meade Instruments, between September 1, 2013 and November 30, 2019

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. IF YOU ARE A CLASS MEMBER, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

#### Overview and Status of the Action

The Class Representatives, on behalf of the Class, assert that Defendants, two Chinese telescope manufacturers and their related businesses and individuals, along with their wholly owned U.S. distributor, Celestron, and its CEO Corey Lee, conspired to fix prices and engage in other illegal activities to raise the prices you paid for telescopes in violation of U.S. antitrust law. Defendants deny these allegations. The Court has set a trial for _____.

#### Participation / Exclusion

You can opt out of the Class through the form available at the website on this card. Otherwise, you will be bound the judgment in the Action. If any money is awarded to the Class, either through a settlement or judgment after trial, you may be eligible to receive a share. You may retain counsel to appear in the case. If you remain a member of the Class, you may not pursue a lawsuit on your own regarding the issues in this Action. If you choose to opt out, you will not be bound by any judgment and will not be eligible to share in any recovery. You will retain any right you have to individually pursue claims, if any, that you may have against Defendants.