UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELESCOPES ANTITRUST LITIGATION | Case No. 5:20-cv-03642-EJD<br><br>**ORDER DENYING MOTION TO EXCLUDE NON-RETAINED EXPERT WITNESSES**<br><br>Re: Dkt. No. 670 |

Before the Court is DPPs' motion to exclude Defendants' three non-retained expert witnesses, Dean Koenig, Dennis di Cicco, and Richard Berry (collectively, "the non-retained experts"), under Federal Rule of Civil Procedure 26. Mot., ECF No. 670. This motion is fully briefed. Opp'n, ECF No. 677; Reply, ECF No. 695.

After carefully reviewing the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the reasons explained below, the Court **DENIES** DPPs' motion.

I. **BACKGROUND**

The Court assumes the parties are aware of the extensive factual and procedural history of this case. *See* Orders, ECF Nos. 746, 596, 589. After over four years of litigation, fact discovery closed on October 4, 2024. ECF No. 614. On November 1, 2024, pursuant to the Court's scheduling order, *id.*, Defendants served their designations of all expert witnesses, which included retained expert John Hayes and three "non-retained/hybrid expert witnesses": Koenig, di Cicco, and Berry. Borden Decl., Ex. 3, ECF No. 670-4. Defendants included an expert report for Hayes and a description of the backgrounds and areas of planned expert testimony for Koenig, di Cicco, and Berry. *Id.* That same day, Defendants served their Second Supplemental Initial Disclosures,

1  which also disclosed Koenig, di Cicco, and Berry. Izadi Decl. ¶ 19, and Ex. 3, ECF Nos. 678,

2  678-3. DPPs contend that November 1, 2024, was the first time Defendants identified Koenig, di

3  Cicco, or Berry as potential witnesses. *See* Mot.

4      On November 14, 2024, DPPs requested available deposition dates for Hayes and took his

5  deposition on November 21, 2024. *See* Opp'n 7. DPPs did not seek to depose Koenig, di Cicco, or

6  Berry. Izadi Decl. ¶¶ 10, 14, 18. Instead, approximately two months later, they filed the present

7  motion to exclude the non-retained experts, arguing that Defendants' disclosure failed to comply

8  with Federal Rule of Civil Procedure 26. Expert discovery has since closed on February 28, 2025,

9  and a trial date has not yet been set. ECF No. 664.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26 contains the relevant requirements for disclosures. Rule 26(a)(1) requires parties to make initial disclosures providing "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i).

Rule 26(a)(2) governs disclosure of expert testimony. This section separately identifies the requirements for expert witnesses who are "retained" and not retained. If a witness is "retained or specially employed to provide expert testimony in the case," the party's disclosure must be accompanied by a written report, Fed. R. Civ. P. 26(a)(2)(B); otherwise, the disclosure must only provide "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify," Fed. R. Civ. P. 26(a)(2)(C).

"A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(1)(D). And parties must supplement their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A), 26(a)(1)(E).

Case No.: 5:20-cv-03642-EJD
ORDER DENYING MOTION TO EXCLUDE NON-RETAINED EXPERTS
2

Under Rule 37(c)(1), "a party failing to provide information required by Rule 26(a) or (e) is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008), *as amended* (Sept. 16, 2008) (internal quotation marks omitted). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1073 (9th Cir. 2022) (internal citation omitted).

### III. DISCUSSION

DPPs seek to exclude the testimony of three "non-retained/hybrid" expert witnesses because: (1) Defendants did not identify these witnesses in their initial disclosures under Rule 26(a)(1); (2) these witnesses are effectively "retained" experts who must submit full expert reports under Rule 26(a)(2)(B); and (3) even if the witnesses are not "retained," Defendants still failed to provide sufficient information regarding their background and testimony as required by Rule 26(a)(2)(C). The Court will address each in turn.

