1  J. Noah Hagey, Esq. (SBN: 262331)
       hagey@braunhagey.com
2  Matthew Borden, Esq. (SBN: 214323)
       borden@braunhagey.com
3  Andrew Levine, Esq. (SBN: 278246)
       levine@braunhagey.com
4  Yekaterina Kushnir, Esq. (SBN: 350843)
       kushnir@braunhagey.com
5  BRAUNHAGEY & BORDEN LLP
   747 Front Street, 4th Floor
6  San Francisco, CA 94111
   Telephone: (415) 599-0210
7
   Molly Jamison, Esq. (*pro hac vice*)
8      jamison@braunhagey.com
9  Garrett Biedermann, Esq. (*pro hac vice*)
       biedermann@braunhagey.com
   Nicholas Fallah, Esq. (*pro hac vice*)
10     nfallah@braunhagey.com
   BRAUNHAGEY & BORDEN LLP
11 200 Madison Avenue, 23rd Floor
   New York, NY 10016
12 Telephone: (646) 829-9403

13 *Attorneys for Direct Purchaser Plaintiffs*

Christopher L. Frost (SBN: 200336)
John Maatta (SBN: 83683)
Joshua S. Stambaugh (SBN: 233834)
Lawrence Liu (SBN: 312115)
FROST LLP
10960 Wilshire Boulevard, Suite 1260
Los Angeles, CA 90024
Telephone: (424) 254-0441
chris@frostllp.com
john@frostllp.com
josh@frostllp.com
lawrence@frostllp.com

Shauna A. Izadi (*pro hac vice*)
sizadi@izadilegal.com
IZADI LEGAL GROUP, PLLC
13155 Noel Rd, Suite 900
Dallas, TX 75240

Jeffrey E. Faucette (SBN: 193066)
Martin R. Glick (SBN: 40187)
SKAGGS FAUCETTE LLP
505 Montgomery Street, 11th Floor
San Francisco, CA 94111
jeff@skaggsfaucette.com
marty@skaggsfaucette.com

Eric P. Enson (SBN: 204447)
CROWELL & MORING LLP
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
eenson@crowell.com

*Attorneys for Defendants*

14
15
16
17
18

19          **UNITED STATES DISTRICT COURT**

20          **NORTHERN DISTRICT OF CALIFORNIA**

21

22  IN RE TELESCOPES ANTITRUST
    LITIGATION

23  This Document Relates to:                    Case No. 5:20-cv-03642-EJD

24  AURORA ASTRO PRODUCTS LLC,                   **DIRECT PURCHASER PLAINTIFFS'**
    PIONEER CYCLING & FITNESS, LLP, and          **AND DEFENDANTS' NOTICE OF**
25  those similarly situated,                    **JOINT MOTION AND JOINT MOTION**
                                                 **TO APPROVE CLASS NOTICE**
26          Plaintiffs,
                                                 **Date:**        February 5, 2026
27      v.                                       **Time:**        9:00 a.m.
                                                 **Judge:**       Hon. Edward J. Davila
28                                               **Courtroom:**   4, 5th Floor

Case No. 5:20-cv-03642-EJD

1  CELESTRON ACQUISITION, LLC, SUZHOU
   SYNTA OPTICAL TECHNOLOGY CO., LTD.,
2  SYNTA CANADA INT'L ENTERPRISES
   LTD., SW TECHNOLOGY CORP., OLIVON
3  MANUFACTURING CO. LTD., OLIVON USA,
   LLC, NANTONG SCHMIDT OPTO-
4  ELECTRICAL TECHNOLOGY CO. LTD.,
   NINGBO SUNNY ELECTRONIC CO., LTD.,
5  PACIFIC TELESCOPE CORP., COREY LEE,
   DAVID SHEN, SYLVIA SHEN, JACK CHEN,
6  JEAN SHEN, JOSEPH LUPICA, DAVE
   ANDERSON, LAURENCE HUEN, and DOES
7  1-50,

