United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE TELESCOPES ANTITRUST LITIGATION

Case No. 5:20-cv-03642-EJD

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION**

Re: Dkt. No. 853

Before the Court is Defendant Corey Lee's ("Lee") motion for leave to file a motion for partial reconsideration of the Court's summary judgment order ("MSJ Order"). Mot., ECF No. 853; Opp'n, ECF No. 855. For the reasons stated below, Lee's motion is **DENIED**.

## I. BACKGROUND

On April 27, 2026, the Court denied Defendants' motion for summary judgment as to Defendant Lee. MSJ Order, ECF No. 851. Relevant here, the Court found sufficient evidence in the record to create a dispute of fact regarding Lee's involvement in the alleged conspiracy to monopolize. *Id.* at 11–12. The present motion asks the Court to reconsider this finding.

## II. LEGAL STANDARD

Motions for reconsideration of interlocutory orders are governed by Civil Local Rule 7-9. Rule 7-9 provides three grounds for reconsideration: (1) "a material difference in fact or law exists from that which was presented to the Court," (2) "[t]he emergence of new material facts or a change of law," or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." Civil L.R. 7-9(b).

United States District Court
Northern District of California

## III. DISCUSSION

Lee argues reconsideration is warranted here under Local Rule 7-9(b)(3) because the MSJ Order did not "expressly evaluate[]" all of his "dispositive legal arguments." Mot. 1.

The Court previously found "sufficient evidence in the record to create a dispute of fact regarding Lee's involvement in the conspiracy," such that "a reasonable jury could find [DPPs'] evidence tends to exclude the possibility that Lee acted independently." MSJ Order 11–12. Specifically, the Court found:

> The following evidence, when considered together, could show that Lee assisted Celestron's Executive Committee—i.e., David Shen, Laurence Huen, Sylvia Shen, and Jack Chen—in price fixing, allocating the market, and conspiring to monopolize: (1) Lee served in executive positions at Celestron for over two decades before becoming CEO in 2017, *see* Ex. 69, ECF No. 805-20; (2) Lee received an email in 2011 from Celestron's Vice President explaining that "Synta is Sunny's sales arm," Ex. 63, ECF No. 805-18; (3) Lee obtained the prices Ningbo Sunny charged Celestron's competitors in 2012 and instructed his team to "keep the information [] within Celestron," Ex. 15, 790-16; (4) Lee emailed Ningbo Sunny in 2013 asking for any information they had on what their customers were buying and for how much, Ex. 64, ECF No. 792-3; (5) Lee asked David Shen in 2013 to delay supply and raise the prices Synta charged to competitors, Ex. 13, ECF No. 790-14; and (6) after becoming CEO in January 2017, Lee obtained Ningbo Sunny's pricing for Meade and relayed it to Celestron's Board, Ex. 70, ECF No. 792-9; Ex. 71, ECF No. 805-21.

*Id.* This is the only finding for which Lee seeks reconsideration. Lee argues the Court should have "address[ed] the dispositive legal arguments that Mr. Lee made regarding ***each one of those exhibits*** and why they cannot serve as a basis for conspiracy, as a matter of law." Mot. 2 (emphasis in original). Lee also "recognizes that the Court is not required to spell out its analysis of all arguments made by all parties," but argues nevertheless that such an analysis was required *here* for two reasons: (1) "the Court's express evaluation of Mr. Lee's legal arguments regarding this evidence will inform the type of conduct Mr. Lee may need to defend in any eventual trial, making the matter more efficient and avoiding any undue prejudice to Mr. Lee," and (2) "the Court's express, written analysis of how these exhibits might – or might not – serve as evidence of conspiracy will give guidance to the business community and its lawyers about what may – or may not – be unlawful." *Id.* at 3.

United States District Court
Northern District of California

These are not proper bases for reconsideration. Lee's request for an exhibit-by-exhibit analysis is not only not required of the Court, but it is also contrary to applicable antitrust law. The Supreme Court has held that conspiracy proof is "not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole." *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962) (citation omitted). The Court acknowledged this general principle by considering the evidence "in its totality and in the light most favorable to DPPs" when finding a genuine dispute of material fact as to Lee's involvement in the conspiracy. MSJ Order 12; *see also id.* at 11 ("The following evidence, *when considered together*, could show that Lee assisted Celestron's Executive Committee . . . in price fixing, allocating the market, and conspiring to monopolize[.]") (emphasis added).

Regardless, the Court did in fact address Lee's arguments:

> The Court agrees with Celestron Employee Defendants that evidence showing Lee was copied onto emails, such as the 2011 email indicating that Synta was Sunny's sales arm, is insufficient on its own to show participation in the conspiracy. And their argument that DPPs misrepresented some evidence in the record is well-taken. For example, DPPs contend that Exhibit 14 proves Lee asked David Shen to raise the prices charged to Celestron's competitors. Opp'n to Celestron Employee Defs. Mot. 2. But instead, the cited portion of the deposition transcript contains a dialogue where DPPs summarized their allegations to David Shen and asked if those allegations are correct, to which David Shen replied "no." Ex. 14, ECF No. 805-6 ("Q. And you understand that our allegations in the case are that you understood that American regulators had a problem with Synta or Celestron purchasing Meade, and as a result, you came up with a plan to have Ningbo Sunny buy Meade and that Sunny and Synta coordinated their business together for the good of both companies and that you helped Ningbo Sunny with the acquisition and had officers of Celestron help Ningbo Sunny with the acquisition and that Synta and Celestron continued to provide Ningbo Sunny with support throughout the acquisition and afterward? Are those allegations true, Mr. Shen? . . . A. No.").
>
> However, when all relevant evidence is viewed in its totality and in the light most favorable to DPPs, the record could still show that Lee spent several years operating under the directive that Synta was Sunny's sale arm and engaged directly with both companies to obtain pricing and purchasing information, delay supply, and manipulate prices. In other words, a reasonable jury could find this evidence tends to exclude the possibility that Lee acted independently. This is sufficient to defeat summary judgment.

United States District Court
Northern District of California

*Id.* at 12. The Court also explicitly relied on the Supreme Court and Ninth Circuit decisions underlying the arguments Lee presented in his motion for summary judgment—*Monsanto*, *Citric Acid*, *Monsanto*, and *Copperweld*[1]:

> To meet their burden, DPPs must point to direct or circumstantial evidence that each Celestron Employee Defendant knowingly joined and participated in the alleged price-fixing or market allocation conspiracy. *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764 (1984); *In re Citric Acid Litig.*, 191 F.3d 1090, 1093 (9th Cir. 1999). However, antitrust law "limits the range of permissible inferences from ambiguous evidence" in a conspiracy case. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "[C]onduct as consistent with permissible competition as with illegal conspiracy does not, standing alone, support an inference of antitrust conspiracy." *Id.* Therefore, unless DPPs "present evidence 'that tends to exclude the possibility' that [the Celestron Employee Defendants] acted independently," summary judgment is appropriate. *Id.* (quoting *Monsanto*, 465 U.S. at 764)).

*Id.* at 11. Lee re-emphasizes these holdings in his present motion, but notably, he does not argue that the Court misapplied them to the facts of this case. Mot. 3.

## IV. CONCLUSION

Based on the foregoing, Lee's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 13, 2026

EDWARD J. DAVILA
United States District Judge

[1] The Court also dedicated an entire section to examining the "[a]pplicability of *Copperweld*" and found the case inapplicable: "When corporate officers knowingly participate in an illegal agreement with an outside competitor, as the evidence could show here, they remain subject to antitrust liability, and *Copperweld* does not apply." MSJ Order 19.