#### A. Rule 26(a)(1) Initial Disclosures

DPPs first contend that Defendants should have included the non-retained experts in their initial disclosures.[1] But DPPs' argument misses one crucial fact—Defendants also supplemented their initial disclosures with the non-retained experts on November 1, 2024. Rule 26 explicitly allows for timely supplemental disclosures if a "party learns that in some material respect the disclosure or response is incomplete or incorrect."[2] Fed. R. Civ. P. 26(e)(1)(A), 26(a)(1)(E). Defendants claim that they formally added the non-retained experts to their initial disclosures on November 1, 2024, "once it became clear they were likely to offer testimony at trial." Opp'n 18. Though Defendants' explanation lacks any further details, DPPs did not challenge it in their

---

[1] The Court will assume for these purposes DPPs' representation that non-retained expert witnesses must be disclosed as fact witnesses before they are disclosed as experts.

[2] Because the Court finds this requirement satisfied, it need not examine whether DPPs had prior notice of these witnesses.

Case No.: 5:20-cv-03642-EJD
ORDER DENYING MOTION TO EXCLUDE NON-RETAINED EXPERTS
3

reply.[3]  Instead, they ignore entirely the fact that Defendants filed a supplemental initial disclosure on November 1, 2024, and address only the November 1, 2024, opening expert disclosure.  While the Court makes no finding regarding the sufficiency or veracity of Defendants' explanation for the timing of its supplemental disclosure, left unchallenged, the Court rejects DPPs' argument that Defendants violated Rule 26(a)(1).

### B.  Rule 26(a)(2)(B) Expert Report

Next, DPPs argue that the non-retained experts are actually "retained" experts, and as such, were required to submit a written expert report pursuant to Rule 26(a)(2)(B).  "[T]he critical distinction between retained and non-retained experts is the nature of the testimony the expert will provide, and whether it is based only on percipient knowledge or on information reviewed in anticipation [of] trial."  *Montera v. Premier Nutrition Corp.*, No. 16-CV-06980-RS, 2022 WL 1225031, at *12 (N.D. Cal. Apr. 26, 2022), *aff'd in part*, 111 F.4th 1018 (9th Cir. 2024).  "Opinions beyond the scope of one's own observations which are solicited for trial are retained expert opinions."  *Vincenzini v. Transit Am. Servs., Inc.*, No. 23-CV-00645-JSW, 2024 WL 4982987, at *2 (N.D. Cal. Dec. 4, 2024).  "[W]hen an expert is to offer testimony limited to his or her percipient knowledge, i.e., knowledge and opinions formed at the time an earlier evaluation or report was made, the expert is treated as a non-retained expert."  *Cantu v. United States*, No. CV1400219MMMJCGX, 2015 WL 12743881, at *4 (C.D. Cal. Apr. 6, 2015).

Here, Koenig is the CEO of a prominent telescope retailer and has invented and produced an aftermarket accessory for Celestron telescopes.  Izadi Decl., Ex. 3.  He plans to testify about his experiences selling Celestron products, supporting the development of Celestron products, observing price differences in the market, and other similar topics.  *Id.*  Di Cicco and Berry have authored numerous articles and books on the telescopes at issue in this case, including comparing Celestron products with its competitors.  *Id.*  Di Cicco plans to testify about his knowledge of

---

[3] DPPs note that the three witnesses were disclosed "a month after the October 4 fact discovery cutoff and four years into this action," but do not further any argument that the supplemental initial disclosure violated Rule 26(e)(1)(A), 26(a)(1)(E).