8         Defendants.

| | | |
|---|---|---|
| **Compl. Filed:** | June 1, 2020 | |
| **Fourth Am.** | | |
| **Compl. Filed:** | September 1, 2023 | |
| **Trial Date:** | None Set | |

JOINT MOTION TO APPROVE CLASS NOTICE

1

# NOTICE OF JOINT MOTION

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3      PLEASE TAKE NOTICE that on February 5, 2026, at 9:00 a.m. or as soon thereafter as the

4   matter may be heard before the Honorable Edward J. Davila, in the United States District Court for

5   the Northern District of California at the San Jose Courthouse, 280 South 1st Street, Courtroom 4,

6   5th Floor, San Jose, CA 95113, Direct Purchaser Plaintiffs ("DPPs") and Defendants Celestron

7   Acquisition, LLC, Suzhou Synta Optical Technology Co., Ltd., Synta Canada Int'l Enterprises

8   Ltd., SW Technology Corp., Olivon Manufacturing Co. Ltd., Olivon USA, LLC, Nantong Schmidt

9   Optoelectrical Technology Co. Ltd., Pacific Telescope Corp., Corey Lee, David Shen, Sylvia Shen,

10  Jack Chen, Jean Shen, Joseph Lupica, Dave Anderson, Laurence Huen (collectively, "Defendants")

11  will jointly move this Court pursuant to Federal Rule of Civil Procedure 23(c)(2)(B) for an Order

12  Approving Class Notice.

13      This Motion is based on this Notice and Joint Motion and Motion, the accompanying

14  Memorandum,  the Declaration of Matthew Borden, the files and records in this action, and on such

15  other written and oral argument as may be presented to the Court.

16  Dated: January 6, 2026                    Respectfully submitted,

17                                             BRAUNHAGEY & BORDEN LLP

18                                             By:  /s/  Matthew Borden
                                                   Matthew Borden
19
                                               *Attorneys for Direct Purchaser Plaintiffs*
20
                                               SKAGGS FAUCETTE LLP
21
                                               By:  /s/  Martin R. Glick
22                                                   Martin R. Glick

23                                             *Attorneys for Defendants Sylvia Shen, Suzhou*
                                               *Synta Optical Technology Co., Ltd., SW*
24                                             *Technology Corp., Nantong Schmidt Opto-*
                                               *Electrical Technology Co. Ltd., Synta*
25                                             *Technology Corp., Synta Canada Int'l*
                                               *Enterprises Ltd., David Shen, Jack Chen*
26
                                               FROST LLP
27
                                               By:  /s/  Lawrence Liu
28                                                   Lawrence Liu

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Defendants Celestron Acquisition, LLC, Suzhou Synta Optical Technology Co., Ltd., Synta Canada Int'l Enterprises Ltd., SW Technology Corp., Olivon Manufacturing Co. Ltd., Olivon USA, LLC, Nantong Schmidt Opto-Electrical Technology Co. Ltd., Pacific Telescope Corp., David Shen, Sylvia Shen, Jack Chen, Jean Shen, Laurence Huen*

CROWELL & MORING LLP

By: _/s/ Eric P. Enson_____
      Eric P. Enson

*Attorneys for Defendants Corey Lee, Joseph Lupica, Dave Anderson*

Direct Purchaser Plaintiffs ("DPPs") on behalf of the DPP Class, and Defendants Celestron Acquisition, LLC, Suzhou Synta Optical Technology Co., Ltd., Synta Canada Int'l Enterprises Ltd., SW Technology Corp., Olivon Manufacturing Co. Ltd., Olivon USA, LLC, Nantong Schmidt Optoelectrical Technology Co. Ltd., Pacific Telescope Corp., Corey Lee, David Shen, Sylvia Shen, Jack Chen, Jean Shen, Joseph Lupica, Dave Anderson, Laurence Huen (collectively, "Defendants") respectfully submit this Joint Motion to Approve Class Notice.

## **INTRODUCTION**

DPPs assert that Defendants are conspiring to fix the prices of telescopes in the United States, and violating United States and California antitrust laws. As a result, Defendants are charging all direct purchasers of telescopes supracompetitive prices. Defendants vigorously deny these allegations.