Case No.:   5:20-cv-03642-EJD
ORDER DENYING MOTION TO EXCLUDE NON-RETAINED EXPERTS
4

Celestron's innovations, the accessibility of the telescope market, Celestron's support of competitors, and price fluctuations in the market. *Id.* Berry plans to testify about his visits to Celestron and Meade's manufacturing plants, his perspective of the culture, market, and players in the consumer astronomical field, and innovations observed in the field generally and specifically as to Celestron. *Id.* Defendants contend that all three of the non-retained experts' opinions have been formed over the course of their years-long careers in the telescope industry, and no information has been provided to these witnesses to form their opinions. *Id.*

The Court finds this sufficient to classify Koenig, di Cicco, and Berry as non-retained experts at this time.[4] They each purport to offer testimony within the scope of their own observations, which were formed throughout their careers in the telescope industry and without reviewing information in anticipation of trial. As such, the Court finds the non-retained experts were not required to submit an expert report under Rule 26(a)(2)(B).

### C.   Rule 26(a)(2)(C) Summary of Opinions

Finally, DPPs argue that, if not required to submit expert reports, Defendants still failed to disclose information about the witnesses sufficient to satisfy Rule 26(a)(2)(C). Courts in the Ninth Circuit have found disclosures for non-retained experts satisfy Rule 26(a)(2)(C) when they include the identity of the witness, a brief summary of the witness's background with the company, the anticipated subjects each witness will testify about, and the basis for each witness's testimony. *Copart, Inc. v. Sparta Consulting, Inc.*, No. 214CV00046KJMCKD, 2017 WL 85824, at *3 (E.D. Cal. Jan. 9. 2017); *accord Mendoza v. Monsanto Co.*, No. 1:16-CV-00406-KES-HBK, 2024 WL 4545829, at *4 (E.D. Cal. Oct. 22, 2024); *see also contra O'Daniel v. Arizona Hay & Feed LLC*, No. CV-20-02224-PHX-ESW, 2022 WL 1443764, at *2 (D. Ariz. May 6, 2022) (rejecting a single paragraph summary for each of the seventeen non-retained experts). "Courts must take care against requiring undue detail" in these types of disclosures. Rule 26, Advisory Committee

---

[4] The Court makes no finding—and DPPs request no finding—as to the admissibility of these opinions at trial on other grounds. And if the witnesses later attempt to testify during trial in areas beyond their percipient knowledge, the Court will hear objections in motions in limine and/or during testimony at trial.

Case No.: 5:20-cv-03642-EJD
ORDER DENYING MOTION TO EXCLUDE NON-RETAINED EXPERTS

5

Notice, 2010 Amendment.

As detailed in the section prior, Defendants have disclosed several paragraphs of information, totaling approximately eight pages, regarding the non-retained experts' backgrounds and the facts and opinions they anticipate testifying about. The Court finds that this level of detail satisfies Rule 26(a)(2)(C).

### D.  Sanctions

Even if the Court had found DPPs' arguments persuasive, the Court finds Rule 37(c) sanctions inappropriate at this time. To prevent the exclusion of these witnesses, Defendants must show either substantial justification or harmlessness. Fed. R. Civ. P. 37(c)(1); *see also Moua v. Int'l Bus. Machines Corp.*, No. 5:10-CV-01070-EJD, 2019 WL 917422, at *1 (N.D. Cal. Feb. 25, 2019). The Court finds any deviation from Rule 26 harmless.

After being served notice of the non-retained experts, DPPs had nearly four months prior to the close of expert discovery. During this time, they could have conducted depositions, identified rebuttal experts, or developed further facts related to the non-retained experts' anticipated testimony. Indeed, they did exactly this with another expert listed in the November 1, 2024, disclosure—John Hayes. If DPPs uncovered facts about the non-retained experts that required further development, they could have sought the appropriate extensions, particularly given that the trial date has not yet been set. Indeed, DPPs filed such a stipulation seeking and securing an extension of expert discovery deadlines on December 3, 2024, approximately one month prior to filing the present motion. Under these circumstances, exclusion pursuant to Rule 37(c) is not warranted.

### IV.  CONCLUSION

Based on the foregoing, the Court **DENIES** DPPs' motion.

**IT IS SO ORDERED.**

Dated: September 29, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-03642-EJD
ORDER DENYING MOTION TO EXCLUDE NON-RETAINED EXPERTS
6