On March 10, 2025, the Court granted DPPs' Motion for Class Certification certifying a class of all persons or businesses who directly purchased a telescope from Celestron Acquisition LLC on or after April 1, 2005 through the date of class notice,[1] or from Meade Instruments, between September 1, 2013 and November 30, 2019.

DPPs subsequently moved for approval of their proposed class notice (Dkt. 817), which Defendants opposed. (Dkt. 820.) During the November 19, 2025 motion for summary judgment hearing, the Court instructed the parties to meet and confer regarding the content and form of notice, and subsequently denied DPPs' motion. (Dkt. 838.) The parties have since met and conferred, and have reached agreement as to the form and content of the notice and now submit this Joint Motion for approval.

## **ARGUMENT**

Federal Rule of Civil Procedure 23(c)(2)(B) requires a class notice to state in clear, concise and plain language: (1) the nature of the action; (2) the definition of the Class; (3) the Class claims; (4) a Class Member's right to enter an appearance by an attorney; (5) a Class Member's right to be excluded from the Class; (6) the time and manner for requesting exclusion; and (7) the binding

---

[1] Defendants dispute these class period dates, but have agreed to this definition solely for the purpose of class notice.

1    effect of a judgment on Class Members. Fed. R. Civ. P. 23(c)(2)(B). The proposed Longform

2    Notice of Pendency of Class Action (the "Longform Notice"), Email Summary Notice, (the "Email

3    Notice"), and Postcard Summary Notice (the "Postcard Notice" and collectively the "Notices")

4    (Exs. 1, 2 and 3 to the Proposed Order) meet these requirements.

5         The Email Notice (Ex. 2 to the Proposed Order) will be sent to class members via email,

6    and if no email is available or email notice is determined to be undeliverable, the Postcard Notice

7    (Ex. 3 to the Proposed Order) will be sent via postcard. Both provide abbreviated information

8    concerning the nature of the Class members' claims, the parties, the definition of the Class, the

9    right to be excluded from the class, the right to retain separate counsel, the binding effect of a

10   judgment, and the deadline and mechanisms for requesting exclusion. (Exs. 2 and 3 to the Proposed

11   Order.) The notices also include the contact information for Class Counsel and the Administrator

12   along with a link or QR-code that will enable the recipient to access a website that will contain the

13   Longform Notice and other information. (*Id.*)

14        The notices further provide information concerning the rights of class members who wish to

15   opt out of the class proceeding within 60 days from the date of notice. (Exs. 1, 2 and 3 to the

16   Proposed Order.) The opt out procedures are explained within the Longform Notice, the Email

17   Notice, and the Postcard Notice and will be available on the website as well. (Exs. 1 and 2 to the

18   Proposed Order.) Accordingly, the Parties request that the Court approve the proposed notices.

19        For a class certified under Rule 23(b)(3), the Court "must direct to class members the best

20   notice that is practicable under the circumstances, including individual notice to all members who

21   can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Such notice must be

22   "reasonably calculated to reach interested parties." *Mullane v. Cent. Hanover Bank & Trust Co.*,

23   339 U.S. 306, 318–20 (1950). When measuring the adequacy of notice in a class action, a court

24   should look to its reasonableness. *See, e.g., Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994)

25   ("We therefore conclude that the appropriate question remains … 'what notice is reasonably certain

26   to inform the absent members of the plaintiff class,' and the appropriate standard is the 'best notice

27   practicable' under *Eisen* and *Mullane*") (internal citation omitted).

28

1    The parties' plan for disseminating notice comports with the requirements of due process

2    and is the best notice practicable under the circumstances. Specifically, the Parties have agreed to

3    provide notice via email to potential class members based on the contact information provided by

4    Defendants that identifies the individuals and entities that purchased telescopes during the relevant

5    time period. Defendants have also agreed to provide supplemental Celestron transactional data with

6    any email information to allow the DPPs further information to identify and provide notice to class

7    members for the alleged class period. (Dkt 839.) This supplemental transactional data will be

8    provided at least 14 days prior to the deadline for DPPs to provide notice. The Email Notice will

9    then be sent by the Administrator to class members with valid email addresses. Any class members

10   without sufficient email information, or whose emails are returned as undeliverable, will be mailed

11   the Postcard Notice. A copy of the Longform Notice, along with the Optout form and other Court

12   orders and filings will be posted and available for download on the website. Courts, including this

13   Court, have repeatedly found notice of the same type contemplated by DPPs sufficient. *See, e.g.,*

14   *Utne v. Home Depot U.S.A., Inc.,* No. 16-cv-1854-RS, 2018 WL 11373654, at *2 (N.D. Cal. Aug.

15   21, 2018); *Sansone v. Charter Communications,* 2023 WL 9051463 at *2 (S.D. Cal. Aug. 21,

16   2023); *Sparkman v. Comerica Bank*, 2025 WL 1192411, at *2 (E.D. Cal. Apr. 24, 2025).

17   In connection with its proposed notice, the parties request that the Court authorize the

18   retention of Kroll LLC ("Kroll") as the Administrator for managing class member claims. Kroll is a

19   recognized leader in legal administration services for class actions and legal noticing programs.

20   Kroll has more than 50 years of experience in class action administration, including in antitrust

21   cases and many other types of class actions.

22   ## CONCLUSION

23   For the foregoing reasons, DPPs and Defendants respectfully request that the Court enter an

24   order (1) approving the proposed Notices to the Class and (2) authorizing dissemination of the

25   Notices to all class members who can be identified through reasonable effort.

26

27

28

1   Dated: January 6, 2026                    Respectfully submitted,

2                                             BRAUNHAGEY & BORDEN LLP

3                                             By: */s/ Matthew Borden*
                                                   Matthew Borden

4
                                              *Attorneys for Direct Purchaser Plaintiffs*
5
                                              SKAGGS FAUCETTE LLP
6
                                              By: */s/ Martin R. Glick*
7                                                  Martin R. Glick

8                                             *Attorneys for Defendants Sylvia Shen, Suzhou*
                                              *Synta Optical Technology Co., Ltd., SW*
9                                             *Technology Corp., Nantong Schmidt Opto-*
                                              *Electrical Technology Co. Ltd., Synta*
10                                            *Technology Corp., Synta Canada Int'l*
                                              *Enterprises Ltd., David Shen, Jack Chen*
11
                                              FROST LLP
12
                                              By: */s/ Lawrence Liu*
13                                                 Lawrence Liu

14                                            *Attorneys for Defendants Celestron Acquisition,*
                                              *LLC, Suzhou Synta Optical Technology Co.,*
15                                            *Ltd., Synta Canada Int'l Enterprises Ltd., SW*
                                              *Technology Corp., Olivon Manufacturing Co.*
16                                            *Ltd., Olivon USA, LLC, Nantong Schmidt Opto-*
                                              *Electrical Technology Co. Ltd., Pacific*
17                                            *Telescope Corp., David Shen, Sylvia Shen, Jack*
                                              *Chen, Jean Shen, Laurence Huen*
18
                                              CROWELL & MORING LLP
19
                                              By: */s/ Eric P. Enson*
20                                                 Eric P. Enson

21                                            *Attorneys for Defendants Corey Lee, Joseph*
                                              *Lupica, Dave Anderson*
22

23

24

25

26

27

28

JOINT MOTION TO APPROVE CLASS NOTICE

1

## **ATTESTATION**

2          Counsel for Direct Purchaser Plaintiffs hereby attests by his signature below that

3   concurrence in the filing of this document was obtained from counsel for Defendants.

4

Dated:  January 6, 2026                                  Respectfully submitted,

5
                                                         BRAUNHAGEY & BORDEN LLP
6
                                                         By: */s/ Matthew Borden*
7                                                             Matthew Borden

8                                                        *Attorneys for Direct Purchaser Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28